UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                     Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, JESSEE MORRIS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**

_____/

## DEFENDANTS SANTIAGO, JOHNS, MILLETE, AND RICHARDSON-GRAHAM'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants Kalem Santiago, Adele Johns, Wendy Millette, and Savonia Richardson-Graham, in their individual capacities, (collectively "Defendants") by and through their undersigned counsel, hereby respond to Plaintiff's Amended Complaint [Doc. 35], stating the following:

1

## INTRODUCTION

Denied.

## JURISDICTION AND VENUE

1. Admitted for the purpose of jurisdiction only; otherwise denied.

2. The cited statutes speak for themselves; denied as to their applicability in this case.

3. The cited statutes speak for themselves; denied as to their applicability in this case.

4. Admitted for the purpose of jurisdiction only; otherwise denied.

5. Admitted for the purpose of venue only; otherwise denied.

6. Without knowledge and therefore denied.

## PARTIES

7. Admitted that Plaintiff was an inmate at all material times and released on October 31, 2022; otherwise denied as to the implied inapplicability of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

8. Admitted to the extent that Defendant Ricky Dixon is the Secretary of the Florida Department of Corrections (FDC) and responsible for the duties required of his position; otherwise denied.

9. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed

against the Defendants, admitted that Centurion of Florida, LLC, is contracted with FDC; otherwise denied.

10. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

11. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

12. Admitted.

13. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

14. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

15. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

16. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted that Defendants acted solely within the course and scope of their positions; denied to the extent Plaintiff may construe these allegations against the Defendants.

## COMMON ALLEGATIONS OF FACT

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Denied.

26. Denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied that any disciplinary reports were wrongly issued.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. Without knowledge and therefore denied.

57. Without knowledge and therefore denied.

58. Denied.

59. Without knowledge and therefore denied.

60. Grievance documents speak for themselves; otherwise without knowledge and therefore denied that any grievance received an incorrect response.

61. Denied.

62. Grievance documents speak for themselves; otherwise without knowledge and therefore denied that any grievance received an incorrect response.

63. Grievance documents speak for themselves; otherwise without knowledge and therefore denied that any grievance received an incorrect response.

64. Grievance documents speak for themselves; otherwise without knowledge and therefore denied that any grievance received an incorrect response.

65. Denied.

66. Without knowledge and therefore denied.

67. Denied.

68. Without knowledge and therefore denied.

69. Without knowledge and therefore denied.

70. Without knowledge and therefore denied.

71. Without knowledge and therefore denied.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Without knowledge and therefore denied.

75. Without knowledge and therefore denied.

76. Grievance records speak for themselves; otherwise without knowledge and therefore denied.

77. Grievance records speak for themselves; otherwise denied.

78. Denied.

79. Without knowledge and therefore denied.

80. Grievance records speak for themselves; otherwise without knowledge and therefore denied.

81. Grievance records speak for themselves; otherwise without knowledge and therefore denied.

82. Grievance records speak for themselves; otherwise without knowledge and therefore denied.

83. Without knowledge and therefore denied.

84. Denied.

85. Grievance records speak for themselves; otherwise without knowledge and therefore denied.

86. Without knowledge and therefore denied.

87. Without knowledge and therefore denied.

88. Denied.

89. Without knowledge and therefore denied.

90. Without knowledge and therefore denied.

91. Without knowledge and therefore denied.

92. Without knowledge and therefore denied.

93. Emails from Defendant Dr. Santiago speak for themselves.

94. Admitted as to Defendant Dr. Santiago's position and holding an Area of Critical Need license; otherwise denied.

95. Without knowledge and therefore denied.

96. Denied.

97. Without knowledge and therefore denied.

98. Denied.

99. Without knowledge and therefore denied.

100. Denied.

101. Without knowledge and therefore denied.

102. Without knowledge and therefore denied.

103. Without knowledge and therefore denied.

104. Without knowledge and therefore denied

105. Without knowledge and therefore denied

106. Denied.

107. Denied.

108. The cited statute and grievance records speak for themselves; otherwise denied.

## Causes of Action

### I. Violation of 42 U.S.C. § 1983 – First Amendment Retaliation (against Figueroa, Richardson-Graham, and Howell)

Admitted, denied, or without knowledge to the extent previously stated to the Common Allegations of Fact.

109. Admitted.

110. Grievance records speak for themselves; otherwise denied.

111. Denied.

112. Denied.

113. Denied.

## II. Violation of 42 U.S.C. § 1983 – Eighth Amendment (Centurion and MHM Health)

This Count is not against FDC Defendants and therefore no response is required; to the extent the allegations are construed against the FDC Defendants, denied.

## III. Violation of ADA/RA (against Secretary Dixon)

Defendant Dixon is filing a motion to dismiss this count to be filed contemporaneously with this answer.

## IV. Violation of 42 U.S.C. § 1983 – Eighth Amendment Failure to Treat (against Santiago, Figueroa, Howell, Holmes, Abbott, Knaus, Millette, and Johns)

Admitted, denied, or without knowledge to the extent previously stated to the Common Allegations of Fact.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

V. **Abuse or Neglect of a Vulnerable Adult § 415.1111, Fla. Stat. (Figueroa, Richardson-Graham, Howell, Abbott, Knaus, and Holmes)**

Admitted, denied, or without knowledge to the extent previously stated to the Common Allegations of Fact.

147. Denied.

148. Without knowledge and therefore denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint as filed contains mere statements of opinion and conclusions, unsupported by specific facts, and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff alleges that he suffered damages by reason of Defendants' conduct; Defendants assert the right of offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

4. Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery by reason thereof against Defendants.

5. If Plaintiff had mitigated his own alleged damages, Defendants are entitled to an offset for this amount.

6. Any judgment for the Plaintiff against the Defendants is limited pursuant to Section 768.28, Florida Statutes.

7. To the extent Defendants were acting within the course and scope of their employment with FDC, Defendants are entitled to qualified immunity.

8. People or entities other than Defendants caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of

the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

9. To the extent that Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendants, Plaintiff is barred from recovery, in whole or in part, against Defendants with respect to such injuries.

10. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

11. To the extent Plaintiff has failed to exhaust his administrative remedies, Plaintiff is not entitled to recover with respect to such claims.

12. Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff was not caused by any action or inaction by Defendants.

13. Plaintiff is unable to establish a prima facie case for any of the alleged causes of action.

14. Because the Complaint only alleges conclusions of fact and law, the answering Defendants cannot fully anticipate all affirmative defenses and reserve the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed.

Wherefore, Defendants demand judgment in their favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, Johns, Millette, and Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on January 5, 2023.

*/s/ Thomas Buchan*
Thomas Buchan