UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                                        Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, JESSEE MORRIS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**
_____/

### DEFENDANT RICKY DIXON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW

Defendant Ricky Dixon ("Defendant"), by and through undersigned counsel, hereby moves this Court to dismiss Plaintiff Elmer Williams' ("Plaintiff") Complaint [Doc. 35] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action upon which relief can be granted, and, in support thereof, states as follows:

1

## INTRODUCTION

Count III of Plaintiff's Complaint for violation of the Americans with Disabilities Act ("ADA") attempts to hold Defendant liable under a theory of vicarious liability. However, claims filed under Title II of the ADA may not use vicarious liability as a defense.

## MEMORANDUM OF LAW

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims are plausible if a plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. at 678. Using a "the-defendant-unlawfully-harmed-me" accusation is insufficient. *Id.* at 677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*.

> **B. Count III against Secretary Dixon for Violation of the ADA/RA fails to state a claim upon which relief can be granted because it proceeds on a theory of vicarious liability.**

Plaintiff alleges that Defendant violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Specifically, Plaintiff brings these allegations under the theory of vicarious liability by attempting to show that Defendant was deliberately indifferent to Plaintiff's need for reasonable accommodation through the acts of Florida Department of Corrections' (FDC) employees. Plaintiff's Complaint [Doc. 35] states, in pertinent part:

> ¶ 134. Dixon and/or his predecessor, turned a blind eye to his subordinates who retaliated against disabled prisoners, including Plaintiff, for exercising their First Amendment rights, or empowered and rewarded or failed to correct them.
>
> ¶ 135. Dixon, or his predecessor, authorized his agents and employees to act for him when they committed the ADA violations alleged herein. Defendant Dixon, or his predecessor, had control over its agents and employees when they committed the ADA violations alleged herein.
> …
> ¶ 138. Defendant, its contractors, agents, and employees, acted intentionally or with deliberate indifference to Plaintiff's need for reasonable accommodation by, among other things:
>
>   a. failure to accommodate his lower extremity numbness;
>   b. failure to accommodate his incontinence of bladder and bowel;

3

    c. failing and intentionally refusing to train FDC employees regarding the humane management of physically disabled inmates; and

    d. permitting sadistic officers to physically abuse Plaintiff.

"Discrimination claims under the ADA and the Rehabilitation Act are governed by the same standards, and the two claims are generally discussed together." *J.S. v. Houston Cty. Bd. Of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017). "Given the textual similarities between Title II and section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), the same standards govern claims under both, and we rely on cases construing Title II and section 504 interchangeably." *Ingram v. Kubik*, 30 F.4th 1241, 1256 (11th Cir. 2022). To state a Title II claim, Plaintiff must prove:

1. That he is a qualified individual with a disability;
2. That he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
3. That the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (citing 42 U.S.C. § 12132); *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

    Here, Plaintiff is proceeding under a theory of vicarious liability which the Eleventh Circuit Court of Appeals has held is unavailable for claims under Title II of the ADA and the RA. Count III of Plaintiff's Complaint fails to sufficiently plead a claim for relief and dismissal is therefore required.

Plaintiff is proceeding under the theory that Defendant is vicariously liable for the actions of his Department's agents and employees. [Doc. 35, ¶¶ 134, 135, 138]. As recently as April 7, 2022, however, the Eleventh Circuit has held that "vicarious liability is unavailable under Title II" of the ADA and § 504 of the RA. *Ingram v. Kubik*, 30 F.4th 1241, 1257 (11th Cir. 2022).

Because Plaintiff's ADA/RA claim proceeds under a theory of vicarious liability, and the binding precedent in this circuit holds that vicarious liability is unavailable under Title II of the ADA, Count III in its entirety fails to state any claim upon which relief can be granted. This count must therefore be dismissed.

WHEREFORE, Defendant Ricky Dixon, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests this Court enter an order granting this Motion to Dismiss.

                Respectfully submitted,

                */s/ Thomas Buchan*
                Thomas Buchan
                Florida Bar No. 1010923
                Howell, Buchan & Strong
                2898 Mahan Dr Ste 6
                Tallahassee, FL 32308
                Phone: (850) 877-7776
                Email: Tom@jsh-pa.com
                *Attorney for Defendants Dixon, Santiago, Johns, Millette, and Richardson-Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on January 5, 2023.

>                         */s/ Thomas Buchan*
>                         Thomas Buchan