UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.      Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, in his official
capacity as Secretary of the Florida
Department of Corrections, et al.,

    Defendants.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER AND REFERRAL TO MEDIATION

Having considered the case management report prepared by the parties, the Court enters this case management and scheduling order:

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. | FEBRUARY 10, 2023 |
| Deadline for moving to join a party or amend the pleadings. | APRIL 14, 2023 |
| Deadline for disclosing expert reports.<br><br>    Plaintiff:<br>    Defendant:<br>    Rebuttal: | <br><br>NOVEMBER 17, 2023<br>DECEMBER 15, 2023<br>JANUARY 12, 2024 |
| Deadline for completing discovery and filing motions to compel. | MARCH 1, 2024 |
| Deadline for filing dispositive and <u>Daubert</u> motions (responses due 21 days after service). | JUNE 21, 2024 |

| | |
|---|---|
| Mediation                                                                                    Deadline:<br>Mediator:<br>Address:<br><br>Telephone: | JULY 12, 2024<br>**NOTICE DUE**<br>**APRIL 12, 2024** |
| Deadline for filing all other motions including motions in limine. | OCTOBER 28, 2024 |
| Deadline for filing the joint final pretrial statement. | NOVEMBER 12, 2024 |
| Date and time of the final pretrial conference. | NOVEMBER 18, 2024<br>10:00 A.M. |
| Trial Term Begins | DECEMBER 2, 2024<br>9:00 A.M. |
| Estimated Length of Trial | 7 DAYS |
| Jury/Non-Jury | JURY |

1.    With respect to discovery matters, the date set forth above is the <u>final</u> date discovery shall be completed. Motions to compel brought pursuant to Rule 37 must be filed <u>no later than</u> the close of discovery. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes. Therefore, this Court will not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the

Court.  If promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause.

    2.    The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed. R. Civ. P. 5.2.

    3.    Pursuant to Local Rule 3.01(a), any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court.  Responses to motions may not exceed 20 pages absent leave of Court.  In summary judgment practice, the combined motion and memorandum (<u>including</u> any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages without permission of the Court.  Under Local Rule 3.01(d), a party may reply to a response to a motion for summary judgment within fourteen days after service of the response.  The reply must not exceed seven pages inclusive of all parts.  <u>Please deliver a courtesy copy of all dispositive and Daubert motions, responses, and replies, including copies of all relevant exhibits and depositions, to the chambers of the undersigned.  The undersigned requires the filing of complete deposition transcripts rather than excerpts.</u>

    4.    Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures.  While counsel for the Plaintiff shall be responsible for initiating the pretrial

compliance process, all parties are responsible for assuring its timely completion.

5. A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk on or before the date noted in this Order with two courtesy copies to be provided to the Court. The parties are required to identify the depositions to be read at trial in the pretrial statement but are <u>not</u> required to designate the pages of depositions to be read at trial until a date to be established by the Court at the final pretrial conference.

6. The final pretrial conference and trial will be held in Courtroom 10B, 10th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial.

7. Unless otherwise ordered, no later than **five days** before the trial term set forth above, the parties **shall file** with the Clerk of Court the following (<u>and</u>, as to each of the following, provide directly to Chambers, Suite 11-350, by mail or hand delivery two (2) copies marked "Judge's Chambers Copy"):

(a) <u>Each side</u> shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all significant disputed issues of law likely to arise at trial: **and either (b) or (c) below, as appropriate.**

(b) **If case is a jury trial**, the following

(1) A concise (one paragraph preferably) **joint or stipulated** statement of the nature of the action to be used solely for purpose of providing a <u>basic</u> explanation of the case to the jury venire at the commencement of jury selection process:

(2) **Proposed Voir Dire** (the Court will conduct the jury voir dire and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

(3) A **Proposed Verdict Form** and complete set of all written **Proposed Jury Instructions.** (The Court will expect counsel to give their best efforts, cooperatively, in the production of a <u>joint set of instructions and verdict form</u>, the format of which the Court will discuss at the pretrial conference.)

(c) **If case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel). The proposed verdict form and jury instructions should also be emailed to: chambers_flmd_howard@flmd.uscourts.gov.

8. The parties are advised (and should advise their witnesses) that photo identification is required to enter the United States Courthouse. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.[1]

---

[1] Cell phones must be turned off while in the courtroom.

- 5 -

9. In the event that the dates set herein for the final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

10. **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

## MEDIATION ORDER

This case is referred to mediation pursuant to Chapter Four of the Local Rules.  **No later than April 12, 2024**, the parties shall file a notice advising the Court of the mediator they selected and the date of the mediation.  Counsel for Plaintiff is designated as lead counsel to be responsible for coordinating a mutually agreeable mediation date and for filing the notice.  If Plaintiff is proceeding pro se, counsel for Defendant shall undertake the responsibility for coordinating a mutually agreeable mediation date and for filing the notice. The mediation conference shall be completed by the date set forth above.  Each party's lead counsel, a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend the mediation. Unexcused absence or departure from mediation is sanctionable.  Absent agreement otherwise by the parties or order of the Court, the cost of the mediator's services shall be borne equally by the parties.  The substance of the

mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation. The mediator must report within seven days after mediation the result of the mediation and whether all required persons attended.

**DONE AND ORDERED** in Jacksonville, Florida on January 24, 2023.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record