IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, in his official
capacity as Secretary of the Florida
Department of Corrections, et al.,

    Defendants.

Case No.: 3:22-cv-01221-MMH-MCR

### DEFENDANTS' MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 3.01, Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC (Centurion and MHM are collectively referred to as the "Centurion Defendants"); Alexis Figueroa, M.D.; Jason Howell; Elizabeth Holmes; and Tony Abbott; (collectively, the "Medical Defendants," together with the Centurion Defendants, the "Defendants") request a stay of discovery pending the Court's ruling on their motions to dismiss (ECF Nos. 58–62), and state as follows:

### INTRODUCTION

Prior to the deadline for Defendants to even respond to the Second Amended Complaint, Plaintiff Elmer Williams ("Mr. Williams") served **978 discovery requests** on Defendants. Because Defendants moved to dismiss the claims against them—including case dispositive arguments—the Court should stay discovery pending a

ruling on the motions to dismiss to prohibit the unnecessary and highly burdensome discovery.

## BACKGROUND

Mr. Williams is an inmate within the custody of the Florida Department of Corrections ("FDC"). Mr. Williams alleges Defendants denied him adequate medical care, including access to a wheelchair, for his recurrent prostate cancer and the mobility issues he purportedly experienced therefrom. *See generally* ECF No. 42.

Mr. Williams asserts claims against the various Defendants for (1) deliberate indifference to a serious medical need in violation of the eighth amendment; (2) first amendment retaliation, and (3) abuse or neglect, in violation of Florida's Adult Protective Services Act ("APSA"). But, as discussed in Defendants' motions to dismiss, each of Mr. Williams's claims fail, largely because his medical records[1] show he received appropriate care for his conditions, including access to a wheelchair, multiple prescription medications, diagnostic testing, specialty consults, lab testing, and around-the-clock care. *See* ECF No. 58 at 12.

Although the case is in its preliminary stages, the parties held a Rule 26(f) conference on January 20, 2023. ECF No. 51. Without preview—and with full knowledge Defendants would be filing motions to dismiss—Mr. Williams propounded discovery requests to each Defendant on February 17, 2023. In total, Mr. Williams served <u>226 requests for production</u>, <u>96 interrogatories</u>, and <u>656 requests for</u>

---

[1] As explained in the Centurion Defendants' motion to dismiss (ECF No. 58 at 2), Mr. Williams's medical records are central to his claims and may be considered at the motion to dismiss stage.

admissions, or **978 requests in total**. Defendants' responses to discovery are currently due March 20, 2023.

## LAW AND ANALYSIS

I. **Legal Standard.**

Federal district courts have "'broad discretion to stay proceedings as an incident to its power.'" *Gibbons v. Nationstar Mtg.*, 3:14-cv-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A district court "may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering, among other factors, the needs of the case, the parties' resources, and the importance of the discovery in resolving the issues at stake in the action." *Id.*

The Eleventh Circuit has stated that dispositive motions filed prior to the commencement of discovery weigh heavily in favor of issuing a stay. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (stating that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]"). When such a motion is pending, a brief, temporary stay of discovery spares the parties from engaging in discovery that is unnecessary to the threshold question posed in the motion. The Eleventh Circuit explained:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations

3

>contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama*, 123 F.3d at 1367 (footnote and citation omitted). Resolving motions to dismiss prior to commencing discovery saves the litigants and the court time and resources: "If a district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id*. at 1368. Therefore, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage . . . ." *Id*.

In deciding whether a stay of discovery is appropriate, the Court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and completely eliminate the need for such discovery." *Gibbons*, 2015 WL 12840959 at *1 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1996)). Thus, while the Court "need not decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Heghmann v. Hafiani*, No. 3:20-cv-670-BJD-JBT, 2021 WL 8775756, *1 (M.D. Fla. Feb. 22, 2021) (quoting *Feldman*, 176 F.R.D. at 652–53) (internal quotations omitted).

## II. Analysis.

A stay of discovery pending a ruling on Defendants' motions to dismiss is warranted because the motions are case dispositive and the volume of discovery weighs in favor of a stay.

As thoroughly discussed in Defendants' motions to dismiss, Mr. Williams fails to plausibly allege a constitutional violation. His medical records and deposition testimony show he received appropriate medical care—including constant treatment and monitoring for his prostate cancer, as well as the wheelchair he claims he never received. Therefore, because the care Mr. Williams received was constitutionally adequate, Mr. Williams's deliberate indifference claims necessarily fail. *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1277 (11th Cir. 2020) (concluding it did not need to reach the question of whether less efficacious care was provided pursuant to a cost defense "because we have held that the Eighth Amendment's 'minimally adequate care'" was provided).

