UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**PLAINTIFF'S MOTION TO STRIKE CORRECTIONS
DEFENDANTS' UNAUTHORIZED AMENDED ANSWER [D.E. 64]**

Pursuant to Rule 12(f), Plaintiff Elmer Williams, by and through his counsel, moves to strike Defendants Dixon, Santiago, Johns, Millete, and Richardson-Graham's (collectively, the "Corrections Defendants") *unauthorized* Amended Answer and Affirmative Defenses [D.E. 64],[1] which Corrections Defendants filed rather than respond to Plaintiff's Motion to Strike Corrections Defendants' Affirmative Defenses Nos. 1–2, 6–8, 11–12 and 15, [D.E. 56] ("First Motion to Strike"). Alternatively, in the event the Court construes the unauthorized pleading as a motion for leave to amend, Plaintiff requests that the Court deny Corrections Defendants' motion, at least in great part, because the unauthorized pleading maintains legally insufficient defenses raised in the First Motion to Strike.

---

[1] In conferring with Corrections Defendants, they have taken the position that the amendment is timely under Rule 15(a)(1)(B), which provision does not apply to answers.

I.  BACKGROUND

In an apt illustration of why Plaintiff asked the Court to strike Corrections Defendants' reservation of rights as an improper usurpation of Rule 15's requirements, [*see* D.E. 56 PageID 408–09], 31 days after filing their original answer to the Second Amended Complaint [*see* D.E. 55, filed on January 31, 2023]—and without consent or leave of Court—Corrections Defendants have filed an unauthorized amended answer revising *some* of their deficient affirmative defenses, but largely maintaining the ones Plaintiff asserts are legally insufficient under Rule 12(f). [*See, generally* D.E. 56]. The unauthorized (or proposed) amendment only resolves affirmative defenses nos. 1–2 and 15 from the original answer—though perhaps only on paper for defense no. 15 given the improper amendment. In the unauthorized pleading, Corrections Defendants reassert affirmative defenses nos. 6–8 and 11–12 from their original answer, which are now renumbered. *Compare* [D.E. 64 PageID 601–02, Defenses Nos. 5–7, 10–11] *with* [D.E. 55 PageID 394–95, Defenses Nos. 6–8, 11–12]. Specifically, Corrections Defendants maintain their defenses on qualified immunity *for presumably all individual claims*, statutory damages caps *for all claims*, contribution, exhaustion of administrative remedies for a person not subject to the Prison Litigation Reform Act, and a vicarious liability bar for claims under Title II of the Americans with Disabilities Act of 1990 for a claim asserting actual knowledge and direct liability of Secretary Ricky D. Dixon.

## II.     MEMORANDUM OF LAW

Rule 15(a) allows a defendant to file an amended answer as a matter of course if the amended answer is filed within 21 days of service of the original answer. *See* Fed. R. Civ. P. 15(a)(1)(A); *Allmond v. Jacksonville Internal Affs. Dep't*, No. 3:05-CV-441-J-25MMH, 2005 WL 8159648, at *4 n.3 (M.D. Fla. Nov. 23, 2005) (Morales Howard, J.) (Rule 15(a)(1)(A), not (B), applies to answers). Amendments outside of this time limit may be filed only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 also provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2D 222 (1962)).

That said, Rule 12(f) also permits courts to strike "any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), including amendments filed without leave of court or written consent. *See E.E.O.C. v. White & Son Enters.*, 881 F.2d 1006, 1008 (11th Cir. 1989); *see also Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2016 WL 11669713 (M.D. Fla. Feb. 9, 2016) (Richardson, Mag. J.) (striking an untimely and unauthorized amended pleading). In fact, courts have specifically endorsed the use of Rule 12(f) to strike an improperly filed pleading because it is "without legal effect." *Freedom Plastics, Inc. v. Sparta Polymers, LLC*, No. 2:11-CV-00334-WCO, 2013 WL 12290256, at *3 (N.D. Ga. Nov. 1, 2013) (citing *Baxter v. Strickland*, 381 F. Supp. 487 (N.D. Ga. Sep. 4, 1974)).

Because the Corrections Defendants' unauthorized answer is "without legal effect," it should be stricken from the docket. Further, treating the answer as a proposed amendment will only *further* multiply these proceedings, as the proposed changes do not resolve all the issues presented in the First Motion to Strike. To conserve judicial economy and prevent piecemeal litigation of Corrections Defendants' pleadings, the Court should strike the unauthorized Amended Answer and Affirmative Defenses.

### III.   CONCLUSION

For all these reasons, Plaintiff Elmer Williams requests the Court grant this motion and strike the Corrections Defendants' unauthorized answer. [D.E. 64]. Alternatively, to the extent the Court construes the amendment as a motion for leave to amend, the Court should deny the motion as to defenses nos. 5–7, 10–11, [*Id.* PageID 601–02], for the reasons stated in Plaintiff's First Motion to Strike, which is incorporated by reference.

### Local Rule 3.01(g) Certification

I hereby certify that Plaintiff's counsel conferred with counsel for Corrections Defendants via email on March 5 and 6, 2023 regarding this motion. Corrections Defendants oppose the relief requested herein.

Dated: March 6, 2023.

        Respectfully submitted,

        SLATER LEGAL PLLC

        */s/ James M. Slater*
        James Slater (FBN 111779)
        113 S. Monroe Street
        Tallahassee, Florida 32301
        james@slater.legal
        Tel. (305) 523-9023

        -and-

        LAW OFFICE OF JAMES COOK
        James V. Cook (FBN 966843)
        314 West Jefferson Street
        Tallahassee, Florida 32301
        cookjv@gmail.com
        Tel. (850) 222-8080
        Fax (850) 561-0836

        *Counsel for Plaintiff*

## Certificate of Service

I hereby certify that on March 6, 2023 I electronically filed this document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

        By: */s/ James M. Slater*
            James M. Slater