UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    Plaintiff,

v.                                                 Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, JESSEE MORRIS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    Defendants.
_____/

### CORRECTIONS DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendants Dixon, Santiago, Johns, Millete, and Richardson-Graham ("Corrections Defendants" or "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Motion to Strike Affirmative Defenses [Doc. 56] and state the following in support thereof:

### I.    LEGAL STANDARD

Affirmative defenses should only be stricken "if the defense is insufficient as a matter of law," which only occurs if (1) on the face of the pleadings, it is patently

1

frivolous, or (2) it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal quotations and citations omitted).

It is not required, however, that a defendant support its affirmative defenses with elaborate factual detail. *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008). The affirmative defense can be plead in general terms and will be held sufficient, "and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey*, 568 F. Supp. 2d at 1360; *see also Adams v. JP Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 79366 (M.D. Fla. July 21, 2011) (holding that affirmative defenses are not subject to the heightened pleading standards of *Twombly* and *Iqbal*, but rather they are subject to a notice pleading standard.)

Even if the affirmative defenses are stricken on technical grounds, the substantive merits of those defenses may still be argued later in the case. *Microsoft*, 211 F.R.D. at *684.

## II.   ARGUMENT

**A. Defense Nos. 1 & 2 – Failure to State a Claim**

Defendants voluntarily withdraw these affirmative defenses.

### B. Defense Nos. 6 & 7 – Immunity

Plaintiff's motion admits Dixon "may assert sovereign immunity on some bases." Plaintiff also claims to not be able to ascertain which of the Defendants are referenced in these defenses.

Defendants propose withdrawing these defenses and amending with the following:

- Defendant Dixon is being sued in his official capacity and is entitled to sovereign immunity.

- Defendants Santiago, Johns, Millette, and Richardson-Graham are entitled to qualified immunity.

- Any judgment for the Plaintiff against the Defendants subject to the damages cap pursuant to Section 768.28, Florida Statutes, must be limited as such.

### C. Defense No. 8 – Contribution

The cases cited by Plaintiff may stand for the proposition that there is no statutory or common law right to contribution in §1983 cases, but the Florida Department of Corrections ("FDC") employees' rights to contribution also derive from FDC's contract with Centurion. Regardless, Defendants propose amending this defense with the following:

- People or entities other than Defendants caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff for his state law claims in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged.

**D. Defense No. 11 – Failure to Exhaust Administrative Remedies**

Defendants voluntarily withdraw this affirmative defense.

**E. Defense No. 12 – Unavailability of Vicarious Liability on ADA**

Plaintiff's motion admits "a panel of the Eleventh Circuit recently held that vicarious liability is unavailable under Title II of the ADA." Plaintiff's motion claims that he does not attempt to hold Defendant Dixon vicariously liable, yet he continues to bring those types of allegations in his current complaint, now in its second amended version. While Defendant Dixon is not required to plead elaborate factual detail and can state the defense generally and still be compliant, Defendant Dixon proposes the following amendment, if necessary, to further illustrate how Plaintiff continues to bring his allegations on a theory of vicarious liability:

- Plaintiff proceeds against Defendant Dixon on a theory of vicarious liability, which is not available under Title II of the ADA. For example, Plaintiff incorporates the entire Common Allegations of Fact section, whether relevant or not, and paragraphs 167, 169, 170, 171, 173, and 174 arguably continue to proceed on a theory of vicarious liability.

**F. Defense No. 15 – Reservation of Rights**

Defendants propose the following amendment for this defense:

- Because the Second Amended Complaint alleges numerous conclusions of fact and law, Defendants anticipate the need to supplement these defenses in accordance with Rule 15(a), Fed. R. Civ. P., as they cannot fully anticipate all affirmative defenses at the outset of this litigation.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Phone: (850) 877-7776
Email: Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, Johns, Millette, Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on March 10, 2023.

*/s/ Thomas Buchan*
Thomas Buchan