UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                      Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, et al.,

    Defendants.

## ORDER

Plaintiff Elmer Williams, a former inmate of the Florida penal system, initiated this action through counsel by filing a Complaint (Doc. 1) on November 4, 2022. Plaintiff proceeds on a Second Amended Complaint (Doc. 42). Defendants Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson-Graham, and Kalem Santiago (Corrections Defendants) filed an Answer and Affirmative Defenses (Answer; Doc. 55). Plaintiff moved to strike several of Corrections Defendants' affirmative defenses on February 17, 2023. See Motion to Strike Defenses (Doc. 56). Corrections Defendants subsequently filed an Amended Answer and Affirmative Defenses (Amended Answer; Doc. 64). On March 6, 2023, Plaintiff moved to strike the Amended Answer as unauthorized. See Motion to Strike the Amended Answer (Doc. 65). Corrections Defendants then moved for an extension of time to respond to Plaintiff's Motion

to Strike Defenses, noting that "[s]hould this motion be granted, Corrections Defendants would withdraw their Amended Answer and Affirmative Defenses." See Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Strike Affirmative Defenses (Doc. 66). The Court granted the unopposed motion for extension of time, see Order (Doc. 68), and Corrections Defendants filed a response, see Response to Motion to Strike Defenses (Doc. 70).

     This cause is before the Court on Plaintiff's Motion to Strike Defenses and Motion to Strike the Amended Answer. In the Motion to Strike Defenses, Plaintiff asks the Court to strike Corrections Defendants' first, second, sixth, seventh, eighth, eleventh, twelfth, and fifteenth affirmative defenses in the Answer. Corrections Defendants filed a response to the Motion to Strike Defenses, voluntarily withdrawing their first, second, and eleventh affirmative defenses, as well as proposing amendments to their sixth, seventh, eighth, twelfth, and fifteenth affirmative defenses. Considering the Corrections Defendants' Response and in the interest of streamlining proceedings, the Court will deny Plaintiff's Motion to Strike Defenses without prejudice and permit Corrections Defendants to file a second amended answer. As such, Plaintiff's Motion to Strike the Amended Answer is due to be denied as moot.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Strike Defenses (Doc. 56) is **DENIED without prejudice**.

2. Plaintiff's Motion to Strike the Amended Answer (Doc. 65) is **DENIED as moot**.

3. **On or before March 29, 2023**, Corrections Defendants shall file a second amended answer.

4. **Within ten days** of the Corrections Defendants filing the second amended answer, Plaintiff may file a renewed motion to strike. If Plaintiff chooses to renew the motion to strike, he must confer with Corrections Defendants in compliance with Local Rule 3.01(g).[1]

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of March, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are reminded that "[t]he underlying spirit animating the Court's requirement that the parties confer in good faith prior to filing certain motions is the hope that the parties' counsel will work amicably to resolve their clients' differences and thereby, from time to time, obviate the unnecessary taxing of the Court's time and judicial resources." Walker v. Corizon Health, Inc., No. 6:22-CV-1761-PGB-DAB, 2023 WL 422937, at *1 (M.D. Fla. Jan. 26, 2023).

Jax-9 3/14
c: Counsel of record

4