UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    Plaintiff,

v.                                Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, JESSEE MORRIS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**
_____/

### DEFENDANTS DIXON, SANTIAGO, JOHNS, MILLETE, AND RICHARDSON-GRAHAM'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES[1]

Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, and Savonia Richardson-Graham, in their individual capacities, (collectively "Defendants") by and through their undersigned counsel, hereby respond to Plaintiff's Second Amended Complaint [Doc. 42], stating the following:

---

[1] Amended as to affirmative defenses only.

1

## INTRODUCTION

Denied.

## JURISDICTION AND VENUE

1. Admitted for the purpose of jurisdiction only; otherwise denied.

2. The cited statutes speak for themselves; denied as to their applicability in this case.

3. The cited statutes speak for themselves; denied as to their applicability in this case.

4. Admitted for the purpose of jurisdiction only; otherwise denied.

5. Admitted for the purpose of venue only; otherwise denied.

6. Without knowledge and therefore denied.

## PARTIES

7. Admitted that Plaintiff was an inmate at all material times and released on October 31, 2022; otherwise denied as to the implied inapplicability of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

8. Admitted to the extent that Defendant Ricky Dixon is the Secretary of the Florida Department of Corrections (FDC) and responsible for the duties required of his position; otherwise denied.

9. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, admitted that Centurion of Florida, LLC, is contracted with FDC; otherwise denied.

10. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

11. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

12. Admitted.

13. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

14. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

15. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

16.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted that Defendant Dixon acted solely within the course and scope of his position; denied to the extent Plaintiff may construe these allegations against the Defendants. Allegations not directed at Defendant Dixon do not require a response, however to the extent these allegations are construed against Defendants, denied.

## COMMON ALLEGATIONS OF FACT

21.     Admitted Plaintiff has a history of prostate cancer, without knowledge and therefore denied as to the extent Plaintiff alleges FDC.

22.     Without knowledge and therefore denied.

23.     Without knowledge and therefore denied.

24.     Without knowledge and therefore denied.

25.     Without knowledge and therefore denied.

26.     Without knowledge and therefore denied.

27.     Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Plaintiff's FDC records will speak for themselves as to his exact transfer dates and locations.

30. Without knowledge and therefore denied.

31. Admitted that Defendant Richardson-Graham got a wheelchair for Plaintiff after his alleged fall, otherwise denied as to Plaintiff's characterization of events.

32. Denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Denied.

40. Denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Denied that any of Plaintiff's grievances were improperly responded to, otherwise without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. Without knowledge and therefore denied.

57. Without knowledge and therefore denied.

58. Without knowledge and therefore denied.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

62. Without knowledge and therefore denied.

63.  Grievance documents speak for themselves; otherwise without knowledge and therefore denied that any grievance received an improper responses. Denied that Plaintiff was ever retaliated against.

64.  Without knowledge and therefore denied.

65.  Denied.

66.  Without knowledge and therefore denied.

67.  Denied as to the alleged wrongdoing of FDC and its staff; otherwise without knowledge and therefore denied.

68.  Without knowledge and therefore denied.

69.  Without knowledge and therefore denied.

70.  Without knowledge and therefore denied.

71.  Without knowledge and therefore denied.

72.  Without knowledge and therefore denied.

73.  Without knowledge and therefore denied.

74.  Without knowledge and therefore denied.

75.  Without knowledge and therefore denied.

76.  Without knowledge and therefore denied.

77.  Without knowledge and therefore denied.

78.  Without knowledge and therefore denied.

79.  Without knowledge and therefore denied.

80. Without knowledge and therefore denied.

81. Without knowledge and therefore denied.

82. Without knowledge and therefore denied.

83. Plaintiff's medical records speak for themselves, otherwise without knowledge and therefore denied.

84. Without knowledge and therefore denied.

85. Without knowledge and therefore denied.

86. Denied as to Plaintiff's vague allegations towards Defendant Richardson-Graham. Plaintiff's grievances speak for themselves, otherwise without knowledge and therefore denied.

87. Plaintiff's grievances speak for themselves, otherwise denied that they received improper responses or that Plaintiff was "permitted" to bypass any grievance procedures.

88. Pleadings and the settlement terms speak for themselves as to the referenced case.

89. Plaintiff's grievances speak for themselves, otherwise denied that they received improper responses.

90. Plaintiff's grievances speak for themselves, otherwise denied that they received improper responses.

91. Plaintiff's grievances speak for themselves, otherwise denied that they received improper responses.

92. Plaintiff's grievances speak for themselves, otherwise denied that they received improper responses.

93. Without knowledge, otherwise denied.

94. Denied.

95. Without knowledge and therefore denied.

96. Without knowledge and therefore denied.

97. Without knowledge and therefore denied.

98. Plaintiff's medical records speak for themselves, otherwise without knowledge and therefore denied.

99. Without knowledge and therefore denied.

100. Plaintiff's medical records speak for themselves, otherwise without knowledge and therefore denied.

101. Plaintiff's medical records speak for themselves, otherwise without knowledge and therefore denied as to Plaintiff's characterization of his care. Denied that Defendant Richardson-Graham ever retaliated against him.

102. Without knowledge and therefore denied.

103. Without knowledge and therefore denied.

104. Without knowledge and therefore denied

105. Without knowledge and therefore denied

106. Denied.

107. Without knowledge and therefore denied.

108. Without knowledge and therefore denied.

109. Without knowledge and therefore denied.

110. Without knowledge and therefore denied.

111. Plaintiff's grievances speak for themselves, otherwise without knowledge and therefore denied.

112. Without knowledge and therefore denied.

113. Denied.

114. Denied.

115. Without knowledge and therefore denied as to allegations regarding calls from Plaintiff's family. Denied that Defendant Richardson-Graham ever retaliated against Plaintiff.

