IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 3:22-cv-01221-MMH-MCR |
| RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections, et al., | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

Pursuant to Federal Rule of Civil Procedure 6 and Local Rule 3.01, Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC (Centurion and MHM are collectively referred to as the "Centurion Defendants"), Alexis Figueroa, M.D., Jason Howell, Elizabeth Holmes, and Tony Abbot, (collectively, the "Medical Defendants," together with the Centurion Defendants, the "Defendants") hereby move for an extension of time to respond Plaintiff's discovery and state as follows:

1. Plaintiff's Second Amended Complaint asserts causes of action against Defendants for (1) deliberate indifference to a serious medical need in violation of the eighth amendment; (2) First Amendment retaliation, and (3) abuse or neglect, in violation of Florida's Adult Protective Services Act. ECF No. 42.

2. Plaintiff served a total of 978 discovery requests upon the Defendants on February 17, 2023.

3. Defendants moved to dismiss on March 2–3, 2023. ECF Nos. 58–62. Contemporaneously with their motions to dismiss, Defendants also moved for stay of discovery pending the resolution of their motions to dismiss. ECF No. 63. The motion to stay is based upon the fact that Plaintiff's claims are negated by his medical records, which show he received appropriate medical care, and therefore, a favorable ruling on the motions to dismiss, even in part, would alleviate or at least narrow the need for discovery. *Id.* at 2.

5. The motions to dismiss and the motion to stay are currently pending.

6. Defendants previously requested an extension to respond to Plaintiff's discovery until after the Court ruled on their motion to stay. Plaintiff opposed the request but agreed to an extension until April 21, 2023, for Defendants to respond to discovery.

7. On April 11, 2023, Defendants again requested Plaintiff agree to extend the discovery respond until after the Court ruled on the motion to stay or grant a second 30-day extension to give the Court time to rule. Plaintiff did not agree to any additional extension.

8. As such, Defendants hereby move the Court for an extension of time to respond to Plaintiff's discovery until the Court rules on Defendants' motion to stay. If no extension is granted, Defendants' motion to stay would be rendered meaningless as Defendants would need to respond to discovery to avoid violating the Federal Rule of Civil Procedure. Defendants submit the need for the ruling on the motion to stay, therefore, constitutes good cause for the requested extension.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 6(b), courts may extend a deadline for good cause. Further, district courts have "broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). This broad discretion extends to "the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Good cause exists for allowing an extension until the Court rules on the pending motion to stay discovery. Having to respond to the discovery before the Court rules on the motion to stay defeats the purpose of the motion to stay discovery. Further, as argued in Defendants' motion to stay, the resolution of Defendants' motions to dismiss may negate the need for Defendants to respond to the burdensome 978 discovery requests Plaintiff propounded before the legal sufficiency of his claims could even be tested. Thus, good cause has been demonstrated.

WHEREFORE, Defendants respectfully request the Court grant this motion and grant Defendants an extension to serve the responses and objections to Plaintiff's discovery until the Court rules on the pending motion to stay discovery.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he has conferred with counsel for Plaintiff via e-mail on April 11, 2023, who indicated that Mr. Williams opposed the relief sought in this motion.

Respectfully Submitted,

*/s/ Jacob Hanson*
Brian A. Wahl (FBN 95777)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
W. Blair Castle (FBN 1031504)
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:   cmayfield@bradley.com
Primary Email:   jhanson@bradley.com
Primary Email:   bcastle@bradley.com
Secondary Email: tabennett@bradley.com
Secondary Email: sdhayes@bradley.com
*Counsel for Defendants Centurion of Florida, LLC;*
*MHM Health Professionals, LLC; Jason Howell;*
*Alexis Figueroa; Tony Abbott; and Elizabeth Holmes*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Jacob Hanson*

4