IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,            )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )   Case No.: 3:22-cv-01221-MMH-MCR
                           )
RICKY DIXON, et al.,       )
                           )
    Defendants.            )

**DEFENDANTS' REPLY IN SUPPORT OF MOTIONS TO DISMISS**

    Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Alexis Figueroa, M.D.; Jason Howell; Elizabeth Holmes; and Tony Abbott; ("Defendants") file this reply in support of their motions to dismiss (ECF Nos. 58–62).

    Plaintiff Elmer Williams sued Defendants related to medical care he received while incarcerated. Prior to responding to the Second Amended Complaint ("SAC"), Mr. Williams *provided Defendants* hundreds of pages of records on which he relied when drafting the SAC, making them central to his claim. ECF No. 76 at 13 (Mr. Williams admitting he "references and quotes some of the medical documents in his SAC").

    In moving to dismiss, Defendants relied on the records *provided and relied on by Mr. Williams*. Defendants attached relevant records central to his claims to their motions to dismiss. These records can be considered at this stage of proceedings. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). To avoid consideration of the records—which rebut his claims of unconstitutional care—Mr. Williams now argues

the veracity of the records is disputed because they allegedly contain misrepresentations. ECF No. 76 at 13–15.

If Mr. Williams believed Defendants made misrepresentations, he was required to plead so with particularity under Federal Rule of Civil Procedure 9(b). *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. Appx. 81, 86 (11th Cir. 2008) (requiring a party to satisfy Rule 9(b) by identifying "the precise statements, documents or misrepresentations made"). Mr. Williams's passing reference in the SAC that "medical staff also deliberately misrepresented Plaintiff's condition in medical records" does not meet the heightened pleading requirement of Rule 9(b), nor does it provide notice to Defendants as to which records Mr. Williams claims are intentionally misrepresented versus uncontested, accurate documents.

This issue is compounded by the fact that Mr. Williams himself relies on some of the medical records he produced, but then faults Defendants for relying on those very records. The Court should reject Mr. Williams's cherry-picking—especially since Mr. Williams has not plausibly pleaded or argued any basis calling into question the veracity of some medical records while relying on others.

As an example, Defendants relied on medical records authored by Defendant Dr. Alexis Figueroa to show Mr. Williams was seen by a urologist in March 2022. ECF No. 58-1 at PLMEDICAL at 26–28 (noting under "Specialty Service" that he was "seen last on 3/24/2022," and noting under "Other Pertinent Info/supporting documentation needed: Urologist Notes from 3/24/2022"). This was a medical record produced by Mr. Williams before he filed his SAC.

2

Yet Mr. Williams—for the first time in his response—questions the veracity of that record. ECF No. 76 at 13. Thus, he insinuates Dr. Figueroa falsified records of a March urology consult—a serious accusation Mr. Williams cannot make lightly and without sufficient investigation under Rule 11.

But Mr. Williams's representation that Dr. Figueroa fabricated the March urologist visit because he did not see a urologist until May is itself a misrepresentation. *See* Ex. A (March 24, 2022 consultant report from urologist Dr. George Miquel). Though Dr. Miquel's March consult report was not produced by Mr. Williams, it demonstrates his accusation that Dr. Figueroa fabricated the March urologist appointment—like his claims—lacks merit.

/s/ *Jacob Hanson*
R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:    cmayfield@bradley.com
Primary Email:    jhanson@bradley.com

Brian A. Wahl (FBN 95777)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com
*Counsel for Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Jason Howell; Alexis Figueroa; Tony Abbott; and Elizabeth Holmes*

3