UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                         Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, et al.,

    Defendants.

_____

## ORDER

This cause is before the Court on Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Alexis Figueroa, M.D.; Jason Howell; Elizabeth Holmes; and Tony Abbott's (collectively "Medical Defendants") Motion to Stay Discovery Pending Motion to Dismiss (Motion to Stay; Doc. 63), filed on March 3, 2023, and Medical Defendants' Motion for Extension of Time to Respond to Discovery (Motion to Extend; Doc. 79), filed on April 12, 2023. Each Medical Defendant has filed a Motion to Dismiss, arguing Plaintiff Elmer Williams has failed to state a claim for relief. See Docs. 58 through 62.

In the Motion to Stay, Medical Defendants request a stay of discovery pending the Court's ruling on their Motions to Dismiss. Motion to Stay at 1. They allege the Motions to Dismiss are meritorious and case dispositive because attached medical records demonstrate Plaintiff received

constitutionally adequate care. Id. at 4-5. Moreover, they assert Plaintiff has served them with numerous discovery requests, some of which have no relevance to the claims asserted in the Second Amended Complaint. Id. at 2-3, 6. According to Medical Defendants, a short stay of discovery would protect them from the undue burden of responding to "disproportionate discovery." Id. at 6. In the Motion to Extend, Medical Defendants request an extension of time to serve responses and objections to Plaintiff's discovery requests until the Court rules on the Motion to Stay.[1] Motion to Extend at 2. Plaintiff opposes both Motions. See Response (Doc. 74); Motion to Extend at 3. He contends the Motions to Dismiss are not case dispositive because they lack merit. Id. at 5. Plaintiff also asserts the discovery requests are not unusually prejudicial or burdensome. Id. at 8.

It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. See Aatrix Software, Inc. v. Green Shades Software, Inc., No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2,

---

[1] Medical Defendants maintain they previously requested an extension of time from Plaintiff. "Plaintiff opposed the request but agreed to an extension until April 21, 2023, for Defendants to respond to discovery." Motion to Extend at 2.

2019). However, stays of discovery are generally disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Notably, the Civil Discovery Handbook for the Middle District of Florida states that:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a <u>specific showing of prejudice or undue burden</u>.

Middle District Discovery (2021) at Section I.E.4 (emphasis added). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." Feldman, 176 F.R.D. at 652. While the Court need not decide the motion to dismiss to determine whether the motion to stay should be granted, it can "take a preliminary peek at the merits of the

3

allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." Id.

Upon review of the Motion to Stay, Response, and pending Motions to Dismiss, the Court finds Medical Defendants have not met their burden of establishing that a stay is warranted at this time. See Ray v. Spirit Airlines, Inc., No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (noting that a movant has the burden to show the "necessity, appropriateness, and reasonableness" of a stay). A preliminary peek at the Motions to Dismiss and Plaintiff's Consolidated Response (Doc. 76) does not indicate that Medical Defendants raise clearly meritorious claims such that the case against them will be dismissed in its entirety.[2] Moreover, Medical Defendants fail to make a specific showing of prejudice or undue burden that would warrant a stay. As such, Medical Defendants' Motion to Stay is due to be denied. Because the Court has declined to stay discovery and Plaintiff agreed to an extension to respond until April 21, 2023, Medical Defendants' Motion to Extend is also denied.

---

[2] The undersigned expresses no opinion on whether the Motions to Dismiss will ultimately be meritorious.

Accordingly, it is **ORDERED** that Medical Defendants' Motion to Stay Discovery Pending Motion to Dismiss (Doc. 63) and Motion for Extension of Time to Respond to Discovery (Doc. 79) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-9 4/13
c:   Counsel of record