UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

vs.

RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,

    Defendants.

Case No. 3:22-cv-01221-MMH-MCR

**JOINT MOTION FOR CONFIDENTIALITY ORDER AND INCORPORATED PROPOSED ORDER**

Plaintiff ELMER WILLIAMS and Defendant RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections ("FDC") by and through undersigned counsel and pursuant to Fed.R.Civ.P. 26(c), hereby move this Honorable Court to issue a confidentiality order regarding certain documents[1] to be

---

[1] This Order does not pertain to medical records would be subject to a separate HIPAA-Qualified Protective Order.

1

produced. In furtherance thereof, the parties state:

On February 17, 2023, the Plaintiff served his First Set of Discovery Requests to Secretary Dixon and individual defendants Santiago, Johns, Millette, and Richardson-Graham. These discovery requests include records that FDC regards as confidential due to security concerns. As such, the parties have agreed that the entry of a confidentiality order is appropriate.

The parties anticipate that exchanged discovery requests will seek protected confidential and restricted information of the FDC. Such sensitive information may include operations that affect public safety, the safety of FDC personnel, and proper care and supervision of inmates. In anticipation of those discovery requests, and in order to address the concerns of the Plaintiff and FDC, Plaintiff moves the Court for a confidentiality order which includes, in substance, the following:

1. This Order governs the handling, maintenance, storage, and use, of discovery materials that would be exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including section 119.071, Florida Statutes, section 945.10, Florida Statutes, and other state laws as well as certain FDC security procedures and rules.

2. FDC has security concerns in certain of its records and wishes to ensure that these records are not introduced into the public domain.

3. Plaintiff has discovery needs relating to his burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records laws.

4. Plaintiff maintains that federal courts are not required to and should rarely undertake to enforce state confidentiality laws as part of the discovery process in federal civil rights litigation.

5. FDC wishes the Court to give weight to some Florida public records laws under principles of comity.

6. In recognition of the need for a balancing of interests, Plaintiff hereby agrees to treat the following kinds of discovery materials as confidential, subject to court review:

   a. Any video recordings taken within an FDC prison or facility to the extent that such recordings show security infrastructure;

   b. Any photographs taken within any FDC prison or facility to the extent that such photographs show security infrastructure;

   c. Post Orders (i.e., job descriptions) designated by FDC as restricted;

   d. Any FDC Duty Rosters (i.e., work schedules, inmate rosters);

   e. Housing logs and dormitory logs;

   f. Photographs or current and former security staff members for identification by witnesses, where necessary;

   g. Floor plans of any part of the prison compound;

   h. FDC policies, procedures, training materials, and online curriculum that are designated as "Confidential" or "Exempt".

7. Plaintiff may also designate records as confidential. Although the above-listed records are characterized as confidential under this Order, such designation is purely the product of the parties' agreement and does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. Plaintiff may challenge the protection as "confidential" of any particular record for a showing of "good cause" pursuant to Fed.R.Civ.P. 26 and the Department reserves the right to file appropriate motions to protect the confidential nature of the documents.

8. FDC, however, maintains these records are, in fact, protected by state and federal law.

9. This Order does not alter the requirements under court rules for redaction of information from documents filed with the court.

10. This Order does not apply to records already in the public domain.

11. The following definitions shall apply to this Confidentiality Order:

    a. "Parties" shall mean and refer to the Plaintiff and each Defendant in the above captioned case.

    b. "Qualified person(s)" shall mean and refer to:

        i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

        ii. Expert witnesses and expert consultants for the Parties;

        iii. Deponents, to the extent needed in deposition, court

      reporters and persons preparing transcripts;

    iv. The Court and court personnel;

    v. Other persons only on order of the Court

12. Confidential discovery materials as provided in this Order, if filed, shall be redacted or submitted to the Court with a motion to seal.

13. Confidential discovery materials as provided in this Order shall be disclosed only to Qualified Persons and used only for this litigation.

14. Confidential discovery materials as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

15. Confidential discovery materials as provided in this Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

   a. the caption of this case;

   b. the name of the party filing the materials and an indication of the nature of the contents; and

   c. a statement substantially in the following

>
> form: [DISCLOSING PARTY'S NAME]
>
> CONFIDENTIAL
>
> This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

16. When confidential discovery materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory to this Order may apply to the Court to limit persons permitted to be present to only Qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

17. If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Order, the Plaintiff shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

18. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

    c. Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

    d. Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

19. Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Order that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this Order which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

20. Counsel for the Plaintiff shall not disclose the confidential materials to the Plaintiffs in this case or the codefendants or co-defendant's counsel, with the exception that the Plaintiffs shall review the video relating to the incident and pictures of the Plaintiffs.

21. The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this case.

Respectfully submitted on May 15, 2023,

By: *[signature]*
Thomas Buchan
Florida Bar No. 1010923
HOWELL, BUCHAN & STRONG
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com

*Attorney for Defendants Dixon, Santiago, Johns, Millette, and Richardson-Graham*

By: */s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080; Fax 561-0836
cookjv@gmail.com

-and-

By: */s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel: (305) 523-9023
james@slater.legal

*Counsel for Plaintiff*

IT IS SO ORDERED at Jacksonville, Florida this ____ day of _____ 2023.

_____
UNITED STATES DISTRICT JUDGE

**Exhibit A**

**ACKNOWLEDGEMENT OF AND AGREEMENT TO FOLLOW THE CONFIDENTIALITY ORDER**

The undersigned who has been engaged as a consultant or expert in the above referenced action hereby acknowledges that he/she has read the Confidentiality Order on information executed in this cause, understands the terms thereof, and agrees to abide by the order.

Dated this _____ day of _____ 2023.

_____        _____
PRINT NAME                                                  SIGNATURE