UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**PLAINTIFF'S *OPPOSED*[1] MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

    Pursuant to Rules 15 and 16, Plaintiff Elmer Williams moves for leave to amend his operative complaint and file the attached proposed Third Amended Complaint. Plaintiff seeks leave to amend to accomplish several matters. First, the proposed amendment seeks to add an additional correctional defendant—Rebecca Yates. Although Plaintiff first learned of Ms. Yates in March through discovery responses, it was not until June that the Florida Department of Corrections produced email correspondence and highly redacted internal investigative reporting records making it clear that Ms. Yates determined that Mr. Williams was not having an emergency

---

[1] As noted in the certificate below, some of the relief is either unopposed or the relevant parties have no position on such requested relief.

despite the Department's investigation into his health condition. Second, Plaintiff seeks to add those additional facts learned from the Department's investigation into Plaintiff's emergency complaints, which was undertaken days prior to Johns and Yates receiving Plaintiff's emergency grievances. Third, given an opportunity to amend, Plaintiff's proposed amendment also seeks to clarify and address contentions raised in the medical defendants' motions to dismiss, primarily on the timing of Plaintiff's treatment by his urologist and causation issues related to his First Amendment retaliation claim. Fourth, Plaintiff seeks to drop Defendant MHM Health Professionals, LLC as a party, which the medical defendants do not oppose. And finally, Plaintiff withdraws his sole state-law claim under section 415.1111, Florida Statutes, which no party opposes.[2]

## I. BRIEF FACTUAL BACKGROUND

This lawsuit involves a former state prisoner, who has sued the Florida Department of Corrections, through Secretary Ricky D. Dixon, his staff and officers, the Department's contracted health provider, Centurion of Florida, and its staff, for, among other things, failure to provide constitutionally adequate healthcare with respect to Plaintiff's known and untreated prostate cancer and infected wounds, First Amendment retaliation, and violations of

---

[2] The amendment also removes Gerald Knaus as a defendant. Mr. Knaus was previously dismissed without prejudice. [D.E. 57].

Title II of the Americans with Disabilities Act of 1990. [*See, generally* D.E. 42]. Eventually, the delays in providing constitutionally adequate care resulted in the cancer metastasizing and spreading throughout Plaintiff's body. [*See id.* at ¶ 123]. As a result of his deteriorating condition, Plaintiff was awarded compassionate medical release and was released from prison. [*See id.* at ¶ 7].

## II.   ARGUMENT

### A. Applicable legal standards.

Rule 15 provides that a party may amend its pleading with "the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[3] Generally, a district court will look to determine whether (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile" when considering whether to grant leave under Rule 15(a)(2). *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

---

[3] A party must first demonstrate "good cause" under Rule 16(b) if the deadline to amend has lapsed. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Here, Plaintiff can demonstrate good cause, lack of prejudice, and that justice requires this relief.

### B. There is good cause for the sought amendment.

First, there is good cause to permit amendment to add Rebecca Yates as a defendant, clarify and add factual assertions, dismiss MHM Health Professionals, LLC as a defendant, and withdraw Plaintiff's state-law claim. Because the latter changes (dismissal and withdrawal of a claim) would not prejudice any party and are not opposed by the relevant parties, Plaintiff focuses on his request to add Rebecca Yates as a party and amend the factual assertions in the complaint.

First, there is good cause to add Rebecca Yates as a defendant and to add facts concerning the Department's previously unknown investigation. The Department began producing documents responsive to Plaintiff's requests for production after the Court's entry of the parties' proposed Confidentiality Order. [D.E. 86]. On or about June 9, 2023, the Department produced an email from Defendant Adele Johns to Rebecca Yates, in which Ms. Johns asked Ms. Yates if the following was an emergency:

> Inmate states his legs, knees, feet and ankles are swollen to the point of exploding. He states his stomach is bloated and every time he moves he has a muscle spasm in his back and his body locks up and he cant [sic] breathe or his breathing is labored. He states his nerves are damaged and there is little to no oxygen going to his legs. He states he has become

4

> completely paralyzed from his stomach to his toes and that area is extremely swollen. He states he needs emergency care.
>
> Is this an emergency?

*See* Email, attached as **Exhibit 1**. Hours later, Ms. Yates stated that these symptoms were not an emergency, leading Ms. Johns to reject the emergency grievance. *See id.* Although Ms. Johns answered an interrogatory in March this year stating that she had emailed Ms. Yates about the emergency grievance, the interrogatory did not explain the complete context of the email, what exactly Ms. Johns asked, and how Ms. Yates responded:

> 16. To the extent that you were unclear about the life-threatening nature of Plaintiff's medical condition, please describe all your efforts to seek advice or clarification from persons with medical expertise and identify the persons you conferred with and the substance of the advice you were given.
>
> **Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487 and I emailed Rebecca Yates at Central Office to get her determination of whether his complaint was actually an emergency. After she determined it was not an emergency, I returned his appeal because he did not follow procedures for a non-emergency grievance.

