UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                     Case No. 3:22-cv-01221-MMH-MCR

RICKY DIXON in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D., KALEM
SANTIAGO, JASON HOWELL,
ELIZABETH HOLMES, TONY ABBOTT,
GERALD KNAUS, ADELE JOHNS,
WENDY MILLETTE, and SGT. SAVONIA
RICHARDSON-GRAHAM,

    Defendants.
_____/

**DEFENDANTS DIXON, SANTIAGO, JOHNS, MILLETTE, AND RICHARDSON-GRAHAM'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Defendants Dixon, Santiago, Johns, Millette and Richardson-Graham ("Defendants"), through the undersigned counsel, hereby respond to Plaintiff's Motion For Leave to File a Third Amended Complaint [Doc. 88], and state the following in support thereof:

I.      FACTUAL BACKGROUND

Plaintiff initially filed a lawsuit against Dixon (in his official capacity) and multiple individuals, including Santiago, Johns, Millette and Richardson-Graham, on September 3, 2022. *Williams v. Dixon et al.*, 3:22-cv-955-MMH-MCR [Doc. 1]. On November 3, 2022, Plaintiff filed a Notice of Voluntary Dismissal. *Id*. at Doc. 16. The next day, Plaintiff filed the instant lawsuit naming the same Corrections Defendants as the previous case. [Doc. 1]. On December 22, 2022, Plaintiff filed an Amended Complaint [Doc. 35], and less than a month later, on January 17, 2022, filed his Second Amended Complaint, which is the operative complaint in this matter [Doc. 42].

At the beginning of the discovery process, Defendants requested a Medical Release from Plaintiff, in order to facilitate the disclosure of medical records and documents containing medical information. Specifically, on March 10, 2023, the undersigned's office contacted Plaintiff's counsel requesting a medical release. *Exhibit 1*. On March 16, 2023, Plaintiff's counsel provided an expired medical release executed by the Plaintiff (the release, which was only valid for thirty (30) days, was signed on December 30, 2022). *Exhibit 2; Exhibit 3*. The undersigned contacted Plaintiff's counsel the same day requesting a valid, up to date medical release. *Exhibit 4*.

Plaintiff received Defendant Johns's Interrogatory Responses the next day, March 17, 2023. *Exhibit 5*. On March 19, 2023, Plaintiff received Defendant Johns's Responses to Requests for Admissions. *Exhibit 6.*

On May 23, 2023, while continuing to produce documents responsive to Plaintiff's discovery requests, the undersigned's office again contacted Plaintiff's counsel requesting an updated medical release and providing a blank form for Plaintiff to execute. *Exhibit 8.* As of June 28, 2023, the undersigned still had not received a valid medical release from Plaintiff or his counsel. *Exhibit 9.*

Plaintiff's counsel represented in the Motion filed on July 12, 2023, that Plaintiff was on life support and unable to execute the medical release. [Doc. 88, FN4]. Defendants do not dispute that Plaintiff was hospitalized and in very poor condition at some point in the first week or so of July, however Plaintiff was **not** on life-support as of July 10, 2023. *Exhibit 10; Exhibit 11.*

## II.   ARGUMENT

Defendants oppose granting Plaintiff leave to add yet another individually named Defendant, Rebecca Yates, as a party in this matter. They also oppose granting Plaintiff leave to add additional factual allegations – many of which are not limited to the issues identified in Plaintiff's Motion, are prejudicial to Defendants and will require additional discovery.

### A. Legal Standard

The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party's motion to amend is filed after the deadline to join other parties or amend the pleadings, the party must show good cause why leave to amend should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

### B. Good Cause Does Not Exist

The good cause standard precludes modification of the court ordered deadline to amend a pleading or join other parties unless said deadline cannot "be met despite the diligence of the party seeking the extension." *Saewitz v. Lexington Ins. Co.*, 133 Fed.Appx 695, 699 (11th Cir. 2005) (quoting Fed. R. Civ. P. advisory committee notes). As explained below, the Plaintiff has failed to exercise sufficient diligence to merit the extension sought.

#### 1. Rebecca Yates

In the instant case, Defendants disclosed sufficient information to Plaintiff and his counsel of Rebecca Yates's role in the grievance process in the discovery responses served on March 17th and March 19th of this year – nearly a month before the April 12, 2023 deadline to amend the pleadings or join additional parties. Specifically, in her Interrogatory Responses, Defendant Johns explained that she "communicated by email with Rebecca Yates at Central Office to get her

determination of whether [Plaintiff's] complaint was actually an emergency. After [Yates] determined it was not an emergency" Defendant Johns returned the appeal. *Ex. 5, at ¶13*.

"If a party is not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff and his counsel have known since March that Yates made the determination; if they had been diligent in their efforts to fully investigate the claims they are making against Defendants, then at the very they least had more than adequate time to file a motion for the extension of time to add additional parties based on the information provided in response to Plaintiff's discovery requests. Because Plaintiff was not diligent, the good cause inquiry must end, and, accordingly, Plaintiff's Motion for Leave to Amend should be denied.

