# Exhibit 5

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ELMER WILLIAMS,**

     **Plaintiff,**

**v.**                 **Case No. 3:22-cv-01221-MMH-MCR**

**RICKY DIXON in his Official Capacity as**
**Secretary of the Florida Department of**
**Corrections, CENTURION OF FLORIDA,**
**LLC, MHM HEALTH PROFESSIONALS,**
**LLC, ALEXIS FIGUEROA, M.D., KALEM**
**SANTIAGO, JASON HOWELL,**
**ELIZABETH HOLMES, TONY ABBOTT,**
**GERALD KNAUS, ADELE JOHNS,**
**WENDY MILLETTE, and SGT. SAVONIA**
**RICHARDSON-GRAHAM,**

     **Defendants.**

_____/

## DEFENDANT JOHNS' RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Adele Johns hereby responds to Plaintiff's First Set of Interrogatories, pursuant to Rule 33, Federal Rules of Civil Procedure, as follows:

1.    Please state the name and title of each person who participated in responding to these Interrogatories and the Interrogatory number(s) they participated in responding to.

    **Response:** Adele Johns, Correctional Services Consultant, answered all interrogatories with assistance of counsel.

1

2.      Please provide a brief summary of your education starting with high school (or GED), including the name of every educational institution, the city and state of the same, the beginning and ending month and year of attendance, and identify the course of study and any degrees awarded.

**Response:** Madison County High School in Madison, Florida. Graduated in 1996. Any certifications regarding employment with FDC is in their possession and contained in my personnel file, which they will produce.

3.      Please describe in detail your understanding of the Policies and procedures of FDC that you are required to follow regarding the evaluation of grievances, medical complaints, and the medical condition of inmates.

**Response:** Grievance procedures are covered by Chapter 33-103, Florida Administrative Code. I am not responsible for evaluating and responding to complaints of medical care or conditions. Complaints of medical care or conditions are handled by central office medical staff at the appeal level.

4.      Please briefly describe your day-to-day role at FDC.

**Response:** I respond to inmate appeals in accordance with Chapter 33-103, Florida Administrative Code. I work Monday through Friday from 7:00 a.m. to 3:30 p.m. at FDC Central Office.

5.      Please provide a brief summary of your work experience since high school (or GED), providing the name of each employer, the city and state of employment, your start and end dates (month and year), all job assignments, including secondary duties, ranks achieved, and a brief description of the tasks associated with each job.

2

**Response:** After graduating high school in 1996, I worked at Dairy Queen in Greenville, Florida until 1997. In 1997, I started with FDC as a correctional officer. I have worked at FDC ever since and my complete position history is contained in my personnel file.

6.      Please identify all corrective actions against you, including counseling, by any law enforcement employer, including the date of the corrective action, the date of the incident on which it was based, the reason for the corrective action, the type of corrective action given, and whether you appealed the corrective action taken against you and the outcome of any such appeal.

**Response:** All corrective action details are in my personnel file. To the best of my recollection, I had a record of counseling for unscheduled absence in 2004 and one other for what I believe was an improper security check of a weapon around 2006.

7.      Identify all prior investigations—including without limitation by the Department of Health—, arrests, detentions, criminal charges (including final disposition), of which you were the subject made by any law enforcement officer or agency before the date of the incident that is the subject of plaintiff's complaint. Include the following:

      a.  The dates of each arrest or investigation.

      b.  The arresting agency and officer involved.

      c.  The offense(s) investigated or charged.

      d.  The final disposition of the investigation or charge(s).

      e.  Any other result of the investigation, arrest or detention.

3

**Response:** To my knowledge I have never been under investigation and I have never been arrested.

8.      Have you have *[sic]* ever been a defendant in any other civil rights lawsuit and, if so, please identify the case by name, court, trial docket number, describe in detail the allegations against you and state the outcome of the case, including the terms of any settlement.

