Exhibit 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                            Case No. 3:22-cv-01221-MMH-MCR

RICKY DIXON in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D., KALEM
SANTIAGO, JASON HOWELL,
ELIZABETH HOLMES, TONY ABBOTT,
GERALD KNAUS, ADELE JOHNS,
WENDY MILLETTE, and SGT. SAVONIA
RICHARDSON-GRAHAM,

    Defendants.
_____/

**DEFENDANT ADELE JOHNS' RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Defendant Adele Johns hereby responds to the Plaintiff's First Request for Admissions, pursuant to Rule 36, Federal Rules of Civil Procedure, as follows:

1. Prior to September 1, 2022, you did not review any of Plaintiff's medical records.

**Response:** Admitted.

2. Prior to September 1, 2022, you did not speak to anyone at the Facility regarding or concerning Plaintiff.

1

**Response:** Admitted.

3. FDC Policy does not require you to review medical records when analyzing inmate grievances.

**Response:** Admitted.

4. FDC Policy does not require you to speak with medical staff when analyzing inmate grievances.

**Response:** Admitted.

5. Besides reading Plaintiff's grievances, you did not take any further investigation.

**Response:** Denied, on emergency grievances filed by Plaintiff, Defendant Johns emailed Rebecca Yates for her determination on whether Plaintiff's circumstances were actually an emergency.

6. You do not review inmates' medical records when analyzing their grievances.

**Response:** Admitted.

7. You have never reviewed an inmate's medical records when analyzing grievances.

**Response:** Admitted.

8. You do not review inmates' medical records when analyzing whether they are receiving adequate medical care.

**Response:** Admitted Defendant Johns does not review inmate medical records when analyzing grievances; denied that Defendant Johns analyzes whether they receive adequate medical care.

9. You do not speak to medical staff when analyzing inmates' grievances.

**Response:** Denied; Defendant Johns has emailed Rebecca Yates regarding Plaintiff's emergency grievances.

10. You have never spoken to medical staff in connection with an inmate's grievance.

**Response:** Denied; Defendant Johns has emailed Rebecca Yates regarding Plaintiff's emergency grievances.

11. You sometimes accept advice on how to respond to a grievance without reviewing the information that provides the basis for the advice.

**Response:** Admitted.

12. Prior to September 1, 2022, you did not review any photographs of Plaintiff's wounds.

**Response:** Admitted.

13. Florida law requires you to ensure that an inmate is receiving adequate medical care.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions."

3

*Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

14.     Federal law requires you to ensure that an inmate is receiving adequate medical care.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

15.     Florida law requires you to ensure that an inmate is receiving timely medical treatment.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal

conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

16.     Federal law requires you to ensure that an inmate is receiving timely medical treatment.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

17. You are not an oncologist.

**Response:** Admitted.

18. You are not a neurologist.

**Response:** Admitted.

19. You are not a urologist.

**Response:** Admitted.

20. You are not a medical doctor.

**Response:** Admitted.

21. Prior to September 1, 2022, you were not aware of Plaintiff's prostate specific antigen level.

**Response:** Admitted.

22. You were aware that the Facility does not have a resident urologist.

**Response:** Denied.

23. You were aware that the Facility does not have a resident oncologist.

**Response:** Denied.

24. You were aware that the Facility does not have a resident neurologist.

**Response:** Denied.

25. When an inmate complains that medical staff are ignoring a request to see a specialist, FDC Policy requires you to investigate.

**Response:** Denied.

26. When an inmate complains that medical staff are ignoring a serious wound, FDC Policy requires you to investigate.

**Response:** Denied.

27. When an inmate complains that medical staff are ignoring the condition of paralysis, FDC Policy requires you to investigate.

**Response:** Denied.

28. When an inmate complains that medical staff are ignoring a request to see a specialist, Florida law requires you to investigate.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

29. When an inmate complains that medical staff are ignoring the condition of paralysis, Florida law requires you to investigate.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

30.   When an inmate complains that medical staff are ignoring a serious wound, Florida law requires you to investigate.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests

seeking an admission that they had a duty to investigate call for a pure legal conclusion).

31.     When an inmate complains that medical staff are ignoring a request to see a specialist, federal law requires you to investigate.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

32.     When an inmate complains that medical staff are ignoring a serious wound, federal law requires you to investigate.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation

of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

33. When an inmate complains that medical staff are ignoring the condition of paralysis, federal requires you to investigate.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

34. You took no steps to confirm whether Plaintiff was experiencing paralysis.

**Response:** Admitted.

35. Plaintiff's grievance log no. 22-6-01487 was properly submitted to the Office of the Secretary.

**Response:** Denied.

36. Prior to submitting grievance log no. 22-6-01487 to the Office of the Secretary, Plaintiff submitted an informal grievance on this issue.

**Response:** Denied based on appeal 22-6-01487.

37. Prior to submitting grievance log no. 22-6-01487 to the Office of the Secretary, Plaintiff submitted a formal grievance on this issue.

**Response:** Denied based on appeal 22-6-01487.

38. Plaintiff's grievance log no. 22-6-01524 was properly submitted to the Office of the Secretary.

**Response:** Denied.

39. Prior to submitting grievance log no. 22-6-01524 to the Office of the Secretary, Plaintiff submitted an informal grievance on this issue.

**Response:** Admitted.

40. Prior to submitting grievance log no. 22-6-01524 to the Office of the Secretary, Plaintiff submitted a formal grievance on this issue.

**Response:** Denied based on appeal 22-6-01524.

41. Chapter 33-103 of the Florida Administrative Code permits inmates to proceed directly to the Office of the Secretary for grievances of an emergency nature.

**Response:** Admitted Chapter 33-103 of the Florida Administrative Code permits inmates to proceed directly to the Office of the Secretary for grievances that are determined to be of an emergency nature.

42. A claim of paralysis is an emergency issue.

**Response:** Without knowledge.

43. You have accepted a grievance on an emergency basis for claims of paralysis in the past.

**Response:** Denied.

44. A claim of numbness in legs constitutes an emergency issue.

**Response:** Without knowledge.

45. You have accepted a grievance on an emergency basis for claims of numbness in extremities in the past.

**Response:** Denied.

46. A claim of labored breathing constitutes an emergency issue.

**Response:** Without knowledge.

47. You have accepted a grievance on an emergency basis for claims of labored breathing in the past.

**Response:** Denied.

48. At the time of the matter sued upon, you were acting under color of state law.

**Response:** Admitted.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, and Sgt. Savonia Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties' counsel on March 19, 2023.

*/s/ Thomas Buchan*
Thomas Buchan