IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>RICKY DIXON, in his official<br>capacity as Secretary of the Florida<br>Department of Corrections, et al.,<br><br>    Defendants. | Case No.: 3:22-cv-01221-MMH-MCR |

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Pursuant to Local Rule 3.01(b), Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC (Centurion and MHM are collectively referred to as the "Centurion Defendants"); Alexis Figueroa, M.D.; Jason Howell; Elizabeth Holmes; and Tony Abbott; (collectively, the "Medical Defendants," together with the Centurion Defendants, the "Defendants") respond in opposition to Plaintiff Elmer Williams's Motion for Leave to File Third Amended Complaint (ECF No. 88).

### INTRODUCTION

For nearly a year, Defendants have argued Plaintiff Elmer Williams has not and cannot state a claim against them for violating his constitutional rights—because they did not. There is no good cause for allowing an amendment months after the deadline to amend pleadings has passed, and the proposed amendment would be futile. Further, the relief to which Defendants do not object—the dismissal of MHM and dismissal of

the state law claims—can be accomplished through other means that will not delay this case. Accordingly, Plaintiff's motion should be denied.

## BACKGROUND

This is the second case[1] Plaintiff filed related to the medical treatment he received in 2021 and 2022 while incarcerated in the custody of the Florida Department of Corrections ("FDC"). Plaintiff alleges he received *inadequate* medical care for his recurrent prostate cancer and infections. But to state a claim against Defendants for allegedly violating his constitutional rights, Plaintiff must allege that Defendants were deliberately indifferent to his serious medical needs—not just that the care was subpar.[2]

As Defendants have argued from the outset, the care Plaintiff alleges he received satisfied the Constitution and, therefore, Defendants cannot be liable for having violated Plaintiff's rights. ECF Nos. 17, 32, 58–62. As the Eleventh Circuit recently reiterated, "the bar to proving an Eighth Amendment deliberate-indifference claim is appropriately high." *Wade v. McDade*, 67 F.4th 1363, 1378 (11th Cir. 2023); *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (explaining a "prisoner bringing a deliberate-indifference claim has a steep hill to climb.").

To satisfy this high bar, Plaintiff had to allege "(1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the official actually drew that inference, (3) the official disregarded the risk of

---

[1] The prior case—No. 3:22-cv-955-MMH-MCR—was filed September 3, 2022, and voluntarily dismissed when Plaintiff was released from the Florida Department of Corrections' custody.
[2] For clarity, Defendants deny Plaintiff received inadequate or subpar care despite his allegations.

2

serious harm, and (4) the official's conduct amounted to more than gross negligence." *Ireland v. Prummell*, 53 F.4th 1274, 1287 (11th Cir. 2022); *see also Wade*, 67 F.4th at 1374 (clarifying "more than ***gross*** negligence" is required to establish deliberate indifference and rejecting the "more than mere negligence" standard).[3]

Medical malpractice will not satisfy this standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In fact, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1272 (11th Cir. 2020). This means a prisoner cannot state a claim for deliberate indifference when prison officials "provide medical treatment even if it is subpar or different from what the inmate wants." *Id.* at 1273 (citing *Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018)).

That Plaintiff is challenging the adequacy of his care is a telltale sign that Defendants were not deliberately indifferent to his serious medical needs. All iterations of Plaintiff's complaint in both cases demonstrate Plaintiff *was treated* for his prostate cancer and infections. He was seen by the named Defendants and other healthcare

---

[3] As noted in Judge Newsome's concurring opinion in *Wade*, even gross negligence should be insufficient to establish deliberate indifference since the Eighth Amendment applies only to "punishments." *Wade*, 67 F.4th at 1378–82 (Newsome, J., concurring). While that argument is currently foreclosed by Supreme Court precedent, it underscores just how significant a defendant's actions must be to violate the Constitution.

3

providers at Suwannee Correctional Institution ("SCI") on numerous occasions and provided diagnostic testing; he was seen by specialists; he received medication for his prostate cancer and infections; he was placed in an infirmary multiple times to receive around-the-clock care; he was transferred to FDC's prison hospital; and he was provided a wheelchair (even if it was not "assigned"). None of this is disputed; indeed, Plaintiff acknowledges he received this treatment in his proposed Third Amended Complaint, however inadequate a picture he paints. *See generally* ECF No. 88-3 at ¶¶ 24, 31–32, 61–62, 66, 69, 73–77, 95, 97–99, 103, 120, 122, 125, 131.

Since filing this action, Plaintiff has propounded *978 discovery requests* on Defendants—which does not account for the discovery he propounded on co-Defendants. After unsuccessfully seeking a stay of discovery pending ruling on the motions to dismiss, Defendants responded and produced more than 2,600 pages of documents, including more than 2,000 pages of medical records *from just the relevant time period* documenting the treatment Plaintiff received from Defendants.

