**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ELMER WILLIAMS,**

     **Plaintiff,**

**v.**                           **Case No. 3:22-cv-01221-MMH-MCR**

**RICKY DIXON in his Official Capacity as**
**Secretary of the Florida Department of**
**Corrections, CENTURION OF FLORIDA,**
**LLC, ALEXIS FIGUEROA, M.D., KALEM**
**SANTIAGO, JASON HOWELL,**
**ELIZABETH HOLMES, TONY ABBOTT,**
**ADELE JOHNS, WENDY MILLETTE, REBECCA**
**YATES, and SGT. SAVONIA**
**RICHARDSON-GRAHAM,**

     **Defendants.**
     _____/

**DEFENDANTS DIXON, SANTIAGO, JOHNS, MILLETE, YATES, AND**
**RICHARDSON-GRAHAM'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO THIRD AMENDED COMPLAINT**

     Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, Rebecca Yates, and Savonia Richardson-Graham, in their individual capacities, (collectively "Defendants") by and through their undersigned counsel, hereby respond to Plaintiff's Third Amended Complaint [Doc. 93], as follows:

**INTRODUCTION**

     Denied.

## JURISDICTION AND VENUE

1.     Admitted for the purpose of jurisdiction only; otherwise denied.

2.     The cited statutes speak for themselves; denied as to their applicability in this case.

3.     The cited statutes speak for themselves; denied as to their applicability in this case.

4.     Admitted for the purpose of venue only; otherwise denied.

5.     Without knowledge and therefore denied.

## PARTIES

6.     Admitted that Plaintiff was an inmate at all material times and released on October 31, 2022; otherwise denied as to the implied inapplicability of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

7.     Admitted to the extent that Defendant Ricky Dixon is the Secretary of the Florida Department of Corrections (FDC) and responsible for the duties required of his position; otherwise denied.

8.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, admitted that Centurion of Florida, LLC, is contracted with FDC; otherwise denied.

9.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

10.     Admitted.

11.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

12.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

13.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted that Defendant Dixon and FDC's respective agents acted solely within the course and scope of their positions; denied to the extent Plaintiff may construe these allegations against the Defendants. Allegations not directed at

Defendants do not require a response, however to the extent these allegations are construed against Defendants, denied.

## COMMON ALLEGATIONS OF FACT

19.   Admitted Plaintiff has a history of prostate cancer, without knowledge and therefore denied as to the extent Plaintiff alleges FDC was aware of certain medical diagnoses or history for Plaintiff.

20.   Without knowledge and therefore denied.

21.   Without knowledge and therefore denied.

22.   Without knowledge and therefore denied.

23.   Without knowledge and therefore denied.

24.   Without knowledge and therefore denied.

25.   Without knowledge and therefore denied.

26.   Without knowledge and therefore denied.

27.   Plaintiff's FDC records will speak for themselves as to his exact transfer dates and locations.

28.   Without knowledge and therefore denied.

29.   Admitted that Defendant Richardson-Graham got a wheelchair for Plaintiff after his alleged fall, otherwise denied as to Plaintiff's characterization of events.

30.   Denied.

31.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

32.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

33.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

34.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

35.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

36.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

37.     Denied.

38.     Denied.

39.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

40.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied. Plaintiff's grievance records speak for themselves.

41.     Denied that any of Plaintiff's grievances were improperly responded to, otherwise without knowledge and therefore denied.

42.     Without knowledge and therefore denied.

43.     Denied.

44.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

45.     Without knowledge and therefore denied.

46.     Without knowledge and therefore denied.

47.     Denied.

48.     Without knowledge and therefore denied.

49.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

50.     Without knowledge and therefore denied.

51.     Without knowledge and therefore denied. Plaintiff's grievance records speak for themselves.

52.     Without knowledge and therefore denied. Plaintiff's grievance records speak for themselves.

53.     Without knowledge and therefore denied.

54.     Without knowledge and therefore denied.

55.     Without knowledge and therefore denied.

56.     Without knowledge and therefore denied.

57.     Without knowledge and therefore denied.

58.     Without knowledge and therefore denied.

59.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

60.     Without knowledge and therefore denied.

61.     Denied.

62.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

63.     Denied.

64.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

65.     Denied as to the alleged wrongdoing of FDC and its staff; otherwise without knowledge and therefore denied.

66.     Without knowledge and therefore denied. Plaintiff's medical records speak for themselves.

67.     Without knowledge and therefore denied. Plaintiff's medical records speak for themselves.

68.     Without knowledge and therefore denied.

69.     Without knowledge and therefore denied.

70.     Without knowledge and therefore denied. Plaintiff's sick calls will speak for themselves.

71.     Without knowledge as to what Plaintiff is citing from and from what context it is taken, therefore denied.

72.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

73.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

74.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

75.     Without knowledge and therefore denied.

76.     Without knowledge and therefore denied.

77.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

78.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

79.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

80.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

81.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

82.     Without knowledge and therefore denied.

83.     Without knowledge and therefore denied.

84.     Without knowledge and therefore denied.

85.     Denied.

86.     Plaintiff's grievances speak for themselves, otherwise denied as to any wrongdoing.

87.     Pleadings and the settlement terms speak for themselves as to the referenced case.

88.     Plaintiff's grievances speak for themselves, otherwise denied as to any wrongdoing.

89.     Denied.

90.     Plaintiff's grievances speak for themselves, otherwise denied as to any wrongdoing.

91.     Plaintiff's grievances speak for themselves, otherwise denied as to any wrongdoing.

92.     Email records speak for themselves.

93.     Email records speak for themselves.

94.     Denied.

95.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

96.     Denied.

97.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

98.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

99.     The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

100.    The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

101.    The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

102.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

103.   Denied as to any wrongdoing by Defendant Richardson. The remaining allegations are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

