UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**PLAINTIFF'S *UNOPPOSED* MOTION FOR
EXTENSION OF TIME TO RESPOND TO CENTURION
DEFENDANTS' MOTIONS TO DISMISS AND TO EXCEED
PAGE LIMIT IN CONSOLIDATED RESPONSE**

    Pursuant to Rule 6(b) and Local Rule 3.01, Plaintiff Elmer Williams files this unopposed motion to seek a brief weeklong extension of time through November 22, 2023, to respond to Centurion Defendants' respective motions to dismiss [D.E. 96-100], to which responses are due on November 15, 2023, per Local Rule 3.01(c). Plaintiff further moves for permission to file a consolidated 40-page response addressing each of the five motions. As grounds, Plaintiff states:

## I.     BACKGROUND

1. This is an action brought by a terminally ill former state prisoner, who challenges, among other things, the constitutional adequacy of the care provided by the Centurion Defendants while he was incarcerated at Suwannee Correctional Institution.

2. After taking a de bene esse deposition to preserve his testimony for trial, with the consent of all defendants under Rule 15(a)(2), Plaintiff filed a Second Amended Complaint (SAC). [D.E. 42]. Thereafter, upon learning additional matters regarding the internal processes of the Florida Department of Corrections concerning Plaintiff's condition, Plaintiff moved for leave to file his operative Third Amended Complaint, which the Court granted. [D.E. 88, 91, 93].

3. In response, Centurion Defendants filed five separate motions to dismiss the SAC, in which they argue various theories for dismissal with a great deal of overlapping argument. [D.E. 96-100].

4. Because of the common legal argument and issues, Plaintiff believes that it would promote judicial economy to present a single consolidated response. However, given the breadth of the motions and the complexity of the legal issues, Plaintiff would ask for leave to exceed the page limitation requirements of Rule 3.01.

## II. MEMORANDUM OF LAW

Rule 6(b) governs extensions of time in which to file motions and responsive documents. Fed. R. Civ. P. 6(b). Under Rule 6(b)(1)(A), when an act is required or allowed to be done within a specified time period, a court "may, for good cause, extend the time" before the original time to file or respond expires.

The Eleventh Circuit has held that to establish good cause under Rule 6(b), "the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Davis v. Post Univ., Inc.*, 497 F. Supp. 3d 1252, 1268 (S.D. Fla. 2019) (citing *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013)).

Here, given the type of legal defenses raised and the sheer volume of briefing, Plaintiff has demonstrated good cause for a brief one-week extension of time to file a 40-page consolidated response to Centurion Defendants' five motions to dismiss.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and permit him to file a 40-page consolidated response to Centurion Defendants' motions to dismiss [D.E. 96-100], on or before November 22, 2023.

Dated: November 6, 2023.

        Respectfully submitted,

        SLATER LEGAL PLLC

        By: */s/ James M. Slater*
            James M. Slater (FBN 111779)
            113 S. Monroe Street
            Tallahassee, Florida 32301
            james@slater.legal
            Tel: (305) 523-9023

            -and-

        LAW OFFICE OF JAMES COOK
        James V. Cook (FBN 0966843)
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        Tel. (850) 222-8080
        Fax (850) 561-0836
        cookjv@gmail.com

        *Counsel for Plaintiff*

## Local Rule 3.01(g) Certification

I hereby certify that Plaintiff's counsel conferred with counsel for Centurion Defendants via email on November 4, 2023. Centurion Defendants do not oppose the relief requested herein.

        By: */s/ James M. Slater*
            James M. Slater