UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**Plaintiff's *Opposed* Motion to Strike
Defendant Adele Johns' Motion for Summary Judgment**

On Sunday February 25, 2024, Defendant Adele Johns filed a motion for summary judgment. [ECF No. 108]. Discovery is ongoing in this case and does not close until August 20, 2024. [ECF No. 106]. Importantly, although the parties have exchanged written discovery, Plaintiff continues to seek discovery from the Florida Department of Corrections on issues germane to Ms. Johns' involvement and has not yet taken the deposition of Ms. Johns or Defendant Rebecca Yates, who filed an affidavit in support of Ms. Johns' motion for summary judgment. [ECF No. 108-3].

Because discovery is ongoing and Plaintiff has not had the ability to discover information essential to his opposition to Ms. Johns' motion, he asks that the Court strike or deny the motion without prejudice to it being refiled after such discovery is completed. Should the Court deny this motion, Plaintiff anticipates filing an affidavit under Rule 56(d) in response to the motion for summary judgment, requesting that the Court defer Plaintiff's response until appropriate discovery is completed.

## Memorandum of Law

Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed. R. Civ. P. 56(d); *Snook v. Trust Co. of Georgia Bank*, 859 F.2d 865, 870 (11th Cir.1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir.1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery).

Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him

to determine whether he can honestly file opposing affidavits." *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir. 1976).[1] Thus, out of fairness to Plaintiff, "summary judgment may only be decided upon an adequate record." *WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion and strike (or deny) Defendant Adele Johns' motion for summary judgment [ECF No. 108] without prejudice to be refiled at the appropriate time.

## Local Rule 3.01(g) Certification

I hereby certify that Plaintiff's counsel conferred with counsel for Ms. Johns on February 26, 2024 by email. Counsel for Ms. Johns indicated that he opposes withdrawing the motion for summary judgment and the relief sought in this motion to strike.

Dated: February 26, 2024.

Respectfully submitted,

/s/ *James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit prior to October 1, 1981.

3

4

113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

LAW OFFICE OF JAMES COOK
James V. Cook (FBN 0966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*Counsel for Plaintiff*

4