UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                    Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## DEFENDANT ADELE JOHNS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Defendant Adele Johns, by and through undersigned counsel, hereby responds in opposition to Plaintiff's Motion to Strike Johns' Motion for Summary Judgment [Doc. 110] and states the following in support thereof:

### I.  STATEMENT OF FACTS

Plaintiff seeks to strike Defendant Johns' Motion for Summary Judgment [Doc. 108] because, "Discovery is ongoing in this case and does not close until August 20, 2024" and "[b]ecause discovery is ongoing and Plaintiff has not had the ability to discover information essential to his opposition to Ms. Johns' motion…" Despite Plaintiff's assertions, this case is ripe for consideration of Johns' summary judgment motion.

1

A brief timeline of this litigation shows Plaintiff has had ample time to obtain all necessary information to support his allegations against Johns, if he can. Important dates include:

1. This lawsuit was originally filed on November 4, 2022, or about 16 months ago.

2. In this time, Plaintiff has issued a request for production, request for admissions, and first set of interrogatories to Defendant Johns, all of which were responded to on or before March 20, 2023.

3. Johns' interrogatory and admissions responses both cited Yates, thereby alerting Plaintiff of her involvement in this case and providing a year to depose Yates and 16 months to depose Johns. *Ex. 1, Johns Interrogatory Responses, Nos. 10, 11, 13, 16, 18; Ex. 2, Johns Admissions Response, Nos. 5, 9, 10.*

4. As to their depositions, Johns was available any time on March 5 to 15 and Yates on March 4, 7, and 8; this availability was offered to opposing counsel on February 26 and 27 and undersigned is waiting for confirmation on a date.

5. On February 25, 2024, Defendant Johns' Motion for Summary Judgment [Doc. 108] was filed, making Plaintiff's response deadline March 18, providing time for Plaintiff to timely depose them and respond to the summary judgment motion.

More than enough time has passed for Plaintiff to obtain whatever information he may need to support his claims against Defendants, if it exists at all. This is especially true given their extremely limited involvement in Plaintiff's lawsuit. Further delaying a summary judgment decision will cause unnecessary litigation and increased costs for Defendant Johns.

## MEMORANDUM OF LAW

### II. ARGUMENT

**A. Rule 56(b), Federal Rules of Civil Procedure, entitles Defendant Johns to file a Motion for Summary Judgment at any time.**

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Fed. R. Civ. Pro. 56(b). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. Pro. 56(d).

**B. Plaintiff fails to bring legitimate arguments for striking Defendant Johns' Summary Judgment Motion and similarly has no support for an objection under Rule 56(b), Federal Rules of Civil Procedure.**

Plainly, Plaintiff has no basis for striking Defendant's Motion for Summary Judgment. As required by Rule 56(b), a party may file a motion for summary

judgment at any time until 30 days after the close of discovery. Defendant has complied with this Rule entirely.

Plaintiff has pursued the incorrect procedural remedy in filing his Motion to Strike, although he would similarly fail to meet the elements for Rule 56(d), Federal Rules of Civil Procedure. As detailed in Rule 56(d), if Plaintiff claims that he cannot present facts essential to justify his position, he must submit an "affidavit or declaration" in support thereof.

This lawsuit was filed on November 4, 2022. Since Johns was a defendant the entire time and Yates has been a named defendant since the filing of the Third Amended Complaint on October 4, 2023 (although she was described as a witness as early as March 2023 in Johns' response to the first set of interrogatories and admissions), plenty of time has elapsed where Plaintiff had the opportunity to depose either of them but has failed to do so. Undersigned counsel has now provided availability for both Johns and Yates to be deposed, as just requested by opposing counsel, and is waiting on confirmation as to when they will be deposed.

### III. CONCLUSION

Wherefore, Defendant Johns respectfully requests this Court deny Plaintiff's Motion to Strike [Doc. 110] and grant such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, Johns, Millette, Richardson-Graham, and Yates*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served to all counsel of record by CM/ECF on March 6, 2024.

*/s/ Thomas Buchan*
Thomas Buchan