AFFIDAVIT OF REBECCA YATES

STATE OF FLORIDA
COUNTY OF LEON

Before me, the undersigned authority, personally appeared **REBECCA YATES** (Affiant), who, under penalty of perjury, deposes and says:

1. The facts stated in this declaration are known to me from my own personal, and if called upon to testify to the matters in this declaration, I could and would competently do so.

2. The following is stated to the best of my knowledge of the below, which occurred on January 12, 2022.

3. I have been an employee of the Florida Department of Corrections ("FDC") since 2001.

4. As part of my position as a Government Operations Consultant, I handle the reviews of emergency medical grievance appeals.

5. In processing emergency medical grievance appeals, I must adhere to the procedures set forth in Chapter 33-103, Inmate Grievances, Florida Administrative Code (F.A.C).

6. I responded to Adele Johns' email regarding an emergency medical grievance appeal (#22-6-01487) submitted by Plaintiff Elmer Williams.

7. Plaintiff Elmer Williams declared that his grievance (grievance log #22-6-01487) should be classified as an "emergency grievance."

8. Ms. Johns emailed me on January 12, 2022, with a nearly verbatim recounting of Plaintiff Williams' description of his current complaints contained in his "emergency grievance" for a decision on whether his "emergency grievance" procedurally constituted an appeal of an emergent nature in accordance with the procedures set forth in Chapter 33-103, F.A.C.

9. In determining whether any inmate, including Plaintiff Williams, has properly bypassed the formal grievance stage and whose claim that the "emergency grievance" constitutes an appeal of an emergent nature, I check the electronic medical record ("EMR") and look for specific factors in order to make a decision.

10. A decision is based on documented evidence such as whether medical staff have seen the inmate recently, whether the inmate has previously filed grievances on the same complaint or concern, whether the inmate has a medical call-out already scheduled, and whether the inmate is currently admitted to the infirmary, for example.

1

11. To the best of my recollection, it was determined that Plaintiff Williams' "emergency grievance" was not an appeal of an emergent nature because he was already admitted to the infirmary by order of a medical provider at the time his "emergency grievance" was received by Inmate Grievance Appeals on January 11, 2022, and was already receiving around-the-clock medical observation and care.

12. It was also determined that our Chief of Medical Services had already reviewed Plaintiff Williams' stated medical concern when he was forwarded an email correspondence describing these same medical issues from one of Plaintiff Willaims' relatives on or about January 7, 2022.

13. A determination was made that the "emergency grievance" (#22-6-01487) was not an appeal of an emergent nature and I informed Ms. Johns who then returned it to Plaintiff Williams so he could file the grievance properly at the formal level by directing it to the medical staff at his institution, again in accordance with the procedures outlined in Chapter 33-103, F.A.C.

14. As an inmate in the infirmary, Plaintiff Williams was not only under 24/7 medical observation and care, but he could also have declared a medical emergency to any of the nurses or other medical staff who saw him on a regular basis night and day; and/or filed a formal medical grievance.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Rebecca Yates

The foregoing instrument was sworn to and subscribed before me this 15th day of August, 2023, REBECCA YATES who is ✓ personally known to me OR _____ who has produced _____ as identification.

_____
NOTARY PUBLIC

My Commission Expires:



Notary Public State of Florida
Condelia B Ward
My Commission GG 968345
Expires 03/15/2024

2