## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ELMER WILLIAMS,      )
          )
    Plaintiff,      )
          )
v.          )
          )  Case No.: 3:22-cv-01221-MMH-MCR
RICKY DIXON, in his official    )
capacity as Secretary of the Florida    )
Department of Corrections, et al.,    )
          )
    Defendants.

## DEFENDANT JASON HOWELL'S ANSWER TO TAC, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 8, 10, and 12, Defendant Jason Howell files this Answer and Affirmative Defenses to Plaintiff Elmer Williams's Third Amended Complaint ("TAC") (ECF No. 93) and states as follows:

## INTRODUCTION[1]

To the extent the introductory paragraph proceeding paragraph 1 requires a response, denied.

## JURISDICTION AND VENUE

1.    Admitted for purposes of jurisdiction.

2.    Admitted the TAC is so styled. Otherwise, denied.

3.    Admitted the TAC is so styled. Otherwise, denied.

---

[1] Howell repeats the headings used in the Third Amended Complaint for ease of reference. To the extent the headings contain factual allegations to which a response is required, those allegations are denied.

4.     Admitted for purposes of venue. Otherwise, denied.

5.     Without knowledge, therefore denied.

## PARTIES

6.     Admitted Plaintiff was an inmate in the custody of the Florida Department of Corrections ("FDC") at Suwannee Correctional Institution. Admitted Plaintiff was released from custody. Whether Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA") is a legal conclusion to which no response is required. To the extent a response is required, denied. Otherwise, denied.

7.     Admitted the TAC is so styled. Otherwise, without knowledge, therefore denied.

8.     Admitted Centurion has contracted with FDC to provide contractually specified healthcare services to inmates in the custody of FDC. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

9.     Admitted Dr. Figueroa was Medical Director/Chief Health Officer at Suwannee Correctional Institution Annex. Otherwise, without knowledge, therefore denied.

10.     Without knowledge, therefore denied.

11.     Admitted Howell is a registered nurse. Admitted the TAC is so styled. Otherwise, denied.

2

12.     Elizabeth Holmes was dismissed from this action. As such, no response is required to this paragraph. To the extent a response is required, without knowledge, therefore denied.

13.     Admitted Abbott was an advanced practice registered nurse. Otherwise, without knowledge, therefore denied.

14.     Without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     The allegations in paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, denied.

## COMMON ALLEGATIONS OF FACT

19.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

20.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

21.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

22.     Without knowledge, therefore denied.

23.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

24.     The medical record speaks for itself. Otherwise, without knowledge, therefore denied.

25.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

26.     Without knowledge, therefore denied.

27.     Admitted to the extent consistent with Plaintiff's FDC records. Otherwise, denied.

28.     Without knowledge, therefore denied.

29.     Without knowledge, therefore denied.

30.     Without knowledge, therefore denied.

31.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

32.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

33.     Denied that Howell threatened patients who complained with confinement. Otherwise, denied.

34.     Denied.

35.     As to Nurse Abbott's notes, admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. As to the remaining allegations, denied.

36.     As to Plaintiff's symptoms, without knowledge, therefore denied. As to the allegation that Plaintiff relayed information to Howell, the allegation fails to allege when such complaints were made. To the extent Plaintiff alleges such complaints were

4

relayed prior to November 24, 2021, denied. To the extent Plaintiff's alleges he voiced complaints to Howell at some unspecified later date, admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

37.     Denied Plaintiff requested a wheelchair from Howell or that Howell had authority to issue a wheelchair to Plaintiff. Otherwise, without knowledge, therefore denied.

38.     Without knowledge, therefore denied. To the extent the footnote in paragraph 38 requires a separate response, without knowledge, therefore denied.

39.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

40.     Without knowledge, therefore denied.

41.     Whether Plaintiff had a need for a wheelchair in November 2021 is an opinion, not a factual allegation requiring a response. To the extent the allegation requires a response, denied. The grievance response speaks for itself. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

42.     Without knowledge, therefore denied.

43.     The statement in this paragraph is not a factual allegation, therefore no response is required. To the extent a response is required, denied.

44.     Without knowledge, therefore denied.

45.     Without knowledge, therefore denied.

46.     Without knowledge, therefore denied. To the extent the footnote to the allegations in this paragraph requires a response, without knowledge, therefore denied.

