## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ELMER WILLIAMS,           )
                                )
       Plaintiff,           )
                                )
v.                              )
                                )  Case No.: 3:22-cv-01221-MMH-MCR
RICKY DIXON, in his official  )
capacity as Secretary of the Florida  )
Department of Corrections, et al.,  )
                                )
       Defendants.

### DEFENDANT TONY ABBOTT'S ANSWER TO TAC, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 8, 10, and 12, Defendant Tony Abbott files this Answer and Affirmative Defenses to Plaintiff Elmer Williams's Third Amended Complaint ("TAC") (ECF No. 93) and states as follows:

### INTRODUCTION[1]

To the extent the introductory paragraph preceding paragraph 1 requires a response, denied.

### JURISDICTION AND VENUE

1. Admitted for purposes of jurisdiction.

2. Admitted the TAC is so styled. Otherwise, denied.

3. Admitted the TAC is so styled. Otherwise, denied.

---

[1] Abbott repeats the headings used in the Third Amended Complaint for ease of reference. To the extent the headings contain factual allegations to which a response is required, those allegations are denied.

4.      Admitted for purposes of venue. Otherwise, denied.

5.      Without knowledge, therefore denied.

## PARTIES

6.      Admitted Plaintiff was an inmate in the custody of the Florida Department of Corrections ("FDC") at Suwannee Correctional Institution. Admitted Plaintiff was released from custody. Whether Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA") is a legal conclusion to which no response is required. To the extent a response is required, denied. Otherwise, denied.

7.      Admitted the TAC is so styled. Otherwise, without knowledge, therefore denied.

8.      Admitted Centurion has contracted with FDC to provide contractually specified healthcare services to inmates in the custody of FDC. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

9.      Admitted Dr. Figueroa was Medical Director/Chief Health Officer at Suwannee Correctional Institution Annex. Otherwise, without knowledge, therefore denied.

10.     Without knowledge, therefore denied.

11.     Admitted the TAC is so styled. Otherwise, without knowledge, therefore denied.

4878-5935-2520.1

12.     Elizabeth Holmes was dismissed from this action. As such, no response is required to this paragraph. To the extent a response is required, without knowledge, therefore denied.

13.     Admitted Abbott was an advanced practice registered nurse who provided treatment to Plaintiff as reflected in Plaintiff's medical records. Admitted the TAC is so styled. Otherwise, denied.

14.     Without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     The allegations in paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, denied.

## COMMON ALLEGATIONS OF FACT

19.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

20.     Admitted to the extent consistent with Plaintiff's medical records. Denied that the referenced statement in the urinalysis report is attributable to Abbott. Otherwise, denied.

21.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

22.     Without knowledge, therefore denied.

23.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

24.     The medical record speaks for itself. Denied that the statement is attributable to Abbott. Otherwise, denied.

25.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

26.     Without knowledge, therefore denied.

27.     Admitted to the extent consistent with Plaintiff's FDC records. Otherwise, denied.

28.     Without knowledge, therefore denied.

29.     Without knowledge, therefore denied.

30.     Without knowledge, therefore denied.

31.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

32.     Admitted Abbott prescribed pain medicine to Plaintiff based on his complaint of acute back pain from allegedly falling from his bunk. Denied that Plaintiff raised concerns about his PSA levels during this encounter. Otherwise, denied.

33.     Denied that Abbott threatened patients who complained with confinement. Otherwise, without knowledge, therefore denied.

34.     Without knowledge, therefore denied.

35.     As to Nurse Abbott's notes, admitted to the extent consistent with Plaintiff's medical records, otherwise, denied. As to the remaining allegations, denied.

36.     As to Plaintiff's symptoms, without knowledge, therefore denied. As to the allegation that Plaintiff relayed information to Nurse Howell, admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

37.     Without knowledge, therefore denied.

38.     Without knowledge, therefore denied. To the extent the footnote in paragraph 38 requires a separate response, without knowledge, therefore denied.

39.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

40.     Without knowledge, therefore denied.

41.     Whether Plaintiff had a need for a wheelchair in November 2021 is an opinion, not a factual allegation requiring a response. To the extent the allegation requires a response, denied. The grievance response speaks for itself. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

42.     Without knowledge, therefore denied.

43.     The statement in this paragraph is not a factual allegation, therefore no response is required. To the extent a response is required, denied.

44.     Without knowledge, therefore denied.

45.     Without knowledge, therefore denied.

46.     Without knowledge, therefore denied. To the extent the footnote to the allegations in this paragraph requires a response, without knowledge, therefore denied.

