UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.     Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

**DEFENDANT DIXON'S RESPONSE TO
PLAINTIFF'S THIRD REQUEST FOR PRODUCTION**

Defendant Ricky Dixon hereby serves his Response to Plaintiff's Third Request for Production, pursuant to Rule 34, Federal Rules of Civil Procedure, and states as follows:

1. All nonprivileged communications in your possession, custody, or control concerning Plaintiff from the period of January 1, 2020 to present. The following search terms are requested

- "Elmer Williams"
- "Williams, Elmer"
- "08916"

This request is not directed to any specific custodians and seeks all nonprivileged communications irrespective of the sender or recipient of the communication. This request specifically seeks unredacted records; <u>provided, however</u>, you may redact dates of birth, social security numbers, addresses, and other personal information of staff and third parties, but not Plaintiff.

**Response:** Department of Corrections ("FDC") Data Processing Manager was provided this request for processing. It is clear that an unduly burdensome

1

amount of emails for undersigned counsel's firm to sort through to identify necessary redaction and privileged information will result. This request is overly broad and not tailored to any specific issue.

Therefore, objection as to being unduly burdensome since it is unnecessarily time-consuming, costly, and not proportional considering the needs of the case. A request for discovery that is inherently broad in its scope and lacks distinct specificity as to the contents of what is being sought is considered unduly burdensome. See *Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.,* 218CV408FTM38MRM, 2020 WL 13614464 (M.D. Fla. Aug. 13, 2020) (Granting a healthcare facility's objection to a discovery request seeking production of all of several physicians' communications with patients during their time at a specific hospital on the grounds that such was discovery was unduly burdensome). In the Eleventh Circuit, objections should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n* 762 F.2d at 1559 (citation omitted). This means that parties cannot simply assert that discovery requests are "unduly burdensome" but "must show specifically how ... each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* "When a party responds to a discovery request with objections, it must do so in a [clear] and unambiguous manner, and must include a supporting explanation or justification for the objections. *Miccosukee Tribe of Indians of Florida v. Cypress*, 2013 WL 10740706, at *1 (S.D. Fla. June 28, 2013). Further, a discovery objection must demonstrate that the discovery cannot be sought after in a more reasonable manner. *Myers v. Cent. Florida Investments, Inc.*, 604CV1542ORL28DAB, 2005 WL 8159929 (M.D. Fla. Sept. 29, 2005).

Undersigned counsel's firm has requested responsive emails to No. 1 above through the FDC Data Processing Manager. It is abundantly clear that such a search will result in an excessive amount of records which must be reviewed for information that may be privileged or require redaction. This review must be done by undersigned counsel's firm alone. Undersigned counsel's firm does not have the resources for such a task.

To resolve this burdensome request, undersigned counsel requests opposing counsel to narrow the search terms to properly limit the search for results that are actually likely to lead to the discovery of admissible evidence.

2. An Excel log of all communications (including "To," "From," "Subject," "Communication Date," "File Size," "Attachment") responsive to Request No. 1 above using the same temporal limitations and search terms provided in Request No. 1 above, as you have provided to Plaintiff's counsel in other cases. Should you need clarification, an exemplar will be provided. It is counsel's understanding that FDC IT can create such a log instantaneously.

**Response:** No such document exists. This request admits such a log must be created (although falsely exaggerates its creation as "instantaneously"). As such, FDC will not be generating a new document for production to Plaintiff.

Courts will not break from the policy decision exempting parties from creating privilege logs for items developed after litigation begins. *Stern v. O'Quinn*, 253 F.R.D. 663 (S.D. Fla. 2008) (holding that a party is not entitled to the production of any other privileged documents generated after suit begins, and party must have a practical purpose for requiring opposing party to expend the time and resources to undertake such a significant task as cataloguing all such items). Rule 34 limits a request for production to documents which are in the opposing "party's possession, custody, or control" and does not require a party to create new documents for production. Fed. R. Civ. P. 34(a)(1); Nazer v. Five Bucks Drinkery LLC, 8:16-CV-2259-T-36JSS, 2018 WL 1583640 (M.D. Fla. Apr. 2, 2018) (citing *Kaplan v. Kaplan*, 2:10-CV-00237-CEH-SPC, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010)

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, and Richardson*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel for Plaintiff and the co-Defendants via email on June 24, 2024.

*/s/ Thomas Buchan*
Thomas Buchan
