UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY D. DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**Plaintiff's Partially Opposed Motion to Modify Scheduling Order**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Elmer Williams files this motion to modify the Scheduling Order (Docs. 52 & 106) to extend the remaining deadlines by 60 days. This motion is unopposed by the Centurion Defendants but is opposed by Secretary Ricky D. Dixon and the Corrections Defendants.[1]

**I.     BACKGROUND**

---

[1] For ease of reference, "Centurion Defendants" refers to Defendants Centurion of Florida, LLC, Alexis Figueroa, Tony Abbott and Jason Howell; and "Corrections Defendants" refers to Defendants Kalem Santiago and Savonia Richardson-Graham.

This is a lawsuit brought by Elmer Williams, a former state prisoner, concerning claimed violations of the Eighth Amendment and Americans with Disabilities Act of 1990, among other claims. (*See, generally*, Doc. 93).

Previously, on December 12, 2023, the parties jointly moved to modify the initial scheduling order to extend deadlines by 90 days. (Doc. 105). The parties sought the extension for good cause because of the voluminous medical records at issue in this case, which are in the tens of thousands of pages. (*See id.*). Since then, the parties have continued to engage in discovery matters and Plaintiff and the Centurion Defendants disclosed expert witnesses. The parties are continuing the engage in discovery and plan to take Rule 30(b)(6) depositions and other party depositions in the near term. However, as evidenced by Plaintiff's motion to compel Dixon to turn over records concerning Plaintiff, Plaintiff has not received necessary communications and records to adequately depose Dixon and the Corrections Defendants.[2] Further, Centurion Defendants and Plaintiff are still negotiating a protective order to resolve outstanding records that Centurion of Florida has not yet produced in the case. Accordingly, Plaintiff seeks a

---

[2] Some of these records Dixon has not turned over have been turned over by Centurion, but the full scope of responsive records in Dixon's possession, custody, and control, which have not turned over is unknown.

2

modification to the scheduling order to extend deadlines by an additional 60 days to resolve the above matters so that Plaintiff can meaningfully complete depositions in this case.

## II.     MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

3

Here, Plaintiff has acted diligently in pursuing his rights. If the schedule is not modified, however, he would suffer real prejudice by not being able to adequately complete discovery in this case. Accordingly, Plaintiff seeks the following modification of deadlines:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Deadline for completing discovery and filing motions to compel. | August 20, 2024 | October 18, 2024 |
| Mediation Deadline | August 20, 2024 | No change |
| Deadline for filing dispositive and *Daubert* motions. | September 20, 2024 | November 22, 2024 |
| Deadline for filing all other motions, including motions in limine. | January 27, 2025 | March 28, 2025 |
| Deadline for filing the joint final pretrial statement. | February 10, 2025 | April 11, 2025 |
| Final pretrial conference. | February 18, 2025 | April 21, 2025 |
| Trial term. | March 3, 2025 | May 5, 2025 |

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this joint motion and enter an order amending the Scheduling Order to modify the deadlines as set forth in the above table.

## Certificate of Good-Faith Conference

I hereby certify that I conferred with counsel for all parties in this case. Centurion Defendants do not oppose the relief requested herein. Dixon and Corrections Defendants oppose the relief requested herein but have not provided a basis for such opposition.

Dated: July 8, 2024.

          Respectfully submitted,

          SLATER LEGAL PLLC

          */s/ James M. Slater*
          James M. Slater (FBN 111779)
          113 S. Monroe Street
          Tallahassee, Florida 32301
          james@slater.legal
          Tel. (305)-523-9023

          LAW OFFICE OF JAMES COOK
          James V. Cook (FBN 966843)
          314 W. Jefferson Street
          Tallahassee, Florida 32301
          cookjv@gmail.com
          Tel. (850) 222-8080

          *Attorneys for Plaintiff*