IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 3:22-cv-01221-MMH-MCR |
| RICKY DIXON, in his official | ) |
| capacity as Secretary of the Florida | ) |
| Department of Corrections, et al., | ) |
| | ) |
| Defendants. | |

**CENTURION DEFENDANTS' MOTION FOR
ENTRY OF HIPAA-QUALIFIED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, and Local Rule 3.01, Defendants Centurion of Florida, LLC ("Centurion"); Alexis Figueroa, M.D.; Jason Howell; and Tony Abbot, (collectively, the "Centurion Defendants") hereby move for entry of the attached HIPAA-Qualified Protective Order ("HQPO").

**INTRODUCTION**

The Centurion Defendants have requested for more than a year that Plaintiff Elmer Williams agree to entry of a protective order governing the Centurion Defendants confidential information and the personal health information ("PHI") and personal identifiable information ("PII") of their patients. While previously agreeing that a protective order is needed, Mr. Williams has stalled, with promises to get back to the Centurion Defendants on their proposed HQPO that never came to fruition. As such, the Centurion Defendants request entry of the attached HQPO.

## BACKGROUND

Mr. Williams is suing the Centurion Defendants for providing allegedly unconstitutional healthcare while he was in the custody of the Florida Department of Corrections ("FDOC") at Suwannee Correctional Institution. ECF No. 93. As to Centurion, this includes a *Monell* claim involving discovery of records of patients other than Mr. Williams. *Id.*

As far back as May of 2023, Mr. Williams acknowledged on the record the need for a HQPO. ECF No. 84 at n.1. But even before then, the Centurion Defendants discussed the need of a HQPO protecting their patients' PHI and PII with Mr. Williams's counsel. **Ex. B, 5/5/23 Email Thread**. Despite the Centurion Defendants raising the issue several more times, Mr. Williams's counsel never agreed to the Centurion Defendants' proposed HQPO or provided an alternative.

When Mr. Williams's and Centurion agreed to ESI search terms earlier this year, the Centurion Defendants again requested Mr. Williams agree to entry of its draft HQPO or provide proposed revisions. **Ex. C, 4/29/24 Email Thread**. And nearly a month later, the Centurion Defendants again provided Mr. Williams with its draft HQPO and requested feedback. **Ex. D, 5/20/24 Email Thread**.

While the Centurion Defendants were discussing their proposed HQPO, Mr. Willams and the FDOC negotiated a separate HQPO. **Ex. E, 7/8/24 Email Thread**. This Court then granted a joint motion between Mr. Williams and FDOC for entry of a HQPO regarding FDOC's records. ECF Nos. 132, 136, and 137. Based on the

parties' conferral, that HQPO was not intended to govern the Centurion Defendants, who were still negotiating their HQPO with Mr. Williams. Ex. E.

The reason that the Centurion Defendants would not agree to the HQPO that FDOC agreed to is that it requires production of PHI and PII without redaction. ECF No. 137 at § 4. This was an issue the Centurion Defendants had been discussing with Mr. Williams for weeks before the FDOC HQPO was entered. Ex. E.

It has now been more than a month since Mr. Williams agreed to review the authority provided by the Centurion Defendants regarding whether they must redact their non-party patients' PHI and PII. Yet the Centurion Defendants still have not received any response. Accordingly, the Centurion Defendants request entry of the attached HQPO that permits the Centurion Defendants to produce records in accordance with Florida law.

## ARGUMENT

There is no dispute that this Court has the authority to enter HQPOs like it has already done in this case. ECF No. 137. Rather, the Centurion Defendants dispute whether such a HQPO can require production of non-party PHI and PII without redaction, as Mr. Williams demands. A review of the relevant authorities shows Mr. Williams's position is unsupported. Therefore, the Court should enter the attached HQPO governing production of documents by the Centurion Defendants.[1]

---

[1] The Centurion Defendants take no position as to whether the existing HQPO between Mr. Williams and FDOC should be modified accordingly except to the extent FDOC intends to produce documents created by the Centurion Defendants without appropriate redactions for PHI and PII in accordance with Florida law.

The Florida Legislature, like Congress, passed laws protecting patients' PHI and PII. Specifically, § 456.057 provides as follows:

> (7)(a) Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient, the patient's legal representative, or other health care practitioners and providers involved in the patient's care or treatment, except upon written authorization from the patient. However, such records may be furnished without written authorization under the following circumstances:
>
> …
>
> 3. **In any civil or criminal action**, unless otherwise prohibited by law, **upon** the issuance of a subpoena from a court of competent jurisdiction and **proper notice to the patient or the patient's legal representative by the party seeking such records**.

