IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 3:22-cv-01221-MMH-MCR |
| RICKY DIXON, in his official | ) |
| capacity as Secretary of the Florida | ) |
| Department of Corrections, et al., | ) |
| | ) |
| Defendants. | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the issuance of a protective order and ORDERS as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure, from disclosure to competitors, and from use for any purpose other than prosecuting this litigation is warranted.

2. DEFINITIONS

2.1    Party: any party to this action, including any officer, director, employee, representative, agent, consultant, retained expert, outside counsel (and their support staff), or other person or entity acting or purporting to act on behalf or at the direction of any party.

2.2 Non-Party: any natural person, partnership, corporation, association, or other legal entity not a Party in this action, including any officer, director, employee, representative, agent, consultant, retained expert, outside counsel (and their support staff), or other person or entity acting or purporting to act on behalf or at the direction of any party.

2.3 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4 Confidential: information (regardless of how generated, stored or maintained) or tangible thing that qualifies for protection whether contained in documents, testimony, or otherwise, that constitutes trade secrets, proprietary business information, competitively sensitive information, and personal or business financial information. Information designated as Confidential may also include, but is not limited to, information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, contractual, or financial information that is maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party or Designator: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential." A Non-Party may designate Disclosure or Discovery Material as Confidential, but only to the extent that the Non-Party is providing Disclosure or Discovery Material in response to Discovery served on the Non-Party. All Disclosure or Discovery Material produced by a Non-Party shall be treated as if it has been designated as Confidential for a period of seven days following production by the Non-Party, during which any Party may designate the Disclosure or Discovery Material produced by the Non-Party as Confidential. A Designator's designation shall constitute a representation to the Court that the Designator or the Designator's counsel believes in good faith that the Disclosure or Discovery Material so designated constitutes Confidential, as defined in this Order.

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14   "Qualified person(s)" shall mean and refer to:

   i.    Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

   ii.   Expert witnesses and expert consultants for the Parties;

   iii.  Deponents, to the extent needed in deposition, court reporters, and persons preparing transcripts;

   iv.   The Court and court personnel; and

   v.    Other persons only on order of the Court.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus

testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. Third-parties or non-parties may designate Discovery or Disclosure Material pursuant to the terms of this Order and are entitled to the full protections of this Order. Designations of materials or information as Confidential shall not thereby restrict the use of that material or information by the Party or third-party producing it during the Litigation except as stated herein.

4. DURATION

The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this lawsuit. This Order may be modified by further Order of the Court upon application to the Court with notice and opportunity to be heard to the Parties hereto, or as otherwise directed by the Court.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" on each page that contains Protected Material. If electronically stored documents are produced in native format, Producing Party may, alternatively, include

"Confidential" in the file name. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential") at the top of each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, within 20 days after the transcript is received after the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

(d) for information or documents produced under section 14 of this Order, the parties shall also follow the procedures for designating such information as Confidential as identified in section 14.4 of this Order.

5.2   Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right thereafter to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Receiving Party shall promptly destroy any copies that do not include the proper designation and shall request all persons to whom the Receiving Party has provided copies to do likewise.  The Receiving Party will inform the Designating Party when destruction of the copies has been completed.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

Counsel should confer in good faith before bringing any challenge to a confidentiality designation to the Court. If the Parties are unable to resolve their dispute, an objecting Party may challenge a confidentiality designation by filing and serving a motion that identifies the challenged material and sets forth in detail the basis

for the challenge. The Producing Party may respond to the motion as permitted by the Local Rules or other Order by the Court. The objecting Party may file a reply in support of its motion as permitted by the Local Rules or other Order by the Court.

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the protection afforded by this Order.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The use of or reference to Protected Material obtained or received in the Litigation in any other proceeding or forum shall constitute a violation of this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "Confidential" Information or Items. Any information designated CONFIDENTIAL shall be disclosed to counsel of record for the Receiving Party. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information designated CONFIDENTIAL must be maintained by the Receiving Party's counsel and may be disclosed only to:

(a) parties to this Litigation, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, provided such individual is informed that the material is Protected Material and has agreed to protect the confidentiality of the material;

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who (1) have been provided a copy of this Protective Order and (2) represent in writing to counsel for the Receiving Party that they agree to comply with and be bound by the terms of this Protective Order;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(f) the author of the document or the original source of the information.

7.3   Nothing herein shall restrict the manner in which the Producing Party may use or disclose its own Protected Material.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by e-mail if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit 1.

