| | |
|---|---|
| **From:** | Hanson, Jacob |
| **To:** | cookjv@gmail.com; Wahl, Brian; Ramsay, Tina; Castle, Blair |
| **Cc:** | "Tom Buchan"; "James M. Slater"; "Margaret Chrisawn" |
| **Subject:** | RE: Joint Motion for Confidentiality Order |
| **Date:** | Friday, May 5, 2023 11:15:49 AM |
| **Attachments:** | Williams - Protective Order.docx |

Counsel,

As we discussed, attached is the proposed HQPO/confidentiality order requested by my clients. We're happy to discuss if you have questions or requested revisions.

**Jacob Hanson**
Associate | Bradley
jhanson@bradley.com
813.559.5575

---

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Thursday, May 4, 2023 4:56 PM
**To:** Hanson, Jacob <jhanson@bradley.com>; Wahl, Brian <BWahl@bradley.com>; Ramsay, Tina <tramsay@bradley.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Subject:** RE: Joint Motion for Confidentiality Order
**Importance:** High

**CAUTION - EXTERNAL EMAIL**

Jacob, I didn't hear more from you since last week so I am just letting you know that we will be filing our Motion for HIPAA-Qualified Protective Order by the end of business tomorrow and that I understand that you do not agree to the HIPAA-Qualified Protective Order as currently drafted. I will plan to note your objection in the motion in the absence of any express agreement.

*James V. Cook, Esq.*
*Law Office of James Cook*
*314 West Jefferson Street*
*Tallahassee, FL 32301*
*850-222-8080 office*
*904-417-8087 voice mailbox*
*A civil rights practice*

**From:** Hanson, Jacob <jhanson@bradley.com>
**Sent:** Friday, April 28, 2023 5:01 PM
**To:** cookjv@gmail.com; Wahl, Brian <BWahl@bradley.com>; Ramsay, Tina <tramsay@bradley.com>

**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Subject:** RE: Joint Motion for Confidentiality Order

James,

We'll have some requested revisions to this that I'll circulate next week.

There will also likely be some additional confidential materials regarding my clients that we need to address. I think it makes the most sense to include those in the "FDOC records" confidentiality agreement if we can hold off on filing that. But if you want to address my clients' confidential information in a third agreement so the FDOC record motion can be filed, we can draft the third agreement dealing with my clients' confidential information and circulate it next week as well.

**Jacob Hanson**
Associate | Bradley
jhanson@bradley.com
813.559.5575

---

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Friday, April 28, 2023 3:32 PM
**To:** Hanson, Jacob <jhanson@bradley.com>; Wahl, Brian <BWahl@bradley.com>; Ramsay, Tina <tramsay@bradley.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Subject:** RE: Joint Motion for Confidentiality Order

**CAUTION - EXTERNAL EMAIL**

---

I don't mind adding a line to the MPO to the effect that we will also do an HQPO for the medical records. Our proposed HQPO is attached.

*James V. Cook, Esq.*
*Law Office of James Cook*
*314 West Jefferson Street*
*Tallahassee, FL 32301*
*850-222-8080 office*
*904-417-8087 voice mailbox*
*A civil rights practice*

**From:** Hanson, Jacob <jhanson@bradley.com>
**Sent:** Friday, April 28, 2023 3:18 PM
**To:** cookjv@gmail.com; Wahl, Brian <BWahl@bradley.com>; Ramsay, Tina <tramsay@bradley.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn'

<Margaret@jsh-pa.com>

**Subject:** RE: Joint Motion for Confidentiality Order

Can we state somewhere in the joint motion that medical records will be subject to a separate HIPAA-qualified protective order, or that this agreement does not pertain to medical/healthcare information? If so, then no objection.

**Jacob Hanson**
Associate | Bradley
jhanson@bradley.com
813.559.5575

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Friday, April 28, 2023 3:04 PM
**To:** Hanson, Jacob <jhanson@bradley.com>; Wahl, Brian <BWahl@bradley.com>; Ramsay, Tina <tramsay@bradley.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Subject:** RE: Joint Motion for Confidentiality Order

**CAUTION - EXTERNAL EMAIL**

Thanks for getting back to me. This is just a protocol for dealing with FDC records. It would govern all access to FDC records by any party through the discovery process and dictate how they are handled. We are drafting a separate HIPAA-Qualified Protective Order to deal with medical records. I should have that out today as well. We will need both but these just deal with the corrections side.

Please let me know if you object to the Order we sent.

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
850-222-8080 office
904-417-8087 voice mailbox
*A civil rights practice*

**From:** Hanson, Jacob <jhanson@bradley.com>
**Sent:** Friday, April 28, 2023 2:53 PM
**To:** cookjv@gmail.com; Wahl, Brian <BWahl@bradley.com>; Ramsay, Tina <tramsay@bradley.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Subject:** RE: Joint Motion for Confidentiality Order

I've taken a quick look at this and have some concerns. First, it is unclear whether this agreement is meant to govern all Defendants or just the defendants represented by Mr. Buchan. If the latter, we will not object to your offices' joint motion, to which my clients would not be a party, so long as it is made clear this does not pertain to my clients.

Second, if this is meant to govern all parties in the case, my concern is that it does not address medical records or the PHI/PII of other inmates (see para. 6). So we cannot agree to the extent this purposefully excludes such records as being protected and confidential *unless* you are willing to stipulate in writing that you are not requesting records of any kind that would contain PHI and PII of other inmates.

If you can't stipulate to that, we're willing to enter into a HIPAA qualified protective order that would appropriately address the statutorily protected records of non-parties to this case. This is not an acknowledgement that such documents are relevant or discoverable, but rather a recognition of the what could become an issue down the line for which we request similar guardrails be put in place.

