| | |
|---|---|
| **From:** | James M. Slater |
| **To:** | Hanson, Jacob |
| **Cc:** | James Cook; Wahl, Brian |
| **Subject:** | Re: Elmer Williams - protective order |
| **Date:** | Monday, July 8, 2024 10:34:17 AM |

Thanks, Jacob. I'll take a look at your cites and circle back on that issue.

James

**James Slater**

Slater Legal PLLC

slater.legal

Atlanta Office/Mailing Address

2296 Henderson Mill Rd. N.E. #116

Atlanta, GA 30345

Tel. (404) 458-7283

Tallahassee Office

113 S. Monroe Street

Tallahassee, FL 32301



On Mon, Jul 8, 2024 at 9:45 AM Hanson, Jacob <jhanson@bradley.com> wrote:

> James,
>
> Thanks for your email. Please make sure to include Brian on these in case I'm out of the office or otherwise unavailable.
>
> The *Murphy* case you cite below is inapposite. That case did not hold that section 456.057(7) is preempted by HIPAA; it considered a different statute and concluded that other statute *was not* preempted.

Further, federal courts have relied on the s. 456.057 to require redaction of patient identifying information even with a HQPO. *See Edmond v. Univ. of Miami*, No. 09-20079-CIV, 2009 WL 10667430, at *2 (S.D. Fla. Sept. 18, 2009) (applying HIPAA *and* s. 456.057(7)(a), and explaining that "Florida law specifically protects the patient's privacy by requiring redaction of the patient's name if such records must be released in legal proceedings."); *Mora v. Home Depot U.S.A., Inc.*, No. 11-60170-CIV, 2012 WL 13040088, at *1 (S.D. Fla. Mar. 8, 2012) ("Before producing any documents, the non-parties shall redact any and all information that personally identifies a particular patient.").

As to your other questions, I've never had a case with so many different protective orders and I don't understand why it would be necessary, but I'm not opposed to FDOC having its HQPO and us being governed by a separate HQPO since FDOC is refusing to produce documents to my office.

And yes, we do not oppose you seeking to extend the discovery period by 60 days, as previously discussed.

Let me know if there is anything else we need to discuss.

**Jacob Hanson**
Associate | Bradley
jhanson@bradley.com
d: 813.559.5575

---

**From:** James M. Slater <james@slater.legal>
**Sent:** Monday, July 1, 2024 2:26 PM
**To:** Hanson, Jacob <jhanson@bradley.com>
**Cc:** James Cook <cookjv@gmail.com>
**Subject:** Re: Elmer Williams - protective order

Jacob,

I don't believe Florida law applies here. *Murphy v. Dulay*, 768 F.3d 1360, 1366 (11th Cir. 2014) (Florida law contrary to HIPAA is preempted by federal law). Have you heard anything else from your client?

Could you also let me us know you thoughts on:

(1) Whether we can proceed with Tom's HQPO and break out the HQPO from your PO.

(2) Whether we can note your lack of opposition to a motion to modify the schedule to add 60 days to discovery. (I know we discussed this, but I just want to confirm that's still your position.)

Thanks,

James

**James Slater**

Slater Legal PLLC

slater.legal

Atlanta Office/Mailing Address

2296 Henderson Mill Rd. N.E. #116

Atlanta, GA 30345

Tel. (404) 458-7283

Tallahassee Office

113 S. Monroe Street

Tallahassee, FL 32301

> On Sun, Jun 23, 2024 at 2:21 PM Hanson, Jacob <jhanson@bradley.com> wrote:
>
>> James,
>>
>> I'm in the process of reviewing this and will need to talk with my client. That said, I think one of the sticking points will be in sections 2.4 and 14.4 where you propose the information or documents will be produced without redaction. Florida law prohibits production of non-party medical records without a written authorization from the patient. Sec. 456.057(7), Fla. Stat. Even with a confidentiality order, PII must be redacted. *See Morgenier v. J. Dickert Population Health Services LLC*, No. 5D2023-2105, --- So. 3d ---, 2024 WL 3076635, at *3 (Fla. 5th DCA June 21, 2024).
>>
>> Let me know if we can agree on this point. I'll aim to get you additional feedback asap.
>>
>> **Jacob Hanson**
>> Associate | Bradley
>> jhanson@bradley.com
>> d: 813.559.5575
>>
>> ---
>>
>> **From:** James M. Slater <james@slater.legal>
>> **Sent:** Thursday, June 20, 2024 3:51 PM
>> **To:** Hanson, Jacob <jhanson@bradley.com>; James Cook <cookjv@gmail.com>
>> **Subject:** Re: Elmer Williams - protective order
>>
>> Jacob,
>>
>> Here are our further redlines in an effort to accomplish what we discussed on the call this week. Let us know your thoughts.
>>
>> James
>>
>> **James Slater**
>>
>> Slater Legal PLLC
>>
>> slater.legal

Atlanta Office/Mailing Address

2296 Henderson Mill Rd. N.E. #116

Atlanta, GA 30345

Tel. (404) 458-7283

Tallahassee Office

113 S. Monroe Street

Tallahassee, FL 32301

On Wed, Jun 19, 2024 at 10:20 AM James M. Slater <james@slater.legal> wrote:

> Jacob,
>
> We hope to get redlines back shortly to hopefully resolve both parties' concerns.
>
> James
>
> **James Slater**
>
> Slater Legal PLLC
>
> slater.legal
>
> Atlanta Office/Mailing Address
>
> 2296 Henderson Mill Rd. N.E. #116
>
> Atlanta, GA 30345
>
> Tel. (404) 458-7283

Tallahassee Office

113 S. Monroe Street

Tallahassee, FL 32301

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.