UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

     Plaintiff,

v.

RICKY D. DIXON, *et al.*,

     Defendants.

Case No. 3:22-cv-1221-MMH-MCR

## Plaintiff's Opposed Motion to Modify Scheduling Order

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff

Elmer Williams files this motion to modify the Scheduling Order (Docs. 52, 106 &

135) to extend the remaining deadlines by 60 days. Centurion Defendants oppose

this motion and the Corrections Defendants have not provided a position.[1]

## I.      BACKGROUND

This is a lawsuit brought by Elmer Williams, a former state prisoner,

concerning claimed violations of the Eighth Amendment and Americans with

Disabilities Act of 1990, among other claims. (*See, generally*, Doc. 93).

---

[1] For ease of reference, "Centurion Defendants" refers to Defendants Centurion of Florida, LLC, Alexis Figueroa, Tony Abbott and Jason Howell; and "Corrections Defendants" refers to Defendants Kalem Santiago and Savonia Richardson-Graham.

Previously, on December 12, 2023, the parties jointly moved to modify the initial scheduling order to extend deadlines by 90 days. (Doc. 105). The parties sought the extension for good cause because of the voluminous medical records at issue in this case, which are in the tens of thousands of pages. (*See id.*). Since then, the Plaintiff requested an additional 60 days, which the Court granted (Docs. 129 & 135). Centurion Defendants did not oppose, and Corrections Defendants withdrew their opposition. (Doc. 133). As part of Corrections Defendants' change in position, Plaintiff agreed to withdraw his motion to compel Secretary Dixon to turn over records. (Doc. 134).

Despite that understanding, since withdrawing his motion to compel, Secretary Dixon has not provided a single record. Plaintiff is now renewing that motion. Plaintiff has also sought to depose Dixon, in his official capacity, and provided topics for a Rule 30(b)(6) deposition, but has not been provided all the records he needs to meaningfully depose the Department of Corrections and its agents. Similarly, although Centurion has provided records, it withheld certain records pending the parties' litigation over its proposed protective order. The Court denied Centurion's motion (Doc. 141), and only moments ago Plaintiff thousands of pages of documents. Plaintiff also just received additional

discovery responses from Centurion and is owed responses from Corrections

Defendants and Dixon, but does not have sufficient time to evaluate those

responses and meet and confer prior to the close of discovery.

Further, Centurion Defendants and Plaintiff have agreed to conduct

certain depositions in the coming weeks after the close of fact discovery (but

have not reached any consensus on the same with Corrections Defendants on

such stipulation).[2] Plaintiff is simply seeking some additional time to resolve the

outstanding production issues and complete depositions.

Accordingly, Plaintiff seeks a modification to the scheduling order to

extend deadlines by an additional 60 days to resolve the above matters so that

Plaintiff can meaningfully obtain unproduced records and complete fact

discovery in this case.

## II.    MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause

and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard

"precludes modification unless the schedule cannot be met despite the diligence

---

[2] Plaintiff understands that the lead attorney for FDC, whose office is in Sarasota, was impacted by Hurricane Milton and is not fully available to confer. Ms. Kimbrell, who also represents Dixon has not provided Corrections Defendants' or Dixon's position.

of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

If the schedule is not modified Plaintiff would suffer real prejudice by not being able to adequately complete discovery in this case. Without having all the documents sought by defendants, Plaintiff cannot meaningfully prepare for trial nor can he complete fact discovery. Accordingly, Plaintiff seeks the following modification of deadlines:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for completing discovery and filing motions to compel. | October 18, 2024 | December 17, 2024 |

| Mediation Deadline | August 20, 2024 | No change |
|---|---|---|
| Deadline for filing dispositive and *Daubert* motions. | November 22, 2024 | January 21, 2025 |
| Deadline for filing all other motions, including motions in limine. | March 28, 2025 | May 27, 2025 |
| Deadline for filing the joint final pretrial statement. | April 11, 2025 | June 10, 2025 |
| Final pretrial conference. | April 21, 2025 | June 23, 2025 |
| Trial term. | May 5, 2025 | July 7, 2025 |

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and enter an order amending the Scheduling Order to modify the deadlines as set forth in the above table.

### Certificate of Good-Faith Conference

I hereby certify that I conferred with counsel for all parties in this case. Centurion Defendants oppose the relief requested herein. Dixon and Corrections Defendants have not responded to requests for a position on this motion.

Dated: October 17, 2024.

5

Respectfully submitted,

/s/ *James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, GA 30345
james@slater.legal
Tel. (305)-523-9023

LAW OFFICE OF JAMES COOK
James V. Cook (FBN 966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff*

6