UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

     Plaintiff,

v.                                                          Case No. 3:22-cv-1221-MMH-MCR

RICKY D. DIXON, *et al.*,

     Defendants.

## Plaintiff's Renewed[1] Motion to Compel Defendant Ricky D. Dixon to Produce Documents

Pursuant to Rule 37(a)(3)(B)(iv), Plaintiff Elmer Williams moves to compel

Defendant Ricky D. Dixon, as Secretary of the Florida Department of Corrections

("Dixon" or "FDC") to produce documents responsive to Plaintiff's Third

Request for Production, which contains two requests: one for all nonprivileged

communications concerning Plaintiff using three search terms (two permutations

of Plaintiff's name and his DC number); and the second for a log of emails, which

---

[1] Plaintiff previously filed and withdrew this motion with an understanding that if the Court extended the discovery deadline, Dixon would cooperate and provide records in that period of time. Because Dixon has not provided <u>any records</u> in the intervening time or otherwise changed the parties' positions vis-à-vis this motion, Plaintiff renews it and asks the Court to consider Dixon's repeated failure to conduct discovery when determining whether expenses should be awarded under Rule 37.

FDC has provided to Plaintiff's counsel in other cases. FDC has objected to both requests. The first is at issue here. Plaintiff seeks to compel—nonprivileged communications referencing him for the period of January 1, 2020 to present. FDC objects on several bases, but primarily that if there are a lot of records counsel does not have the resources to review and redact them. (Plaintiff specifically asked FDC to only redact birth dates, Social Security numbers, addresses, and personal information of staff and third parties).  Its responses are attached hereto as **<u>Exhibit 1</u>**. For the reasons outlined herein, the Court should overrule FDC's objections and order it to produce all responsive nonprivileged records.

### <u>Memorandum of Law</u>

Courts are imbued with "broad discretion" under Rule 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And "[t]he Federal Rules of Civil Procedures strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble*,

758 F.2d 1545, 1547 (11th Cir. 1985). "[A] motion to compel discovery is committed to the discretion of the trial court[.]" *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Under the Federal Rules of Civil Procedure, a party may serve on any other party a request to produce and permit the requesting party to inspect, copy, test, or sample "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). A party resisting discovery has the burden to show that the requested discovery is not relevant to the issues or is otherwise objectionable. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

FDC has not technically resisted the discovery Plaintiff seeks, but it intends to heavily redact records and does not give any indication on when it will produce those records, nor has it agreed to a rolling production. Instead it has stated that the request is in FDC's internal queue and that the request is overly broad and unduly burdensome. Despite having already moved to compel and an additional 60 days transpiring, FDC has not provided any records or response or position on how it might redact records. Because Plaintiff has requested these records before scheduling a Rule 30(b)(6) deposition with FDC, Plaintiff has no

choice but to seek Court intervention to order FDC to produce responsive

records and to do so without over-redaction.[2]

Further, as to FDC's argument that the request is overly broad, such

position is meritless. Plaintiff has sought records generated using his name or DC

number for the last 3.5 years. According to FDC's internal staff, a search for all

custodians for this type of information would be returned "pretty quick." *See*

Deposition of Jackie Herring at 14, attached as **Exhibit 2**. As to burden, Jackie

Herring dispels that FDC maintains any burden in providing these records.

Instead, it is counsel who claims a burden in having to redact records (redacting

work email addresses and other non-privileged matters). But those records really

do not need to be redacted (except for limited personal identifiers like birthdates)

because the parties have a Confidentiality Order in place, and most of the things

that FDC may want to redact, really should not be redacted in the first place.

---

[2] In a separate matter involving Plaintiff's counsel and FDC (along with its current defense counsel), Plaintiff has asked the Court for relief because FDC failed to timely turn over records and redacted records according to its whims and public records redaction guidelines. This motion seeks to prevent those two issues from reoccurring. *See, e.g., Phillips v. Dixon*, Case No. 3:22-cv-00997-BJD (M.D. Fla.) at ECF No. 121. Not only that, but FDC and Plaintiff have proposed, and the Court adopted, a Confidentiality Order governing confidential records. [ECF No. 86]. There is no reason to redact information other than what Plaintiff proposed in his request under these circumstances, which would only result in additional litigation over the propriety of unwarranted redactions.

## Conclusion

For all these reasons, Plaintiff respectfully requests that the Court: (1) grant this motion; and (2) require FDC to produce all documents responsive to Request No. 1 in Plaintiff's Third Request for Production by November 1, 2024 with rolling production until such date.

## Certificate of Good-Faith Conference

I hereby certify that on October 15, 16, and 17, 2024 the undersigned attempted to confer on these issues with Dixon. To date, no position has been provided.

Dated: October 17, 2024.

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305)-523-9023

LAW OFFICE OF JAMES COOK
James V. Cook (FBN 966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff*

5