# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ELMER WILLIAMS,

      Plaintiff,

vs.                                         Case No. 3:22-cv-01221-MMH-MCR

RICKY DIXON, et al.,

      Defendants.

_____/

## DEFENDANT CENTURION OF FLORIDA, LLC'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Centurion of Florida, LLC ("Centurion"), submits its answers to Plaintiff's First Set of Interrogatories, and states as follows:

### Preliminary Statement and General Objections

The answers are based on Centurion's present knowledge of the facts apparently relevant to this action. Centurion has not completed its investigation of the facts, discovery proceedings in this case, or preparation for trial. Centurion accordingly reserves the right to make appropriate changes in its answers or to supplement those answers should it appear at any time that an omission or error has been made or that additional or more accurate information should be included. Centurion further reserves its right to rely upon any and all information at trial, whether or not disclosed at this time in answer to these requests.

# EXHIBIT 1

1

Discovery should be tailored according to the claims and defenses in this case, and Centurion objects to requests outside those parameters. To the extent that any or all requests call for information prepared or obtained in anticipation of litigation or for trial, or otherwise protected from disclosure by the work-product doctrine, the attorney-client privilege, or any other privilege, Centurion objects to such requests on such grounds. Centurion is not obliged to and will not disclose information protected from discovery by virtue of said privileges or doctrines. The foregoing general objections are incorporated by reference into each response as though fully set forth, regardless of whether any or all of said objections are repeated in response to any specific request.

<u>**ANSWERS TO INTERROGATORIES**</u>

1.     Please state the name and title of each person who participated in responding to these Interrogatories and the Interrogatory number(s) they participated in responding to.

> <u>**ANSWER:**</u>  **Deana Johnson, Executive Vice President and General Counsel of Centurion of Florida, LLC, with the assistance of counsel.**

2.     Please describe in detail your policies and procedures for the treatment of inmates who have been diagnosed with prostate cancer.

> <u>**ANSWER:**</u>  **Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other defendants because that information is outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period and related to the treatment of inmates who have been diagnosed with prostate cancer, Centurion states that FDC—not Centurion—is responsible for promulgating policies**

2

**and procedures at the Facility. The appropriate treatment for a patient diagnosed with prostate cancer would depend on a variety of factors, including the patient's medical history and the specific circumstances of how the patient presents. Upon information and belief, Centurion adheres to the polices of FDC, including Health Services Bulletin 15.03.05 and appendix 9 to the same, when treating patients with prostate cancer.**

3.    Please describe in detail your policies and procedures for the treatment of inmates who have been diagnosed with necrotizing fasciitis.

**ANSWER:   Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other defendants because that information is outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period and related to the treatment of necrotizing fasciitis, Centurion states that FDC—not Centurion—is responsible for promulgating policies and procedures at the Facility and at all times relevant Centurion and its providers complied with those policies. The appropriate treatment for a patient diagnosed with necrotizing fasciitis would depend on a variety of factors, including the patient's medical history and the specific circumstances of how the patient presents.**

4.    Please identify every prostate cancer case at the Facility between January 1, 2020 and present. For each such case, please identify every individual by name and inmate number, the date(s) of diagnosis, any medications prescribed, or treatment provided, medical personnel involved in treatment, and any hospitalization or death that resulted from the prostate cancer.

**ANSWER: Centurion objects to this interrogatory as overly broad, unduly burdensome, as an improper fishing expedition, and not relevant to any party's claims of defenses. The treatment provided to other patients, whose own medical history and treatment is unique, has no relevancy to the treatment Plaintiff did or did not receive. Furthermore, Centurion does not maintain of list of each and every of prostate cancer case at the Facility. Thus, to**

3

**respond to this interrogatory, Centurion would need to review the medical records of every inmate who has been or currently is incarcerated at the Facility since January 1, 2020, to determine if that patient had prostate cancer and then create a list of those inmates. Doing so would take numerous man hours at great expense, and would not be proportional to the needs of this case. In addition, FDC—not Centurion—is the records custodian of current and former inmates. While Centurion has access to medical records of inmates who are currently incarcerated and being treated, Centurion does not have access to medical records of other inmates, including inmates who have died, been released, or who are not currently being treated. To the extent this interrogatory seeks information about inmates who fall into the latter categories, Centurion does not have access to such information and cannot reasonably get access to such information. Finally, Centurion objects to this interrogatory to the extent it seeks protected health information for each individual inmate for which no HIPPA release has been provided.**

5.      Please identify all lawsuits that have been made against you since January 1, 2019, including but not limited to any and all lawsuits alleging that you or your office provided inadequate medical evaluation or care, inadequate access to medical evaluation or care, or violated the Constitution of the United States in discharging your or your office's responsibilities with respect to prisoners. For each such lawsuit, state the case number, caption, and how the lawsuit was resolved if not currently pending.

**ANSWER:    Centurion objects to this Interrogatory as overly broad and to the extent such information is a public record that is equally available to Plaintiff. Centurion further objects because the Interrogatory is not limited to lawsuits or claims about which Centurion is aware or with which it has been served.**

**Centurion objects to this Interrogatory as it seeks irrelevant information outside the scope of any party's claims or defenses and beyond the relevant time-period. This case concerns the treatment of Plaintiff's medical condition(s), and not the treatment of every single medical condition of every single inmate. Centurion also objects to this interrogatory as unduly burdensome. Centurion does not maintain records regarding lawsuits, legal proceedings, or written claims by medical**

EXHIBIT 1: Bates 000004

**condition asserted. To respond to this Interrogatory, Centurion would need to review records of every lawsuit filed against it or its agents or employees over the past four years to determine if the lawsuit is responsive to this interrogatory. Doing so would take numerous man hours at great expense, and would not be proportional to the needs of this case. Finally, Centurion objects to this Interrogatory to the extent it seeks information protected by the attorney client privilege or attorney work product doctrine or is protected by a confidentiality agreement.**

6.     Please identify all policies, procedures, and practices in place at the Facility from January 1, 2021 to present governing: (a) access to medical evaluation or treatment by prisoners; (b) provision of medical care to prisoners; (c) provision of medication to prisoners; (d) transfer of prisoners to offsite medical facilities for medical evaluation; (e) communications among and between medical staff regarding a prisoner's health; (f) requests by prisoners for medical attention, evaluation, or treatment; (g) documentation of encounters with, medical evaluations of, medical treatment to, and requests for medical treatment by prisoners; (h) healthcare staffing levels at the Facility; (i) differential diagnosis; (j) treatment protocols; (k) quality improvement program(s).

> **ANSWER:**   **Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' claims. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other entities because such information is outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period, Centurion states that FDC—not Centurion—is responsible for promulgating policies and procedures at the Facility.**

7.     Please state whether any of the Medical Defendants or any other person involved in any way in the medical evaluation or treatment of Plaintiff at any time between November 1, 2021 and present acted inconsistently with any of those policies, customs, or practices (including formal or informal, and written or unwritten) identified in response to Interrogatory No. 6 above. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**EXHIBIT 1: Bates 000005**

**ANSWER:** **Centurion objects to this interrogatory as overly broad and unduly burdensome. To determine if all Medical Defendants and any other person involved in the medical evaluation or treatment of Plaintiff complied with every single policy in place at every facility where they provided care and to every patient to whom they provided care for the time period requested would require a manual review of the records of every inmate in the custody of FDC who received medical care since November 1, 2021, to first determine if they were evaluated or treated by any of the Medical Defendants or any other person appearing in Plaintiff's medical record during that time period. Then those records would have to be reviewed to determine if the individuals complied with all policies in place. The time and expense required to conduct such a review is disproportionate to the needs of this case. Furthermore, this interrogatory seeks information outside the scope of any party's claims or defenses.**

**Centurion further objects to this Interrogatory to the extent it seeks information that may be subject to expert testimony. Until such time as expert witnesses are designated as testifying witnesses, the information associated with and opinions of those experts are privileged. Expert opinions will be disclosed in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of court. Centurion further objects to this interrogatory as premature.**

**Subject to and without waiving these objections, specific to the relevant time period and the claims at issue in this action, Centurion states that it is not aware of any violations of the relevant policies in place at the facility. Discovery is ongoing and Centurion reserves the right to supplement this response as more information becomes available.**

8.      For each of the policies identified in response to Interrogatory No. 6 above, please identify every policymaker or policymakers who were responsible for or who had policymaking authority over those policies and procedures between January 1, 2021 and present.

**ANSWER:** **Centurion incorporates its objections and responses to Interrogatory No. 7. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other entities because that information is outside the possession,**

6

**custody, and control of Centurion. Subject to and without waiving these objections, Centurion states that FDC—not Centurion—was responsible for promulgating the polices in place at the facility during the relevant time period.**

9.    Please identify and describe every instance (if any) between January 1, 2021 and present in which the policymaker(s) identified in Interrogatory No. 8 above, undertook to review, investigate, analyze, uncover, present, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies or procedures identified in Interrogatory No. 6 above. Please include what steps, if any, were taken in response to the information obtained through any such inquiry, investigation, review or analysis, as well as the date such steps were taken.

