# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

      Plaintiff,

v.

RICKY DIXON, et al.,

      Defendants.

Case No. 3:22-CV-1221-MMH-MCR

**PLAINTIFFS' NOTICE OF SERVING RESPONSES TO
DEFENDANT CENTURION'S THIRD DISCOVERY**

Plaintiff Elmer Williams, through counsel, pursuant to the Federal Rules of Civil

Procedure, serves on Centurion his Responses to Defendant Centurion's Third

Interrogatories and Requests for Production, with a copy of this notice.

*I CERTIFY a true copy hereof was f electronically served on all counsel of record in the
above-styled case on 9/16/24.*

Respectfully submitted,    *s/James V. Cook*
                         JAMES V. COOK, ESQ.
                         Florida Bar Number 0966843
                         Law Office of James Cook
                         314 West Jefferson Street
                         Tallahassee, FL 32301
                         (850) 222-8080
                         (850) 561-0836 fax
                         cookjv@gmail.com

                         ATTORNEY FOR PLAINTIFF

## Plaintiff's Responses to Centurion's Third Interrogatories

1. Provide an itemized computation of any damages claimed by You in this action, which shows how You calculated any claimed damages (whether those claimed damages be economic, non-economic, punitive, or other).

**Response: We are currently gathering information to document Plaintiff's damages to the extent that they can be calculated. We will provide them when this process is finished.**

2. Identify and state the nature and amount of any existing or anticipated medical liens (including Medicaid or Medicare liens) on any past, present, or future payments from any source relating to any claims, medical expenses and/or damages that may relate to Your claims in this action.

**Response: We are currently gathering information to document Plaintiff's damages to the extent that they can be calculated. We will provide them when this process is finished.**

3. Identify all witnesses that have information about the medical treatment You received after Your release from the custody of the Florida Department of Corrections.

**Response: As Follows:**

**Stephanie Boudreau**
**Williams, Janece, daughter**
**Barona, Claudia, assistant**
**Williams, Theresa, sister**
**Williams, Trent, son**

4. Identify any witnesses who may have information relevant to the subject of Your claims against the Centurion Defendants for First Amendment Retaliation and Eighth Amendment Deliberate Indifference.

**Response: As Follows:**

**Witness**
  1. Abbott, Tony c/o Jacob Hanson
     Bradley Arant Boult Cumming LLP

  2. Amatucci, Gerald, MD, Utilization
     Manager, 1203 Governor's Square
     Blvd., Ste. 600, Tallahassee, FL

32301, gamatucci@hotmail.com; ME113058

3. Anandjiwala, Nalini, MD, Reception and Medical Center, 7765 C.R. 231, Lake Butler, FL 32054, sammyd312@gmail.com, ME48784

4. Any and all witnesses listed by Defendants in their respective Rule 26 disclosures are adopted and incorporated as if set forth herein.

5. Bassa, Ramon A., MD, Reception and Medical Center, 7765 S. C.R. 231, Lake Butler, FL 32054, rab.md@hotmail.com, ME140277.

6. Bennett, Rhonda. Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

7. Boudreau, Stephanie c/o James Cook

8. Centurion of Florida, LLC, Corporate Representative c/o Jacob Hanson Bradley Arant Boult Cummings LLP

9. Corbin, Rita, Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

10. Cummings, Frank #87305 Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

11. Dennis, Dessie #98596 Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

12. Field, Robert, MD, 1655 Prudential Drive, Ste. 1612, Jacksonville, FL 32207, drbrob@msn.com,

13. Figueroa, M.D., Alexis c/o Jacob Hanson Bradley Arant Boult Cummings LLP

14. Florida Department of Corrections, Corporate Representative c/o Tom Buchan Howell Buchan Strong

15. Harmon, David #110411, Suwannee C.I., 5964 U.S. Highway 90 Live Oak, FL 32060

16. Holmes, Elizabeth c/o Jacob Hanson Bradley Arant Boult Cummings LLP

17. Howell, Jason c/o Jacob Hanson Bradley Arant Boult Cummings LLP

18. Irizarry-Ortiz, Maricelis, ACN, Reception and Medical Center, 7765 S. C.R. 231, Lake Butler, FL 32054, pollita-mari@yahoo.com

