IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 3:22-cv-01221-MMH-MCR |
| RICKY DIXON, in his official | ) |
| capacity as Secretary of the Florida | ) |
| Department of Corrections, et al., | ) |
| | ) |
| Defendants. | |

## CENTURION DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Local Rule 3.01, Centurion of Florida, LLC ("Centurion"), Jason Howell, Tony Abbott, and Dr. Alexis Figueroa (collectively, the "Centurion Defendants") file this response to Plaintiff Elmer Williams's Motion to Modify the Scheduling Order ("Motion") to extend the remaining deadlines by 60 days.

### BACKGROUND

Elmer Williams is suing the Centurion Defendants for allegedly violating his constitutional rights. The Parties have engaged in comprehensive discovery, including twice extending the discovery deadline so Plaintiff could complete his discovery. The first extension was entered on December 12, 2023, and extended the deadline by 90 days. ECF No. 105. Plaintiff then sought an additional 60 days to "meaningfully complete depositions in this case." ECF No. 129. This Court granted Plaintiff's motion, extending discovery through October 18, 20224. ECF No. 135.

During the nearly two-year discovery period, Plaintiff propounded more than a thousand written discovery requests on the Centurion Defendants (including the previously dismissed Centurion Defendants), not to mention propounding voluminous requests on co-Defendants and subpoenaing or obtaining records from non-parties. The Centurion Defendants have also undertaken an expensive and time-consuming review of its electronic records that pertain to Plaintiff *and other patients* in FDOC's custody after agreeing to search terms, custodians, and date ranges.

As a result of this extensive discovery, the Centurion Defendants produced more than 11,000 pages of records and responded to the aforementioned hundreds of requests propounded by Plaintiff. In short, Plaintiff has taken more-than-enough discovery, and the Centurion Defendants have provided fulsome, complete responses.

Yet Plaintiff now seeks even more time—complaining the nearly two years to complete discovery was inadequate. Specifically, Plaintiff requests "additional time to resolve outstanding production issues and complete depositions.[1] ECF No. 142. That is a red herring. Plaintiff is manufacturing issues to hide his lack of diligence.

---

[1] In accordance with the Middle District Discovery Handbook, the Parties agreed to take certain depositions out of time, so that is no longer an issue. But even if it were, that issue was caused by Plaintiff—not the Centurion Defendants. When Plaintiff requested depositions in May 2024, the Centurion Defendants offered dates in July. Plaintiff never responded. The Centurion Defendants then requested deposition dates in September, but Plaintiff's counsel never provided dates. Since the Parties' agreement to take depositions out of time, the Centurion Defendants have provided their deponents' availability for the last week of October and first week of November; Plaintiff has neither noticed the depositions, nor provided dates for any of the depositions the Centurion Defendants requested. As argued below, this is part and parcel with Plaintiff's lack of diligence.

## ARGUMENT

The discovery deadline should not be modified because Plaintiff has not shown good cause under Federal Rule of Civil Procedure 16(b)(4). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Modification of a scheduling order is precluded unless Plaintiff can show he acted diligently. *Id.* Moreover, "[l]ack of diligence in pursuing a claim is sufficient to show lack of good cause." *Donley v. City of Morrow, Georgia*, 601 Fed. Appx. 805, 811 (11th Cir. 2015). Importantly, "[a]lthough a court may extend the discovery deadline, it is under no obligation to do so." *Edwards v. Monmany*, No. 2:19-CV-711-SPC-NPM, 2023 WL 145011, at *2 (M.D. Fla. Jan. 10, 2023), *reconsideration denied,* No. 2:19-CV-711-SPC-NPM, 2023 WL 2955828 (M.D. Fla. Apr. 14, 2023), *appeal dismissed sub nom. Edwards v. City of Fort Myers*, No. 23-11691-E, 2023 WL 5282339 (11th Cir. July 5, 2023).

Although Plaintiff references this standard, his motion lacks any argument why discovery—including resolution of discovery disputes—could not have been completed had he acted diligently. *See generally* ECF No. 142. For instance, Plaintiff sent the Centurion Defendants a discovery deficiency letter on October 12 regarding discovery responses the Centurion Defendants provided on August 16, 2024—*nearly two months earlier*. *See* ECF No. 144 at 2 (Plaintiff's Oct. 18, 2024 Motion to Compel). Though Plaintiff claims the extension is needed "to resolve outstanding production issues," ECF No. 142 at 3, he never addresses why it took him months before raising any supposed deficiency with the Centurion Defendants' discovery responses.

In considering similar scenarios, courts have concluded that failing to timely raise alleged discovery violations, failing to meaningfully confer with defendants on various discovery disputes, and causing unnecessary delays "evince a lack of diligence in and of itself." *Targus Int'l LLC v. Grp. III Int'l, Inc.*, No. 20-21435-CIV, 2022 WL 17736368, at *4 (S.D. Fla. Dec. 16, 2022). In *Targus*, the court found a party "wait[ing] over a month, after discovering the alleged discovery violations" precluded a showing of good cause. *Id.* This is precisely the pattern of behavior Plaintiff has been engaged in and warrants denial of his motion.

Moreover, the "good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify." *Prudential Ins. Co. of Am. v. Gardina*, No. 6:23-CV-1125-JSS-DCI, 2024 WL 3377800, at *2 (M.D. Fla. July 11, 2024). But prejudice is precisely what Plaintiff focuses on, arguing he would suffer "real prejudice" if the extension is not granted and ignoring the issue of his diligence. ECF No. 142 at 4. That is because, despite two separate extensions that extended the discovery period to nearly two years, Plaintiff has been asleep at the wheel. Tellingly, this case was initially scheduled to have its jury trial conducted in December 2024, but Plaintiff is now proposing to continue discovery past the original trial deadline. *Compare* ECF No. 52 (setting trial for the term beginning Dec. 2, 2024), *with* ECF No. 142 (Plaintiff proposing discovery be extended through Dec. 17, 2024). Plaintiff cannot use his lack of diligence as the crutch to move the discovery deadline for a third time.

Lastly, Plaintiff claims he "cannot meaningfully prepare for trial nor can he complete fact discovery" without the documents he seeks. ECF No. 142 at 4. Putting aside the merits of this contention, this does not meet the good cause standard. And, contrarily, another extension would prejudice the Centurion Defendants rather than Plaintiff being prejudiced if the extension is denied. *Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-CV-219-FTM-29MRM, 2016 WL 7131588, at *5 (M.D. Fla. Oct. 17, 2016), *report and recommendation adopted,* 2016 WL 7094022 (M.D. Fla. Dec. 6, 2016) (denying a modification to a scheduling order for lack of good cause and noting the opposing party would be prejudiced in its preparation for trial if an extension was granted). If Plaintiff has not been able to complete fact discovery in nearly two years, it is due to a problem of his own making and does not warrant a third extension of the Scheduling Order deadlines.

## CONCLUSION

Because Plaintiff has not acted diligently, the Centurion Defendants respectfully request that this Court deny Plaintiff's motion to amend the Scheduling Order.

>  */s/ Jacob Hanson*
>  Jacob B. Hanson (FBN 429643)
>  BRADLEY ARANT BOULT CUMMINGS LLP
>  1001 Water Street, Suite 1000
>  Tampa, Florida 33602
>  Tel: (813) 559-5500
>  Primary Email: jhanson@bradley.com
>  Secondary Email: tabennett@bradley.com

Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

*Counsel for Defendants Centurion of Florida, LLC; Jason Howell; Alexis Figueroa; and Tony Abbott*