UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v().  Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, et al.,

    Defendants.

## ORDER

Plaintiff Elmer Williams, a former inmate of the Florida penal system, sues Defendants Ricky Dixon, Dr. Kalem Santiago, Sergeant Savonia Richardson-Graham, Centurion of Florida, LLC, Dr. Alexis Figueroa, Nurse Jason Howell, and Nurse Tony Abbott. Doc. 93 at 3–6. He alleges that Defendants were deliberately indifferent to his serious medical needs, including prostate cancer. *See generally* Doc. 93. Williams asserts that his cancer is terminal, and a state panel has awarded him compassionate medical release. *Id.* at 37. Before the Court are Plaintiff's Renewed Motion to Compel Defendant Dixon to Produce Documents (Doc. 143), Plaintiff's Motion to Compel Defendant Centurion to Produce Documents (Doc. 144), and Centurion

Defendants'[1] Motion to Compel (Doc. 145). For the reasons detailed below, the Court will deny the Motions without prejudice.

## Plaintiff's Renewed Motion to Compel Defendant Dixon to Produce Documents

Plaintiff's Renewed Motion to Compel Defendant Dixon (Doc. 143) fails to comply with the Court's Local Rules, which provide that if an opposing party is unavailable, the movant must try diligently for three days to contact the opposing party. *See* Local Rule 3.01(g)(3). "Promptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion." *Id.* First, the Court notes that Plaintiff includes a "Certificate of Good-Faith Conference," not a "Local Rule 3.01(g) Certification." *See* Local Rule 3.01(g)(2). In addition, Plaintiff states that he "attempted to confer" with Defendant Dixon and "[t]o date, no position has been provided." Doc. 143 at 5. However, Plaintiff has not supplemented his Motion even though more than three days have passed since he filed it on October 17, 2024. Pursuant to Local Rule 3.01(g)(3), the Motion (Doc. 143) is subject to dismissal without prejudice.

---

[1] Centurion of Florida, LLC, Dr. Alexis Figueroa, Nurse Jason Howell, and Nurse Tony Abbott.

### Plaintiff's Motion to Compel Defendant Centurion to Produce Documents

Plaintiff's Motion to Compel Defendant Centurion (Doc. 144) also fails to comply with the Court's Local Rules. While Plaintiff certifies that Centurion opposes the relief requested, he neither labels it as a "Local Rule 3.01(g) Certification" nor explains the means by which the parties conferred. Doc. 144 at 21; *see also* Local Rule 3.01(g)(2). Moreover, in his request for relief, Plaintiff asks the Court to require Centurion to respond to all interrogatories and to produce all responsive documents by October 18, 2024, with rolling production until such date. Doc. 144 at 20. Plaintiff filed his Motion on October 18, 2024. If not a scrivener's error, such a date is unrealistic both for the Court to provide a ruling and for the Centurion Defendants to comply.

### Centurion Defendants' Motion to Compel

Lastly, the Centurion Defendants' Motion to Compel (Doc. 145) indicates that Plaintiff has agreed to "produce unspecified records" but he "did not have a timeline for providing any documents or computation of damages." Doc. 145 at 8. Considering Plaintiff agreed to produce some, if not all, of the requested information and Centurion has only recently provided Plaintiff with

3

"thousands of pages of documents" relating to his claims,[2] Doc. 142 at 2, the Court believes further conferral will be fruitful and may resolve any outstanding issues.

In light of the above, the Court will deny the Motions (Docs. 143, 144, 145) without prejudice. By November 12, 2024, all parties must confer in good faith via telephone or videoconference concerning the outstanding discovery disputes. If the parties cannot resolve the disputes or, at the very least, narrow the issues, they may refile their motions. The Court reminds the parties that "[d]iscovery is intended to operate with minimal judicial supervision" and "should be practiced with a spirit of cooperation and civility." *S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*, Case No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007) (quotations omitted). This case, which involves serious allegations of insufficient medical care, has been pending for nearly two years. The Court is confident that after adequate conferral, the parties can resolve their discovery disputes without the need for further judicial intervention.

---

[2] In Plaintiff's Opposed Motion to Modify Scheduling Order (Doc. 142), he asserts that Centurion withheld certain records pending the parties' litigation over Centurion's proposed protective order. The Court denied Centurion's request for a HIPAA-qualified protective order on October 7, 2024. *See* Doc. 141.

Accordingly, it is **ORDERED**:

1. Plaintiff's Renewed Motion to Compel Defendant Dixon to Produce Documents (Doc. 143), Plaintiff's Motion to Compel Defendant Centurion to Produce Documents (Doc. 144), and Centurion Defendants' Motion to Compel (Doc. 145) are **DENIED without prejudice**.

2. The Court directs the parties to confer via telephone or videoconference regarding their discovery disputes by **November 12, 2024**, in accordance with this Order. If the parties cannot resolve their disputes, they may refile the motion(s) to compel by **November 18, 2024**.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October, 2024.

                                                  MONTE C. RICHARDSON
                                                  UNITED STATES MAGISTRATE JUDGE

Jax-9 10/28
c:   Counsel of record

5