UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                                          Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et al.,**

    **Defendants.**

    _____/

### DEFENDANT DIXON'S RESPONSE TO PLAINTIFF'S THIRD RENEWED MOTION TO COMPEL DEFENDANT RICKY D. DIXON TO PRODUCE DOCUMENTS

Defendant, Ricky Dixon, by and through undersigned counsel, hereby responds to Plaintiff's Third Renewed Motion to Compel Defendant Ricky D. Dixon to Produce Documents [Doc. 150], and states the following in support thereof:

A. No. 1. of Plaintiff's Third Request for Production

1. Plaintiff requested all nonprivileged communications concerning Plaintiff using three search terms (two permutations of Plaintiff's name and his DC number).

2. Defendant objected stating, "It is clear that an unduly burdensome amount of emails for undersigned counsel's firm to sort through to identify necessary redaction and privileged information will result."

1

Defendant has been informed that there are 24,084 emails responsive to this request. For comparison, in another case where Plaintiff's counsel made a similar request (see Footnote No. 2 on p.4 of Plaintiff's Motion [Doc. 150]), the number of responsive emails was 6,910, which resulted in over *two million pages* that had to be manually reviewed. It took approximately three months to review and redact only the emails in that case not counting attachments.

3. Plaintiff's counsel's listing of what should be redacted implies that redacting only certain fields would reduce the processing time. Defendant's counsel must still review each email so the processing time to review and redact the emails is not significantly reduced by what is redacted.

4. Plaintiff's counsel made a proposal to "return e-mails only with his name or DC Number in the Subject Field." Plaintiff's counsel did not propose returning emails with Plaintiff's DC number only, which could be more effective in limiting the search.

5. Plaintiff's counsel made a proposal to "exclude all e-mails with attachments greater than one MB." However, the Florida Department of Corrections (FDC) is unable to filter the search itself for attachment file sizes, so this is of no assistance in resolving the matter.

B. No. 2. of Plaintiff's Third Request for Production

1. Plaintiff requested an Excel log of all communications responsive to request 1.

2. Defendant objected stating, "No such document exists. This request admits such a log must be created (although falsely exaggerates its creation as 'instantaneously'). As such, FDC will not be generating a new document for production to Plaintiff."

3. Further, Plaintiff's counsel's proposal for an Excel spreadsheet would still require FDC to review the emails before cataloging them, which is not feasible in terms of time and effort.

WHEREFORE, Defendant maintains the objections raised and respectfully seeks an order from this Court denying Plaintiff's Third Renewed Motion to Compel Defendant to Produce Documents.

Respectfully submitted,

/s/ Thomas Buchan
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, and Richardson-Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served to all counsel of record by CM/ECF on December 2, 2024.

                                                /s/ *Thomas Buchan*
                                                Thomas Buchan