UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                                 Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, et al.,

    Defendants.

## ORDER

Plaintiff Elmer Williams, a former inmate of the Florida penal system, is proceeding through counsel on a Third Amended Complaint. *See* Doc. 93. The following Defendants remain in this action: (1) Ricky Dixon; (2) Dr. Kalem Santiago; (3) Sergeant Savonia Richardson-Graham; (4) Centurion of Florida, LLC; (5) Dr. Alexis Figueroa; (6) Nurse Jason Howell; and (7) Nurse Tony Abbott. *See id.* at 3–6. Plaintiff alleges that Defendants provided inadequate medical care, which caused his prostate cancer to metastasize and become terminal. *See generally id.*

Before the Court is Plaintiff's Third Renewed Motion to Compel Defendant Ricky D. Dixon to Produce Documents (Motion; Doc. 150). Defendant Dixon opposes the Motion. See Defendant Dixon's Response to Plaintiff's Third Renewed Motion to Compel (Response; Doc. 151). In the

Motion, Plaintiff seeks an order compelling Defendant Dixon to produce all nonprivileged communications from the period of January 1, 2020, to present using the following search terms: "Elmer Williams"; "Williams, Elmer"; and "08916."[1] Motion at 5; *see also* Doc. 143-1 at 1. According to Plaintiff, Defendant Dixon "object[ed] on several bases, but primarily that counsel does not have the resources to review and redact the records." *Id.* at 2. Plaintiff asserts that he made two narrowing proposals: (1) Defendant Dixon return e-mails only with Plaintiff's name or FDC number in the subject field and (2) Defendant Dixon exclude all e-mails with attachments greater than one megabyte. *Id.* Plaintiff alleges that "[n]o response was made to this proposal." *Id.*

Defendant Dixon responds that Plaintiff's request is overly broad and unduly burdensome. Response at 1–2; *see also* Doc. 143-1 at 1. Defendant Dixon asserts that there are 24,084 e-mails responsive to Plaintiff's request. Response at 2. He argues that "Plaintiff's counsel made a proposal 'to return e-mails only with his name or [F]DC Number in the Subject Field'"; however, Plaintiff's counsel did not propose returning e-mails with Plaintiff's FDC number only, "which could be more effective in limiting the search." *Id.* As to Plaintiff's proposal to limit e-mails by attachment size, Defendant Dixon

---

[1] Plaintiff's FDC number.

2

asserts that the FDC "is unable to filter the search itself for attachment file sizes." *Id.*

Upon careful consideration, the Court finds Plaintiff's Motion is due to be denied. The three terms proposed by Plaintiff are overly broad in that a search would yield numerous documents not relevant to his claims. Indeed, as Defendant Dixon explains, the proposed terms are so ubiquitous in the FDC's records that it yielded 24,084 e-mails responsive to the request, making any such search overly broad and unduly burdensome.

While the parties have engaged in unsuccessful discussions regarding ways to narrow the results, it appears that they have not discussed the addition of terms to the search. The Court is not best positioned to identify additional appropriate search terms for the parties, nor should the Court do the attorneys' work. Therefore, the Court encourages Plaintiff to identify additional terms related to his claims that may narrow the results. The parties are best positioned to reach a compromise on a reasonable list of additional search terms specifically targeted to Plaintiff's claims and within the search capabilities of the FDC's databases to yield relevant documents.

Accordingly, it is **ORDERED** that Plaintiff's Third Renewed Motion to Compel Defendant Ricky D. Dixon to Produce Documents (Doc. 150) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of January, 2025.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-9 1/7
c:   Counsel of record