UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, et al.,

    Defendants.

Case No. 3:22-cv-01221-MMH-MCR

### JOINT MOTION TO EXCUSE THE PARTIES FROM PHYSICAL APPEARANCE AT SETTLEMENT CONFERENCE AND FOR DESIGNATION OF ATTENDING ATTORNEYS

The Parties jointly file this motion to excuse the named parties from in-person appearance at the Settlement Conference set for February 12, 2025, and for each side to designate a single attorney to appear in person.

### Introduction

On December 16, 2024, Magistrate Judge Monte C. Richardson ordered the Parties to attend an in-person settlement conference on February 12, 2025, at the United States Courthouse in Jacksonville, Florida. (ECF 152). The Order specifies that trial counsel and representatives of the parties with full settlement authority shall personally attend, unless excused by the Court. The parties will have attended two mediations and had informal settlement discussions prior to the scheduled Settlement Conference and are motivated to endeavor to resolve the case and

1

potentially avoid the need for the Settlement Conference altogether by resolving the case with a private mediator on the afternoon of February 11.

Plaintiff Elmer Williams, Defendants, and Defendants' insurers request to be excused from appearing in person and, instead, be allowed to attend either via video or telephonic conference. The parties' respective attorneys will be vested with full settlement authority to resolve Plaintiff's claims or will be able to secure such authority without delay by phone or video link.

Good cause exists to accommodate this request as Plaintiff Williams—who is paralyzed from the chest down and bedfast, and resides hundreds of miles away at Memorial Manor in Pembroke Pines, Florida—experiences frequent emergencies requiring immediate intensive hospital care, and his travel to Jacksonville could potentially severely impact his health, leave him with an emergency far from his family and providers, and would be logistically difficult as he would need to secure travel that accommodates his physical limitations and medical needs.

Centurion's corporative representative is located in Atlanta, Georgia and is currently planning to mediate this case on the afternoon and evening of February 11 with the goal of settling the case so that the Settlement Conference is unnecessary. It will not be possible for Centurion's representative to travel to Jacksonville for the Settlement Conference **and** participate in the February 11 mediation.

The individual healthcare provider defendants, Dr. Alexis Figueroa, Nurse Jason Howell, and Nurse Tony Abbott, are all actively providing healthcare services within the Florida Department of Corrections and request permission to be available by video conference or telephone. Centurion's counsel and its corporate representative will have full authority to resolve this matter on behalf of all Centurion Defendants.

Defendants FDC Secretary Ricky Dixon, Savonia Richardson-Graham, and Dr. Kalem Santiago ("collectively the "Department of Corrections Defendants") are in agreement with the relief sought. Dr. Kalem Santiago is FDC's Chief Clinical Advisor and works out of the Office of Health Services in Tallahassee, Florida. In this role, she has professional authority over the delivery of health care services to inmates within FDC and provides consultation to FDC staff and contractor leadership on clinical matters. Her absence could hinder provisions of these services. Savonia Richardson-Graham could adequately be represented by counsel and would be available via phone if needed and representative for FDC would similarly be available in place of Ricky Dixon, the Secretary for FDC.

The Parties also move the Court to permit each side (Plaintiff, the Centurion Defendants, and the Department of Corrections Defendants) to designate one attorney to attend and represent each of the Parties with the permission of the respective parties.

## MEMORANDUM OF LAW

"[T]he Court has the inherent power to 'manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172, 110 S.Ct. 482 (1989) (internal citation omitted); *accord Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244–45 (11th Cir. 2009). This power includes the ability to amend deadlines and allow parties to attend settlement conferences or mediation via alternative means, such as video or telephonic conferencing. Fed. R. Civ. P. 16(c) ("If appropriate, the court may require that a party or its representative be present *or reasonably available by other means* to consider possible settlement." (emphasis added)); *Hastings v. Inmate Servs. Corp.*, No. 2:17-CV-145-FTM-99CM, 2019 WL 932232, at *4 (M.D. Fla. Jan. 24, 2019) (extending deadline to mediate for "good cause"); and *Scolaro Mario & Fabio v. Eurotrade Investments Corp.*, No. 11-80716-CIV, 2011 WL 13228561, at *1 (S.D. Fla. Sept. 14, 2011) (amending attendance requirements for mediation on demonstration of good cause).

### A. Attendance of the Parties

The Parties submit good cause exists for granting the relief sought. Requiring in-person appearance poses a hardship on the Parties. As noted, Plaintiff resides at Memorial Manor in Pembroke Pines, Florida, is paralyzed, bedfast, and frequently in need of access to the nearby Memorial West Hospital.

4

Centurion's corporate representative requests permission to participate by remote means so that she may also participate in the February 11 private mediation of this matter. The individual healthcare provider defendants request permission to participate remotely so that they are not required to travel to Jacksonville and because Centurion's counsel and its corporate representative will have full settlement to resolve this case on behalf of all the Centurion Defendants.

The representative for FDC for Secretary Dixon and the Division of Risk Management Adjuster request permission to participate remotely as well. They will be able to provide full settlement authority should an agreement be reached, including for Secretary Dixon, Ms. Richardson-Graham, and Dr. Santiago.

For these reasons, the Parties submit that there is good cause to relieve the Parties from the in-person appearance requirement.

  B. Attendance of the Attorneys

Plaintiff Williams has been consulted and agrees that he will be well represented by Attorney James Cook for in-person attendance at the conference. Mr. Cook could act as lead counsel for purposes of the conference. Attorney James Slater lives and works in Atlanta and can be reached by phone or video without delay during the settlement negotiations.

Brian Wahl will appear in-person for the Centurion Defendants. Thomas Buchan will appear in-person for the Correctional Defendants.

WHEREFORE the Parties respectfully request the Court grant this Motion to excuse the Parties from having to appear in person for the Settlement Conference and to allow each side to designate a single attorney to be present.

Respectfully Submitted,   s/James V. Cook
James V. Cook, Esq. (FBN 0966843)
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
Phone: (850) 222-8080; Fax: 850 561-0836
cookjv@gmail.com

*Attorney for Plaintiff*

s/Brian A. Wahl
Brian A. Wahl, Esq. (FBN 0095777)
Bradley Arant Boult Cummings LLP
1819 5th Avenue N. – One Federal Place
Birmingham, AL 35203
Phone: (205) 521-8000; Fax: (205) 521-8800
bwahl@bradley.com

*Attorney for Defendants Centurion of Florida, LLC, Jason Howell, Tony Abbott and Alexis Figueroa*

s/Thomas Buchan
Thomas Buchan, Esq. (FBN 1010923)
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Phone: (850) 877-7776
tom@jsh-pa.com

*Attorney for Defendants Ricky Dixon, Savonia Richardson-Graham, and Dr. Kalem Santiago*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

*s/Brian A. Wahl*
Brian A. Wahl
