UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY DIXON, et al.,

    Defendants.

Case No. 3:22-cv-01221-MMH-MCR

**PARTLY OPPOSED MOTION TO EXTEND
DISCOVERY DEADLINE 15 DAYS**

    Plaintiff, pursuant to Fed.R.Civ.P. 16(b)(4) and in response to the Court's encouragement to Plaintiff to submit revised search terms for e-mail communications (ECF 154 at 3), moves the Court for an additional 15 days (to January 31, 2025) for Florida Department of Corrections (FDC) Information Technology (IT) professionals to run the narrowing search terms (See Exhibit 1), and would show that FDC opposes the Motion and Centurion reserves its response for further review:

    1.   On November 1, 2024, in its Order (ECF 149) granting Plaintiff's motion to extend discovery (ECF 142), the Court extended the deadline to January 16, 2025.

    2.   Subsequently, the Parties partially resolved the issues raised in their respective motions to compel. However, Plaintiff and FDC having failed to resolve the issue of incomplete production of e-mail communications, Plaintiff renewed his Motion to Compel to FDC (ECF 150) as to those communications. The Court denied the motion on January 8, 2025, but encouraged Plaintiff to submit narrowing search terms.

    3.   E-mails have largely taken the place of formal letters and memos and are the

1

medium by which many business decisions are made and disseminated.

4. Previously, Plaintiff had sought e-mails that specifically mentioned Plaintiff's name or DC number. These yielded large numbers of pages partly because the search sought the terms not just in the subject field but also in large routine attachments of inmate rosters where Plaintiff's name and DC number took up only a single line.

5. Plaintiff proposed searching for the name and DC number <u>only in the subject field</u>, eliminating many attachments (some nearly a thousand pages). Defendants, in their response (ECF 151), suggested using the DC number only, without the name, in the subject line might also reduce hits but did not offer to revise its search.

6. The Court has encouraged Plaintiff to offer additional search terms to further narrow the responses. One such narrowing device would be to limit e-mails to those "to" or "from" only certain persons. Plaintiff has avoided this resort because often important information is sent between secretaries and clerks and other persons whose names are unknown to Plaintiff and are relayed to known officials by other means.

7. Plaintiff would now propose to limit the searches to e-mails where his DC number appears in the subject line and where the e-mail is sent to or from certain persons during a relevant date range. This should have an optimal narrowing effect.

8. To create the list, now at 38 names, Plaintiff made an exhaustive search through every page of discovery[1] to determine which employees were most likely to communicate with others on the issues. The task was complicated by the fact that

---

[1] Counsel for Plaintiff tried to complete the list by Friday, January 10, but was unable to do so. The records review was at least 16 hours and was only completed by January 11.

2

Centurion, in its Fed.R.Civ.P. 26(a)(1) disclosures listed around 80 witnesses without providing specific information as to their expected testimony. So the challenge was to eliminate the names of persons least likely to transmit e-mail communications.[2]

9. The Parties are currently making efforts to explore settlement, and Plaintiff believes extending the deadline to January 31, 2025, to permit the communications discovery will inform and enhance those efforts and would not be likely to affect the current deadlines for dispositive and Daubert motions or the trial date.

## MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Plaintiff believes the communications are necessary to fill the gaps in sometimes

---

[2] For instance, corrections officers and most nursing staff were excluded unless they were known to have participated in making or conveying decisions or critical information.

poorly documented events. If the schedule is not modified Plaintiff would suffer real prejudice by not being able to adequately complete discovery in this case. Without having the communications sought, Plaintiff cannot complete fact discovery nor can he meaningfully prepare for trial. Additionally, the additional discovery could enhance the potential for an informed and voluntary resolution of the matters in controversy.

WHEREFORE, Plaintiff requests an extension of the discovery deadline through January 31, 2025, with all other deadlines remaining as previously set.

Respectfully submitted,   /s/ James V. Cook
James V. Cook
Florida Bar No. 0966843
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

/s/ James M. Slater
James M. Slater
Florida Bar No. 111779
2296 Henderson Mill Rd NE #116
Atlanta, GA 30345
Tel. (305) 523-9023
james@slater.legal

Attorneys for Plaintiff

LOCAL RULE 3.01(g) CERTIFICATION. I CERTIFY, pursuant to LR 3.01(g) that I have conferred in good faith with all parties by e-mail and phone and FDC does object to the Motion. Centurion reserves its response for further review of the Motion and plans to have a response by tomorrow. Plaintiff will update response.

I CERTIFY a true copy hereof has been filed with the Court's electronic filing system on all counsel registered with the system on January 13, 2025.

/s/ James Cook

4