IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 3:22-cv-01221-MMH-MCR |
| RICKY DIXON, in his official | ) |
| capacity as Secretary of the Florida | ) |
| Department of Corrections, et al., | ) |
| | ) |
|    Defendants. | |

**CENTURION DEFENDANTS' RENEWED MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 26 and 37(a)(3)(B)(iv), and Local Rule 3.01, Defendants Centurion of Florida, LLC ("Centurion"); Alexis Figueroa, M.D.; Jason Howell; and Tony Abbott, (collectively, the "Centurion Defendants") hereby move to compel Plaintiff Elmer Williams to produce a computation of damages as well as records describing and supporting the same.

**INTRODUCTION**

Since February 2023, the Centurion Defendants have requested that Plaintiff provide a computation of damages along with the records describing and supporting the same. Despite propounding three sets of interrogatories and document requests—and Plaintiff's obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii)—Plaintiff has failed to provide any computation of damages. Instead, he has clung to the proposition that he is still gathering information. This is nonsense. Plaintiff has

had more than two years to compute his alleged damages and produce the necessary documents. Accordingly, Plaintiff should (1) be compelled to produce a computation of his damages and the records describing and supporting the same, and (2) be ordered to pay the Centurion Defendants' attorneys' fees for filing this motion.

## BACKGROUND

Plaintiff is suing the Centurion Defendants for providing allegedly unconstitutional healthcare while he was in the custody of the Florida Department of Corrections ("FDOC") at Suwannee Correctional Institution. ECF No. 93. Among other forms of relief, Plaintiff is requesting compensatory and punitive damages for the alleged harm caused by the Centurion Defendants. In an attempt to parse out Plaintiff's claims, the Centurion Defendants have propounded numerous interrogatories and document requests relevant to Plaintiff's damages. Plaintiff has refused to produce anything of substance in response.

In particular, on October 6, 2023, the Centurion Defendants requested Plaintiff produce documents and communications pertinent to Plaintiff's claims for damages:

> **Request for Production No. 9:** Please produce all documents and written communications which identify, list, or describe all damages which you claim you are entitled to.
>
> **Request for Production No. 10**: Please produce all documents and written communications which you intend to use to support your damages claim in this matter. Specifically, please produce any documents, reports, receipts or other records concerning or otherwise addressing the nature and amount of expenses made or losses incurred by the Plaintiff or for which you intend to make a claim, including past, present and future expenses, losses and damages.

2

In response, Plaintiff stated "Plaintiff has responsive documents and will produce them. Plaintiff may not have *all* such records and some may be privileged. Discovery is continuing." **Ex. A, at 24.** The Centurion Defendants also propounded interrogatories requesting information about Plaintiff's damages:

> **Interrogatory No. 4**: Identify, list, and describe in detail all injuries, actual damages, compensatory damages, and emotional damages suffered by Plaintiff for which he seeks compensation from Defendants in this matter, including but not limited to, the dollar amount of such damages, and the date such damages were incurred, and identify every person with knowledge of such damages.
>
> **Interrogatory No. 5**: Identify all documents or communications that evidence Plaintiff's damages (including but not limited to actual, compensatory, and emotional damages) for which Plaintiff seeks compensation from Defendants in this matter.

In response, Plaintiff failed to provide relevant information, noting "Plaintiff is currently seeking an assessment of the ever-mounting total dollar cost of the injuries inflicted by Defendants, but a large proportion of the damages are in the form of physical pain and emotional distress and loss of enjoyment of life, which costs are not subject to exact calculation and will have to be determined by a Jury." **Ex. A, at 3-4.**

Having received responses devoid of substantive information about his damages, on April 15, 2024, the Centurion Defendants propounded their Second Set of Interrogatories requesting Plaintiff provided updated responses about his damages:

> **Interrogatory No. 1**: Please supplement Your answers to the Centurion Defendants' First Set of Interrogatories.

