# EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS,<br><br>     Plaintiff,<br><br>vs.<br><br>RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOT, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,<br><br>     Defendants. | Case No.: 3:22-cv-01221-MMH-MCR |

**THE CENTURION DEFENDANTS'
FOURTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Centurion of Florida, LLC; Alexis Figueroa, M.D.; Tony Abbott; and Jason Howell (collectively, the "Centurion Defendants") serve their Fourth Set of Requests for Production to Plaintiff. Responses are to be served within 30 days from the date of service hereof.

**DEFINITIONS**

1.    The words "Plaintiff," "You," "Your," and variants thereof mean Plaintiff Elmer Williams.

2.    The "Complaint" shall refer to the current operative pleading in this action.

3.    "FDC" shall refer to the Florida Department of Corrections.

1

4. The terms "concerning," "relating to," or "relate to" shall mean to make a statement about, discuss, describe, disclose, confirm, support, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain (in whole or in part) to the subject.

5. The words "and" as well as "or" shall be construed both disjunctively and conjunctively; the word "all" means "any and all"; the word "any" means "any and all"; the word "each" means "each and every"; the word "every" means "each and every.

6. The term "document" is defined to include, but is not limited to, any papers, writings, drafts, notes, letters, diaries, agreements, contracts, calendars, memoranda, reports, drawings, plans, blueprints, notation books, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to internet, extranet and intranet, and any attachments to such electronic communications and any other data, compilations or written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including, but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes or other forms of memory, as well as back-up and deleted files of any computer, computer storage device or media, whether located on or off site, from which the information can be obtained, as well as any draft, nonidentical copy, and/or translation of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

7. The term "communication" or "communications" means any transmission of any data, document, or information by whatever medium, and includes, but is not limited to, physical correspondence and email, recorded voicemail messages, exchanged handwritten notes or images, instant messages, text messages, transmitted files, and all other means and manner of transmission of data or information.

8. "Including" shall mean including but not limited to.

## INSTRUCTIONS

1. You shall identify and produce all documents that can be located or discovered through diligent effort by You, Your employees, representatives, agents, attorneys, consultants or accountants. This instruction applies to all documents that are in the business or personal files of, or accessible to You or Your employees, or in the possession of, or accessible to Your representatives, agents,

    attorneys, consultants or accountants. Each document shall be produced in the form in which it is maintained in the normal course of Your activities.

2. If You object to the production of any document covered by any of these Requests, in the response to the specific request that encompasses the document, state the objection, the basis for the objection and whether or not the document is being withheld because of the objection. For each document being withheld for any reason, including a claim of privilege, state the following in the response to the request encompassing the document:

   a. the reason or reasons You are withholding the document, including any specific privilege You claim protects the document;
   b. the facts supporting the privilege or other reason or reasons for withholding the document;
   c. the date when the document was prepared or originated;
   d. the name(s) or the person(s) who wrote or prepared the document, along with information regarding their relationship to the person(s);
   e. the names of each person to whom the document was addressed or copied, as well as the names of each person who may have seen the document, along with information regarding Your relationship to each person;
   f. the subject matter of the document; and
   g. the name and address of each person who has personal knowledge of the subject matter of the document.

3. If You object or otherwise refuse to respond or produce documents in response to any portion of a document request, You shall provide all documents and information called for by that portion of the request for production that You do not object to and/or to which You do not refuse to respond as follows:

   a. If You object to a document request on the ground that it is too broad (i.e. if You believe it calls for information outside the scope of permissible discovery as defined by Rules 26 and 34 of the Federal Rules of Civil Procedure), You shall produce documents and things in response to that Request by producing all documents and things that are within the permissible scope of discovery and identify all categories of documents being withheld;
   b. If You object to a document request on the ground that to produce documents and things would constitute an undue burden, then You shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;
   c. If You object to any portion of a document request on the ground that it is vague or indefinite, then You shall set forth Your understanding of the

3

        allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

4. Please produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

5. Unless another time period is specified, this request for production is addressed to the time period from January 1, 2019, to the present, inclusive of records that were effective during that time period even if they were generated before it.

6. These Requests are continuing in nature, and must be supplemented to the extent that, subsequent to responding to these Requests, You obtain additional information that renders any of Your initial responses inaccurate or incomplete.

## REQUESTS FOR PRODUCTION

1. Produce all documents and communications that You utilized, referenced, or otherwise relied upon to answer Interrogatory No. 1 from the Centurion Defendants' Renewed Third Set of Interrogatories.

2. Produce all documents and communications relating to any existing or anticipated medical liens that You identified in response to Interrogatory No. 2 from the Centurion Defendants' Renewed Third Set of Interrogatories.

Respectfully Submitted,

/s/ Brian A. Wahl
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email:     bwahl@bradley.com
Secondary Email:  tramsay@bradley.com

Jacob B. Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, FL 33602
Tel: (813) 559-5500
Primary Email:     jhanson@bradley.com
Secondary Email:  tabennett@bradley.com

***Counsel for Defendants Centurion of Florida, LLC; Alexis Figueroa; Tony Abbott; and Jason Howell***

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 16, 2024, I served the foregoing via e-mail to all counsel of record.

                                */s/ Brian A. Wahl*
                                ***Counsel for Defendants Centurion of Florida, LLC;***
                                ***Alexis Figueroa; Tony Abbott; and Jason Howell***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| ELMER WILLIAMS,<br><br>　　　Plaintiff,<br><br>vs.<br><br>RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOT, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,<br><br>　　　Defendants. | Case No.: 3:22-cv-01221-MMH-MCR |

## THE CENTURION DEFENDANTS' RENEWED
## THIRD SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Centurion of Florida, LLC; Alexis Figueroa, M.D.; Tony Abbott; and Jason Howell (collectively, the "Centurion Defendants") serve their Renewed Third Set of Interrogatories[1] on Plaintiff. Answers are to be verified under oath and served within 30 days from the date of service hereof.

