UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY D. DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**Plaintiff's Opposed Motion to Compel Defendant**
**Ricky D. Dixon to Produce Documents**

Pursuant to Rule 37, Plaintiff Elmer Williams moves to compel Defendant Ricky D. Dixon, as Secretary of the Florida Department of Corrections ("Dixon" or "FDC") to produce documents responsive to Plaintiff's Third Request for Production, which contains two requests: one for all nonprivileged communications concerning Plaintiff using three search terms (two permutations of Plaintiff's name and his DC number); and the second for a log of emails, which FDC has provided to Plaintiff's counsel in other cases. FDC has objected to both requests. [*See,* ECF No. 143-1].

Previously, Plaintiff moved to compel these records, which the Court denied on January 8, 2025, fewer than two weeks before close of discovery. [ECF

No. 154]. In that Order the Court "encourage[d] Plaintiff to identify additional terms related to his claims that may narrow the result." [*Id.* at 3]. On January 13, 2025, Plaintiff provided narrowed records custodians to assist FDC in complying with the requests. [*See* ECF No. 156-1]. On that same day, Plaintiff filed a motion to extend the discovery deadline as to FDC to obtain withheld documents. [ECF No. 156]. FDC initially noted that it opposed the motion, but has since withdrawn that opposition dependent on whether the process is "manageable" in his view to turn over the records. [ECF No. 159]. Because the records Plaintiff seeks—essentially emails FDC possesses about him—which Centurion has turned over (thousands of pages) but FDC somehow cannot, Plaintiff seeks an order compelling it to do so. (These requests and responses are in the Court record as ECF No. 143-1.) Because the Court may deny the pending motion to extend the discovery deadline as to FDC, and because the parties may not resolve all the issues within that timeframe, Plaintiff requires an order compelling FDC to turn over responsive records concerning him, as narrowed this week. It is not unduly burdensome to turn over records that FDC admits only takes a short period of time to query.

## Memorandum of Law

Courts are imbued with "broad discretion" under Rule 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And "[t]he Federal Rules of Civil Procedures strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). "[A] motion to compel discovery is committed to the discretion of the trial court[.]" *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Under the Federal Rules of Civil Procedure, a party may serve on any other party a request to produce and permit the requesting party to inspect, copy, test, or sample "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). A party resisting discovery has the burden to show that the requested discovery is not relevant to the issues or is otherwise objectionable. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

For the reasons articulated in Plaintiff's earlier motion [ECF No. 143], and given Plaintiff's efforts to narrow the scope of discovery as "encourage[d]" by the Court, FDC's failure to produce responsive records will prevent Plaintiff from fully advancing his case. Again, these are emails about Plaintiff that FDC generated and maintains about him and his treatment, care, and condition during the period relevant to the claims in this case. Those records certainly can and will bear on Plaintiff's claims. FDC admits it possesses records but believes it is burdensome for *its lawyers* to review them. As Plaintiff explained in his earlier motion, it is a quick process for FDC to cull the records (and it apparently has already done so). The Court should not reward FDC for failing to engage in discovery to the detriment of Plaintiff. For this reason, the Court should compel FDC to turn over responsive records.

## Conclusion

For all these reasons, Plaintiff respectfully requests that the Court: (1) grant this motion; and (2) require FDC to produce all documents responsive to Request No. 1 in Plaintiff's Third Request for Production by January 31, 2025 with rolling production until such date.

**Local Rule 3.01(g) Certificate**

I hereby certify that on January 16, 2025, the undersigned counsel conferred on these issues with Dixon's counsel (in addition to conferring on narrowing terms and production on January 13, 2025). Dixon's counsel stated on this date that Dixon is reviewing the narrowing terms to determine whether it will provide records, depending on how "manageable" it is to produce the records.

Dated: January 16, 2025.

        Respectfully submitted,

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        SLATER LEGAL PLLC
        2296 Henderson Mill Rd NE #116
        Atlanta, Georgia 30345
        james@slater.legal
        Tel. (404) 458-7283

        LAW OFFICE OF JAMES COOK
        James V. Cook (FBN 966843)
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        cookjv@gmail.com
        Tel. (850) 222-8080

        *Attorneys for Plaintiff Elmer Williams*