UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

      Plaintiff,

v.

RICKY D. DIXON, *et al.*,

      Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**Plaintiff's Response in Opposition to Centurion Defendants'**
**<u>Renewed Motion to Compel Regarding Computation of Damages</u>**

Plaintiff Elmer Williams responds to Centurion Defendants' renewed motion to compel [ECF No. 158] as follows.

<u>First</u>, as to damages for physical pain, emotional distress, and punitive damages, since Centurion's first discovery requests on October 6, 2023, Plaintiff has consistently responded to Centurion that these were damages not subject to exact calculation, even going as far to cite *Gray v. Fla. Dep't of Juvenile Justice*, 2007 WL 295514 (M.D. Fla. Jan. 30, 2007) (Richardson, Mag. J.) in his disclosures. [*See* ECF No. 158-5 at 8]. In *Gray*, this Court concluded that that emotional damages computations are not required under Rule 26(a)(1): "this Court agrees with the reasoning in *Perry* which suggests compensatory damages for emotional distress

may not be susceptible to computation and thus, it is within the juror's ability to determine a reasonable amount." *Id*. at \*2; *see also Akridge v. Sch. Bd. of Alachua Cnty.*, 2019 WL 13085000, at \*1 (N.D. Fla. Oct. 2, 2019) (recognizing a split in authority but agreeing with *Gray* for the same proposition). Here too, Plaintiff does not intend to ask the jury for a specific dollar amount for noneconomic and punitive damages.

Here, Centurion seeks to relitigate its prior discovery demands which it abandoned on November 18, 2024, complaining that Plaintiff has failed to describe his emotional distress damages and to provide records supporting his emotional distress. That is certainly not accurate. Plaintiff described his emotional distress poignantly in his first deposition and all the records in this case reflect his suffering, helplessness, humiliation, and outrage, over the years since his cancer was diagnosed. [*See, e.g.* ECF No. 114-2 at 70, 142–47]. Thus, the motion, to the extent it seeks an order compelling a computation of these types of damages, should be denied.

Second, as to economic damages, Plaintiff has endeavored to calculate them and has done so. As Plaintiff explained through the case, as to damages that would be subject to subrogation by Medicaid, he was seeking records and

would provide them as soon as they were available. [*See, e.g.*, ECF No. 158-1 at 5, Response to Interrogatory No. 4). He has now provided all the information at his disposal and a computation of damages, satisfying the requirements of Rule 26.

For example, on or about November 14, 2023, Plaintiff provided Centurion with nearly 12,000 pages of medical records from the Memorial Healthcare System where Plaintiff was being treated. *See* Declaration of James Cook ("Cook Decl.") ¶ 4. Further, on or about April 11, 2024, Plaintiff provided Centurion with a full release to obtain hospital records, including billing records, with the proviso that Centurion would provide Plaintiff with copies of such records as they were obtained. *See id.* ¶ 5. Plaintiff has not received any records from Centurion relating to these subpoenas to his providers. *See id.* ¶ 6.

Additionally, to provide full and complete information in support of his economic damages, Plaintiff retained Synergy to obtain billing records and make a determination as to any potential subrogation in the event of a recovery, as Medicaid, through Sunshine Health, is his payor. *See id.* ¶ 8. Since then, Plaintiff obtained a set of invoices directly from Memorial Hospital that totaled $411,865.64, which is why he calculated his economic damages as such earlier in the case. *See id.* ¶ 9. In January 2025, Synergy provided Plaintiff with a

calculation of medical bills submitted to Sunshine Health totaling $334,032.78. *See id.* ¶ 10. There is some overlap between the billing Plaintiff got directly from Memorial and the billing recorded by Sunshine Health. However, the Sunshine Health bills do not include billing prior to March 30, 2023, five months after Mr. Williams entered the hospital.  All this has been provided to Centurion as of January 16, 2025 and the parties conferred on this issue on January 28, 2025. *See id.* ¶¶ 11-12. As calculated by Sunshine health, the liens for its payments total only $10,381.22. *See id.* ¶ 13. However, Synergy has not been able to assure Plaintiff that the unpaid charges by Memorial Health could not be asserted as liens against Plaintiff's recovery in this case. *See id.* ¶ 15. Accordingly, Plaintiff has amended his Rule 26(a)(1) disclosures to state the $334,032.78 amount as the amount invoiced and $10,381.22 as the current amount paid. Plaintiff will not be able to further amend those figures now that discovery is closed, and therefore will rely on them at trial. Thus, it has satisfied the requirements of Rule 26(a)(1) and the motion should be denied as to economic damages.

## Conclusion

Centurion Defendants' renewed motion to compel should be denied.

Dated: January 30, 2025.

Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Elmer Williams*