UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                  Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, et al.,

    Defendants.

## ORDER

Plaintiff Elmer Williams, a former inmate of the Florida penal system, sues Defendants Ricky Dixon, Dr. Kalem Santiago, Sergeant Savonia Richardson-Graham, Centurion of Florida, LLC, Dr. Alexis Figueroa, Nurse Jason Howell, and Nurse Tony Abbott, for providing allegedly inadequate medical care. *See generally* Doc. 93. He requests compensatory and punitive damages. *See id.* at 38, 40, 44–45.

Before the Court are the Centurion Defendants'[1] Renewed Motion to Compel (Doc. 158), which Plaintiff opposes (Doc. 163), and Plaintiff's Motion to Compel Defendant Ricky Dixon to Produce Documents (Doc. 160), which

---

[1] Centurion of Florida, LLC, Dr. Alexis Figueroa, Nurse Jason Howell, and Nurse Tony Abbott.

Defendant Dixon opposes (Doc. 164). The Court will address each Motion in turn.

## **Centurion Defendants' Renewed Motion to Compel**

The Centurion Defendants move to compel Plaintiff to produce a computation of his damages and the records describing and supporting the same. Doc. 158 at 1. According to the Centurion Defendants, throughout multiple rounds of interrogatories and document requests, they have asked Plaintiff for an exact calculation of damages and relevant documentation, but to no avail. *See id.* at 2–7. The Centurion Defendants assert that Plaintiff has only recently provided "conflicting information about the total damages he is seeking." *Id.* at 8. Plaintiff initially claimed $411,865.64 in medical expenses and liens "just over" $10,000. *Id.* at 6. He also provided a set of records—"one purporting to show damages of $10,381.22 while another document purported there were more than $411,000 in damages." *Id.* at 7. Therefore, the Centurion Defendants contend that "it is unclear whether Plaintiff is claiming to have roughly $10,000 in damages . . . or more than $400,000 in damages . . . or explain how he calculated either amount." *Id.* at 8. The Centurion Defendants request attorneys' fees and sanctions. *Id.* at 10.

Plaintiff opposes the Motion, arguing that punitive damages and emotional damages are not subject to exact calculation. Doc. 163 at 1 (citing

*Gray v. Fla. Dep't of Juv. Just.*, No. 306-CV-990J-20MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007)). Second, as to economic damages, Plaintiff maintains that he has provided the Centurion Defendants with an adjusted computation of damages based on new billing records, as well as "nearly 12,000 pages of medical records from the Memorial Healthcare System where Plaintiff was being treated." *Id.* at 3.

The Court finds that because Plaintiff will not suggest a specific dollar amount to the jury for noneconomic and punitive damages, he is not required to provide an exact computation of those damages. *See Gray*, 2007 WL 295514, at *2; *Okereke v. Cmty. Hospice of Ne. FL, Inc.*, No. 3:15-CV-235-J-32MCR, 2015 WL 5601960, at *2 (M.D. Fla. Sept. 22, 2015). As to economic damages, Plaintiff has provided an updated computation, explaining: "Plaintiff's insurer, Sunshine Health, a Medicaid Contractor, has received $334,032.78 in bills from Plaintiff's providers who have accepted as payment a total of $10,381.22 from Sunshine Health which has a lien for that amount against Plaintiff as of January 2, 2025." Doc. 163-1 at 10–11. Plaintiff also produced an itemized bill for medical services, which Centurion attaches to its Motion, that totals $334,032.78 and reflects a paid amount of $10,381.22. *See* Doc. 158-7 at 4–18. Because Plaintiff has provided the requested discovery, the Motion is due to be denied.

3

Pursuant to Rule 37, Federal Rules of Civil Procedure (Rule(s)), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(A), (B). When such motion is denied, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the court should not order payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Upon review of the papers, the Court finds each party will be responsible for its own attorneys' fees and costs incurred with the Motion.

## **Plaintiff's Motion to Compel Defendant Ricky Dixon to Produce Documents**

Plaintiff again moves to compel Defendant Dixon to produce documents responsive to Plaintiff's Third Request for Production which contains two requests: (1) all nonprivileged communications from the period of January 1, 2020, to present using certain search terms (Plaintiff's name and inmate number) and (2) a log of responsive emails.[2] Doc. 160 at 1. Defendant Dixon

---

[2] The Court previously denied Plaintiff's initial Motion to Compel Defendant Dixon to Produce Documents, noting that the search terms (Plaintiff's name and inmate number) were overly broad and encouraging the parties to compromise on additional search terms. *See* Order (Doc. 154).

4

opposes the Motion, explaining that he has worked with opposing counsel to modify the list of search terms. Doc. 164 at 1. According to Defendant Dixon, he produced an initial batch of emails to Plaintiff on January 16, 2025, the day that Plaintiff filed the Motion, and will continue "to produce batches of the requested emails on a rolling basis as the review is completed and offers an estimated time of completion to be approximately within the next two weeks." *Id.* at 2. As to Plaintiff' request for a log of responsive emails, Defendant Dixon maintains such a log would have to be generated. *Id.*

To the extent Plaintiff asks the Court to compel Defendant Dixon to produce responsive emails, the Motion is denied. Defendant Dixon has provided Plaintiff with an initial batch of emails. He maintains that he can provide Plaintiff with the remaining emails over the next two weeks. To accommodate disclosure, the Court will extend the discovery deadline accordingly.

The Motion is denied as to Plaintiff's request for a log of responsive emails because Rule 34 does not require a party to prepare documents or reports that do not already exist. *See Nazer v. Five Bucks Drinkery LLC*, No. 8:16-cv-2259-T-36JSS, 2018 WL 1583640, at *2 (M.D. Fla. Apr. 2, 2018) ("Rule 34 limits a request for production of documents which are in the opposing party's possession, custody, or control and does not require a party to create

5

new documents for production.") (quotations and citations omitted); *Kaplan v. Kaplan*, No. 2:10-cv-237-CEH-SPC, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010) ("[T]he Plaintiff is actually compelling the Defendant to create a document, essentially a list, of names and addresses. A party, however, is not required to create new documents for their production.").

Accordingly, it is **ORDERED**:

1. Centurion Defendants' Renewed Motion to Compel (Doc. 158) and Plaintiff's Motion to Compel Defendant Ricky Dixon to Produce Documents (Doc. 160) are **DENIED**.

2. The Court will extend the discovery deadline to **February 14, 2025**, only as to Defendant Dixon's production of responsive emails.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of February, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-9 2/5
c:  Counsel of record

6