UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    Plaintiff,

v.                          Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et. al.,**

    Defendants.

_____/

**MOTION FOR RECONSIDERATION OF
JOINT MOTION TO EXCUSE THE PARTIES FROM
PHYSICAL APPEARANCE AT SETTLEMENT CONFERENCE
AS TO DEFENDANT, RICKY D. DIXON**

Defendant, RICKY D. DIXON ("Defendant"), Secretary of the Florida Department of Corrections, by and through his undersigned counsel, hereby moves this Court for reconsideration of its Order [Doc. 161] dated January 21, 2025, denying the Parties Joint Motion to Excuse the Parties from Physical Appearance at Settlement Conference and for Designation of Attending Attorneys [Doc. 155] except as to Plaintiff, and requests permission not to attend or, in the alternative, to appear remotely, and states as follows:

    1.    Defendant, RICKY D. DIXON, Secretary of the Florida Department of Corrections, is not named in his individual capacity in the operative Complaint.

2. Defendant, RICKY D. DIXON, Secretary of the Florida Department of Corrections, has no decision-making authority in this case.

3. Defendant, RICKY D. DIXON, Secretary of the Florida Department of Corrections, has no settlement authority or authority to negotiate settlement for himself or any other Party. Rather, an attorney representing the Florida Department of Corrections and a Risk Management Program Administrator from the Florida Division of Risk Management will be physically present with full settlement authority.

4. Defendant, RICKY D. DIXON, Secretary of the Florida Department of Corrections', presence in Tallahassee is required given that the Governor convened the Florida Legislature on January 27th, 2025.

5. Specifically, Defendant DIXON is set to appear before the Senate Appropriations on Criminal and Civil Justice Committee on the date of the settlement conference. Additionally, the Department has an execution scheduled for the following day which will require DIXON's attention in the lead up to completion.

6. The 11th Circuit has noted that the "compelled appearance of a high-ranking officer of the executive branch in a judicial proceeding implicates the separation of powers," can harm public perception of the agency, and takes valuable time away from other tasks. In re USA, 624 F.3d 1368, 1372 (11th Cir. 2010). If

Defendant RICKY D. DIXON, was required to attend every settlement conference in which the agency was implicated personally, "his time would be monopolized by preparing." In re U.S., 985 F.2d 510, 512 (11th Cir. 1993). The court applied this standard even when considering a much less demanding request, requiring a high-ranking officer to participate in a 30-minute telephone call. Id.

7. To compel the appearance of a high-ranking officer, there must be a finding of "extraordinary circumstances" or a "special need." In re USA, 624 F.3d at 1372. This high standard is not satisfied when a delegate or qualified representative is available to attend in their place. *See* In re U.S., 985 F.2d at 512. Department heads and similarly high-ranking officials should only be compelled to participate when their attendance is necessary, relevant, and unavailable from another. *See* Halderman v. Pennhurst State Sch. And Hosp., 559 F. Supp. 153, 157 (E.D. Pa. 1982). In fact, multiple circuits have allowed high-ranking officials in similar situations to petition for a writ of mandamus. *See* In re Cheney, 544 F.3d 311, 314 (D.C. Cir. 2008); In re SEC, 374 F.3d 184, 188 (2d Cir. 2004); In re United States, 197 F.3d 310, 314 (8th Cir. 1999); In re FDIC, 58 F.3d 1055, 1060 (5th Cir. 1995).

**8.** Defendant's personal and physical attendance is not necessary or relevant to the Settlement Conference. Defendant is not named personally in the case, and he does not have settlement authority to resolve the matter at issue.

Delegates with both the knowledge and authority to settle this case in a mutually agreeable manner are already prepared and will be attending. Thus, there is no special need or exigent circumstances to require Defendants personal attendance or participation. Doing so would only harm the agency and take away Defendant's valuable time for a matter for which his input or presence is not needed.

WHEREFORE, Defendants respectfully request the Court grant this Motion and not compel Defendant RICKY DIXON to appear or, in the alternative, allow Defendant, RICKY DIXON, to continue the Settlement Conference to be held on Wednesday, February 12, 2025, at 10:00 a.m. before the Honorable Monte C. Richardson.

Respectfully submitted,

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell
Florida Bar No. 0657379
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Phone: (850) 877-7776
Email: jami@jsh-pa.com
*Attorney for Defendants,*
*Ricky D. Dixon, Kalem Santiago, and*
*Savonia Richardson-Graham*

**CERTIFICATE OF SERVICE**

4

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on February 7, 2025.

<u>*/s/ Jami M. Kimbrell*</u>
Jami M. Kimbrell