UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY D. DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

**Plaintiff's Motion to Compel Defendant Ricky D. Dixon
to Produce Documents Without Redaction and Provide a Privilege Log**

Pursuant to Rule 37, Plaintiff Elmer Williams moves to compel Defendant Ricky D. Dixon, as Secretary of the Florida Department of Corrections ("Dixon" or "FDC") to reproduce documents without redaction and provide a privilege log, or in the alternative, to provide the Court with withheld records for in-camera review.

The Court recently denied Mr. Williams' motion to compel Dixon to produce documents [ECF No. 166 at 5] on the basis that Dixon was in the process of providing responsive documents. The Court also extended the discovery deadline as to Dixon's production of responsive documents through today. [*Id.* at 6].

Dixon has now produced six batches of emails. Those emails did not follow Plaintiff's search parameters (with the subject line mentioning Plaintiff or his DC number), providing additional emails and attachments that are difficult to understand how they pertain to this matter. Dixon produced emails in a "portfolio" format, requiring each document to be opened manually to review. Next, Dixon converted emails from native format to PDF, separating emails from their attachments, rendering it difficult to understand what attachments pertain to what emails.

When producing these emails, Dixon redacted them beyond the personal identifiers of prison guards, to redact the names of prisoners who may be witnesses to Mr. Williams' appearance, condition, or statements, such as those who were on call-outs with him or on the same bus:

> Subject:     RMC RUN ANNEX MONDAY 07-18-22
> Date:        Friday, July 15, 2022 9:38:08 AM
> Attachments: image001.png
>              RMC RUN ANNEX 07-18-22.docx
>
> See attached for AX RMC RUN 7-18-22
>
> **WILLIAMS** ▮▮▮▮▮ **HAVE WHEELCHAIRS**
>
> Chondra Washington
> Medical Records Clerk

Dixon also redacted words and sentences in conversations between prison staff regarding Mr. Williams' condition and his family's efforts to help him. Below are two examples of the same where Ms. Yates confers with staff at Centurion, Dixon's contracted medical provider. (Ms. Yates was previously a defendant in this case who

2

informed staff that Mr. Williams' condition was "not an emergency.")

> From: mmorgan2@TeamCenturion.com
> To: Yates, Rebecca
> Cc: mmorgan2@TeamCenturion.com
> Subject: Re: Elmer Williams #086916
> Date: Friday, January 6, 2023 11:07:58 AM
>
> i tried to find it yesterday and i am sorry for the delayed response ▮

> From: Yates, Rebecca
> To: mmorgan2@TeamCenturion.com
> Subject: RE: Elmer Williams #086916
> Date: Friday, January 6, 2023 11:21:19 AM
>
> ▮
>
> No worries, I had until next week to provide a lawyer with information, but I try to get unusual request completed as fast as I can so I can go back to my normal work.
>
> I hope you have a great day!
>
> Rebecca

These are just a few examples of the dozens of redactions in Dixon's production.[1]

Finally, Dixon has asserted that emails have been withheld on the basis of privilege. However, Dixon has not provided a privilege log for Mr. Williams to understand whether any of those assertions of privilege should be challenged. Conferring today, Dixon's counsel explained that counsel would endeavor to provide a privilege log, stating: "As for a privilege log, we will get one drafted

---

[1] In conferring with Dixon's counsel today, counsel explained that the redactions in these two emails are personal information and inmate information protected for PHI reasons. But of course, these are emails where Mr. Williams is in the subject line and without knowing more, Mr. Williams cannot address these redactions and others in the batches provided over the last two weeks. Moreover, with a protective order in place, there is no reason why these emails cannot be provided without redaction subject to the protective order.

and sent over, hopefully by the end of today. If after your review, you feel that any of the identified emails should be subject to an in-camera review by the magistrate, we will not object to your request on timeliness grounds so that if you have to file it next week, it would be fine." But, because discovery ends today as to Dixon's production, Mr. Williams proposes that the Court enlarge the discovery period as to this issue and/or require Dixon to provide those withheld emails to the Court for an in-camera review, as Mr. Williams will not be able to obtain relief from the Court next week if the discovery deadline lapses.

