UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

   **Plaintiff,**

v.                                  Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et. al.,**

   **Defendants.**
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT DIXON TO PRODUCE DOCUMENTS WITHOUT REDACTION AND PROVIDE A PRIVILEGE LOG

Defendant RICKY D. DIXON ("Dixon"), by and through undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby respond to Plaintiff's Motion to Compel Defendant Ricky D. Dixon to Produce Documents Without Redaction and Provide a Privilege Log [Doc. 174] and states the following in support thereof:

### I.   FACTUAL BACKGROUND

Plaintiff's Motion to Compel makes the below allegations and Dixon's rebuttal as to each point is as follows:

A. The emails Defendant produced did not follow Plaintiff's search parameters (with the subject line mentioning Plaintiff or his DC number). [Doc. 174, p.2].

1

    i.    It is unclear what Plaintiff's precise complaint is here, as opposing counsel provided a list of 38 individuals and/or email addresses in order to reduce the amount of responsive emails, which had previously been unduly burdensome due to the volume generated in response to Plaintiff's original request.

    ii.    That exact list of parameters provided by Plaintiff was sent to Department personnel to generate the new search, which resulted in a manageable amount of emails that undersigned counsel's office manually sorted and redacted before producing to Plaintiff in six individual batches.

    iii.    Additionally, that search list of 38 individuals and email addresses included 28 individuals or email addresses of Centurion personnel; given their recent settlement from this suit, those emails are arguably irrelevant whatsoever now.

B.  That Defendant provided "additional emails and attachments that are difficult to understand how they pertain to this matter." [Doc. 174, p.2].

    i.    Plaintiff provides no specific examples here, although it appears to directly contradict his prior complaints in that he argues Defendant has now given him *too many* emails. Plaintiff acknowledges it is "difficult to understand how they pertain to this matter," which has been the

       Defendant's position throughout this extensive production of emails due to Plaintiff's requests despite any specificity as to the alleged ADA/RA violations he claims to have experienced.

C. That the emails were produced in a "portfolio" format, requiring each document to be opened manually to review. Plaintiff further claims "Dixon converted emails from native format to pdf, separating emails from their attachments, rendering it difficult to understand what attachments pertain to what emails." [Doc. 174, p.2].

    i. The emails had to be converted to pdf in order to redact them and were manually reviewed for privileged information by undersigned counsel's office and produced to Plaintiff in a reasonable time frame. Any allegations here of 'difficulty' in viewing or understanding the materials are simply the difficulties inherent in the review of thousands of emails, which Plaintiff sought. Without clarification from Plaintiff, it is entirely unclear what solution he suggests.

D. Finally, Plaintiff provides few email examples to claim that material is improperly redacted. [Doc. 174, pp.2-3, footnote 1].

    i. Despite thousands of emails being exchanged, Plaintiff provides essentially two examples he has taken issue with despite his admission that, "In conferring with Dixon's counsel today, counsel explained that

3

    the redactions in these two emails are personal information and inmate information protected for PHI reasons. But of course, these are emails where Mr. Williams is in the subject line and without knowing more, Mr. Williams cannot address these redactions and others in the batches provided over the last two weeks." [Doc. 174, p.3, footnote 1].

 ii. Plaintiff's circular reasoning is self-defeating. Plaintiff claims the redactions are improper and without more information, he cannot address the redactions. This is illogical because he admits to have been given the precise information he is seeking when he was informed that the very redacted information he is concerned with involves protected health information of FDC staff or other inmates that are completely irrelevant to this lawsuit.

 iii. The first email which states, "WILLIAMS [REDACTED] HAVE WHEELCHAIRS" contains redacted information of another inmate because it is that inmate's personal health information. As has been repeatedly emphasized to Plaintiff, provision of wheelchairs is determined by a physician employed by Centurion and now that they have been dismissed from this lawsuit, it is increasingly irrelevant information being sought by Plaintiff that has no bearing to his alleged ADA/RA violations. Plaintiff has personal knowledge of everyone he

        claims to be a witness and does not require disclosure of other inmates' personal protected health information to articulate his claims.

    iv.    The other email example provided by Plaintiff involves Rebecca Yates, a dismissed Defendant who should have never been included in this lawsuit, and an individual from Centurion, who has been settled from this lawsuit. Those two emails involve redacted portions of personal health information of one of those individuals in the email and is therefore protected from disclosure.