And since the care Mr. Williams received was constitutionally adequate, his First Amendment retaliation claims also fail because there is no adverse action. The retaliation claims also fail because Mr. Williams does not allege that either Dr. Figueroa or RN Howell were aware of his grievance activity, and therefore, they could not have caused the adverse action Mr. Williams alleges. *See Allen v. Bedard*, No. 2:13-CV-787-FTM-29, 2013 WL 6231233, at *5 (M.D. Fla. Dec. 2, 2013) (dismissing conclusory retaliation claim because "there are no facts in Plaintiff's amended complaint alleging that any defendant was aware of the grievances.").

Likewise, Mr. Williams's APSA claims fail. First, it is clear from the Second Amended Complaint that the Medical Defendants were not statutory caregivers as defined under the APSA. Second, Mr. Williams's APSA claims depend on him proving a violation of the medical standard of care, which makes the APSA

5

inapplicable since the APSA is not a substitute for medical negligence claims. And finally, the Medical Defendants have sovereign immunity from the APSA claims. Because Defendants' motions are case dispositive, a stay of discovery is appropriate.

But even if Defendants' motions to dismiss are not fully dispositive, the sheer volume of the discovery requests from Mr. Williams—which appear intended to harass and are premature at this stage—tips the scales in favor of a stay. Mr. Williams has served Defendants with a total of **978 requests**, many of which seek information that would be extremely time consuming and costly for Defendants to provide.[2] Moreover, many of the requests are simply irrelevant and outside the scope of the claims asserted in this suit.[3]

Accordingly, a short stay of discovery is necessary to protect Defendants from prejudice and the undue burden of expending time, money, and resources responding to disproportionate discovery. A stay would also spare the Court from the potential expenditure of time and effort resolving discovery disputes. Further, at this stage of the case, a short stay of discovery would not prejudice Mr. Williams as discovery does not close until March 1, 2024 (ECF No. 52). *See Williams v. Restaurant Tech., Inc.*, 2017 WL 5953301, at *1 (N.D. Fla. May 30, 2017) (holding that "legitimate reasons justify a

---

[2] For example, Mr. Williams asks Defendants to identify, through an interrogatory, each and every prostate cancer case that occurred at Suwanee Correctional Institution between January 1, 2020, and present. To answer that interrogatory, Defendants would have to review the medical records of every prisoner housed at Suwanee during that time. Surely, such request is not proportional to the needs of the case, particularly at this juncture.

[3] For example, Mr. Williams asks Defendants to make admissions and produce documents regarding a settlement agreement to which none of the Defendants were a party.

stay of discovery until disposition of the motion to dismiss, and it does not appear that any party will be prejudiced by the stay"); *DeBoskey v. SunTrust Mortgage, Inc.*, 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) (recognizing "the harm, if any, to Plaintiff in temporarily staying discovery would be minimal compared with Defendants' burden of providing discovery concerning causes of action that may be dismissed").

Simply put, "it is in everyone's best interest to eliminate potentially non-meritorious claims before discovery begins." *See Toliver v. Bank of America, N.A.*, No. 3:12-cv-1006-J-TEM, 2013 WL 12161877, at *1 (M.D. Fla. Aug. 19, 2013) (granting motion to stay after plaintiff served defendant with "voluminous discovery requests"); *see also Wilson v. Jackson Nat'l Life Ins. Co.*, No. 3:15-cv-926-J-39JBT, 2017 WL 10402569, at *1 (M.D. Fla. Feb. 13, 2017) (granting protective order where 527 requests for admissions were served); *Metallo v. Orlando Utilities Comm'n*, No. 6:14-cv-1975-Orl-40KRS, 2015 WL 5124866, at *5 (M.D. Fla. Sept. 1, 2015) (granting defendant's request to conduct a pretrial conference in order to address the scope of discovery where plaintiff propounded 76 interrogatories, 121 requests for admissions, and 180 requests for production).

Indeed, the Court should stay discovery because if the motions to dismiss are granted, the claims against Defendants would be resolved and there would be no need for discovery. *See Minton v. Jenkins*, 5:10-cv-61, 2011 WL 2038700, at *2 (N.D. Fla. May 24, 2011) (holding the "Defendants' burden and expense of responding to Plaintiff's discovery requests outweighs any benefit at this stage of the litigation" and

granting Defendants' motion to stay). Allowing the Court time to make that determination before requiring Defendants to participate in discovery will ensure that the time and resources of the parties and the Court are not wasted.

WHEREFORE, Defendants respectfully request the Court grant this motion and enter an order staying discovery until the resolution of their motions to dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies he conferred with counsel for Plaintiff via e-mail on February 22, 2023, who indicated Mr. Williams opposed the relief sought.

Respectfully Submitted,

/s/ Jacob Hanson
Brian A. Wahl (FBN 95777)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:   cmayfield@bradley.com
Primary Email:   jhanson@bradley.com
Secondary Email: tabennett@bradley.com
Secondary Email: sdhayes@bradley.com
*Counsel for Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Jason Howell; Alexis Figueroa; Tony Abbott; and Elizabeth Holmes*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Jacob Hanson*