116. Plaintiff's grievances speak for themselves, otherwise without knowledge and therefore denied.

117. Plaintiff's grievances speak for themselves, otherwise without knowledge and therefore denied.

118. Plaintiff's grievances speak for themselves, otherwise without knowledge and therefore denied.

119. Without knowledge and therefore denied.

120. Without knowledge and therefore denied.

121. FDC's records speak for themselves, otherwise without knowledge and therefore denied.

122. Plaintiff's grievances speak for themselves, otherwise without knowledge and therefore denied.

123. FDC's medical records speak for themselves, otherwise without knowledge and therefore denied.

124. Without knowledge and therefore denied.

125. Denied.

126. Without knowledge and therefore denied.

127. Referenced emails speak for themselves, otherwise without knowledge and therefore denied.

128. Referenced emails speak for themselves, otherwise without knowledge and therefore denied.

129. Referenced emails speak for themselves, otherwise without knowledge and therefore denied.

130. Referenced emails speak for themselves, otherwise without knowledge and therefore denied.

131. Admitted as to Defendant Dr. Santiago's position and holding an Area of Critical Need license; otherwise denied.

132. Without knowledge and therefore denied.

133. Without knowledge and therefore denied.

134. Without knowledge and therefore denied.

135. Denied.

136. Referenced emails speak for themselves, otherwise without knowledge and therefore denied.

137. Denied.

138. Without knowledge and therefore denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied as to any alleged failure to treat, otherwise without knowledge and therefore denied.

143. The cited statute and grievance records speak for themselves; otherwise denied.

## Causes of Action

I. **Violation of 42 U.S.C. § 1983 – First Amendment Retaliation (against Figueroa, Richardson-Graham, and Howell)**

Admitted, denied, or without knowledge to the extent previously stated to the Common Allegations of Fact.

144. Admitted.

145. Grievance records speak for themselves; otherwise denied.

146. Denied.

147. Denied.

148. Denied.

II. **Violation of 42 U.S.C. § 1983 – Eighth Amendment (Centurion and MHM Health)**

This Count is not against Defendants and therefore no response is required; to the extent the allegations are construed against the Defendants, denied.

III. **Violation of ADA/RA (against Secretary Dixon)**

Admitted, denied, or without knowledge to the extent previously stated to the Common Allegations of Fact.

160. Denied.

161. The cited statute speaks for itself, otherwise denied as to its applicability.

162. The cited statute speaks for itself, otherwise denied as to its applicability.

163. The cited statute speaks for itself, otherwise denied as to its applicability.

164. Denied.

165. Admitted.

166. Admitted.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

175. Denied.

**IV.   Violation of 42 U.S.C. § 1983 – Eighth Amendment Failure to Treat (against Santiago, Figueroa, Howell, Holmes, Abbott, Knaus, Millette, and Johns)**

Admitted, denied, or without knowledge to the extent previously stated to the

Common Allegations of Fact.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

**V.   Abuse or Neglect of a Vulnerable Adult § 415.1111, Fla. Stat. (Figueroa, Richardson-Graham, Howell, Abbott, Knaus, and Holmes)**

Admitted, denied, or without knowledge to the extent previously stated to the

Common Allegations of Fact.

183. Denied.

184. Without knowledge and therefore denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff alleges that he suffered damages by reason of Defendants' conduct; Defendants assert the right of offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

2. Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery by reason thereof against Defendants.

3. If Plaintiff had mitigated his own alleged damages, Defendants are entitled to an offset for this amount.

4. Defendant Dixon is being sued in his official capacity and is entitled to sovereign immunity.

5. Defendants Santiago, Johns, Millette, and Richardson-Graham are entitled to qualified immunity regarding all federal claims, including but not limited to Counts I-IV.

6. Any judgment for the Plaintiff as to Counts III or IV against the Defendants is subject to the damages cap pursuant to Section 768.28, Florida Statutes, and must be limited as such.

7. People or entities other than Defendants caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff for his state law claims in this case must be reduced by an amount equal

to the percentage of the fault of others in causing or contributing to the damages as alleged.

8. To the extent that Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendants, Plaintiff is barred from recovery, in whole or in part, against Defendants with respect to such injuries.

9. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

10. As an inmate on compassionate medical release, Plaintiff is not entitled to recover with respect to claims in which he has failed to exhaust his administrative remedies.

11. Plaintiff proceeds against Defendant Dixon on a theory of vicarious liability, which is not available under Title II of the ADA. For example, Plaintiff incorporates the entire Common Allegations of Fact section, whether relevant or not, and paragraphs 167, 169, 170, 171, 173, and 174 arguably continue to proceed on a theory of vicarious liability.

12. Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff was not caused by any action or inaction by Defendants.

13. Plaintiff is unable to establish a prima facie case for any of the alleged causes of action.

14. Because the Second Amended Complaint alleges numerous conclusions of fact and law, Defendants anticipate the need to supplement these defenses in accordance with Rule 15(a), Fed. R. Civ. P., as they cannot fully anticipate all affirmative defenses at the outset of this litigation.

Wherefore, Defendants demand judgment in their favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, Johns, Millette, and Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on March 29, 2023.

*/s/ Thomas Buchan*
Thomas Buchan