Moreover, at the time Plaintiff had learned of Ms. Yates from Ms. Johns' interrogatory response, Plaintiff did not know that Secretary Dixon had learned of Plaintiff's condition days earlier and that the Department had launched an internal investigation. *See* Incident Report, attached as **Exhibit**

5

**2**. Although Plaintiff has not learned the details of the investigation due to the inappropriate redactions,[4] the fact of the investigation bears on the claims against the central staff employees like Mdmes. Yates, Johns and Millette for their deliberate indifference to Plaintiff's serious medical needs. For this reason, Plaintiff asserts that he has shown good cause to add Ms. Yates as a defendant, as well as additional facts relating to the Department's investigation in January 2022. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial of motion for leave to amend because information was available to the plaintiff at time of filing initial complaint).

Second, given the opportunity to amend, Plaintiff would also clarify some of the factual allegations regarding the policymakers of Centurion and knowledge of Plaintiff's grievances, withdraw MHM Health Professionals, LLC as a party, withdraw his state-law claim under Chapter 415, Florida Statutes, and clarify the specialty treatment provided to Plaintiff by his urologist, which was not fully known to Plaintiff until provided by the medical defendants in their reply to their motion to dismiss the operative Second Amended Complaint. [D.E. 80-1]. Although Plaintiff could have sought leave to amend the complaint after learning of the date of Plaintiff's

---

[4] The Department claims that it cannot redact this document absent a current medical release from Plaintiff, who is currently on life support. Irrespective of the propriety of that assertion, the redactions are unacceptable and if not withdrawn will be the basis of a forthcoming motion.

6

first urology visit from the medical defendants' reply, Plaintiff suggests that there is nevertheless good cause to amend those facts now in the event he is permitted to add Ms. Yates as a defendant and include facts concerning the Department's internal investigation. Specifically, by addressing these issues now through amendment, there may be fewer issues that the medical defendants would raise in a later motion to dismiss (assuming they would seek dismissal of the proposed amended complaint), and by permitting Plaintiff amend some facts but not others could result in the later necessity to further amend the complaint to conform those alleged facts with the evidence.

### C. There is no prejudice, and the amendment is not futile.

There is no prejudice in amending the complaint because Plaintiff is not asserting new theories or claims requiring additional discovery. *See Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) (prejudice is likely to exist if amendment involves new theories that require additional discovery; affirming denial of motion for leave because it was filed after discovery closed) (quotation omitted). Instead, Plaintiff seeks to add an additional defendant within the periphery of the remaining central staff employees of the Department, who would face similar discovery to that already propounded on Mdmes. Johns and Millette. Further, Plaintiff would be withdrawing a claim and party, simplifying some discovery efforts, as well

7

as legal theories that pervade state-law claims, such as sovereign immunity. When the facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given under Rule 15(a). *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Unless "there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Finally, as to the futility of amendment, Plaintiff's proposed clarifications and additions are not subject to any bar or limitation that would impair their viability. Although the medical defendants may renew their motions to dismiss, the correctional defendants have answered the operative complaint and there is no indication that Ms. Yates would not do the same given the identical claims and similar facts.

## III.  CONCLUSION

Plaintiff Elmer Williams respectfully requests that the Court grant this motion and permit him to file the attached Third Amended Complaint.

Dated: July 12, 2023.                          Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel: (305) 523-9023
james@slater.legal

-and-

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
cookjv@gmail.com

*Attorneys for Plaintiff*

## Local Rule 3.01(g) Certification

On June 30 and July 5-6, 2023 the undersigned conferred with counsel for Defendants by email, and on July 11, 2023 the undersigned conferred with counsel for Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, Figueroa, Howell, Holmes, and Abbott (the "medical defendants") by telephone and email. Defendants Dixon, Johns, Millette, Santiago, and Richardson-Graham oppose all relief except for Plaintiff's withdrawal of Count V for abuse or neglect of a vulnerable adult under section 415.1111, Florida Statutes, which they do not oppose. The medical defendants: (1) no position on the addition of Rebecca Yates as a party-defendant or the addition of any facts related to the Department's January 2022 internal investigation; (2) oppose any other factual changes to the complaint; and (3) do not oppose the withdrawal of Count V and dropping MHM Health Professionals, LLC as a party.

By: */s/ James M. Slater*
James M. Slater

9