### 2. January 7, 2022 Investigation

On June 6, 2022, Stephanie Boudreau, identified as a personal friend of Plaintiff,[1] sent an email to John Palmer and copied Defendant Dixon on it, as well. [Doc. 88-2, p. 7]. As evidenced by the documents filed by Plaintiff's counsel, it was Ms. Boudreau's email on June 6, 2022, that prompted an investigation into Plaintiff's health condition. *See* Doc. 88-2. The investigation was **not** prompted by

---

[1] Plaintiff's Motion refers to her as a family member. Regardless of whether they are friends or family, it is clear that she is very close to Plaintiff based on her knowledge of his health conditions and treatment; additionally, she notarized the medical release Plaintiff's counsel provided to Defendants on March 16, 2023.

any "emergency complaints" from Plaintiff. *Id.* That email has been available to Plaintiff, through his family, since the day it was sent. The investigation is not news to Plaintiff, either, as the incident report filed by Plaintiff clearly states that Plaintiff was interviewed by Corrections staff following the email from Ms. Boudreau. *Id.*, at p. 7. Moreover, in the operative Complaint, Plaintiff acknowledges that he was admitted to the infirmary on June 7, 2022. [Doc. 42, ¶76]. The grievances being addressed by the Defendants were submitted prior to Plaintiff's admission to the infirmary – where Plaintiff was under the care of medical provider who were providing treatment for his medical conditions, thus nullifying any alleged emergency.

Additionally, the undersigned requested a valid medical release from Plaintiff, through his counsel, multiple times, in an effort to facilitate the exchange of documents containing protected health records and health related information – without redaction. Despite the numerous requests, Plaintiff did not provide a valid, executed medical release until after this motion was filed.[2] Plaintiff's failure to diligently provide the medical release – after repeated requests from Defendants – should not be rewarded by allowing him to file a Third Amended Complaint.

### C. Plaintiff's Proposed Third Amended Complaint is Prejudicial to Defendants

---

[2] This release was signed by Plaintiff on July 10, 2023 -- two days before Plaintiff's Motion for Leave, which stated he was currently on life-support, was filed. *Exhibit 11*.

The proposed Third Amended Complaint (TAC) filed by Plaintiff with his Motion for Leave to Amend, includes multiple changes that are not mentioned in the Motion – changes that are, indeed, prejudicial to Defendants. As an example, in ¶42 of the TAC, Plaintiff has added "forcing [Plaintiff] to crawl on the floor to get food or use the toilet" at the end of the last sentence (compared to ¶44 of the Second Amended Complaint (SAC)). Similarly, Plaintiff has added an additional sentence to the end of FN2 that reads, "Suwannee CI Confinement had no heat but had strong exhaust fans to circulate the cold air." Doc. 88-2, p. 12. In the first sentence of ¶ 65 of the TAC, Plaintiff has added emails – expanding the ways Defendants were purportedly on notice of his condition, whereas the operative means of notice in the SAC was phone calls from his family. [Doc. 42, ¶67]. In the same paragraph, Plaintiff also adds "infected wounds" to the list of issues raised by family in calls (and now emails). *Id.* Throughout the TAC, Plaintiff has changed the allegation from not having a wheelchair to not having an "assigned" wheelchair or "assigned" assistant. In Paragraph 139 of the TAC, Plaintiff has added an allegation that he was prevented from "further acting as his own historian." *See* Doc. 42 at ¶140. Plaintiff also imputes knowledge of grievances on Defendants in Paragraph 144 of the TAC. Paragraph 178 of the TAC is a new addition alleging that Defendants were required to evaluate the appropriate level of care for Plaintiff; similarly Paragraph 179 inserts "appropriate" to describe medical care and supplies.

### D. Plaintiff's Third Amended Complaint is Futile.

Denial of a prisoner grievance does not create a cause of action under §1983. *Rushin v. O'Brien*, 2010 U.S. Dist. LEXIS 143897 at *3-4 (GA, ND). Liability under §1983 does not exist just because a defendant denied an administrative grievance or failed to act on information contained in a grievance. *Id.* Rebecca Yates had no personal involvement in the conditions Plaintiff complained about, and allowing Plaintiff to add her as a defendant in this matter is an exercise in futility. There is no evidence that she unconstitutionally interfered with or denied Plaintiff any form of medical treatment. *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (NY SD 2002).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to file a Third Amended Complaint should be denied, as it relates to adding Rebecca Yates and additional factual allegations related to the Defendants.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland
Florida Bar No. 70781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Phone: (850) 877-7776
Email: lauren@jsh-pa.com

*Attorney for Defendants Dixon, Santiago,*
*Johns, Millette and Richardson-Graham*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via CM/ECF, this 27th day of July, 2023.

/s/ *Lauren F. Strickland*
Lauren F. Strickland