**Response:** No.

9.      Please identify your username or account name for all social media accounts, including without limitation, Twitter, Facebook, Truth Social, Reddit, Parler, Gab, YouTube, Telegram, Gettr, Instagram, and Rumble.

**Response:** Objection, not reasonably calculated to lead to admissible evidence as it is entirely irrelevant to this lawsuit. Defendant Johns has already answered her Request for Admissions indicating she has never posted anything online about this lawsuit, relating to her work, or related to the prison system whatsoever.

10.      Please identify all nonprivileged conversations or communications you had, whether oral or in writing, by type, time, and person involved, concerning or related to the events alleged or identified in the Complaint.

**Response:** The only communication is by email with Rebecca Yates regarding medical emergency complaints for emergency grievance appeals.

11.      Please identify all nonprivileged conversations or communications you had, whether oral or in writing, by type, time, and person involved, concerning or related to Plaintiff's medical care, including his access to incontinence supplies, and

4

to the extent that the communications exist in documentary form (including emails),

identify the custodians of those records.

**Response:** The only communication is by email with Rebecca Yates regarding medical emergency complaints for emergency grievance appeals.

12.    Please identify all software or systems you used to monitor Plaintiff's

health condition and query or search issues relating to his health.

**Response:** I do not monitor health conditions of inmates.

13.    Please describe all decisions you made regarding Plaintiff's grievances,

medical treatment, and any referrals to specialists. For all decisions you identified,

please state whether your decision was reversed, changed, or overruled, and if so by

whom and what the basis for such reversal, change, or determination.

**Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487. I communicated via email with Rebecca Yates at Central Office to get her determination of whether his complaint was actually an emergency. After she determined it was not an emergency, I returned his appeal because he did not follow procedures for a non-emergency grievance.

14.    Identify all documents you reviewed or relied on in denying any of

Plaintiff's grievances received after January 1, 2022.

**Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487 and it was not denied, it was returned.

15.    Describe all conversations you had that you relied on in denying any of

Plaintiff's grievances received after January 1, 2022.

**Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487 and it was not denied, it was returned.

5

16.    To the extent that you were unclear about the life-threatening nature of Plaintiff's medical condition, please describe all your efforts to seek advice or clarification from persons with medical expertise and identify the persons you conferred with and the substance of the advice you were given.

**Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487 and I emailed Rebecca Yates at Central Office to get her determination of whether his complaint was actually an emergency. After she determined it was not an emergency, I returned his appeal because he did not follow procedures for a non-emergency grievance.

17.    Please explain your understanding of what constitutes a grievance of an emergency nature for issues involving difficulty breathing and mobility impairment.

**Response:** Medical staff determine if difficulty breathing and mobility impairment qualifies as being of an emergency nature.

18.    Identify all persons with whom you communicated concerning Plaintiff prior to September 1, 2022, and for each such person, identify the subject matter of the conversation, the mode of communication, and for any communications by correspondence or email, identify the custodian of those records, the date of the records, and the subject matter.

**Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487 and I emailed Rebecca Yates at Central Office to get her determination of whether his complaint was actually an emergency. After she determined it was not an emergency, I returned his appeal because he did not follow procedures for a non-emergency grievance.

## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: _Adele Johns_

Print Name: _Adele Johns_

STATE OF FLORIDA, COUNTY OF: _Leon_

    The foregoing was acknowledged before me this _17_ day of _March_, _2023_, who is personally known to me ___ or has produced _DriverLicense_ as identification.

_____

NOTARY PUBLIC

My Commission Expires: _04/19/2026_

VICTORIA LYNETTE POCHE'
MY COMMISSION # HH 254914
EXPIRES: April 19, 2026

Respectfully submitted,

/s/ Thomas Buchan
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Ricky Dixon,*
*Kalem Santiago, Adele Johns, Wendy*
*Millette, and Sgt. Savonia Richardson-*
*Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served

on all parties' counsel on March 17, 2023.

/s/ Thomas Buchan
Thomas Buchan