Now, more than four months after Defendants moved to dismiss the claims against them (ECF Nos. 58–62) and after producing thousands of pages of medical records, Plaintiff seeks leave to amend, in part, "to clarify and address contentions raised in the medical defendants' motions to dismiss." ECF No. 88 at 2. This, though, does not include presenting additional information about the documented care Plaintiff received. Instead, Plaintiff's proposed complaint keeps only the handful of medical encounters he previously pleaded rather than providing a more accurate and complete picture of the care Plaintiff cannot dispute he received.

4

## ARGUMENT

The Court should deny leave to amend for at least two reasons. *First*, Plaintiff's motion fails to demonstrate good cause and excusable neglect for amending after the deadline to amend passed. *Second*, the claims against Defendants in the Third Amended Complaint are futile.

Before addressing those issues, though, Defendants note that they do not oppose Plaintiff's requested relief of dismissing MHM as a Defendant and dismissing the state law claims brought under § 415.1111, Florida Statutes. However, Plaintiff can get that relief without amending his complaint. Plaintiff can voluntarily dismiss the action against MHM under Federal Rule of Civil Procedure 41(a)(1)(A)(i). And since Defendants have moved to dismiss the § 415.1111 claims in their motions to dismiss, Plaintiff can consent that Defendants' motions be granted in that regard. Thus, no amendment is necessary to grant Plaintiff the uncontested relief he seeks.

**A. No good cause or excusable neglect for belated amendment.**

Because Plaintiff sought leave to amend after the deadline in this Court's Case Management and Scheduling Order (ECF No. 52 (setting April 14, 2023 deadline to amend pleadings)), he must demonstrate both good cause *and* excusable neglect. *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1) and 16(b)(4)). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint*

*Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "'If [a] party was not diligent, the [good cause] inquiry should end.'" *Id.*

To determine whether a party has demonstrated excusable neglect, "a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Payne*, 606 F. App'x at 944.

Plaintiff cannot satisfy either standard.[4] As to good cause, Plaintiff cannot demonstrate he was diligent in seeking leave to amend. Plaintiff's diligence argument is limited to prospective co-Defendant Rebecca Yates, whom Plaintiff alleges he could not have learned about sooner because co-Defendants did not produce an e-mail until June 9, a month before leave to amend was sought. ECF No. 88 at 4. But, similar to the way in which he fails to give a complete picture regarding the medical care he received from Defendants in his complaints, Plaintiff has not told the whole story in regard to Ms. Yates.

Plaintiff acknowledges in his motion that Ms. Yates was identified in an interrogatory response provided by co-Defendants in March 2023. ECF No. 88 at 5. That response is included below for convenience:

---

[4] Plaintiff fails to even discuss excusable neglect, rendering his motion for leave to amend insufficient. *Alvarez Rodriguez v. Branch Banking & Tr. Co.*, No. 1:19-CV-25191-KMM, 2021 WL 1169353, at *16 (S.D. Fla. Mar. 29, 2021) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.").

> 16. To the extent that you were unclear about the life-threatening nature of Plaintiff's medical condition, please describe all your efforts to seek advice or clarification from persons with medical expertise and identify the persons you conferred with and the substance of the advice you were given.
>
> **Response:** The only grievance I handled of Plaintiff's was appeal log 22-6-01487 and I emailed Rebecca Yates at Central Office to get her determination of whether his complaint was actually an emergency. After she determined it was not an emergency, I returned his appeal because he did not follow procedures for a non-emergency grievance.

*Id.* The response references grievance appeal log 22-6-01487, which was an emergency grievance by Plaintiff and co-Defendant Adele Johns's response thereto. Ex. A. In that grievance and response—which Plaintiff had in his possession at least by January 2023 when he introduced it as an exhibit in his deposition—Plaintiff made the same complaints that co-Defendant Ms. Johns summarized in her e-mail to Ms. Yates. *Compare* Ex. A (Plaintiff's emergency grievance and response), *with* ECF No. 88-1 (e-mails between Ms. Johns and Ms. Yates).

Based on Plaintiff's possession of his emergency grievance and Ms. Johns's interrogatory response from March 2023, Plaintiff cannot demonstrate he acted diligently in two regards: (1) he cannot show the information was unavailable to him prior to the expiration of the deadline for amending and (2) he cannot show he acted diligently after receiving the information. *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616–17 (M.D. Fla. 2015) (considering "whether the information supporting the

7

proposed amendment was available to the plaintiff," and "whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend").

First, Plaintiff had the information about Ms. Yates prior to the expiration of the deadline for leave to amend. Ms. Johns explained in March that she e-mailed Ms. Yates to determine whether the emergency grievance constituted an emergency. That means Ms. Yates had to consider the information contained in the emergency grievance—which, as noted above, was in Plaintiff's possession before receiving Ms. Johns's response. Other than the e-mail confirming Ms. Johns did not commit perjury in her interrogatory response, it provided no new information to Plaintiff. Thus, Plaintiff could have sought leave to amend by the April 14, 2023 deadline had he acted diligently. *Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-KCD, 2023 WL 3058038, at *2 (M.D. Fla. Apr. 24, 2023) ("[T]he moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed….").