104.   Without knowledge and therefore denied.

105.   Without knowledge and therefore denied.

106.   Without knowledge and therefore denied.

107.   Without knowledge and therefore denied.

108.   Denied.

109.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

110.   Without knowledge and therefore denied.

111.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

112.   Without knowledge and therefore denied.

113.   Plaintiff's grievance records speak for themselves, otherwise without knowledge and therefore denied.

114.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

115.   Plaintiff's grievance records speak for themselves, otherwise denied.

116.   Denied.

117.   Without knowledge and therefore denied.

118.   Plaintiff's grievance records speak for themselves, otherwise denied.

119.   Plaintiff's grievance records speak for themselves, otherwise without knowledge and therefore denied.

120.   Plaintiff's grievance records speak for themselves, otherwise without knowledge and therefore denied.

121.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

122.   FDC's medical records speak for themselves. The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

123.   Without knowledge and therefore denied.

124.   Denied.

125.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

126.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

127.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

128.   The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

129.   Admitted as to Defendant Dr. Santiago's position. The referenced email speaks for itself; otherwise denied as to any wrongdoing.

130.   Admitted as to Defendant Dr. Santiago's position and holding an Area of Critical Need license.

131.   Without knowledge and therefore denied.

132.   Denied.

133.    The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

134.    Denied.

135.    The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

136.    Denied.

137.    The allegations in this paragraph are not directed at the Defendants; thus, no response is required. To the extent that these allegations may be construed against the Defendants, denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied as to any alleged failure to treat, otherwise without knowledge and therefore denied.

142.    The cited statute and grievance records speak for themselves; otherwise denied.

## Causes of Action

### I.   Violation of 42 U.S.C. § 1983 – First Amendment Retaliation (against Figueroa, Richardson-Graham, and Howell)

Admitted, denied, or without knowledge to the extent previously stated in paragraphs 1 through 142.

143.   Admitted.

144.   Grievance records speak for themselves; otherwise denied.

145.   Denied.

146.   Denied.

147.   Denied.

### II.   Violation of 42 U.S.C. § 1983 – Eighth Amendment (Centurion)

This Count is not against Defendants and therefore no response is required; to the extent the allegations are construed against the Defendants, denied.

### III.   Violation of ADA/RA (against Secretary Dixon)

Admitted, denied, or without knowledge to the extent previously stated in paragraphs 1 through 142.

159.   Denied.

160.   The cited statute speaks for itself, otherwise denied as to its applicability.

161.   The cited statute speaks for itself, otherwise denied as to its applicability.

162.  The cited statute speaks for itself, otherwise denied as to its applicability.

163.  Denied.

164.  Admitted.

165.  Admitted.

166.  Denied.

167.  Denied.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

172.  Denied.

173.  Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

174.  Denied.

**IV.** **Violation of 42 U.S.C. § 1983 – Eighth Amendment Failure to Treat (against Santiago, Figueroa, Howell, Holmes, Abbott, Millette, Johns, and Yates)**

Admitted, denied, or without knowledge to the extent previously stated in

paragraphs 1 through 142.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff alleges that he suffered damages by reason of Defendants' conduct; Defendants assert the right of offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

2.     Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery by reason thereof against Defendants.

3.     If Plaintiff had mitigated his own alleged damages, Defendants are entitled to an offset for this amount.

4.     Defendant Dixon is being sued in his official capacity and is entitled to sovereign immunity.

5.     Defendants Santiago, Johns, Millette, Yates, and Richardson-Graham are entitled to qualified immunity regarding all federal claims.

6.     People or entities other than Defendants caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff for must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged.

7.     To the extent that Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendants,

Plaintiff is barred from recovery, in whole or in part, against Defendants with respect to such injuries.

8.      To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

9.      Plaintiff proceeds against Defendant Dixon on a theory of vicarious liability, which is not available under Title II of the ADA. For example, Plaintiff incorporates the entire facts section (paragraphs 1 through 142), whether relevant or not, and paragraphs 167 through 174 arguably continue to proceed on a theory of vicarious liability.

10.     Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff was not caused by any action or inaction by Defendants.

11.     Plaintiff is unable to establish a prima facie case for any of the alleged causes of action.

12.     Because the Third Amended Complaint alleges numerous conclusions of fact and law, Defendants anticipate the need to supplement these defenses in accordance with Rule 15(a), Fed. R. Civ. P., as they cannot fully anticipate all affirmative defenses at the outset of this litigation.

Wherefore, Defendants demand judgment in their favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

/s/ Thomas Buchan
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, Johns, Millette, Yates, and Richardson-Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on October 25, 2023.

/s/ Thomas Buchan
Thomas Buchan