47.     Without knowledge, therefore denied.

48.     Without knowledge, therefore denied.

49.     Without knowledge, therefore denied.

50.     Without knowledge, therefore denied.

51.     Without knowledge, therefore denied.

52.     Denied that Howell retaliated against Plaintiff. Otherwise, without knowledge, therefore denied.

53.     Without knowledge, therefore denied.

54.     Without knowledge, therefore denied.

55.     Without knowledge, therefore denied.

56.     Denied that Plaintiff did not receive medical treatment for "nearly another year." Otherwise, without knowledge, therefore denied.

57.     Without knowledge, therefore denied.

58.     Without knowledge, therefore denied.

59.     Denied that Centurion was repeatedly alerted to Plaintiff's medical condition. Denied that Centurion deliberately failed to provide adequate care under the U.S. Constitution for Plaintiff's medical needs.

60.     The allegations in paragraph 60 of the TAC do not specify who made statements to Plaintiff. To the extent Plaintiff alleges Howell made such statements, denied. To the extent Plaintiff alleges someone else made such statements, without

6

knowledge, therefore denied. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

61.    As to Plaintiff's complaints to medical staff, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. As to the allegation Plaintiff did not receive medical treatment, denied. As to the allegation that "they" were punishing Plaintiff, it is unclear whether Plaintiff alleges Howell was punishing him. To the extent Plaintiff alleges Howell was punishing him, denied. To the extent Plaintiff alleges other unspecified individuals were punishing him, without knowledge, therefore denied. Otherwise, without knowledge, therefore denied.

62.    Without knowledge, therefore denied.

63.    The argument included in paragraph 63 is not a factual allegation requiring a response. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

64.    Denied.

65.    Whether co-Defendants were "on notice" is a legal conclusion to which no response is required. To the extent a response is required, without knowledge, therefore denied. Otherwise, without knowledge, therefore denied.

66.    The opinion that Plaintiff's medical conditions were "clearly obvious" is not a factual allegation requiring a response. To the extent a response is required, denied. To the extent Plaintiff alleges Nurse Howell examined him on December 24, 2021, denied. Otherwise, without knowledge, therefore denied.

67.     The opinion that it was "obvious" Plaintiff could not manage daily living activities does not require a response. To the extent a response is required, denied. Otherwise, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

68.     Without knowledge, therefore denied.

69.     Without knowledge, therefore denied.

70.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

71.     Without knowledge, therefore denied.

72.     Whether Plaintiff had an "obvious and apparent need for an accommodation" is an opinion to which no response is required. To the extent a response is required, denied. Denied that Howell had the authority to issue a wheelchair, inmate assistant, or other mobility accommodation. Otherwise, without knowledge, therefore denied.

73.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

74.     Denied that Howell delayed treatment to Plaintiff or prevented Plaintiff from receiving a timely diagnosis. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

75.     Without knowledge, therefore denied.

76.     Without knowledge, therefore denied.

77.     As to Plaintiff's PSA levels, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. As to the remaining allegations, without knowledge, therefore denied.

78.     As to the opinion regarding when prostate cancer evaluation should occur, no response is required. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

79.     As to the statements in Plaintiff's medical records, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. As to the statements regarding Dr. Figueroa, without knowledge, therefore denied.

80.     Without knowledge, therefore denied.

81.     Without knowledge, therefore denied.

82.     FDC's forms speak for themselves, thus no response is required. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

83.     Admitted that FDC switched to electronic medical records in December 2021 at Suwannee CI. Beyond that, the allegations in paragraph 83 fail to specify who gave Plaintiff the alleged forms and when. To the extent Plaintiff alleges Howell failed to give Plaintiff necessary forms, denied. Otherwise, without knowledge, therefore denied.

84.     The allegations in paragraph 84 fail to specify a timeframe making it impossible for Howell to respond to all allegations. To the extent Plaintiff alleges he was in confinement in January 2022, denied. To the extent Plaintiff alleges Howell

chastised Plaintiff for asking for a wheelchair, denied. Otherwise, without knowledge, therefore denied.

85.     Denied that Howell failed to secure a wheelchair for Plaintiff as a direct response to Plaintiff's grievances. Denied that Howell had authority to secure a wheelchair for Plaintiff. Otherwise, without knowledge, therefore denied.