47.     Without knowledge, therefore denied.

48.     Without knowledge, therefore denied.

49.     Without knowledge, therefore denied.

50.     Without knowledge, therefore denied.

51.     Without knowledge, therefore denied.

52.     Denied that Abbott retaliated against Plaintiff. Otherwise, without knowledge, therefore denied.

53.     Without knowledge, therefore denied.

54.     Without knowledge, therefore denied.

55.     Without knowledge, therefore denied.

56.     Denied that Plaintiff did not receive medical treatment for "nearly another year." Otherwise, without knowledge, therefore denied.

57.     Without knowledge, therefore denied.

58.     Without knowledge, therefore denied.

59.     Denied that Centurion was repeatedly alerted to Plaintiff's medical condition. Denied that Centurion deliberately failed to provide adequate care under the U.S. Constitution for Plaintiff's medical needs.

60.     The allegations in paragraph 60 of the TAC do not specify who made statements to Plaintiff. To the extent Plaintiff alleges Abbott made such statements, denied. To the extent Plaintiff alleges someone else made such statements, without knowledge, therefore denied. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

6

61.     As to Plaintiff's complaints to medical staff, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. As to the allegation Plaintiff did not receive medical treatment, denied. As to the allegation that "they" were punishing Plaintiff, it is unclear whether Plaintiff alleges Abbott was punishing him. To the extent Plaintiff alleges Abbott was punishing him, denied. To the extent Plaintiff alleges other unspecified individuals were punishing him, without knowledge, therefore denied. Otherwise, without knowledge, therefore denied.

62.     Denied that Abbott saw Plaintiff on December 20, 2021. Otherwise, denied.

63.     The argument included in paragraph 63 is not a factual allegation requiring a response. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

64.     Denied.

65.     Whether co-Defendants were "on notice" is a legal conclusion to which no response is required. To the extent a response is required, without knowledge, therefore denied. Otherwise, without knowledge, therefore denied.

66.     To the extent Plaintiff alleges Abbott examined him on December 24, 2021, denied. The opinion that Plaintiff's medical conditions were "clearly obvious" is not a factual allegation requiring a response. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

67.     Plaintiff's medical records speak for themselves. The opinion that it was "obvious" Plaintiff could not manage daily living activities does not require a

response. To the extent a response is required, denied. Otherwise, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

68.     To the extent Plaintiff alleges Abbott examined him on December 24, 2021, denied. Otherwise, without knowledge, therefore denied.

69.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

70.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

71.     Without knowledge, therefore denied.

72.     Whether Plaintiff had an "obvious and apparent need for an accommodation" is an opinion to which no response is required. To the extent a response is required, denied. Denied that Abbott received pleas from Plaintiff. Otherwise, denied.

73.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

74.     Denied that Abbott delayed treatment to Plaintiff or prevented Plaintiff from receiving a timely diagnosis. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

75.     Without knowledge, therefore denied.

76.     Without knowledge, therefore denied.

4878-5935-2520.1

77.     As to Plaintiff's PSA levels, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. As to the remaining allegations, without knowledge, therefore denied.

78.     As to the opinion regarding when prostate cancer evaluation should occur, no response is required. To the extent a response is required, denied. Otherwise, without knowledge, therefore denied.

79.     As to the statements in Plaintiff's medical records, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. As to the statements regarding Dr. Figueroa, without knowledge, therefore denied.

80.     Without knowledge, therefore denied.

81.     Without knowledge, therefore denied.

82.     FDC's forms speak for themselves, thus no response is required. To the extent a response is required, denied. Otherwise, denied.

83.     Admitted that FDC switched to electronic medical records in December 2021 at Suwannee CI. Beyond that, the allegations in paragraph 83 fail to specify who gave Plaintiff the alleged forms and when. To the extent Plaintiff alleges Abbott failed to give Plaintiff necessary forms, denied. Otherwise, without knowledge, therefore denied.

84.     The allegations in paragraph 84 fail to specify a timeframe making it impossible for Abbott to respond to all allegations. To the extent Plaintiff alleges he was in confinement in January 2022, denied. To the extent Plaintiff alleges Howell

9

chastised Plaintiff for asking for a wheelchair, without knowledge, therefore denied. Otherwise, without knowledge, therefore denied.

85.   To the extent Plaintiff alleges Abbott retaliated against him, denied. Otherwise, without knowledge, therefore denied.