§ 456.057(7)(a), Fla. Stat (emphasis added). This statute is more stringent than HIPAA, which only requires "reasonable efforts" to notify the patient. *Edmond v. Univ. of Miami*, No. 09-20079-CIV, 2009 WL 10667430, at *2 (S.D. Fla. Sept. 18, 2009) (citing 45 C.F.R. § 164.512(e)(1)(ii)). As one Florida court explained, "The plain language of the statute unequivocally creates a broad and express privilege of confidentiality as to the medical records and the medical condition of a patient." *Paylan v. Fitzgerald*, 223 So. 3d 431, 434 (Fla. Dist. Ct. App. 2017) (quoting *Crowley v. Lamming*, 66 So.3d 355, 358 (Fla. Dist. Ct. App. 2011) (internal quotations omitted).

Courts interpreting § 456.057 have explained that it requires redaction of PII when there has been no prior notice to the patient. *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1327 (S.D. Fla. 2011) ("While it has been held that redacting the records does not cure a lack of notice, Florida Supreme Court had stated that patient's constitutional right to privacy of medical records may be protected by

4

removing all identifying information from the records."); *Edmond*, 2009 WL 10667430, at *2 ("Florida law specifically protects the patient's privacy by requiring redaction of the patient's name if such records must be released in legal proceedings."); *Morgenier v. J. Dickert Population Health Servs. LLC*, No. 5D2023-2105, 2024 WL 3076635, at *2 (Fla. Dist. Ct. App. June 21, 2024), *order corrected and superseded,* No. 5D2023-2105, 2024 WL 3219003 (Fla. Dist. Ct. App. June 21, 2024); *Mora v. Home Depot U.S.A., Inc.*, No. 11-60170-CIV, 2012 WL 13040088, at *1 (S.D. Fla. Mar. 8, 2012) ("Before producing any documents, the non-parties shall redact any and all information that personally identifies a particular patient."). This is true even if the requesting party does not know the name of the patients so the party can provide advanced notice. *Amente v. Newman*, 653 So. 2d 1030, 1032 (Fla. 1995).

Violations of § 456.057(7) against healthcare practitioners include "disciplinary action by the appropriate licensing authority or enforcement action (including injunctive relief and fines not to exceed $5,000 per violation) by the State of Florida Attorney General." *Hawkins v. Sharp*, No. 3:14CV687/LAC/EMT, 2015 WL 7968275, at *6 (N.D. Fla. Nov. 3, 2015), *report and recommendation adopted,* No. 3:14CV687/LAC/EMT, 2015 WL 8055974 (N.D. Fla. Dec. 4, 2015) (citing § 456.057(15), (16)). Thus, were the Centurion Defendants required to produce unredacted records, it would potentially subject them to discipline and fines.

As such, this Court should enter the attached HQPO that permits the Centurion Defendants to produce records with the PII redactions required by Florida law, as other Florida and federal court have required in similar circumstances.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned certifies that he has conferred with counsel for Plaintiff and FDOC numerous times regarding entry of the attached HQPO dating back to May 2023. Most recently, the Centurion Defendants e-mailed counsel for Mr. Williams and the FDOC on August 12, 2024, to get their position on a motion requesting entry of the attached HQPO. After not hearing back, the Centurion Defendants followed up again via email on August 15, 2024. FDOC's counsel advised that its client was still reviewing the request. On August 16, Mr. Williams's counsel advised that they opposed entry of the HQPO.

    Respectfully Submitted,

    /s/ *Jacob Hanson*
    Brian A. Wahl (FBN 95777)
    **BRADLEY ARANT BOULT CUMMINGS LLP**
    1819 5th Avenue North
    One Federal Place
    Birmingham, AL 35203
    Tel: (205) 521-8800
    Primary Email: bwahl@bradley.com
    Secondary Email: tramsay@bradley.com

    R. Craig Mayfield (FBN 429643)
    Jacob B. Hanson (FBN 91453)
    **BRADLEY ARANT BOULT CUMMINGS LLP**
    1001 Water Street, Suite 1000
    Tampa, Florida 33602
    Tel: (813) 559-5500
    Primary Email:   cmayfield@bradley.com
    Primary Email:   jhanson@bradley.com
    Secondary Email: tabennett@bradley.com
    ***Counsel for Defendants Centurion of Florida, LLC; Jason Howell; Alexis Figueroa; and Tony Abbott***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Jacob Hanson*