10.     FILING PROTECTED MATERIAL

Documents, briefs, transcripts, memoranda, exhibits, or any other filing containing Protected Material shall not be filed with the Court unless the Protected Material is redacted. If redaction is not available, the Party seeking to use the Protected Material must move for permission to file documents under seal as set forth in Local Rule for the Middle District of Florida 1.11.

11.     USE OF PROTECTED MATERIAL AT TRIAL OR IN DEPOSITION

Nothing herein shall prevent any of the parties from using "Confidential" materials in connection with any trial, hearing, deposition of a party or third party witness, or any other proceeding in this matter or from seeking further protection with respect to the use of any such "Confidential" materials in connection with such trial, hearing, deposition of a party or third party witness or other proceeding in this matter.

12.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, each Receiving Party must

destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

13.1 Nothing in this Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-

product immunity for such information. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within seven (7) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose. To the extent during the interim that any privileged information has been disclosed to persons not entitled to view it, and the Producing Party has made request for its return within the time permitted by this Order, the Receiving Party shall use its best efforts to retrieve the privileged information from such person(s).

14. PROTECTED HEALTH INFORMATION

14.1   In accordance with the requirements of regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v), section 14 of this Order shall also serve as a HIPAA-Qualified Protective Order, as that term is defined in the foregoing regulations.

14.2   For purposes of this Order, the term protected health information ("PHI") shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the

payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

14.3   This Order shall apply to all "covered entities" as defined by 45 C.F.R. § 160.103, all health care providers involved with health care at institutions operated by or for the Florida Department of Corrections ("FDC"), and all employees or agents of FDC who create or maintain corrections records dealing with injuries, medical conditions, or treatment.

14.4   Entities subject to this Order are hereby authorized to disclose PHI without redaction to counsel for parties to this action (including their agents and employees) without violating the provisions of HIPAA for the following records only:

   a.   As to Plaintiff, records relating to medical conditions suffered by Plaintiff, including orders, receipt, and provision of appropriate medical supplies, examination, and treatment.

   b.   As to institutions where Plaintiff has been housed, the records relating to the medical treatment of Plaintiff's medial conditions identified in the Second Amended Complaint filed in this case.

Before disclosing documents with PHI, a party shall mark any file containing PHI information with the following: "Protected Health Information Subject to HIPAA-Qualified Protective Order."

14.5   Nothing in this Order shall be deemed to require the production of unredacted PHI from individuals not a party to this litigation. Nothing in this Order shall be deemed to waive or limit any party's discovery objections.

14.6   Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI as described in section 14.4 for this

14

litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the parties' employees, their attorneys of record, the attorneys' firms (i.e., attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services. The parties may also disclose to a current or former prisoner his or her own PHI. The parties and their attorneys may not use the PHI for any other purpose and are strictly prohibited from using PHI disclosed in this litigation for the purposes of other litigation and/or the investigation or solicitation of other potential claims outside of this litigation.

      14.7   If a party wishes to file PHI with the court, it must be submitted with a motion for filing under seal following the procedures outline in section 10 of this Order. However, any party may file a pleading or document with the court that describes, summarizes, quotes, or contains PHI as long as information identifying the PHI subject is redacted with an unredacted copy to the opposing parties. Unredacted documents containing PHI should be so identified and, if filed with the court, be submitted with a motion to seal. If a party moves a record containing PHI into evidence as part of the record, the court shall appropriately instruct the clerk of the court on how to handle such documents.

      14.8   Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not

be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

14.9  Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). For purposes of section 14 of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

14.10  This Order does not control or limit the use of PHI that was received by means other than through this order (for example, through consent of the individual or through a public records request).

14.11  If any party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in any circumstance not authorized under this order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the PHI; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order.

15.  MISCELLANEOUS

15.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2   Right to Assert Other Objections. By complying with this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3   Right to Request or Agree Upon Additional Protection. Nothing in this order abridges the right of any person to seek additional protection of documents from the court or to agree upon additional protection of documents with any other person. The parties may seek or request additional protection of documents from the court or the parties upon a showing of good cause provided the efforts to seek or request additional protection are made in good faith and without the intent to harass or annoy a party or to delay discovery.

15.4   If a third-party provides discovery in connection with the Action, and if the third-party so elects, then the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the third-party shall have the same rights and obligations under this Order.

**SO ORDERED,** this the _____ day of _____, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the case of _____.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I submit to the jurisdiction of the United States District Court for the Middle District of Florida for purposes of enforcing this Agreement and the Protective Order.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____