**Jacob Hanson**
Associate | Bradley
jhanson@bradley.com
813.559.5575

---

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Thursday, April 27, 2023 12:59 PM
**To:** Wahl, Brian <BWahl@bradley.com>; Hanson, Jacob <jhanson@bradley.com>; Ramsay, Tina <tramsay@bradley.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'James M. Slater' <james@slater.legal>; 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Subject:** RE: Joint Motion for Confidentiality Order
**Importance:** High

**CAUTION - EXTERNAL EMAIL**

Dear folks, Secretary Dixon, et al., and Plaintiff Williams want to submit the attached Confidentiality Order to the Court. Please let us know if you will object to the proposed order or any part of it.

*James V. Cook, Esq.*
*Law Office of James Cook*
*314 West Jefferson Street*
*Tallahassee, FL 32301*
*850-222-8080 office*
*904-417-8087 voice mailbox*
*A civil rights practice*

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Thursday, April 27, 2023 11:36 AM
**To:** 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Cc:** 'James M. Slater' <james@slater.legal>
**Subject:** RE: Joint Motion for Confidentiality Order

Here is the final version.

Next: HIPAA Qualified Protective Order.

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
850-222-8080 office
904-417-8087 voice mailbox
*A civil rights practice*

---

**From:** Margaret Chrisawn <Margaret@jsh-pa.com>
**Sent:** Thursday, April 27, 2023 10:28 AM
**To:** cookjv@gmail.com
**Cc:** 'James M. Slater' <james@slater.legal>
**Subject:** RE: Joint Motion for Confidentiality Order

As they should.  Most if not all state agencies have a set policy regarding records management, to include retention schedules, classification of records, public records procedures, redactions, and related matters. They even have written procedures so the poor, overworked OPS employees in the file rooms know what to do and hoe to do it.

In another life in North Carolina, I worked for the Department of Cultural Resources, Division of Records Management, so I know stuff.

Meanwhile, remove the redlines and the yellow highlighting, as well as Paragraph 7, and let's get it going so I can start getting you what you need.

M

**Margaret Chrisawn**
**Paralegal**



This e-mail is intended only for the named recipient(s) and may contain information that is privileged, proprietary, confidential, or otherwise legally exempt from disclosure. Nothing in this e-mail is intended to constitute a waiver of any privilege or the confidentiality of this message. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it, electronically, verbally or in writing. If you have received this

message in error, please notify me immediately by email and delete all copies of the message. Thank you.

---

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Thursday, April 27, 2023 10:18 AM
**To:** Margaret Chrisawn <Margaret@jsh-pa.com>
**Cc:** 'James M. Slater' <james@slater.legal>
**Subject:** RE: Joint Motion for Confidentiality Order

> **Caution:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact your IT Department.

Yes. I don't worry about you but I do worry about precedents (as they do). I believe they are objecting to paragraph 7? I will take it out. But between us, they will see it, or something like it, again in the future.

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
850-222-8080 office
904-417-8087 voice mailbox
*A civil rights practice*

---

**From:** Margaret Chrisawn <Margaret@jsh-pa.com>
**Sent:** Thursday, April 27, 2023 10:14 AM
**To:** cookjv@gmail.com
**Subject:** RE: Joint Motion for Confidentiality Order

That was quick.  FDC isn't going to approve including the paragraph regarding redaction, as I expected.  They approved the other changes.

I told you we would make sure the redactions were minimal, as they were in Kirkland after many arguments about it.

M

**Margaret Chrisawn**
**Paralegal**



This e-mail is intended only for the named recipient(s) and may contain information that is privileged, proprietary, confidential, or otherwise legally exempt from disclosure. Nothing in this e-mail is intended to constitute a waiver of any privilege or the confidentiality of this message. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it, electronically, verbally or in writing. If you have received this

message in error, please notify me immediately by email and delete all copies of the message. Thank you.

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Wednesday, April 26, 2023 7:45 AM
**To:** Margaret Chrisawn <Margaret@jsh-pa.com>
**Subject:** FW: Joint Motion for Confidentiality Order

**Caution:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact your IT Department.

Margaret, I never heard back on my couple of redline changes. What is the verdict?

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
850-222-8080 office
904-417-8087 voice mailbox
*A civil rights practice*

**From:** cookjv@gmail.com <cookjv@gmail.com>
**Sent:** Monday, April 24, 2023 10:30 AM
**To:** 'Margaret Chrisawn' <Margaret@jsh-pa.com>
**Cc:** 'Tom Buchan' <Tom@jsh-pa.com>; 'Lauren Strickland' <lauren@jsh-pa.com>; 'James M. Slater' <james@slater.legal>
**Subject:** RE: Joint Motion for Confidentiality Order

Folks, I appreciate your taking the initiative on this. On consideration, I left all the categories intact. For instance, we don't know of any video but if there is any that is pertinent to this case, we want it. We just want to ascertain that the confidentiality of video or photographs is based on real security issues. For instance, we took photos of Plaintiff's injuries in a prison setting. I don't think anything security-related was captured by the photos (and, if it were, it could be resolved by cropping) but we don't want to be limited in our use of these images where there are no security-related concerns. The same is true for video recordings. If we do Zoom depos with corrections personnel in a prison setting, we don't want to be limited in the use of the deposition videos. Where there are no security issues or where they can be resolved by cropping, we don't want the simple fact that they showed something within the prison perimeter to dictate unnecessary limitations. I also added a paragraph stating that the materials will be produced without "undue" redactions.

Please let me know if this is acceptable.

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301

850-222-8080 office
904-417-8087 voice mailbox
*A civil rights practice*

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.