> **ANSWER:  Centurion incorporates its objections and responses to Interrogatories No. 7 and 8. Centurion additionally objects to this Interrogatory to the extent it seeks information about investigations or reviews to which Centurion did not participate. Information about such investigations should be sought directly from the entity that conducted the investigation.**

10.    Please identify all software or systems you used to monitor Plaintiff's health condition, his health or mobility assistance supplies, and query or search issues relating to his health.

> **ANSWER:  Centurion objects to this Interrogatory as vague and overly broad. Centurion does not understand what information Plaintiff is requesting. Subject to and without waiving the foregoing objections, Centurion states that Plaintiff's health condition is monitored by clinicians and other healthcare providers who record Plaintiff's medical condition in Plaintiff's medical records.**

11.    Please identify any changes you made to your policies, practices, or guidelines governing the treatment or accommodation of ADA inmates after the effective date of court-monitored DRF Settlement.

> **ANSWER:  Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' claims. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other defendants because that information is**

7

**outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period. Centurion states that FDC—not Centurion—is responsible for promulgating policies and procedures at the Facility.**

12.     Please identify all policies, practices, or procedures concerning specialist referrals at the Facility.

**ANSWER:**     **Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' claims. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other defendants because that information is outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period and related to the provision of pull-up diapers, Centurion states that FDC—not Centurion—is responsible for promulgating policies and procedures at the Facility. Upon information and belief, Centurion adheres to the polices of FDC, including Health Services Bulletins 15.09.04 and 15.09.04.01, for specialist referrals at the Facility.**

13.     Please identify all policies, practices, or procedures concerning the provision of wheelchairs at the Facility.

**ANSWER:**     **Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' claims. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other defendants because that information is outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period and related to the provision of wheelchairs, Centurion states that FDC—not Centurion—is responsible for promulgating policies and procedures at the Facility. Upon information and belief, Centurion adheres to the polices of FDC, including Health Services Bulletin 15.03.25.02, for the provision of wheelchairs at the facility.**

EXHIBIT 1: Bates 000008

14.   Please describe the functional relationship between the FDC office that administers FDC ADA policies and procedures and the Centurion staff, including any liaisons and coordinators, who oversee or execute aspects of those policies and procedures, including granting passes and assistive devices.

<u>**ANSWER:**</u>  **Centurion objects to this Interrogatory because it is overly broad as it seeks material outside the scope of the relevant time period and unrelated to Plaintiffs' claims. Centurion additionally objects to this Interrogatory as it relates to any policies and procedures of other defendants because that information is outside the possession, custody, and control of Centurion. Subject to and without waiving these objections, regarding policies and procedures in effect during the relevant time period. Centurion states that FDC—not Centurion—is responsible for promulgating policies and procedures at the Facility. Upon information and belief, Centurion adheres to the polices of FDC, including Health Services Bulletins 15.02.16, 15.03.13 and 15.03.25.02, for provision of passes and assistive devices.**

9

## **DECLARATION**

I have read the foregoing Answers to Plaintiff's First Set of Interrogatories and declare under penalty of perjury that they are true and correct to the best of my knowledge and belief.

Dated: _____, 2023.

_____
Deana Johnson
Executive Vice President and General
Counsel, Centurion of Florida, LLC

10

EXHIBIT 1: Bates 000010

DATED: April 21, 2023

*/s/ Jacob B. Hanson*

R. Craig Mayfield, Esq. (FBN 429643)
Jacob B. Hanson (Fla. Bar No. 91453)
W. Blair Castle (FBN 1031504)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, FL  33602
Telephone: (813) 559-5500 | Fax:(813) 229-5946
Primary Email:   cmayfield@bradley.com
Primary Email:   jhanson@bradley.com
Primary Email:   bcastle@bradley.com
Secondary Email:  tabennett@bradley.com
                             sdhayes@bradley.com

Brian A. Wahl (Fla. Bar No. 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place-1819 5th Avenue, N.
Birmingham, AL  35203
Telephone: (205) 521-8000|Fax: (205) 521-8800
Primary Email:   bwahl@bradley.com
Secondary Email: tramsay@bradley.com

**Counsel for Defendants Centurion of Florida, LLC,
MHM Health Professionals, LLC, Dr. Alexis
Figueroa, Jason Howell, Tony Abbott, and
Elizabeth Holmes**

## CERTIFICATE OF SERVICE

I certify that on April 21, 2023, a true and correct copy of the foregoing has been

served on all counsel of record via e-mail as follows:

James V. Cook
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com

James M. Slater
SLATER LEGAL PLLC
113 S. Monroe Street

11

**EXHIBIT 1: Bates 000011**

Tallahassee, Florida 32302
james@slater.legal
eservice@slater.legal
james@slaterlegal.com
sierra@slater.legal
*Counsel for Plaintiff*

Michael A. Hodges, Esq.
Thomas Buchan, Esq.
HOWELL, BUCHAN & STRONG
2898-6 Mahan Drive
Tallahassee, Florida 32308
michael@jsh-pa.com
tom@jsh-pa.com
*Counsel for Ricky Dixon as*
*Secretary of the Florida Department of*
*Corrections, Sgt. Savonia Richardson-Graham,*
*Kalem Santiago, Adele Johns, and Wendy Millette*

/s/ *Jacob B. Hanson*
Jacob B. Hanson
*Attorney*

12

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ELMER WILLIAMS,

      Plaintiff,

vs.                         Case No. 3:22-cv-01221-MMH-MCR

RICKY DIXON, et al.,

      Defendants.

_____/

## DEFENDANT CENTURION OF FLORIDA, LLC'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Centurion of Florida, LLC ("Centurion"), submits its responses to Plaintiff's First Request for Production, and states as follows:

### Preliminary Statement and General Objections

The answers are based on Centurion's present knowledge of the facts apparently relevant to this action. Centurion has not completed its investigation of the facts, discovery proceedings in this case, or preparation for trial. Centurion accordingly reserves the right to make appropriate changes in its answers or to supplement those answers should it appear at any time that an omission or error has been made or that additional or more accurate information should be included. Centurion further reserves its right to rely upon any and all information at trial, whether or not disclosed at this time in answer to these requests.

1

EXHIBIT 1: Bates 000013

Discovery should be tailored according to the claims and defenses in this case, and Centurion objects to requests outside those parameters. To the extent that any or all requests call for information prepared or obtained in anticipation of litigation or for trial, or otherwise protected from disclosure by the work-product doctrine, the attorney-client privilege, or any other privilege, Centurion objects to such requests on such grounds. Centurion is not obliged to and will not disclose information protected from discovery by virtue of said privileges or doctrines. The foregoing general objections are incorporated by reference into each response as though fully set forth, regardless of whether any or all of said objections are repeated in response to any specific request.

### RESPONSES TO REQUESTS FOR PRODUCTION

1.      All communications in your possession, custody, or control relating to the matter sued upon between you and any witness listed in your Rule 26(a)(1)(A)(i) disclosures.

**ANSWER:** Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all communications" between Centurion and any witness listed in Centurion's Rule 26(a)(1)(A)(i) disclosures, with no date range or search term parameters would be expensive and time consuming and not proportional to the needs of this case. Further, such a request would not produce information relevant to the issues in this lawsuit – whether the Medical Defendants acted with deliberate indifference in their care or treatment of Plaintiff and whether MHM or Centurion can be held vicariously liable for those actions. Additionally, Centurion objects to the extent this Request seeks communications protected by the attorney-client privilege, work product doctrine, or to the extent it seeks information protected by the peer review or medical review committee privileges.

2

2.      All records, including electronically stored information, in your possession, custody, or control, that you may use to dispute Plaintiff's claims or support your defenses.

**ANSWER:**   Centurion objects to this Request as premature because Centurion's investigation and discovery is ongoing. Centurion will produce responsive information pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of the court. Centurion reserves the right to supplement this response as discovery and fact development proceeds. Subject to and without waiving the foregoing objections, Centurion will produce relevant, non-privileged, and not otherwise protected, responsive documents within its possession, custody, or control.

3.      All records listed in your Rule 26(a)(1)(A)(ii) disclosures.

**ANSWER:**   Centurion has already produced copies of the insurance policies identified in its Rule 26(a)(1)(A)(ii) disclosures. *See* CENT INS 001–088. Beyond that, Centurion will produce relevant, non-privileged, and not otherwise protected, responsive documents within its possession, custody, or control.

4.      All public records requests made by you or on your behalf relating to Plaintiff or the facts in the Complaint, and all responses made by the person or entity from whom the records were requested.

**ANSWER:**   Centurion objects to this request as overly broad, vague, ambiguous, and not limited in time or scope relevant to this suit. Centurion further objects to this Request to the extent that it seeks documents which are equally available to Plaintiff. Subject to and without waiving the foregoing objections, Centurion will produce relevant, non-privileged responsive documents, not otherwise protected, within its possession, custody, or control.

5.      All records relating to the facts in the Complaint that have been otherwise provided to you whether based on public records requests or not.

**ANSWER:**   Centurion objects to this Request as overly broad and vague, as it is unclear what the scope of records "relating to the facts" in the Complaint would include.

3

6. All records supporting any affirmative defense raised by you.

**ANSWER:** Centurion objects to this Request as premature because Centurion's investigation and discovery is ongoing. Centurion will produce responsive information pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of the court. Centurion reserves the right to supplement this response as discovery and fact development proceeds. Subject to and without waiving the foregoing objections, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

7. All records, exhibits, graphs, displays, charts, computer printouts, recordings and photographs which you may use at any stage of this proceeding (noting the continuing duty to produce).