19. James, Thomas #114319 Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

20. Johns, Adele c/o Tom Buchan Howell Buchan Strong

21. Johnson, Leon #656771, Santa Rosa Correctional Institution, 5850 East Milton Rd. Milton, FL 32583

22. Jonas, B c/o Jacob Hanson Bradley Arant Boult Cummings LLP

23. Lindblade, Sgt. Roy, Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

24. Memorial Regional Hospital Corporate Representative and/or Records Custodian 3501 Johnson Street Hollywood, FL 33021

25. MHM Health Professionals, LLC, Corporate Representative c/o Jacob

Hanson Bradley Arant Boult Cummings LLP

26. Millette, Wendy c/o Tom Buchan Howell Buchan Strong

27. Miquel,  George MD, Urology, 3599 Univ. Blvd. S. #505 Jacksonville, FL 32216, drmiq@aol.com, ME40784

28. Montoya, Vernon, MD, Oncology, 289 S.W. Stonegate Terrace, Ste. 103, Lake City, FL 32024, vmontoya@ccofnf.com, ME61981

29. Morris, Jessee c/o Jacob Hanson Bradley Arant Boult Cummings LLP

30. Nobles, Christine, RN, Utilization Management Reviewer, 19113 E. Altoona Rd., Altoona, FL 32702

31. O'Connell, Joanne M, RN, Suwannee C.I., 5964 U.S. Hwy 90, Live Oak, FL 32060, 386-963-6530,

32. Perry, Frank #L20173, Apalachee East Unit, 35 Apalachee Drive, Sneads, FL 32460, 850-718-0688.

33. Phillips, Donny c/o James Cook

34. Richardson, Graham, Savonia c/o Tom Buchan Howell Buchan Strong

35. Santiago, Kalem c/o Tom Buchan Howell Buchan Strong

36. Sealy, Summer, Utilization Management Reviewer, Centurion,

37. Varona, Alvia, MD, Utilization Manager, 382 S.W. MCI Way, Madison Correctional Institute, Madison, FL 32340, dravarona@gmail.com, ACN590.

38. Venters, Homer, MD (expert) c/o James Cook, Esq.

39. Wagner, Elliott, MD, Mobilex, 200 E. 66th St., Ste. 207, New York, NY 10065, user642@aol.com, ME101994

40. Washington, William, DC# 062096, Suwannee C.I., 5964 U.S. Highway 90 Live Oak, FL 32060

41. Welker, David #X45646, Suwannee C.I., 5964 U.S. Highway 90 Live Oak, FL 32060

42. Williams, Jenece c/o James Cook

43. Witnesses who become known or are disclosed in documents set forth in Defendants' respective Rule 26 disclosures are adopted and incorporated as if set forth herein.

5. Identify any other witnesses, that you have not previously identified in response to the above Interrogatory, who may have information relevant to the claims and defenses at issue in this case.

**Response:**

**Boudreau, Stephanie**
**Williams, Janece, daughter**
**Barona, Claudia, assistant**
**Williams, Theresa, sister**
**Williams, Trent, son**

6. In Paragraph 102 of Your Third Amended Complaint, You allege that "medical staff [] deliberately misrepresented [Your] condition in [Your] medical records." Accordingly, please:

a. For the period of Your incarceration at Suwannee Correctional Institution and Reception and Medical Center (i.e., November 17, 2021, through Your release from FDOC custody on October 31, 2022) identify each and every instance for which You believe Your medical records contain information that is inaccurate.

b. For each and every medical record that You identify as containing inaccurate information, identify exactly what You believe is inaccurate within that medical record.