In response, Plaintiff stated:

> Pursuant to Fed.R.Civ.P. 33(d), Additional names of medical providers, to which Plaintiff does not currently have access, are recorded in the medical record updates for which we provided a medical release to Centurion/MHM and which have been subpoenaed by you and which were due to have been

3

> provided on May 3, 2024, although we have not yet received the copies of those records promised by you. *The total dollar cost of the injuries inflicted by the Defendants is still unknown to Plaintiff but will certainly be very great*. The physical, mental, and emotional pain and suffering Plaintiff experiences have continued with continued infections, increasing physical disablement, severe pain, multiple trips to the Hospital Intensive Care Unit (ICU), the insertion of a feeding tube, great frustration and grief over my physical limitations and disfigurement, anxiety for the future, worry for my family, sadness for the unnecessary loss of my life even while I am still alive."

**Ex. B, at 2** (emphasis added).

Similarly, Plaintiff failed to supplement his responses to the Centurion Defendants' First Requests for Production as requested by the Centurion Defendants in their Second Set of Requests for Production.

The Centurion Defendants propounded their Third Set of Interrogatories on August 16, 2024:

> **Interrogatory No. 1**: Provide an itemized computation of any damages claimed by You in this action, which shows how You calculated any claimed damages (whether those claimed damages be economic, non-economic, punitive, or other).

After nearly two years since the opening of discovery, Plaintiff responded to the Third Set of Interrogatories by stating "[w]e are currently gathering information to document Plaintiff's damages to the extent that they can be calculated. We will provide them when this process is finished." **Ex. C, at 2.**

In a Discovery Deficiency Letter to Plaintiff on September 25, 2024, counsel for the Centurion Defendants outlined the repeated requests for Plaintiff to provide a computation of damages and the documents describing and supporting the same. **Ex. D.** The Centurion Defendants once again requested "a fulsome response without further stalling and delay." *Id.* **at 1.**

4

The Centurion Defendants and Plaintiff had a meet and confer on October 16, 2024. The Centurion Defendants once again requested a computation of damages and the records describing and supporting the same. Plaintiff's counsel said the information would be forthcoming but could not state when it would be provided. On October 17, 2024, Plaintiff's counsel emailed stating that there is "no Medicare lien," but still provided no computation of damages or records supporting any economic damages.[1]

In light of the events above, the Centurion Defendants filed a Motion to Compel (ECF No. 145) on October 18, 2024. This Court entered an order on October 28, 2024 (ECF No. 147), denying the Motion to Compel, without prejudice, and stated, "further conferral will be fruitful and may resolve any outstanding issues." *Id*. at 4. Moreover, the Court noted "[i]f the parties cannot resolve the disputes or, at the very least, narrow the issues, they may refile their motions." *Id.*

After the motion to compel was filed, Mr. Williams provided some provider account records for services through January 2024, but the documents were without any context or explanation as to what Mr. Williams was claiming as damages. Mr. Williams did not provide a computation of damages or supplement his interrogatory responses.

Then, on November 18, 2024, Mr. Williams served Third Amended Rule 26(a)(1) disclosures. **Ex. E.** In the amended disclosures, Mr. Williams claimed

---

[1] On October 18, 2024, Plaintiff's counsel sent a copy of a fax indicating that Medicaid has not received "payments related to" a June 1, 2021 incident. That date precedes Plaintiff's transfer to Suwannee CI in November 2021, so the fax does not appear to be relevant to Plaintiff's damages.

$411,865.64 in medical expenses "based on records we have access to." *Id.* at 7. There is no computation for how Mr. Williams arrived at the amount, nor are there any records identified that support the figure. *Id.*

As its final attempt to get a computation of damages and supporting records, the Centurion Defendants served their Renewed Third Set of Interrogatories on December 16, 2024, requesting only:

> **Interrogatory 1**: Provide an itemized computation of any damages claimed by You in this action, which shows how You calculated any claimed damages (whether those claimed damages be economic, non-economic, punitive, or other).
>
> **Interrogatory 2**: Identify and state the nature and amount of any existing or anticipated medical liens (including Medicaid or Medicare liens) on any past, present, or future payments from any source relating to any claims, medical expenses and/or damages that may relate to Your claims in this action.