---

[1] The Centurion Defendants previously served these interrogatories in their Third Set of Interrogatories to Plaintiff and request that Plaintiff supplement his responses to those interrogatories.

# DEFINITIONS

1. The words "Plaintiff," "You," "Your," and variants thereof mean Plaintiff Elmer Williams.

2. The word "Centurion Defendants" means Centurion of Florida, LLC; Alexis Figueroa, M.D.; Tony Abbott; and Jason Howell.

3. The "Complaint" shall refer to the current operative pleading in this action.

4. "FDC" shall refer to the Florida Department of Corrections.

5. "Identify" or "identification," "describe," or "description":
   a. when used in reference to an individual means to state his/her full name, present or last known address, and occupation, if any;

   b. when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies), means to state its official name and address;

   c. when used in reference to a document, means to state the type of document (for example, affidavits, charges of discrimination, reports, synopses of interviews, internal memoranda, letters, memoranda, tape recordings, or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished;

   d. when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct ("act"), means set forth the event or events constituting such an act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

6. "Documents" shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and means, without limitation: any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings. Without limiting the generality of the foregoing, "documents" includes, but is not limited to: correspondence, memoranda,

    notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, ledgers, work sheets, spreadsheets, cancelled checks, bank statements, proofs, prescriptions, labels, sheets, punch cards, print-out sheets, appointment books, registers, charts, tables, papers, financial statements, purchase orders, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice mail" or "text messages," questionnaires, surveys, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing, word processing, or other computer equipment, all other data compilations from which information can be obtained (by translation, if necessary, through detection devices into useable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions, of any of the foregoing.

7. "Communication" and "communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between one or more persons or entities, including, but not limited to, writings, documents, interoffice and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by facsimile, by computer, or otherwise.

8. "Relate to," "related to," or "relating to" when used in reference to a stated subject means all of the following:

    a. containing, comprising, constituting, stating, setting forth, reporting, including, negating, or manifesting in any way, whether in whole or in part, that subject; and

    b. describing, mentioning, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, whether in whole or in part, that subject.

9. "Person" shall refer to a natural person, a corporation, a partnership, a limited liability company, a non-profit organization, a governmental agency, and/or any other form of business entity.

10. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all responses which might otherwise be construed to be outside their scope.

11. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." Similarly, "any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

## INSTRUCTIONS

1. All relevant portions of Federal Rules of Civil Procedure 26, 33, and 37 are incorporated herein by reference.

2. Each interrogatory, and subparts thereof, shall be accorded a separate answer.

3. If You refuse to answer any Interrogatory in whole or in part, describe the basis of Your refusal to answer or respond, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of Your refusal. With respect to communications or statements, identify the communication or statement by providing (i) the date of the communications or statement; (ii) the names of the persons present for the communication or statement; (iii) the subject matter of the communication or statement; and (iv) the basis on which the privilege or protection is claimed. With respect to documents, identify the document by providing (i) the date of the document; (ii) the name and job title of each person who wrote, drafted, or assisted in the preparation of the document; (iii) the name and job title of each person who received or has custody of the document (or copies thereof); (iv) the name and job title of each person who has reviewed or had access to the document (or copies thereof), and each person who has been informed of all or part of the contents of the document; (v) the nature and subject matter of the document; and (vi) the basis on which the privilege or protection is claimed.

4. Whenever in these interrogatories there is a request to "identify" a person, state the person's full name, his or her present or last known residential address and telephone number; his or her present or last known business address and telephone number; and his or her present or last known business title or position.

5. If You object to a portion of any interrogatory, You are instructed to answer the remainder.

6. Any answers to these interrogatories which are later found to be incorrect or incomplete based on the information known as of the time of serving the answers shall be corrected or completed by means of supplementary responses.

## **INTERROGATORIES**

1. Provide an itemized computation of any damages claimed by You in this action, which shows how You calculated any claimed damages (whether those claimed damages be economic, non-economic, punitive, or other).

**ANSWER:**

2. Identify and state the nature and amount of any existing or anticipated medical liens (including Medicaid or Medicare liens) on any past, present, or future payments from any source relating to any claims, medical expenses and/or damages that may relate to Your claims in this action.

**ANSWER:**

## **VERIFICATION**

      I have read the foregoing Answers to the Centurion Defendants' Third Set of Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

                                                                                           Elmer Williams

STATE OF FLORIDA

COUNTY OF _____

      The foregoing instrument was acknowledged before me this _____ day of _____, 202\_\_\_, by _____, who is personally known to me or _____who has produced identification:_____and who did take an oath.

                                                                                       NOTARY PUBLIC

                                                             My Commission Expires:_____

Respectfully Submitted,

*/s/ Brian A. Wahl*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email:     bwahl@bradley.com
Secondary Email:  tramsay@bradley.com

Jacob B. Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, FL 33602
Tel: (813) 559-5500
Primary Email:     jhanson@bradley.com
Secondary Email:  tabennett@bradley.com

***Counsel for Defendants Centurion of Florida, LLC;***
***Alexis Figueroa; Tony Abbott; and Jason Howell***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2024, I served the foregoing via e-mail to all counsel of record.

*/s/ Brian A. Wahl*
***Counsel for Defendants Centurion of Florida, LLC;***
***Alexis Figueroa; Tony Abbott; and Jason Howell***