## Memorandum of Law

Courts are imbued with "broad discretion" under Rule 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And "[t]he Federal Rules of Civil Procedures strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). "[A] motion to compel discovery is committed to the discretion of the trial court[.]" *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

4

Under the Federal Rules of Civil Procedure, a party may serve on any other party a request to produce and permit the requesting party to inspect, copy, test, or sample "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). A party resisting discovery has the burden to show that the requested discovery is not relevant to the issues or is otherwise objectionable. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01- 0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

As for documents produced with redactions, courts have found redactions appropriate in instances where "the information was irrelevant" to the lawsuit. *Hepp. v. Paul Revere Life Ins. Co.*, 2015 WL 12830472, at *1 (M.D. Fla. Aug. 20, 2015). Here, however, the redactions cloud the identities of witnesses and information relayed in communications about Mr. Williams. While some of the information may turn out to be irrelevant—Mr. Williams simply cannot definitively know at this stage—the information about witnesses is certainly relevant and the context of the redactions in emails entirely about Mr. Williams would lead a reasonable person to the conclusion that the redactions are obscuring information that is likely relevant.  Accordingly, the Court should require Dixon to produce these records without redaction.

Next, as to records withheld on the basis of privilege, the party asserting the privilege has the burden of proving the existence of the privilege. *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). Chapter VI(A)(1) of the Middle District's Discovery Handbook, in accordance with Rule 26(b)(5), requires a party who withholds information to "assert the claim expressly" and to "describe the nature of the documents, communications, and things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection." Dixon has stated that records were withheld on the basis of privilege, but he has not provided any information to help Mr. Williams understand whether those documents are properly withheld. Accordingly, the Court should require Dixon to provide a detailed privilege log, or, because discovery closes today, to provide those withheld records for in-camera review for the Court's assessment as to whether the privilege was properly invoked.

### Request for Fees and Costs

Where a party makes improper redactions and the Court orders it to produce an unredacted version of the document, "[a]n award of reasonable attorney's fees and costs is mandatory under Rule 37(a)(5) […] unless the court finds the motion was filed before the movant attempted in good faith to obtain the disclosure or discovery

6

without court action; the nondisclosure response, or objection was substantially justified; or other circumstances would make an award of expenses unjust." *Terraform Labs Pte. Ltd. v. Citadel Sec., LLC*, 2024 WL 2797383, at *4 (S.D. Fla. Jan. 30, 2024).

Here, Mr. Williams has been concerned about redaction since he issued his requests to Dixon. In November, for example, when Mr. Williams moved to compel Dixon to produce records, he challenged Dixon's basis to resist discovery—that his counsel did not have the resources to review and redact records. [ECF No. 150 (citing ECF No. 143-1)]. There, Mr. Williams explained that he did not want redactions except for certain personal identifiers that were not relevant to the litigation. Mr. Williams explained that Dixon had overredacted records in another case, *see* [ECF No. 150 at 4 n. 2], and that the parties' confidentiality order obviated the need to redact any nonsensitive information. [*Id.* at 5]. Even so, months later when the records were finally produced, they were riddled with redactions.

Mr. Williams has been asking Dixon for months to provide clear records that did not obfuscate the facts or witness identities, and yet these records do just that. With a protective order in place, there is no justification for the redactions, and therefore the Court should award Mr. Williams his reasonable fees and costs in connection with this motion.

7

## Conclusion

For all these reasons, Plaintiff respectfully requests that the Court: (1) grant this motion; (2) require Dixon to reproduce all records without redaction except as to personal identifiers (such as birth dates, Social Security numbers, etc.); (3) provide a privilege log or, in the alternative, provide all withheld records to the Court for in-camera review; and (4) award reasonable fees and costs incurred in bringing this motion.

## Local Rule 3.01(g) Certification

I hereby certify that on February 12, 2025, the undersigned met and conferred with Dixon's counsel on these issues in person after the settlement conference. The parties further conferred by email on February 13 and 14, 2025.

On February 13, 2025, Mr. Williams provided a Dropbox folder to Dixon's counsel with the specific emails that have been redacted and to which Mr. Williams seeks reproduction. Dixon's counsel explained that Dixon would work with Mr. Williams in an effort to resolve the redactions and that they would endeavor to provide a privilege log today.

Respectfully submitted on 2/14/25, /s/ *James V. Cook*
James V. Cook (FBN 966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, GA 30345
james@slater.legal
Tel. (305)-523-9023

*Attorneys for Plaintiff Elmer Williams*