E. Lastly, Plaintiff stated that Defendant had not provided a privilege log.

    i.    Defendant provided privilege logs to Plaintiff's Counsel on February 21, 2025. The privilege logs were separated to match the six batches of emails previously sent to Plaintiff's Counsel for ease of review. Provision of a privilege log is thus moot.

## MEMORANDUM OF LAW

### II.    ARGUMENT

**A. Plaintiff's requests for unredacted information are improper and Defendant is not required to produce such information.**

The Middle District has agreed that discovery requests involving the medical information of prisoners must be redacted to protect the confidentiality of the prisoners as well as not violate HIPAA protections. See *Christie v. Scott,* 2011 WL 13294586 (M.D. Fla. 2011). HIPAA generally provides for confidentiality of

5

medical records and governs the use and disclosure of protected health information by covered entities that have access to that information and that conduct certain electronic health care transactions. *Paris v. Herring*, 2019 WL 6340970 (M.D. Fla. 2019). *See also* 45 C.F.R. § 164.502. Courts have "accorded wide-ranging deference [to prison administrators] in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Lawson v. Singletary*, 85 F.3d 502 (11th Cir. 1996).

Plainly, the information that Plaintiff is seeking to have unredacted is confidential health information related to other prisoners and correctional officers, as well as the identifying information of corrections officers. Plaintiff contends that this redacted information is necessary to provide a witness to Plaintiff's medical care, however, (1) Centurion was responsible for Plaintiff's medical care and furnishment of wheelchair, and they have been dismissed from this suit, and (2) Plaintiff has personal knowledge of who would be a witness to Plaintiff's medical care without the violation of another inmate's HIPAA rights. Plaintiff further seeks personal health information of a third party in the email chain regarding which involves the personal health information of that party, not Plaintiff.

**B. Fees and Costs Should be Denied.**

Plaintiff relies on jurisprudence from the Southern District in *Terraform Labs Pte. Ltd. v. Citadel Sec., LLC*, 2024 WL 2797383 (S.D. Fla. 2024), and while the

6

standard expressed there from the Southern District is on point with regard to the redaction of discoverable information, Defendant's substantial justification in this instant case is equally valid. The Middle District further agrees with sentiment, holding that a party must provide substantial justification in order to defend against a claim for attorney's fees for compelling unredacted documents, which Defendant Dixon has done. See *Melendez v. Dixon*, 2022 WL 17738706 (M.D. Fla. Dec. 16, 2022). To contrast *Melendez* with our action, the information that the Department of Corrections sought to keep redacted was not PHI (personal health information) in *Melendez*, but rather basic correctional reports. *Id.* In our case, the redacted information Defendant seeks to keep confidential is actually personal protected health information. Aside from the two poor examples given by Plaintiff, which he has been given the answers as to why the redactions are present, he provides no further examples of alleged improper redactions.

In the lengthy discovery done in this case, Defendant has sent thousands of responsive emails to Plaintiff, much of which is highly irrelevant to the case. The two poor examples of alleged discovery deficiencies raised by Plaintiff plainly seek protected health information of a third party employee at FDC and personal health information of an unknown and unnamed inmate that is not relevant to this suit.

Wherefore, Defendant respectfully requests the Court deny Plaintiff's Motion to Compel Defendant Ricky D. Dixon to Produce Documents Without Redaction and Provide a Privilege Log.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
tom@jsh-pa.com
*Attorney for Defendants Dixon, Santiago, and Richardson-Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by e-filing on February 28, 2025.

*/s/ Thomas Buchan*
Thomas Buchan