Second, Plaintiff cannot demonstrate he acted diligently after receiving the e-mail from Ms. Yates. *Arianas*, 307 F.R.D. 615, 616–17. After receipt of the June 9, 2023 production from co-Defendants with Ms. Yates's e-mail, Plaintiff waited more than a month before seeking leave to amend. ECF No. 88 at 4 (stating Plaintiff received e-mail from Ms. Yates on June 9 even though motion was filed July 12). This delay of a month is too long to satisfy the good cause standard. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (finding lack of diligence where party "dallied too long" by waiting over a month after discovering the need to amend before

requesting leave); *Mont Claire*, 2023 WL 3058038, at *3 (holding three-week delay in seeking relief showed lack of diligence).

In short, regardless of whether Plaintiff had the information necessary to seek leave to amend in March or June, Plaintiff did not diligently seek leave to amend and, thus, has not established good cause. And, as noted above, Plaintiff has offered no reason why his failure to timely seek leave should be attributable to excusable neglect. Accordingly, the Court should deny leave to amend.

**B. Amendment would be futile.**

As an independent basis, the Court should deny leave to amend because the claims against Defendants in the proposed Third Amended Complaint are futile.

Under Rule 15, courts can deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Foman v. Davis*, 371 U.S. 178, 182, 83 (1962). "A proposed amendment may be denied for futility when the complaint would still be dismissed after considering the amendment." *Shaw v. Allen*, 701 F. App'x 891, 894 (11th Cir. 2017) (citing *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010)).

9

As explained above, amendment would be futile because Plaintiff's allegations fail to establish that Defendants violated his constitutional rights.[5] Indeed, Plaintiff's allegations against Defendants in the proposed Third Amended Complaint are weaker than the Second Amended Complaint since he now concedes he was seen by a specialist months earlier and makes other concessions about the care he received.[6]

Regardless, just as Defendants argued in response to the Second Amended Complaint, the allegations of treatment in the Third Amended Complaint refute his claims that Defendants were deliberately indifferent to his serious medical needs. Stated another way, there is nothing alleged in the proposed complaint (or Second Amended Complaint, for that matter), that would plausibly support a conclusion that Defendants acted with more than gross negligence. *Wade*, 67 F.4th at 1374.

The Eleventh Circuit recently provided examples of what actions constitute more than *mere negligence* but less than *gross negligence* for purposes of a prisoner's deliberate indifference to serious medical need claim. In *Wade*, the court considered the actions of two nurses who knew a prisoner was out of a necessary anti-seizure medication and failed to administer any to the prisoner even though they had access to a back-up supply and could have ordered more from a pharmacy. *Id.* at 1375. Instead, they only assured a supply would be arriving soon. *Id.* at 1375–76. As a result,

---

[5] Undersigned counsel does not represent Ms. Yates and will not address the merits of the proposed claim against her other than to say that if the Court agrees Plaintiff's allegations show constitutionally adequate care, then the claim against her would likely be unable to withstand a motion to dismiss.

[6] For instance, Plaintiff also alleges he was not provided "with an *assigned* wheelchair," ECF No. 88-3 at ¶¶ 68, 72, 85, 103; which appears to be Plaintiff's way of acknowledging he was given a wheelchair to use even if it was not specifically assigned to him.

the prisoner suffered multiple seizures after four days without the medication and suffered brain damage. *Id.* at 1368–69. The *Wade* court concluded that while the nurses' actions were "more than *merely* negligent," their actions were "not more than grossly negligent." *Id.* at 1375–76.

Applying *Wade* to the allegations of the Third Amended Complaint (or Second Amended Complaint), the Court should conclude Plaintiff cannot state a claim against Defendants. That Defendants took actions to treat Plaintiff is beyond dispute: he was seen by healthcare professionals repeatedly; he was prescribed medicine; he was referred to specialists, including a urologist, oncologist, and neurologist; and he was placed in an infirmary and, eventually, the FDC prison hospital. Even accepting Plaintiff's allegations of inadequate care as true, Defendants' treatment cannot be said to amount to more than gross negligence. As such, Plaintiff cannot establish deliberate indifference and, therefore, his proposed Third Amended Complaint is futile.

## **CONCLUSION**

The Court should deny Plaintiff's request to file a Third Amended Complaint. There is no good cause and excusable neglect warranting amendment after the Case Management and Scheduling Order deadline. And the proposed Third Amended Complaint is futile because the allegations refute the claims that Defendants violated Plaintiff's constitutional rights for the same reasons Defendants argued Plaintiff failed to state a claim in the Second Amended Complaint. So under Rules 6(b), 15(a), and 16(b), the Court should deny leave to amend.

Respectfully Submitted,

*/s/ Jacob Hanson*
R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:     cmayfield@bradley.com
Primary Email:     jhanson@bradley.com
Secondary Email: tabennett@bradley.com

Brian A. Wahl (FBN 95777)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

*Counsel for Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Jason Howell; Alexis Figueroa; Tony Abbott; and Elizabeth Holmes*

### CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Jacob Hanson*
Jacob Hanson