86.     Without knowledge, therefore denied.

87.     Without knowledge, therefore denied.

88.     Denied that Howell knew about Plaintiff's alleged medical conditions. The opinion regarding the standard of care does not require a response. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

89.     Without knowledge, therefore denied.

90.     Without knowledge, therefore denied.

91.     Without knowledge, therefore denied.

92.     Without knowledge, therefore denied.

93.     Without knowledge, therefore denied. To the extent the legal conclusion/argument contained in the footnote to the allegations in paragraph 93 requires a response, denied.

94.     Without knowledge, therefore denied.

95.     To the extent Plaintiff alleges Howell examined him on February 2, 2022, denied. Otherwise, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

96.     Denied that Howell had the authority to assign Plaintiff a wheelchair. Denied that Howell failed to provide adequate treatment that caused injury to Plaintiff. Otherwise, without knowledge, therefore denied.

97.     Denied that Howell saw Plaintiff on February 8, 2022, for an infirmary checkup. Beyond that, admitted that Plaintiff inquired about his being seen by urology during an infirmary checkup to the extent consistent with Plaintiff's medical records, otherwise denied. Plaintiff's allegations that his symptoms were related to his prostate cancer is an opinion that does not require a response. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

98.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

99.     Plaintiff's allegation as to the time needed for wounds to heal is an opinion that does not require a response. To the extent a response is required, denied. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

100.    Plaintiff's medical records speak for themselves. Otherwise, denied.

101.    Plaintiff's medical records speak for themselves. Otherwise, without knowledge, therefore denied.

102.    Denied that Howell misrepresented Plaintiff's medical conditions in medical records. Plaintiff's medical records speak for themselves. Otherwise, denied.

103.    Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

11

104.   Without knowledge, therefore denied.

105.   Without knowledge, therefore denied.

106.   Without knowledge, therefore denied.

107.   Without knowledge, therefore denied.

108.   Without knowledge, therefore denied.

109.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

110.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

111.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

112.   Without knowledge, therefore denied.

113.   Denied that Howell knew Plaintiff was at risk for developing pressure sores. Otherwise, without knowledge, therefore denied.

114.   Denied that Howell failed to timely provide treatment within the scope of license or that Howell knew Plaintiff was at risk for developing pressure sores. Otherwise, without knowledge, therefore denied.

115.   Denied that Howell knew Plaintiff could not move his lower extremities and was suffering from sores. Otherwise, without knowledge, therefore denied.

116.   Without knowledge, therefore denied.

117.   Without knowledge, therefore denied.

118.   Without knowledge, therefore denied.

12

119.   Denied that Howell refused to treat or accommodate Plaintiff. Otherwise, without knowledge, therefore denied.

120.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

121.   Denied that Howell delayed treating Plaintiff. Otherwise, without knowledge, therefore denied.

122.   Denied that Howell ignored signs of an emergency. As to the allegations regarding the contents of the medical records, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. Otherwise, without knowledge, therefore denied.

123.   Without knowledge, therefore denied.

124.   Denied that Plaintiff made complaints to Howell that were not addressed. Otherwise, without knowledge, therefore denied.

125.   Without knowledge, therefore denied.

126.   Without knowledge, therefore denied.

127.   Without knowledge, therefore denied. To the extent the allegations in the footnote to this paragraph require a response, denied.

128.   Without knowledge, therefore denied.

129.   Without knowledge, therefore denied.

130.   Florida law governing the scope of ACN licenses speaks for itself. Otherwise, without knowledge, therefore denied.

131.   Without knowledge, therefore denied.

132.    Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

133.    Denied that Howell ignored serious and immediate medical needs about which he had knowledge. Otherwise, without knowledge, therefore denied.

134.    Denied that Howell failed to provide Plaintiff treatment within the scope of Howell's license. Otherwise, without knowledge, therefore denied.

135.    Without knowledge regarding Dr. Figueroa's response, therefore denied. Otherwise, denied.

136.    Without knowledge, therefore denied.

137.    Without knowledge, therefore denied.

138.    Without knowledge, therefore denied.

139.    Without knowledge, therefore denied.

140.    Denied.

141.    Denied that Howell failed to treat Plaintiff. Otherwise, without knowledge, therefore denied.

142.    Without knowledge, therefore denied.

## CAUSES OF ACTION

**I.    Violation of 42 U.S.C. § 1983 – First Amendment Retaliation (against Figueroa, Richardson-Graham, and Howell)**

Howell incorporates his responses to paragraphs 1 through 142.