86.   Without knowledge, therefore denied.

87.   Without knowledge, therefore denied.

88.   Admitted Abbott was aware of Plaintiff's medical conditions to the extent consistent with Plaintiff's medical records. Otherwise, denied.

89.   Without knowledge, therefore denied.

90.   Without knowledge, therefore denied.

91.   Without knowledge, therefore denied.

92.   Without knowledge, therefore denied.

93.   Without knowledge, therefore denied. To the extent the legal conclusion/argument contained in the footnote to the allegations in paragraph 93 requires a response, denied.

94.   Without knowledge, therefore denied.

95.   Admitted a nurse noted on February 2, 2022, that Plaintiff had necrotizing fasciitis of the right perineal area and that the "wound [was] almost healed." Otherwise, denied.

96.   Denied that Abbott failed to provide adequate treatment that caused injury to Plaintiff. Otherwise, denied.

97.     Admitted that Plaintiff inquired about his being seen by urology during an infirmary checkup to the extent consistent with Plaintiff's medical records, otherwise denied. Plaintiff's allegations that his symptoms were related to his prostate cancer is an opinion that does not require a response. To the extent a response is required, denied. Otherwise, denied.

98.     Admitted to the extent consistent with Plaintiff's medical records. Otherwise, denied.

99.     Plaintiff's allegation as to the time needed for wounds to heal is an opinion that does not require a response. To the extent a response is required, denied. As to the remaining allegations, admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

100.    Plaintiff's medical records speak for themselves. Otherwise, denied.

101.    Plaintiff's medical records speak for themselves. Otherwise, denied.

102.    Denied that Abbott misrepresented Plaintiff's medical conditions in medical records. Plaintiff's medical records speak for themselves. Otherwise, denied.

103.    Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

104.    Without knowledge, therefore denied.

105.    Without knowledge, therefore denied.

106.    Without knowledge, therefore denied.

107.    Without knowledge, therefore denied.

108.    Without knowledge, therefore denied.

109.   Denied that Abbott failed to provide timely medical attention to Plaintiff. Otherwise, admitted to the extent consistent with Plaintiff's medical records.

110.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

111.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

112.   Without knowledge, therefore denied.

113.   Denied that Abbott was aware of Plaintiff's conditions in the dorms that put him at risk of developing additional pressure sores. Otherwise, without knowledge, therefore denied.

114.   Denied that Abbott failed to timely provide treatment or that Dr. Figueroa was aware of Plaintiff's conditions in the dorms that put him at risk of developing additional pressure sores. Otherwise, without knowledge, therefore denied.

115.   Denied.

116.   Without knowledge, therefore denied.

117.   Without knowledge, therefore denied.

118.   Without knowledge, therefore denied.

119.   Denied that Abbott refused to treat or accommodate Plaintiff. Otherwise, without knowledge, therefore denied.

120.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

121.   Denied.

4878-5935-2520.1

122.   Denied that Abbott ignored signs of an emergency. As to the allegations regarding the contents of the medical records, admitted to the extent consistent with Plaintiff's medical records, otherwise denied. Otherwise, without knowledge, therefore denied.

123.   Without knowledge, therefore denied.

124.   Denied that Plaintiff made complaints to Abbott that were not addressed. Otherwise, denied.

125.   Without knowledge, therefore denied.

126.   Without knowledge, therefore denied.

127.   Without knowledge, therefore denied. To the extent the allegations in the footnote to this paragraph require a response, denied.

128.   Without knowledge, therefore denied.

129.   Without knowledge, therefore denied.

130.   Florida law governing the scope of ACN licenses speaks for itself. Otherwise, without knowledge, therefore denied.

131.   Admitted Plaintiff was transferred to RMC. Otherwise, without knowledge, therefore denied.

132.   Admitted to the extent consistent with Plaintiff's medical records. Otherwise, without knowledge, therefore denied.

133.   Denied that Abbott ignored serious and immediate medical needs about which he had knowledge. Otherwise, without knowledge, therefore denied.

134. Denied that Abbott failed to provide Plaintiff treatment consistent with the exercise of his medical judgment. Otherwise, without knowledge, therefore denied.

135. Without knowledge regarding Dr. Figueroa's response, therefore denied. Otherwise, denied.

136. Without knowledge, therefore denied.

137. Without knowledge, therefore denied.

138. Without knowledge, therefore denied.

139. Without knowledge, therefore denied.

140. Denied.

141. Denied that Abbott failed to treat Plaintiff. Otherwise, without knowledge, therefore denied.

142. Without knowledge, therefore denied.

## **CAUSES OF ACTION**

### I. **Violation of 42 U.S.C. § 1983 – First Amendment Retaliation (against Figueroa, Richardson-Graham, and Howell)**

Abbott incorporates his responses to paragraphs 1 through 142.