**ANSWER:** Centurion objects to this Request as premature because Centurion's investigation and discovery is ongoing. Further, Centurion objects to this Request as overly broad, vague, and duplicative. Centurion will produce responsive information pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of the court. Centurion reserves the right to supplement this response as discovery and fact development proceeds. Subject to and without waiving the foregoing objection, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

8. All documents, including without limitation any models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, communications, notes, letters, text messages, direct messages, SMS messages, internet or social media posts, and e-mails, not privileged, relating to any of the facts identified in the Complaint.

**ANSWER:** Centurion objects to this Request as overly broad, vague, and duplicative. Centurion further objects to this request to the extent it seeks documents outside of its custody, possession, and control. Subject to and without waiving the foregoing objection, Centurion will meet and confer with counsel for plaintiffs to identify what relevant, non-privileged responsive documents, not otherwise protected, within its possession, custody, or control, the collection

4

and production of which would be proportional to the claims at issue in this action.

9.      All records, including models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, and communications, including emails, relating to a fact or issue in this controversy.

> **ANSWER:**  Centurion incorporates its objections and responses to Request No. 8.

10.     All communications with any of the named defendants in this lawsuit relating to the matter sued upon or facts identified in the Complaint, including, without limitation. all texts and e-mails.

> **ANSWER:**  Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all communications" between Centurion and any named defendant with no date range or search term parameters would be expensive and time consuming and not proportional to the needs of this case. Subject to and without waiving these objections, counsel for Centurion agrees to meet and confer with Plaintiff's counsel regarding a search of certain custodians' email for non-privileged, and not otherwise protected, information that is relevant to the parties' claims or defenses, limited to a relevant date range, and proportional to the needs of the case.

11.     All communications with any of the named defendants in this lawsuit related to Plaintiff that were made, whether orally or in writing, from November 1, 2021 through present, including, without limitation, all texts and emails.

> **ANSWER:**  Centurion incorporates its objections and response to Requests Nos. 1 & 10.

12.     All records of disciplinary and corrective actions taken against any of the Medical Defendants.

> **ANSWER:**  Centurion objects to this request as harassing and not limited in time or scope relevant to this suit. Centurion further objects to this request as irrelevant because the records of "disciplinary and corrective actions" taken against any of the Medical Defendants

5

have no bearing on whether any of the Medical Defendants violated Plaintiff's constitutional rights, or the standard of care when treating Plaintiff, or whether Centurion can be held liable for any alleged deviation from the same. Centurion further objects because such records may contain private and confidential information of each Medical Defendant. Centurion further objects to this request as it seeks information outside of its possession, custody, or control. Centurion additionally objects to this Request to the extent it calls for the production of confidential information and information protected by the medical peer-review privilege, which may be included in the requested records. Notwithstanding these objections, upon entry of a protective order, Centurion will produce any responsive documents in its possession, custody, or control that are relevant to this dispute, and are not otherwise protected, if any.

13.     All photographs or video or audio recordings relating to the matter sued upon or any other facts identified in the Complaint, including clips downloaded to cell phones or other devices.

> **ANSWER:**   Centurion objects to this Request as overly broad, as it is not limited in time or scope, vague, as it is not clear what "other facts" Plaintiff refers to, and  as duplicative. Subject to and without waiving the foregoing objection, Centurion is not aware of any responsive documents other than what may be contained in Plaintiff's medical records.

14.     The policies, manuals, and guidelines in effect in 2021-2022 by which you were governed concerning Americans with Disabilities Act of 1990 (ADA) compliance and disability accommodation.

> **ANSWER:**   Centurion objects to this Request as irrelevant because Plaintiff has not asserted an ADA claim against Centurion. Further, regarding policies, manuals, and guidelines in effect in 2021-2022 concerning ADA compliance and disability accommodation, Centurion states that providers working pursuant to Centurion of Florida, LLC's contract with FDC, follow the policies and procedures established by FDC.

15.     The policies, manuals, and guidelines in effect in 2021-2022 by which you were governed concerning treatment of skin and/or tissue infection.

EXHIBIT 1: Bates 000018

**ANSWER:** Centurion objects to this Request as overly broad as it not directly limited to the treatment of Plaintiff's alleged tissue infection. Further, regarding policies, manuals, and guidelines in effect in 2021-2022 concerning the treatment of skin and/or tissue infections, Centurion states that states providers working pursuant to Centurion of Florida, LLC's contract with FDC, follow the policies and procedures established by FDC. Further, Centurion objects to this Request to the extent that such materials are not within its custody, control, or possession. Subject to and without waiving the foregoing objections, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

16.     The policies, manuals, and guidelines in effect in 2021-2022, by which you were governed concerning treatment of cancer, including, without limitation, prostate cancer.

**ANSWER:** Centurion objects to this Request as overly broad as it not directly limited to the treatment of Plaintiff's alleged prostate cancer. Further, regarding policies, manuals, and guidelines in effect in 2021-2022 concerning the treatment of cancer, Centurion states that states providers working pursuant to Centurion of Florida, LLC's contract with FDC, follow the policies and procedures established by FDC. Further, Centurion objects to this Request to the extent that such materials are not within its custody, control, or possession. Subject to and without waiving the foregoing objections, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

17.     The policies, manuals, and guidelines in effect in 2021-2022 by which you were governed regarding the provision of wheelchairs and other related mobility assistance.

**ANSWER:** Centurion objects to this Request as overly broad. Further, regarding policies, manuals, and guidelines in effect in 2021-2022 concerning the provision of wheelchairs and other related mobility assistance, Centurion states that states providers working pursuant to Centurion of Florida, LLC's contract with FDC, follow the policies and procedures established by FDC. Further, Centurion objects to this Request to the extent that such materials are not within its custody, control, or possession. Subject to and without waiving the foregoing objections, Centurion will produce relevant,

7

non-privileged responsive documents within its possession, custody, or control.

18.    The policies, manuals, and guidelines in effect in 2021-2022 by which you were governed regarding the provision of inmate assistants for inmates with mobility limitations.

> **ANSWER:** Centurion objects to this Request as overly broad. Further, regarding policies, manuals, and guidelines in effect in 2021-2022 concerning the provision of inmate assistants for inmates with mobility limitations, Centurion states that states providers working pursuant to Centurion of Florida, LLC's contract with FDC, follow the policies and procedures established by FDC. Further, Centurion objects to this Request to the extent that such materials are not within its custody, control, or possession. Subject to and without waving the foregoing objections, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

19.    The policies, manuals, and guidelines in effect in 2021-2022 by which you were governed regarding the provision of diapers to mobility-impaired inmates.

> **ANSWER:** Centurion objects to this Request as overly broad. Further, regarding policies, manuals, and guidelines in effect in 2021-2022 concerning the provision of diapers to mobility-impaired inmates, Centurion states that states providers working pursuant to Centurion of Florida, LLC's contract with FDC, follow the policies and procedures established by FDC. Further, Centurion objects to this Request to the extent that such materials are not within its custody, control, or possession. Subject to and without waving the foregoing objections, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

20.    All records or documents supporting any responses to Plaintiff's Requests for Admissions directed to you where the statement is not unequivocally admitted.

> **ANSWER:** Centurion objects to this request as overly broad and unduly burdensome. Most of Plaintiff's Requests for Admissions were propounded for the purpose of harassment. FRCP 36 has no requirement that a party provide supporting documentation for its denials for Requests for Admissions. Furthermore, it is Plaintiff's burden to prove his case, not Defendants'. Centurion further

8

objects to this Request to the extent it seeks information that may be subject to expert testimony. Until such time as expert witnesses are designated as testifying witnesses, the information associated with and opinions of those experts are privileged. Expert opinions will be disclosed in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of court.  Subject to and without waiving the foregoing objections, Centurion refers Plaintiff to his medical records.

21.     All records or documents not privileged that you created as a result of any events alleged or identified in the Complaint, including but not limited to, letters, memos, logs, forms, reports, and transcripts.

**ANSWER:** Centurion objects to request as overly broad, vague, and duplicative. Additionally, Centurion objects to the extent this Request seeks information or documentation protected by the peer review privilege and/or medical review committee privilege. Subject to and without waiving the foregoing objections, Centurion refers Plaintiff to his medical records.

22.     All search queries or information in UP TO DATE, or other software, concerning skin infection, necrotizing fasciitis and/or osteomyelitis, including documents sufficient to show the date and time of such search or query and the documents generated by the search or query.

**ANSWER:** Centurion objects to this Request as it seeks information not relevant to any party's claims or defenses. There is no reason why UP TO DATE or "other software" searches conducted by anyone at any time on any skin infection, necrotizing fasciitis and/or osteomyelitis topic has relevance to the claims or defenses in this case. Centurion additionally objects to this request because it is not narrowly tailored in time or scope, is not proportional to the needs of the case, is overly broad, and unduly burdensome.  Plaintiff has provided no time limitation for these UP TO DATE or "software" searches. The request is also overly broad and unduly burdensome because it is not limited to the individual providers named as defendants in this case or even to providers working at the Facility. There is no reason why the UP TO DATE searches of providers at facilities other than at the facility, or providers at the Facility who did not treat Plaintiff, have any relevance in this matter.