**ANSWER: I am not able to review the thousands of pages of medical records to find "each and every" inaccuracy in my medical records created by Centurion providers but I will try to point out as many of the critical inaccuracies as I can.**

**Response: As follows:**

| a.  Inaccuracy example | b.  Substance of inaccuracy |
|---|---|
| 2021 1225: Plaintiff is unable to walk. Medical refuses to issue wheelchair. Gerald Knaus says, "IMP will have to do the best he can to complete ADLs (Activities of Daily Living)." | Plaintiff can no longer walk and medical refuses to acknowledge that he needs a wheelchair. |
| 2022 0125: Dr. Figueroa quotes me saying "I am fine" and no distress noted. Says wounds are dry. | At this time, Dr. Figueroa is making hostile comments, brushing off my complaints of loss of muscle control, nerve twitches, inability to defecate sitting upright; won't get staff to clean my catheter, won't give me a pass for wheelchair or diapers. He is not bringing my file with him to visits, and says he won't provide any care for my complaints. Refuses to update me on results of tests, bloodwork, etc. |
| 2022 0101: Gerald Knaus says "Pt. is abusing the sick call system. He puts in a sick call for 1 item then has several medical complaints. Refer to provider for possible mental health assessment. Use sick call for issue needs not wants." | This relates to dealing with constipation and regulating bowel movements. Medical would not provide adult diapers. Plaintiff was not unreasonable. |
| 2022 0107: Figueroa says I have not been compliant with medication. | I have never refused my medication. |
| 2022 0110: Figueroa note on rounds. "No distress noted." "No foul smell" from wounds. Encouraging physical therapy. | Distress is constant, legs swollen, sores developing, decreased urinary output, foul smelling infection, pain continues. No therapy is offered. |
| 2022 0112: Figueroa note on rounds relating to infection and wound care. Note is accurate to say that "foul smell coming from wounds on left ankle" and wound care not done for last two days. | However note is inaccurate to say that I am given information about my condition by nurses. I was not told my PSA level has risen to 21. |

| | |
|---|---|
| 2022 0130: Scoring of Morse scale shows fall risk as low. | I literally can't walk. If fall risk is low, it is because I can't stand up. |
| 2022 0214: Nurse Holmes stated that I could take care of myself and that she had given him an assistant so I no longer needed to be in the infirmary. | This is untrue. I couldn't transfer alone. I couldn't shower alone. I needed assisted care. |
| 2022 0511: Dr. Figueroa states that I no longer need to be in the infirmary because I can take care of myself in the dorm. | As of April 2022, pressure ulcers had developed on each buttock and quickly became worse as I had to sit on a filthy dorm shower floor to bathe. |
| 2022 0520: Nurse refused to provide wound care because Plaintiff couldn't use his legs to assist lifting himself. | On 05/04/2022 another nurse verified that I couldn't support my weight. I recall that Dr. Figueroa refused to examine me because I couldn't get on the exam table without help. |
| 2022 0601: Infirmary staff are claiming Plaintiff is "refusing" wound care because he can't get himself into bed. | Plaintiff is paraplegic. |
| 2022 0617: Dr. Figueroa mentions that Eligard was re-started a week earlier. | No mention that Plaintiff's medication had been suspended over 18 months. |
| 2022 0625: Dr. Figueroa mentions pressure ulcer ankle but fails to mention necrotizing fasciitis wounds to the bone on buttocks and heels. | The fast-growing wounds to the buttocks were far more concerning because they were daily contaminated with feces due to incontinence. |
| 2022 0701: Dr. Figueroa states that after his transfer on 11/08/2021, "He was noticed to have elevated PSA since 09/30/2021 during his PE when he was referred back to PCP . . . and urologist." | Dr. Figueroa makes it seem as though he was referred back to his urologist as soon as his elevated PSAs were discovered. In fact it took about five months to get him to his urologist, during which time he became paralyzed. |
| 2022 0708: Nurse Holmes finds "necrotic tissue on both heels, foul smell, and slough around the necrotic tissue." Dark yellow urine with sediment. She did debridement. | Contrary to typical rounds notes which denies dark urine or sediment and denies "foul smell" from necrotizing fasciitis wounds. |
| 2022 0711: Nurse O'Donnell finds leaking foley catheter and "copious sediment in tubing and bag." Urine was "red-colored." Plaintiff was lying in | Rounds had repeatedly stated no sediment in urine and no need for special care. Exposure to buttocks wounds to feces is dangerous and |