**Comp. Ex. F.** On the same day, the Centurion Defendants served their Fourth Set of Requests for Production requesting documents and communications Plaintiff relied upon to answer the Renewed Interrogatories. Plaintiff's deadline to respond to the December 16, 2024, discovery requests was January 15, 2025. Plaintiff failed to serve a response.

During a conferral on January 16, 2025, Plaintiff's counsel represented that he had miscalendared the deadline to respond and would be producing responses by 4 p.m. Shortly after 4 p.m., the Centurion Defendants received an email stating: "Ostensibly the liens are just over $10,000.00" **Comp. Ex. G**. The email then

6

contained a set of records—one purporting to show damages of $10,381.22 while another document purported there were more than $411,000 in damages. *Id.* There were no discovery responses provided, nor were there sworn interrogatory responses providing a computation of damages. The Centurion Defendants' counsel emailed and called Plaintiff's counsel after receiving the response but was told Mr. Cook was unavailable to speak.

Given Plaintiff's failure to provide a computation of damages, the Centurion Defendants are filing their Renewed Motion to ascertain Plaintiff's damages.

## ARGUMENT

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Leveille v. Upchurch*, No. 3:19-CV-908-BJD-MCR, 2021 WL 1530730, at *3 (M.D. Fla. Apr. 19, 2021).

When a party "fails to produce documents," the requesting party can move for an order compelling the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). "A district court also has broad authority under Rule 37 to control discovery…." *Steiner-Out v. Lone Palm Golf Club, LLC*, No. 8:10-CV-2248-T-24TBM, 2011 WL 2694559, at *1 (M.D. Fla. June 24, 2011), *report and recommendation adopted,* No. 8:10-CV-2248-T-24, 2011 WL 2694291 (M.D. Fla. July 12, 2011).

At bottom, Plaintiff failed to meet his discovery obligations and such failure requires judicial intervention. Under the Federal Rules, Plaintiff is required to provide

a computation of each category of damages claimed,[2] including documents or other evidential material on which each computation is based and materials bearing on the nature and extend of injuries suffered. Fed. R. Civ. P 26(a)(1)(A)(iii); *see also Palatka Church of God v. Ohio Sec. Ins. Co.*, No. 3:23-CV-726-MMH-MCR, 2023 WL 11095311, at *2 (M.D. Fla. Nov. 3, 2023) (finding an omitted damage calculation from plaintiff's disclosures was improper under the Federal Rules). To date, Plaintiff has failed to provide a computation of damages, and has provided conflicting information about the total damages he is seeking. Specifically, it is unclear whether Plaintiff is claiming to have roughly $10,000 in damages (Comp. Ex. G) or more than $400,000 in damages (Ex. E) or explain how he calculated either amount.[3]

Irrespective of the Centurion Defendants' repeated request of Plaintiff to provide a computation of damages, Plaintiff's failure to disclose is both a violation of the Federal Rules of Civil Procedure and the law. Fed. R. Civ. P 26(a)(1)(A)(iii); *Oliver v. City of Orlando*, No. 606CV-1671-ORL-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007) ("[i]t is not Defendant's task to calculate Plaintiff's damages for her, nor

---

[2] The Centurion Defendants recognize that certain categories of Plaintiff's *non-economic* damages are not required to be computed under Rule 26(a)(1)(A)(iii) *so long as* Plaintiff does not intend to ask the jury for a specific dollar amount for those categories of damages. *See Hajdasz v. Magic Burgers, LLC*, No. 6:18-CV-1755-ORL-22KRS, 2018 WL 7436133, at *7 (M.D. Fla. Dec. 10, 2018). That said, Plaintiff cannot avoid his obligation of producing records under Rule 34 relevant to his claim for non-economic damages or his obligation under Rule 33 to describe his non-economic damages. *See e.g. Campion v. Farmers Ins. Exch., Inc.*, No. 2:22-CV-12075, 2023 WL 5095690, at *2–3 (E.D. Mich. Aug. 9, 2023) (compelling the plaintiff to describe his emotional distress damages and provide records).