143.    The Court dismissed this claim against Howell. ECF No. 118. As such, no response is required. To the extent a response is required, denied.

144.   The Court dismissed this claim against Howell. ECF No. 118. As such, no response is required. To the extent a response is required, denied.

145.   The Court dismissed this claim against Howell. ECF No. 118. As such, no response is required. To the extent a response is required, denied.

146.   The Court dismissed this claim against Howell. ECF No. 118. As such, no response is required. To the extent a response is required, denied.

147.   The Court dismissed this claim against Howell. ECF No. 118. As such, no response is required. To the extent a response is required, denied.

To the extent the *ad dannum* paragraph following paragraph 147 requires a response, denied.

## II.   Violation of U.S.C. § 1983 – Eighth Amendment (Centurion)

Howell incorporates his responses to paragraphs 1 through 142.

148.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

149.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

150.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

151.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

152.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

153.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

154.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

155.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

156.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

157.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

158.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

To the extent the *ad dannum* paragraph following paragraph 158 requires a response, denied.

## III.   Violation of ADA/RA (against Secretary Dixon)

Howell incorporates his responses to paragraphs 1 through 142.

159.   Count III is not directed to Howell, so no response is required. To the extent a response is required, denied.

160.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

161.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

162.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

163.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

164.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

165.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

166.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

167.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

168.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

169.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

170.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

171.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

172.    Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

173.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

174.   Count II is not directed to Howell, so no response is required. To the extent a response is required, denied.

To the extent the *ad dannum* paragraph following paragraph 174 requires a response, denied.

## IV.   Violation of 42 U.S.C. § 1983 – Eighth Amendment Failure to Treat (against Santiago, Figueroa, Howell, Holmes, Abbott, Millette, Johns, and Yates)

Howell incorporates his responses to paragraphs 1 through 142.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied as phrased.

179.   Denied.

180.   Denied.

181.   Denied.

To the extent the *ad dannum* paragraph following paragraph 181 requires a response, denied.

## <u>DEMAND FOR JURY TRIAL</u>

Howell demands a jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiff's Third Complaint fails to state facts against Howell that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### THIRD DEFENSE

Plaintiff fails to establish Howell was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Howell violated his constitutional rights.

### FOURTH DEFENSE

Howell is not liable for the acts or omissions of any other person, including any other Defendant named in this action.

### FIFTH DEFENSE

Howell, to the extent applicable, asserts all affirmative defenses listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence,

duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

### SIXTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of his own acts and/or his failure to mitigate his damages. This includes, but is not limited to, Plaintiff refusing to take medications as directed and failing to follow instructions from medical staff.

### SEVENTH DEFENSE

Plaintiff cannot establish that Howell acted with a deliberate indifference to his serious medical need.

### EIGHTH DEFENSE

Any purported injury to Plaintiff was not caused by Howell and, instead, was caused by other factors including, but not limited to, other actors.

### NINTH DEFENSE

Howell is immune under the federal doctrines of qualified immunity and sovereign immunity.

### TENTH DEFENSE

Plaintiff cannot establish that Howell caused his injuries or that any action by Howell in the scope of his practice would have prevented Plaintiff's injuries.

## RESERVATION OF DEFENSES

Howell reserves the right to affirmatively plead all other defenses and affirmative defenses available to it that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Howell denies every other allegation in the Third Amended Complaint that makes a claim against him. Howell denies any claim or allegation that he denied Plaintiff needed medical care or that he acted with deliberate indifference to any serious medical need of Plaintiff. Howell further denies that Plaintiff is entitled to any relief whatsoever.

 Respectfully Submitted,

/s/ *Jacob Hanson*
R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:     cmayfield@bradley.com
Primary Email:     jhanson@bradley.com
Secondary Email:  tabennett@bradley.com

21

Brian A. Wahl (FBN 95777)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8000
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

*Counsel for Defendants Centurion of Florida, LLC;*
*Jason Howell; Alexis Figueroa; and Tony Abbott*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

*/s/ Jacob B. Hanson*
Jacob B. Hanson
*Counsel for Defendants Centurion of Florida, LLC;*
*Jason Howell; Alexis Figueroa; and Tony Abbott*