143. Count I is not directed to Abbott, so no response is required. To the extent a response is required, denied.

144. Count I is not directed to Abbott, so no response is required. To the extent a response is required, denied.

145. Count I is not directed to Abbott, so no response is required. To the extent a response is required, denied.

4878-5935-2520.1

146.    Count I is not directed to Abbott, so no response is required. To the extent a response is required, denied.

147.    Count I is not directed to Abbott, so no response is required. To the extent a response is required, denied.

To the extent the *ad dannum* paragraph following paragraph 147 requires a response, denied.

## II.    Violation of U.S.C. § 1983 – Eighth Amendment (Centurion)

Abbott incorporates his responses to paragraphs 1 through 142.

148.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

149.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

150.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

151.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

152.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

153.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

154.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

4878-5935-2520.1

155.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

156.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

157.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

158.    Count II is not directed to Abbott, so no response is required. To the extent a response is required, denied.

To the extent the *ad dannum* paragraph following paragraph 158 requires a response, denied.

### III.    Violation of ADA/RA (against Secretary Dixon)

Abbott incorporates his responses to paragraphs 1 through 142.

159.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

160.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

161.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

162.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

163.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

4878-5935-2520.1

164.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

165.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

166.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

167.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

168.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

169.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

170.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

171.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

172.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

173.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

174.    Count III is not directed to Abbott, so no response is required. To the extent a response is required, denied.

To the extent the *ad dannum* paragraph following paragraph 174 requires a response, denied.

IV. **Violation of 42 U.S.C. § 1983 – Eighth Amendment Failure to Treat (against Santiago, Figueroa, Howell, Holmes, Abbott, Millette, Johns, and Yates)**

Abbott incorporates his responses to paragraphs 1 through 142.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied as phrased.

179.   Denied.

180.   Denied.

181.   Denied.

To the extent the *ad dannum* paragraph following paragraph 181 requires a response, denied.

## DEMAND FOR JURY TRIAL

Abbott demands a jury on all issues so triable.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

Plaintiff's Third Complaint fails to state facts against Abbott that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

**THIRD DEFENSE**

Plaintiff fails to establish Abbott was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Abbott violated his constitutional rights.

**FOURTH DEFENSE**

Abbott is not liable for the acts or omissions of any other person, including any other Defendant named in this action.

**FIFTH DEFENSE**

Abbott, to the extent applicable, asserts all affirmative defenses listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**SIXTH DEFENSE**

The damages allegedly suffered by Plaintiff, if any, were the result of his own acts and/or his failure to mitigate his damages. This includes, but is not limited to, Plaintiff refusing to take medications as directed and failing to follow instructions from medical staff.

**SEVENTH DEFENSE**

Plaintiff cannot establish that Abbott acted with a deliberate indifference to his serious medical need.

**EIGHTH DEFENSE**

Any purported injury to Plaintiff was not caused by Abbott and, instead, was caused by other factors including, but not limited to, other actors.

**NINTH DEFENSE**

Abbott is immune under the federal doctrines of qualified immunity and sovereign immunity.

**TENTH DEFENSE**

Plaintiff cannot establish that Abbott caused his injuries or that any action by Abbott in the scope of his practice would have prevented Plaintiff's injuries.

**RESERVATION OF DEFENSES**

Abbott reserves the right to affirmatively plead all other defenses and affirmative defenses available to it that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Abbott denies every other allegation in the Third Amended Complaint that makes a claim against him. Abbott denies any claim or allegation that he denied Plaintiff needed medical care or that he acted with deliberate indifference to any serious medical need of Plaintiff. Abbott further denies that Plaintiff is entitled to any relief whatsoever.

Respectfully Submitted,

/s/ Jacob Hanson
R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:      cmayfield@bradley.com
Primary Email:      jhanson@bradley.com
Secondary Email:   tabennett@bradley.com

Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8000
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com
*Counsel for Defendants Centurion of Florida, LLC;*
*Jason Howell; Alexis Figueroa; and Tony Abbott*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

*/s/ Jacob B. Hanson*
Jacob B. Hanson
***Counsel for Defendants Centurion of Florida, LLC;***
***Jason Howell; Alexis Figueroa; and Tony Abbott***