9

EXHIBIT 1: Bates 000021

23.     All search queries or information in UP TO DATE, or other software, concerning prostate cancer, including documents sufficient to show the date and time of such search or query and the documents generated by the search or query.

> **ANSWER:** Centurion objects to this Request as it seeks information not relevant to any party's claims or defenses. There is no reason why UP TO DATE or "other software" searches on any prostate cancer topic has relevance to the claims or defenses in this case. Centurion additionally objects to this request because it is not narrowly tailored in time or scope, is not proportional to the needs of the case, is overly broad, and unduly burdensome.  Plaintiff has provided no time limitation for these UP TO DATE or "software" searches. The request is also overly broad and unduly burdensome because it is not limited to the individual providers named as defendants in this case or even to providers working at the Facility. There is no reason why the UP TO DATE searches of providers at facilities other than at the facility, or providers at the Facility who did not treat Plaintiff, have any relevance in this matter.

24.     Any and all reports you made, whether or not included in the medical record, concerning Plaintiff's infection(s), including all infectious disease outbreak reports and worksheets.

> **ANSWER:** Centurion objects to this Request as it is not limited in scope or time relevant to this suit. Centurion further objects because this information would be contained in Plaintiff's medical records, which are held in the custody and control of the FDC and to which Plaintiff has equal access. Subject to and without waiving the foregoing objection, Centurion refers Plaintiff to his medical records.

25.     Any and all reports you made, whether or not included in the medical record, concerning Plaintiff's prostate cancer.

> **ANSWER:** Centurion objects to this Request as it is not limited in scope or time relevant to this suit. Centurion further objects because this information would be contained in Plaintiff's medical records, which are held in the custody and control of the FDC and to which Plaintiff has equal access. Subject to and without waiving the foregoing objection, Centurion refers Plaintiff to his medical records.

EXHIBIT 1: Bates 000022

26.     Any and all reports in your possession, custody, or control, whether or not included in the medical record, concerning Plaintiff's infection(s).

**ANSWER:**  Centurion objects to this Request as duplicative, and as not limited in scope or time relevant to this suit. Centurion further objects because this information would be contained in Plaintiff's medical records, which are held in the custody and control of the FDC and to which Plaintiff has equal access. Subject to and without waiving the foregoing objection, Centurion refers Plaintiff to his medical records.

27.     Any and all reports in your possession, custody, or control, whether or not included in the medical record, concerning Plaintiff's cancer.

**ANSWER:**  Centurion objects to this Request as duplicative, and as not limited in scope or time relevant to this suit. Centurion further objects because this information would be contained in Plaintiff's medical records, which are held in the custody and control of the FDC and to which Plaintiff has equal access. Subject to and without waiving the foregoing objection, Centurion refers Plaintiff to his medical records.

28.     All documents related to necrotizing fasciitis or skin infections at the Facility between January 1, 2021 to present.

**ANSWER:**  Centurion objects to this Request as vague, overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. This Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Centurion additionally objects to this Request as it calls for the production of confidential information and information protected by the medical peer-review privilege, which may be included in the requested records. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

29.     All documents related to prostate cancer at the Facility between January 1, 2021 to present.

**ANSWER:**  Centurion objects to this Request as vague, overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. This Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged

11

medical condition. Centurion additionally objects to this Request as it calls for the production of confidential information and information protected by the medical peer-review privilege, which may be included in the requested records. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

30.    All nonprivileged communications with any person not employed or formerly employed or contracted at the Facility concerning Plaintiff.

**ANSWER:**  Centurion objects to this request as duplicative. Further, Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all communications" between any person "not employed or formerly employed or contracted at the Facility concerning Plaintiff" with no timeframe or search-term parameters would be expensive and time consuming and not proportional to the needs of this case. Additionally, this request seeks communications not within the possession, custody or control of Centurion.

31.    Documents sufficient to show the number of wheelchairs issued at the Facility in 2020, 2021, and 2022.

**ANSWER:**  Centurion objects to this Request as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. This Request also seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Further, this Request constitutes an improper fishing expedition because whether any other inmate received wheelchairs has no bearing on whether Plaintiff had a need for one. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

32.    All documents and communications between January 1, 2021 to present between your personnel at the Facility and any other person relating in whole or in part to requests for wheelchairs, use of wheelchairs at the Facility, and issuance of wheelchairs to inmates.

**ANSWER:**  Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material

EXHIBIT 1: Bates 000024

outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all documents and communications" between Centurion and any other person pertaining to wheelchairs with no search-term parameters would be expensive and time consuming and not proportional to the needs of this case. Further, this Request constitutes an improper fishing expedition because whether any other inmate received wheelchairs has no bearing on whether Plaintiff had a need for one. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

33.     Documents sufficient to show the following with respect to each prisoner with issues with mobility: (a) the identity of the patient that received mobility assistance; (b) the assistance provided; (c) all medical personnel involved in the evaluation and assistance.

**ANSWER:** Centurion objects to this Request as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. First, this request is not limited to a relevant time period, relevant treater, or relevant facility. Second, Centurion objects to this request as the terms mobility issues and mobility assistance are undefined by Plaintiff. Further, Centurion does not keep a list of all "prisoners with issues with mobility" that is organized by assistance provider and by medical personnel involved. Accordingly, to provide responsive documents would require Centurion to manually review the medical records of the hundreds of thousands of prisoners held in the custody of FDC since Centurion became the contracted health care provider in 2015 to identify prisoners with mobility issues. Centurion would then have to review the records to identify the assistance provided and the medical personnel involved. To do so would require extensive time and expense that is not proportional to the needs of this case.

In addition, this Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Further, this Request constitutes an improper fishing expedition because whether any other inmate was received mobility assistance no bearing on Plaintiff's treatment. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

EXHIBIT 1: Bates 000025

34.     Documents sufficient to show the number of separately showing the pull-up diapers and non-pull-up diapers issued at the Facility in 2020, 2021, and 2022, including the number each recipient received per day.

> **ANSWER:**   Centurion objects to this Request as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. First, this request is not limited to the relevant time period or relevant treater. Second, Centurion does not keep a list that would show the number of pull-up diapers and non-pull-up diapers issued, including the number each recipient received per day. Accordingly, to provide responsive documents would require Centurion to manually review the medical records of all the inmates at the Facility for the time period requested to identify inmates who received diapers. To do so would require extensive time and expense that is not proportional to the needs of this case.
>
> In addition, this Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Further, this Request constitutes an improper fishing expedition because whether any other inmate received diapers has no bearing on need for them. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

35.     All documents and communications between January 1, 2021 to present between your personnel at the Facility and any other person relating in whole or in part to prostate cancer.

> **ANSWER:**   Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all documents and communications" between Centurion and any other person pertaining prostate cancer with no timeframe or search-term parameters would be expensive and time consuming and not proportional to the needs of this case. Subject to and without waiving this objection, counsel for Centurion agrees to meet and confer with Plaintiff's counsel to reach mutually agreeable terms and parameters to conduct a search of certain custodians' email for non-privileged information that is relevant to the parties' claims or defenses and proportional to the needs of the case.

14

**EXHIBIT 1: Bates 000026**

36.     Documents sufficient to show the following with respect to each prisoner diagnosed with prostate cancer: (a) the identity of the patient suffering from prostate cancer; (b) the date of diagnosis of prostate cancer; (c) the course of treatment of prostate cancer; and (d) all medical personnel involved in the treatment of prostate cancer.

**ANSWER:** Centurion objects to this Request as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. First, this request is not limited to a relevant time period, relevant treater, or relevant facility. Second, Centurion does not maintain a registry of each prisoner diagnosed with prostate cancer. Accordingly, to provide responsive documents would require Centurion to manually review the medical records of the hundreds of thousands of prisoners held in the custody of FDC since Centurion became the contracted health care provider in 2015 to identify prisoners with prostate cancer. Centurion would then have to review the records to identify the course of treatment provided and the medical personnel involved. To do so would require extensive time and expense that is not proportional to the needs of this case.

In addition, this Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Further, this Request constitutes an improper fishing expedition because whether any other inmate was diagnosed and treated for prostate cancer has no bearing on Plaintiff's treatment. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

37.     Documents sufficient to show the following with respect to each prisoner diagnosed with osteomyelitis: (a) the identity of the patient suffering from osteomyelitis; (b) the date of diagnosis of osteomyelitis; (c) the course of treatment of osteomyelitis; and (d) all medical personnel involved in the treatment of osteomyelitis.

**ANSWER:** Centurion objects to this Request as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. First, this request is not limited to a relevant time period, relevant treater, or relevant facility. Second, Centurion does not keep a list of each inmate diagnosed with osteomyelitis. Accordingly, to provide responsive documents would require Centurion to manually review the medical records of the hundreds of thousands of prisoners held in the custody of FDC since

15

Centurion became the contracted health care provider in 2015 to identify prisoners diagnosed with osteomyelitis. Centurion would then have to review the records to identify the course of treatment provided and the medical personnel involved. To do so would require extensive time and expense that is not proportional to the needs of this case.