| | |
|---|---|
| feces. Patient "needs assistance for some ADLs, turning, transfers." | indicates need for infirmary care, which had been denied by Dr. Figueroa. |
| 2022 0722. Figueroa weekly rounds. Says heel infection is "much better" and "not foul smell." | This is false. Infections were supposed to be treated back in January. Care was haphazard. Wounds steadily got worse. |
| 2022 0729: Acknowledgment of necrotizing fasciitis on heels. Foul-smelling infection first noted in January. In May, Dr. Figueroa was saying access sick call for pressure sores. Dr. Figueroa says "not foul smell." That isn't true. | Dr. Figueroa let the necrotizing fasciitis infections (flesh-eating bacteria) get worse and worse from the first of the year and doesn't order wound care until June and first mentions them in medical notes in late July. |

*Pursuant to§ 92.525, Florida Statutes, and 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I have read the foregoing document and that the facts stated in it are true.*

**ELMER WILLIAMS**                                        **DATE**

**Plaintiff's Responses to Centurion's Third Requests for Production**

1. Produce all documents and communications that You utilized, referenced, or otherwise relied upon to answer Interrogatory No. 1 from the Centurion Defendants' Third Set of Interrogatories.

**Response: Plaintiff's lien research is not complete. Plaintiff will provide this information when it is available.**

2. Produce all documents and communications relating to any existing or anticipated medical liens that You identified in response to Interrogatory No. 2 from the Centurion Defendants' Third Set of Interrogatories. In the alternative, you can fully execute the "Authorization for the Use and Disclosure of Protected Health Information" form attached to these Requests as "Exhibit A" so that the Centurion Defendants can obtain relevant information regarding any medical liens from the Florida Agency for Health Care Administration or another relevant source.

**Response: Plaintiff's lien research is not complete. Plaintiff will provide this information when it is available.**

3. Produce all documents and communications that You provided to Your expert, Dr. Homer Venters.

**Response: As follows:**

- a. **Medical Records from Florida Department of Corrections**
- b. **Medical records for Mr. Williams after release**
- c. **Classification records for Mr. Williams**
- d. **Williams' Grievances**
- e. **Disciplinary Charges for "disobeying an order"**
- f. **Complaint in. Williams v. Dixon et al.**
- g. **Deposition transcript of Mr. Williams**
- h. **Interrogatory Answers by Mr. Williams**
- i. **Interview with Mr. Williams 11/15/23**
- j. **Photographs of Mr. Williams injuries**
- k. **Email regarding Mr. William Washington**
- l. **Letter from Mr. Washington to FDC**

4. Produce all documents and communications that have been produced to You by any Defendant in this case that You have not previously produced to the Centurion Defendants.

**Response: In an abundance of caution, Plaintiff may be including materials that you have already received. The records are as follows**

a. **Plaintiff's DC-14 print-out**
b. **Medical records secured outside discovery**
c. **Classification records secured outside discovery**
d. **Medical records updates**
e. **Wound care program document**
f. **Medical records updates**
g. **Medical records updates**
h. **Centurion insurance coverage**
i. **FDC personnel files: Johns, Millette, Richardson**
j. **Centurion Utilization Notes**
k. **FDC Responses to RFP 1, 3, 5, 13, and 23**
l. **FDC Responses to RFP 3, 11**
m. **Initial records from post-release providers**
n. **Incident report of injuries**
o. **Older medical records**
p. **Medical records updates**
q. **Grievances**
r. **Post-release medical records**

*/s/ James Cook, Esq.*, 850-222-8080, cookjv@gmail.com