[3] For the sake of completeness, the Centurion Defendants also deposed Plaintiff to try to determine his damages on November 13, 2024. Plaintiff's counsel objected when the Centurion Defendants' counsel asked Mr. Williams about his damages, and Mr. Williams testified that he was unsure about his damages. Instead, he was relying on his counsel and others to gather that information. So the Centurion Defendants have been unable to get information about Plaintiff's damages from other sources.

must Defendant be left to guess as to the elements of Plaintiff's claimed damages."). Plaintiff has an obligation to provide the Centurion Defendants with a reasonable calculation of his alleged damages. *See id; Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at *3 (S.D. Fla. Feb. 28, 2008). Plaintiff has fallen short of his obligation, despite numerous document requests and interrogatories propounded by the Centurion Defendants.

Moreover, the evolving nature of Plaintiff's injuries and the amassing of medical costs over time does not absolve Plaintiff of his obligation to provide a computation of damages. Rather, Plaintiff has a duty to provide an initial disclosure of damages ***and*** supplement said disclosures under the Federal Rules in addition to providing fulsome responses to written discovery requests. *Hopper v. Mitsukoshi USA, Inc.*, No. 6:05-CV-1176-ORL-22DAB, 2006 WL 8439378, at *4 (M.D. Fla. Mar. 24, 2006). Simply put, Plaintiff cannot hide behind the patina of accumulating medical costs as an excuse for failing to make required discovery disclosures.

Given Plaintiff's continued refusal to cooperate, this Court has the broad authority, under Rule 37, to compel Plaintiff to provide a computation of damages and the records describing and supporting the same to ensure a fair adjudication of the issues. *Loc. Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2017 WL 784828, at *4 (M.D. Fla. Mar. 1, 2017) (finding defendant was "immensely prejudiced" by plaintiff's "failure to provide an initial damages disclosure, coupled with an eleventh-hour production."). Any further delay, while already prejudicial to the Centurion Defendants, will severely hamper the Centurion Defendants' ability to

9

analyze the merits of a vital piece of Plaintiff's action. Accordingly, this Court should compel Plaintiff to provide the Centurion Defendants with (1) a computation of his alleged damages; and (2) the records describing and supporting the same.

WHEREFORE, Defendants respectfully request the Court (1) grant this motion, (2) compel Plaintiff to produce a computation of damages and the documents describing and supporting the same; and (3) find that the Centurion Defendants are entitled to recover their reasonably incurred attorneys' fees associated with compelling the records, and any other sanctions the Court deems appropriate.

### FED. R. CIV. P. 37(d) CERTIFICATION

Counsel for the Centurion Defendants certifies that he conferred with counsel for Plaintiff in an effort to obtain records responsive to their discovery requests and a computation of damages without court action. While Plaintiff's counsel stated they have agreed to provide the requested information, Plaintiff has not provided a computation of damages and has provided conflicting documentation that fails to apprise the Centurion Defendants of what damages Plaintiff is claiming.

### LOCAL RULE 3.01(G) CERTIFICATION

Counsel for the Centurion Defendants states that they conferred with counsel for Plaintiff regarding the relief sought in this motion via email on September 25, 2024, and via videoconference on October 16, 2024, and, again, on January 16, 2025. Plaintiff's counsel indicated they would produce records and a computation of damages by 4 p.m. on January 16, 2025. No such records or computation was received as of the filing of this Motion. Counsel for the Centurion Defendants then emailed and

called Plaintiff's counsel after 4 p.m. on January 16, 2025, but was told Plaintiff's counsel was unavailable. Given the prior conferral—and the inability to confer following receipt of the deficient response—the Centurion Defendants understand that Plaintiff opposes the relief sought in this motion.

/s/ Jacob B. Hanson
Jacob B. Hanson (FBN 429643)
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email: jhanson@bradley.com
Secondary Email: tabennett@bradley.com

Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email: bwahl@bradley.com
Secondary Email: tramsay@bradley.com

*Counsel for Defendants Centurion of Florida, LLC; Jason Howell; Alexis Figueroa; and Tony Abbott*