In addition, this Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Further, this Request constitutes an improper fishing expedition because whether any other inmate was diagnosed with and received treatment for osteomyelitis has no bearing on Plaintiff's medical treatment. Centurion also objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

38.    Documents sufficient to show the following with respect to each prisoner diagnosed with necrotizing fasciitis: (a) the identity of the patient suffering from necrotizing fasciitis; (b) the date of diagnosis of necrotizing fasciitis; (c) the course of treatment of necrotizing fasciitis; and (d) all medical personnel involved in the treatment of necrotizing fasciitis.

**ANSWER:**   Centurion objects to this Request as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. First, this request is not limited to a relevant time period, relevant treater, or relevant facility. Second, Centurion does not keep a list of each inmate diagnosed with necrotizing fasciitis. Accordingly, to provide responsive documents would require Centurion to manually review the medical records of the hundreds of thousands of prisoners held in the custody of FDC since Centurion became the contracted health care provider in 2015 to identify prisoners diagnosed with necrotizing fasciitis. Centurion would then have to review the records to identify the course of treatment provided and the medical personnel involved. To do so would require extensive time and expense that is not proportional to the needs of this case.

In addition, this Request seeks information which is not relevant to any party's claims or defenses and unrelated to Plaintiff and his alleged medical condition. Further, this Request constitutes an improper fishing expedition because whether any other inmate was diagnosed with and received treatment for necrotizing fasciitis has no bearing on Plaintiff's medical treatment. Centurion also

16

objects to this Request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

39.     All documents or communications with FDC concerning ADA inmate mobility needs.

**ANSWER:** Centurion objects to this request as duplicative. Further, Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all documents and communications" between Centurion and any other person pertaining to ADA inmate mobility needs with no timeframe or search-term parameters would be expensive and time consuming and not proportional to the needs of this case. Additionally, Centurion objects to this Request is irrelevant because Plaintiff has not asserted a claim under the ADA against Centurion. Moreover, Centurion states these materials can be obtained from FDC's Secretary, Defendant Ricky D. Dixon, against whom Plaintiff has asserted an ADA claim.

40.     All documents and communications with FDC concerning any changes to policy or practice for ADA inmates concerning, relating to, arising from, or in connection with the DRF Settlement.

**ANSWER:** Centurion objects to this Request as overly broad, unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all documents and communications" between Centurion and FDC concerning "ADA inmate mobility needs" with no timeframe or search-term parameters would be expensive and time consuming and not proportional to the needs of this case. Additionally, Centurion objects to this Request as irrelevant because Plaintiff has not asserted a claim under the ADA against the Centurion. Moreover, Centurion states these materials can be obtained from FDC's Secretary, Defendant Ricky D. Dixon, against whom Plaintiff has asserted an ADA claim.

41.     All communications relating to Plaintiff's informal and formal grievances and appeals from January 1, 2021 to present.

EXHIBIT 1: Bates 000029

**ANSWER:**  Centurion objects to this Request as these materials are in the possession, custody, and control of FDC. Subject to that objection, Centurion will produce relevant, non-privileged responsive documents within its possession, custody or control.

42.    All of Plaintiff's medical records from January 1, 2020 to present.

**ANSWER:**  Centurion objects to this Request as it is not limited in scope or time relevant to this suit. Centurion further objects because Plaintiff's medical records are held in the custody and control of the FDC and are equally available to Plaintiff. Subject to and without waiving the foregoing objection, Centurion will produce relevant, non-privileged responsive documents within its possession, custody or control.

43.    All of Plaintiff's DC4-706 Health Services Profile forms.

**ANSWER:**  Centurion objects to this Request as not limited in time or scope related to this suit. Centurion objects to this Request as these materials are in the possession, custody, and control of FDC. Subject to that objection, Centurion will produce relevant, non-privileged responsive documents within its possession, custody, or control.

44.    All communications and documents concerning Plaintiff's DC4-706 forms.

**ANSWER:**  Centurion objects to this Request as not limited in time or scope related to this suit. Centurion objects to this Request as these materials are in the possession, custody, and control of FDC. Subject to that objection, none in Centurion's possession, custody, or control other than DC4-706 forms themselves.

45.    All communications with ADA coordinators or personnel staffed by you or your contractors or agents concerning or relating to Plaintiff.

**ANSWER:**  Centurion objects to this Request as overly broad and unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. A search for "all documents and communications" between Centurion and "ADA coordinators or personnel" concerning Plaintiff with no timeframe or search-term parameters would be expensive and time

18

consuming and not proportional to the needs of this case. Centurion further objects because Plaintiff has not asserted an ADA claim against Centurion. Thus, these materials can be obtained from FDC's Secretary, Defendant Ricky D. Dixon, against whom Plaintiff has asserted an ADA claim.

46.    All documents generated or relied upon by ADA coordinators in completing any DC4-706 forms for Plaintiff.

**ANSWER:**  Centurion objects to this Request as overly broad and unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. Centurion objects to this Request as these materials are in the possession, custody, and control of FDC. Centurion further objects because Plaintiff has not asserted an ADA claim against Centurion. Thus, these materials can be obtained from FDC's Secretary, Defendant Ricky D. Dixon, against whom Plaintiff has asserted an ADA claim.

47.    All documents relating to any assessments or determinations taken concerning Plaintiff in connection with the specific procedures outlined in Procedure 403.011.

**ANSWER:**  Centurion objects to this Request as not limited in time or scope related to this suit. Further, Centurion objects to this Request as vague because the term "Procedure 403.011" is undefined by Plaintiff. Additionally, Centurion objects to this Request as these materials are in the possession, custody, and control of FDC. Subject to and without waiving the foregoing objections, Centurion refers Plaintiff to his medical records, which speak for themselves.

48.    All documents relied upon in making any determinations or assessments regarding ADA accommodations or compliance with FDC Procedure 403.011 regarding inmate assistants for impaired inmates.

**ANSWER:**  Centurion objects to this Request as overly broad and unduly burdensome, and vague. Specifically, this request seeks material outside the scope of the relevant time period and unrelated to Plaintiff's medical condition at issue in this action. Further, Centurion objects to this Request as vague because the term "Procedure 403.011" is undefined by Plaintiff. Centurion objects

19

to this Request as these materials are in the possession, custody, and control of FDC. Centurion further objects because Plaintiff has not asserted an ADA claim against Centurion Thus, these materials can be obtained from FDC's Secretary, Defendant Ricky D. Dixon, against whom Plaintiff has asserted an ADA claim.

49.   A privilege log that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

**ANSWER:**   Centurion will produce a privilege log that complies with the requirements of the FRCP, to the extent necessary.

DATED: April 21, 2023

                    Respectfully Submitted,

                    */s/ Jacob B. Hanson*
                    Brian A. Wahl (FBN 95777)
                    BRADLEY ARANT BOULT CUMMINGS LLP
                    1819 5th Avenue North
                    Birmingham, AL 35203
                    Tel: (205) 521-8800
                    Primary Email:   bwahl@bradley.com
                    Secondary Email:  tramsay@bradley.com

                    R. Craig Mayfield, Esq. (FBN 429643)
                    Jacob B. Hanson (FBN 91453)
                    W. Blair Castle (FBN 1031504)
                    BRADLEY ARANT BOULT CUMMINGS LLP
                    100 North Tampa Street, Suite 2200
                    Tampa, Florida 33602
                    Tel: (813) 559-5500
                    Primary Email:    cmayfield@bradley.com
                    Primary Email:    jhanson@bradley.com
                    Primary Email:    bcastle@bradley.com
                    Secondary Email:  sdhayes@bradley.com
                                      tabennett@bradley.com
                                      jbrandt@bradley.com

                    *Counsel for Defendants Centurion of Florida, LLC,*

20

*MHM Health Professionals, LLC, Dr. Alexis Figueroa,*
*Jason Howell, Tony Abbott, and Elizabeth Holmes*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2023, a true and correct copy of the foregoing has been

served on all counsel of record via e-mail as follows:

James V. Cook
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com

James M. Slater
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32302
james@slater.legal
eservice@slater.legal
james@slaterlegal.com
sierra@slater.legal
*Co-Counsel for Plaintiff*

Michael A. Hodges, Esq.
Thomas Buchan, Esq.
HOWELL, BUCHAN & STRONG
2898-6 Mahan Drive
Tallahassee, Florida 32308
michael@jsh-pa.com
tom@jsh-pa.com
*Counsel for Ricky Dixon as*
*Secretary of the Florida Department of*
*Corrections, Sgt. Savonia Richardson-Graham,*
*Kalem Santiago, Adele Johns, and Wendy Millette*

/s/ Jacob B. Hanson
Jacob B. Hanson
*Attorney*

21

**EXHIBIT 1: Bates 000033**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ELMER WILLIAMS,

     Plaintiff,

vs.                     Case No. 3:22-cv-01221-MMH-MCR

RICKY DIXON, et al.,

     Defendants.

_____/

### DEFENDANT CENTURION OF FLORIDA, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

     Defendant, Centurion of Florida, LLC ("Centurion"), submits its responses to Plaintiff's Requests for Admissions, and states as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1.** **No claim in the operative complaint is barred by a statute of limitations.**

     **RESPONSE:** Centurion objects to this Request because it calls for a legal conclusion. Subject to and without waiving the foregoing objection, denied.

**REQUEST NO. 2.** **Plaintiff is a qualified person with a disability under the ADA.**

     **RESPONSE:** Centurion objects to this Request as it calls for a legal conclusion, is vague, and not relevant to the claims against Centurion. Subject to and without waiving the foregoing objections, denied as stated.

**REQUEST NO. 3.** **Upon his transfer to the Facility, you knew that Plaintiff had a medical condition that required treatment.**

1

**EXHIBIT 1: Bates 000034**

**RESPONSE:**   Centurion objects to this Request as vague. Subject to and without waiving the foregoing objection, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 4.   You had a duty to provide medical care to Plaintiff.**

**RESPONSE:** Centurion objects to this Request as it is vague and calls for a legal conclusion. Subject to that objection, denied as stated.

**REQUEST NO. 5.   You have a duty to provide ADA accommodations to Plaintiff.**

**RESPONSE:** Centurion objects to this Request as it calls for a legal conclusion, is vague, and not relevant to the claims against Centurion. Subject to that objection, denied as stated.

**REQUEST NO. 6.   MHM is owned by Centurion.**

**RESPONSE:** Denied.

**REQUEST NO. 7.   Centurion has a contract with FDC to provide medical care at the Facility.**

**RESPONSE:** Admitted.

**REQUEST NO. 8.   You communicated with FDC concerning the DRF Settlement.**

**RESPONSE:** Centurion objects to this Request as vague because it does not specify what subject matter Centurion would have communicated about or when Centurion would have communicated with FDC. Centurion objects to this Request to the extent it seeks confidential or privileged communications. Further, Centurion objects to this Request as seeking information beyond the scope of discovery because whether Centurion communicated with FDC regarding the DRF settlement is not relevant to the claims against Centurion.

**REQUEST NO. 9.   You were aware of the terms and conditions of the DRF settlement during the time period of the events at issue in this lawsuit that occurred**

2

after the effective date of the DRF settlement.

> **RESPONSE:** Centurion objects to this Request as vague because it is unclear what knowledge it is seeking to impose upon Centurion. Centurion objects to this Request to the extent it seeks confidential or privileged communications. Further, Centurion objects to this Request as seeking information beyond the scope of discovery as whether Centurion was aware of the DRF settlement is not relevant to the claims against Centurion.

**REQUEST NO. 10.**     **You are obligated to comply with the terms and conditions of the DRF settlement while providing care and medical treatment to FDC prisoners.**

> **RESPONSE:** Centurion objects to this Request as seeking information beyond the scope of discovery and what is permissible under F.R.C.P. 36 and to the extent it calls for a legal conclusion.

**REQUEST NO. 11.**     **You changed your policies, practices, and procedures for ADA inmates after the effective date of the DRF settlement.**

> **RESPONSE:** Centurion objects to this Request as vague because the term "ADA inmate" is undefined by Plaintiff. Centurion objects to this Request as seeking information beyond the scope of discovery and what is permissible under F.R.C.P. 36 and seeking information which is not relevant to the claims against Centurion.

**REQUEST NO. 12.**     **You did not change your policies, practices, and procedures for ADA inmates after the effective date of the DRF settlement.**

> **RESPONSE:** Centurion objects to this Request as vague because the term "ADA inmate" is undefined by Plaintiff. Centurion objects to this Request as seeking information beyond the scope of discovery and what is permissible under F.R.C.P. 36 and seeking information which is not relevant to the claims against Centurion. Centurion further objects to this Request as duplicative and harassing.

**REQUEST NO. 13.**     **One of the changes to FDC policy required by the DRF settlement was increased services for mobility-impaired inmates.**

3

**RESPONSE:** Centurion objects to this Request as vague because the terms "mobility-impaired" and "increased services" are undefined by Plaintiff in this context. Centurion further objects to this Request because it is not directed to Centurion and to the extent it calls for a legal conclusion. Centurion further objects to this Request as seeking information beyond the scope of discovery and what is permissible under F.R.C.P. 36.

**REQUEST NO. 14.**  **Plaintiff is mobility impaired.**

**RESPONSE:** Centurion objects to this Request as vague because the term "mobility-impaired" is undefined by Plaintiff and calls for a legal conclusion. Subject to and without waiving the foregoing objections, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 15.**  **Plaintiff was a mobility-impaired inmate as of November 2021.**

**RESPONSE:** Centurion objects to this Request as vague because the term "mobility-impaired" is undefined by Plaintiff and calls for a legal conclusion. Subject to and without waiving the foregoing objections, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 16.**  **Plaintiff was a mobility-impaired inmate as of December 2021.**

**RESPONSE:** Centurion objects to this Request as vague because the term "mobility-impaired" is undefined by Plaintiff and calls for a legal conclusion. Subject to and without waiving the foregoing objections, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 17.**  **Plaintiff was a mobility-impaired inmate as of January 2022.**

**RESPONSE:** Centurion objects to this Request as vague because the term "mobility-impaired" is undefined by Plaintiff and calls for a legal conclusion. Subject to and without waiving the foregoing objections, denied to the extent inconsistent with Plaintiff's

4

EXHIBIT 1: Bates 000037

medical records, which speak for themselves.

**REQUEST NO. 18.**        **Plaintiff was a mobility-impaired inmate as of February 2022.**

> **RESPONSE:** Centurion objects to this Request as vague because the term "mobility-impaired" is undefined by Plaintiff and calls for a legal conclusion. Subject to and without waiving the foregoing objections, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 19.**        **Plaintiff was a mobility-impaired inmate as of March 2022.**

> **RESPONSE:** Centurion objects to this Request as vague because the term "mobility-impaired" is undefined by Plaintiff and calls for a legal conclusion. Subject to and without waiving the foregoing objections, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 20.**        **Plaintiff is a "Covered Inmate" as that term is defined in Section II, Paragraph 12 of the DRF settlement.**

> **RESPONSE:** Centurion objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 21.**        **Pursuant to the DRF settlement, FDC agreed to provide permanent passes to inmates classified as PD2, PD3, ED3, ED4, HD3, HD4, and HD5.**

> **RESPONSE:** Centurion objects to this Request because it is not directed to Centurion and to the extent it calls for a legal conclusion. Centurion further objects to this Request as seeking information beyond the scope of discovery and what is permissible under F.R.C.P. 36.

**REQUEST NO. 22.**        **At all times material to this lawsuit, Plaintiff was classified as PD3.**

> **RESPONSE:** Centurion objects to this request as it relates to an FDC classification designation. Subject to and without waiving the

5

foregoing objection, denied to the extent inconsistent with Plaintiff's records, which speak for themselves.

**REQUEST NO. 23.** **PD3 inmates are defined by Health Services Bulletin 15.03.13 (Effective February 2, 2018) as those with a permanent disability requiring assignment of a permanent wheelchair or other adaptive device.**

    **RESPONSE:** Denied to the extent inconsistent with Health Services Bulletin 15.03.13, which speaks for itself.

**REQUEST NO. 24.** **Plaintiff was not referred to the Chief Health Officer or Institutional Medical Director for assessment to determine the need for an Inmate Assistant.**

    **RESPONSE:** Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 25.** **You violated the DRF settlement agreement by not referring Plaintiff to the Chief Health Officer or Institutional Medical Director for the assessment described in Request No. 24 immediately above.**

    **RESPONSE:** Denied.

**REQUEST NO. 26.** **You violated Procedure Number 403.011 (Effective May 6, 2020) by not referring Plaintiff to the persons identified in Request No. 24 immediately above.**

    **RESPONSE:** Centurion objects to this Request as vague because the term "Procedure Number 403.011" is undefined by Plaintiff. Centurion further objects to this Request as not limited in time or scope relevant to this suit. Subject to and without waiving the foregoing objections, denied.

**REQUEST NO. 27.** **Plaintiff was not assessed for an Inmate Assistant on a recorded DC4-706, Health Services Profile form.**

    **RESPONSE:** Denied.

**REQUEST NO. 28.** **Plaintiff was not referred to an institutional ADA coordinator for assessment of his need for appropriate ADA accommodations.**

    **RESPONSE:** Denied.

**EXHIBIT 1: Bates 000039**

**REQUEST NO. 29.**      Plaintiff was not evaluated by your staff for assessment or determination of his mobility needs.

    **RESPONSE:** Denied.

**REQUEST NO. 30.**      Plaintiff was not evaluated by your staff for assessment or determination of his need for an Inmate Assistant.

    **RESPONSE:** Denied.

**REQUEST NO. 31.**      You violated Number 403.011 (Effective May 6, 2020) by not referring Plaintiff to the persons identified in Request No. 28 immediately above.

    **RESPONSE:** Centurion objects to this Request as vague because the term "Procedure Number 403.011" is undefined by Plaintiff. Centurion further objects to this Request as not limited in time or scope relevant to this suit. Subject to and without waiving the foregoing objections, denied.

**REQUEST NO. 32.**      You violated Number 403.011 (Effective May 6, 2020) by not referring Plaintiff to your ADA liaison for an assessment or determination of his mobility needs.

    **RESPONSE:** Centurion objects to this Request as vague because the term "Procedure Number 403.011" and "ADA liaison" is undefined by Plaintiff. Centurion further objects to this Request as not limited in time or scope relevant to this suit. Subject to and without waiving the foregoing objections, denied.

**REQUEST NO. 33.**      You violated Number 403.011 (Effective May 6, 2020) by not referring Plaintiff to your ADA liaison for an assessment or determination of his need for an Inmate Assistant.

    **RESPONSE:** Centurion objects to this Request as vague because the term "Procedure Number 403.011" and "ADA liaison" is undefined by Plaintiff. Centurion further objects to this Request as not limited in time or scope relevant to this suit. Subject to and without waiving the foregoing objections, denied.

**REQUEST NO. 34.**      You violated Number 403.011 (Effective May 6, 2020) by

EXHIBIT 1: Bates 000040

not referring Plaintiff to your ADA liaison for an assessment or determination of his need for a wheelchair.

> **RESPONSE:** Centurion objects to this Request as vague because the term "Procedure Number 403.011" and "ADA liaison" is undefined by Plaintiff. Centurion further objects to this Request as not limited in time or scope relevant to this suit. Subject to and without waiving the foregoing objections, denied.

**REQUEST NO. 35.** Defendant Alexis Figueroa violated your Policy regarding the frequency of diapers provided to Plaintiff.

> **RESPONSE:** Denied as stated.

**REQUEST NO. 36.** Defendant Alexis Figueroa did not violate your Policy regarding the frequency of diapers provided to Plaintiff.

> **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 37.** Defendant Alexis Figueroa violated your Policy regarding ADA inmate mobility requirements by not providing Plaintiff a wheelchair.

> **RESPONSE:** Denied as stated.

**REQUEST NO. 38.** Defendant Alexis Figueroa did not violate your Policy regarding ADA inmate mobility requirements by not providing Plaintiff a wheelchair.

> **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 39.** Defendant Alexis Figueroa violated your Policy regarding ADA inmate mobility requirements by not assigning any aides to help Plaintiff.

> **RESPONSE:** Denied as stated.

8

**EXHIBIT 1: Bates 000041**

**REQUEST NO. 40.**      Defendant Alexis Figueroa did not violate your Policy regarding ADA inmate mobility requirements by not assigning any aides to help Plaintiff.

> **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 41.**      A prostate specific antigen level greater than 1 ng/mL selects for the upper range of prostate specific antigen levels.

> **RESPONSE:** Centurion objects to this Request as it calls for a medical conclusion and expert opinion, and as vague. Centurion further objects to this Request as it unclear what "selects for the upper range" means in this context. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 42.**      Men aged 45 to 75 who have a prostate specific antigen level greater than 1 ng/mL are at a higher risk for prostate cancer and for the aggressive form of the disease.

> **RESPONSE:** Centurion objects to this Request as it calls for a medical conclusion and expert opinion, and as vague. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 43.**      NCCN Guidelines (2.2021) recommend repeat testing every 1-2 years if the prostate specific antigen level is between 1-3 ng/mL.

> **RESPONSE:** Centurion objects to this Request as it calls for a medical conclusion and expert opinion, and as vague. Subject to and without waiving the foregoing objections, denied to extent inconsistent with the relevant NCCN Guidelines, which speak for themselves.

**REQUEST NO. 44.**      Plaintiff's prostate specific antigen level was tested in September 2021.

> **RESPONSE:** Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

EXHIBIT 1: Bates 000042

**REQUEST NO. 45.**       **In September 2021, Plaintiff's prostate specific antigen level registered at 5.21 ng/mL.**

> **RESPONSE:** Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 46.**       **You require inmates with a prostate specific antigen level over 4 ng/mL to be seen by a urologist.**

> **RESPONSE:** Denied as stated.

**REQUEST NO. 47.**       **Defendant Alexis Figueroa is not a urologist.**

> **RESPONSE:** Admitted.

**REQUEST NO. 48.**       **Defendant Alexis Figueroa is not an oncologist.**

> **RESPONSE:** Admitted.

**REQUEST NO. 49.**       **In 2022, you did not employ a urologist at the Facility.**

> **RESPONSE:** Admitted.

**REQUEST NO. 50.**       **In 2022, you did not employ an oncologist at the Facility.**

> **RESPONSE:** Admitted.

**REQUEST NO. 51.**       **An inmate with a prostate specific antigen level above 4 ng/mL would need to see an outside specialist.**

> **RESPONSE:** Centurion objects to this Request as it calls for a medical conclusion and expert opinion. Centurion further objects to this Request as speculative and irrelevant because what may be required for the medical treatment of one patient, may not be required for another. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 52.**       **Centurion "Consultation Request/Consultant's Report" forms require inmates to specifically authorize specialty evaluations.**

> **RESPONSE: Admitted      that      the      forms      titled      "Consultation Request/Consultant's Report" include a signature line for a**

10

patient. Otherwise, denied as stated.

**REQUEST NO. 53.**      In 2022, you required inmates to provide wet signatures in e (sic) "Authorization for Specialty Evaluation" section of the consultation request form.

    **RESPONSE:** Denied as stated.

**REQUEST NO. 54.**      At no time in 2022, did inmates at the Facility provide electronic signatures for the authorization referenced in Request 53 above.

    **RESPONSE:** Centurion objects to this Request as overly broad and irrelevant. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 55.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a urologist in November 2021.

    **RESPONSE:** Denied as stated.

**REQUEST NO. 56.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a urologist in November 2021.

    **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 57.**      Plaintiff's prostate specific antigen level was greater than 5 ng/mL in November 2021.

    **RESPONSE:** Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 58.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a urologist in December 2021.

    **RESPONSE:** Denied as stated.

**REQUEST NO. 59.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a urologist in December 2021.

11

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 60.**     **Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by an oncologist in December 2021.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 61.**     **Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by an oncologist in December 2021.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 62.**     **Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a neurologist in December 2021.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 63.**     **Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a neurologist in December 2021.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 64.**     **Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a urologist in January 2022.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 65.**     **Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a urologist in January 2022.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant

12

EXHIBIT 1: Bates 000045

policies which were applicable to him.

**REQUEST NO. 66.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by an oncologist in January 2022.

   **RESPONSE:** Denied as stated.

**REQUEST NO. 67.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by an oncologist in January 2022.

   **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 68.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a neurologist in January 2022.

   **RESPONSE:** Denied as stated.

**REQUEST NO. 69.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a neurologist in January 2022.

   **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 70.**      Plaintiff's prostate specific antigen level was greater than 20 ng/mL in January 2022.

   **RESPONSE**: Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 71.**      Your Policy requires inmates to be seen immediately by a specialist when they have a prostate specific antigen level of 20 ng/mL or greater.

   **RESPONSE:** Denied as stated.

**REQUEST NO. 72.**      Plaintiff's prostate specific antigen level was over 40 ng/mL in February 2022.

13

EXHIBIT 1: Bates 000046

**RESPONSE:** Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 73.** **Your Policy requires inmates to be seen immediately by a specialist when they have a prostate specific antigen level of 40 ng/mL or greater.**

**RESPONSE:** Centurion objects to this Request as it calls for a medical conclusion and expert opinion. Centurion further objects to this Request as speculative and irrelevant because what may be required for the medical treatment of one patient, may not be required for another. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 74.** **Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a urologist in February 2022.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 75.** **Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a urologist in February 2022.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 76.** **Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by an oncologist in February 2022.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 77.** **Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by an oncologist in February 2022.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 78.** **Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a neurologist in February 2022.**

14

**RESPONSE:** Denied as stated.

**REQUEST NO. 79.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a neurologist in February 2022.

>   **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 80.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a urologist in March 2022.

>   **RESPONSE:** Denied as stated.

**REQUEST NO. 81.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by a urologist in March 2022.

>   **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 82.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by an oncologist in March 2022.

>   **RESPONSE:** Denied as stated.

**REQUEST NO. 83.**      Defendant Alexis Figueroa did not violate your Policy by not ensuring that Plaintiff was seen by an oncologist in March 2022.

>   **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 84.**      Defendant Alexis Figueroa violated your Policy by not ensuring that Plaintiff was seen by a neurologist in March 2022.

>   **RESPONSE:** Denied as stated.

**REQUEST NO. 85.**      Defendant Alexis Figueroa did not violate your Policy by

15

not ensuring that Plaintiff was seen by a neurologist in March 2022.

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Figueroa violated any relevant policies which were applicable to him.

**REQUEST NO. 86.**     **Defendant Jason Howell violated your Policy when he discharged Plaintiff from the infirmary in November 2021 without a wheelchair.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 87.**     **Defendant Jason Howell did not violate your Policy when he discharged Plaintiff from the infirmary in November 2021 without a wheelchair.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Howell violated any relevant policies which were applicable to him.

**REQUEST NO. 88.**     **Defendant Tony Abbott violated your Policy when he failed to resubmit Plaintiff's urgent urology referral in November 2021.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 89.**     **Defendant Tony Abbott did not violate your Policy when he failed to resubmit Plaintiff's urgent urology referral in November 2021.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Abbott violated any relevant policies which were applicable to him.

**REQUEST NO. 90.**     **Your Policy requires a clinician to be present for a prisoner to declare a medical emergency while in confinement.**

**RESPONSE:** Denied as stated.

**REQUEST NO. 91.**     **Non-clinicians can provide inmates wheelchair passes.**

**RESPONSE:** Denied as stated.

EXHIBIT 1: Bates 000049

**REQUEST NO. 92.**     **You knew that Plaintiff was using a non-assigned wheelchair at the Facility.**

    **RESPONSE:** Denied as stated.

**REQUEST NO. 93.**     **Centurion Utilization Management denied Plaintiff's referral to a urologist from October 2021.**

    **RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 94.**     **Centurion Utilization Management determined that Plaintiff should not see a urologist in November 2021.**

    **RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 95.**     **Centurion Utilization Management determined that Plaintiff should not see a urologist in December 2021.**

    **RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 96.**     **Centurion Utilization Management determined that Plaintiff should not see a urologist in January 2022.**

    **RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 97.**     **Centurion Utilization Management determined that Plaintiff should not see a urologist in February 2022.**

    **RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 98.**     **Centurion Utilization Management determined that Plaintiff should not see a urologist in March 2022.**

EXHIBIT 1: Bates 000050

**RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 99.**    **Centurion Utilization Management determined that Plaintiff should not see a urologist in April 2022.**

**RESPONSE:** Denied to the extent inconsistent with utilization management records related to Plaintiff's referrals, which speak for themselves.

**REQUEST NO. 100.**    **Defendant Gerald Knaus violated your Policy regarding ADA inmate mobility requirements by not providing a wheelchair to Plaintiff.**

**RESPONSE:** Centurion objects to this Request because Gerald Knaus was voluntarily dismissed from this case. Subject to and without waiving the foregoing, denied as stated.

**REQUEST NO. 101.**    **Defendant Tony Abbott did not violate your Policy regarding ADA inmate mobility requirements by not providing a wheelchair to Plaintiff.**

**RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objections, Centurion denies that Defendant Abbott violated any relevant policies which were applicable to him.

**REQUEST NO. 102.**    **Defendant Gerald Knaus violated your Policy regarding the treatment of inmates when he discharged Plaintiff from the infirmary without a wheelchair or impaired inmate assistant in December 2021.**

**RESPONSE:** Centurion objects to this Request because Gerald Knaus was voluntarily dismissed from this case. Subject to and without waiving the foregoing, denied as stated.

**REQUEST NO. 103.**    **Defendant Gerald Knaus did not violate your Policy regarding the treatment of inmates when he discharged Plaintiff from the infirmary without a wheelchair or impaired inmate assistant in December 2021.**

**RESPONSE:** Centurion objects to this Request because Gerald Knaus was voluntarily dismissed from this case. Centurion further objects to

18

this Request as harassing and duplicative. Subject to and without waiving the foregoing objections, Centurion denies that Gerald Knaus violated any relevant policies which were applicable to him.

**REQUEST NO. 104.** **Defendant Gerald Knaus violated your Policy regarding ADA inmate mobility requirements by not assigning any aides to help Plaintiff.**

    **RESPONSE:** Centurion objects to this Request because Gerald Knaus was voluntarily dismissed from this case. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 105.** **Defendant Gerald Knaus did not violate your Policy regarding ADA inmate mobility requirements by not assigning any aides to help Plaintiff.**

    **RESPONSE:** Centurion objects to this Request because Gerald Knaus was voluntarily dismissed from this case. Centurion further objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objections, Centurion denies that Gerald Knaus violated any relevant policies which were applicable to him.

**REQUEST NO. 106.** **Defendant Tony Abbott violated your Policy by failing to ensure that Plaintiff's urgent referral for a urologist was acted upon when discovering it in November 2021.**

    **RESPONSE:** Denied as stated.

**REQUEST NO. 107.** **Defendant Tony Abbott did not violate your Policy by failing to ensure that Plaintiff's urgent referral for a urologist was acted upon when discovering it in November 2021.**

    **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Abbott violated any relevant policies which were applicable to him.

**REQUEST NO. 108.** **Defendant Tony Abbott violated your Policy regarding ADA inmate mobility requirements by not providing a wheelchair to Plaintiff.**

    **RESPONSE:** Denied as stated.

EXHIBIT 1: Bates 000052

**REQUEST NO. 109.**    Defendant Tony Abbott did not violate your Policy regarding ADA inmate mobility requirements by not providing a wheelchair to Plaintiff.

> **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objection, Centurion denies that Defendant Abbott violated any relevant policies which were applicable to him.

**REQUEST NO. 110.**    Defendant Tony Abbott violated your Policy regarding ADA inmate mobility requirements by not assigning any aides to help Plaintiff.

> **RESPONSE:** Denied as stated.

**REQUEST NO. 111.**    Defendant Tony Abbott did not violate your Policy regarding ADA inmate mobility requirements by not assigning any aides to help Plaintiff.

> **RESPONSE:** Centurion objects to this Request as harassing and duplicative. Subject to and without waiving the foregoing objections, Centurion denies that Defendant Abbott violated any relevant policies which were applicable to him.

**REQUEST NO. 112.**    At the time of the matter sued upon, Plaintiff suffered from a disabling physical condition that required accommodations.

> **RESPONSE:** Centurion objects to this Request to the extent it calls for a legal conclusion.  Subject to and without waiving the foregoing objection, denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

**REQUEST NO. 113.**    At the time of the matter sued upon, you were acting under color of law.

> **RESPONSE:** Centurion objects to this Request because it calls for a legal conclusion. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 114.**    Centurion Utilization Management has the authority to dictate medical treatment.

> **RESPONSE:** Denied.

20

**REQUEST NO. 115.**      **Centurion Utilization Management has the authority to determine whether a prisoner will be taken to see a specialist.**

   **RESPONSE:** Denied as stated.

**REQUEST NO. 116.**      **Centurion Utilization Management has the authority to void a referral made by a clinician.**

   **RESPONSE:** Denied as stated.

**REQUEST NO. 117.**      **Centurion Utilization Management has the authority to overrule the determination by a clinician that a prisoner should see a specialist.**

   **RESPONSE:** Denied as stated.

**REQUEST NO. 118.**      **It is your Policy to permit non-clinicians to deny clinician requests for referrals to specialists.**

   **RESPONSE:** Denied.

**REQUEST NO. 119.**      **It is your Policy to permit non-clinicians to deny clinician requests for inmate medical procedures.**

   **RESPONSE:** Denied.

**REQUEST NO. 120.**      **It is your Policy to permit non-clinicians to deny specialist requests for inmate medical procedures.**

   **RESPONSE:** Denied.

**REQUEST NO. 121.**      **FDC Policy requires you to send inmates to a specialized wound care facility for infections that do not heal within two (2) months.**

   **RESPONSE:** Centurion objects to this Request as it calls for a medical conclusion and expert opinion. Centurion further objects to this Request as speculative and irrelevant because what may be required for the medical treatment of one patient, may not be required for another. Subject to and without waiving the foregoing objection, denied as stated.

**REQUEST NO. 122.**      **You violated FDC Policy by not referring Plaintiff to a specialized wound care facility.**

**EXHIBIT 1: Bates 000054**

**RESPONSE:**  Denied as stated.

**REQUEST NO. 123.**    **Plaintiff had been suffering with wounds that did not heal for more than two (2) months when Defendant Figueroa represented to Plaintiff's counsel that his care at Suwannee C.I. was appropriate.**

    **RESPONSE:**  Denied as stated.

**REQUEST NO. 124.**    **Plaintiff had been suffering with wounds that did not heal for more than two (2) months when he was diagnosed with osteomyelitis.**

    **RESPONSE:** Denied to the extent inconsistent with Plaintiff's medical records, which speak for themselves.

DATED: April 21, 2023

/s/ *Jacob B. Hanson*
R. Craig Mayfield, Esq. (FBN 429643)
Jacob B. Hanson (Fla. Bar No. 91453)
W. Blair Castle (FBN 1031504)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, FL  33602
Telephone: (813) 559-5500 | Fax:(813) 229-5946
Primary Email:    cmayfield@bradley.com
Primary Email:    jhanson@bradley.com
Primary Email:    bcastle@bradley.com
Secondary Email:  tabennett@bradley.com
                     sdhayes@bradley.com

Brian A. Wahl (Fla. Bar No. 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place-1819 5th Avenue, N.
Birmingham, AL  35203
Telephone: (205) 521-8000|Fax: (205) 521-8800
Primary Email:    bwahl@bradley.com
Secondary Email: tramsay@bradley.com

*Counsel for Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, Dr. Alexis Figueroa, Jason Howell, Tony Abbott, and Elizabeth Holmes*

22

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2023, a true and correct copy of the foregoing has been

served on all counsel of record via e-mail as follows:

James V. Cook
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com

James M. Slater
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32302
james@slater.legal
eservice@slater.legal
james@slaterlegal.com
sierra@slater.legal
*Counsel for Plaintiff*

Michael A. Hodges, Esq.
Thomas Buchan, Esq.
HOWELL, BUCHAN & STRONG
2898-6 Mahan Drive
Tallahassee, Florida 32308
michael@jsh-pa.com
tom@jsh-pa.com
*Counsel for Ricky Dixon as*
*Secretary of the Florida Department of*
*Corrections, Sgt. Savonia Richardson-Graham,*
*Kalem Santiago, Adele Johns, and Wendy Millette*


                                        /s/ *Jacob B. Hanson*
                                        Jacob B. Hanson
                                        *Attorney*

23

EXHIBIT 1: Bates 000056