UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                            Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**

_____/

## DEFENDANT SANTIAGO'S VERIFIED RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Kalem Santiago, M.D., hereby responds to Plaintiff's First Set of Interrogatories, pursuant to Rule 33, Federal Rules of Civil Procedure, as follows:

1. Please state the name and title of each person who participated in responding to these Interrogatories and the Interrogatory number(s) they participated in responding to.

**Response:** Dr. Kalem Santiago, Chief Clinical Advisor, answered all interrogatories with assistance of counsel.

2. Please provide a brief summary of your education starting with high school (or GED), including the name of every educational institution, the city and state of the same, the beginning and ending month and year of attendance, and identify the course of study and any degrees awarded.

> **Response:** Colegio Sagrada Familia; Ponce, Puerto Rico; High School Diploma; August 1985 to May 1998.
> Pontifical Catholic University of Puerto Rico; Ponce, Puerto Rico; Bachelor's Degree in Biology; August 1998 to June 2002.
> San Juan Bautista School of Medicine; Caguas, Puerto Rico; Doctor in General Medicine; August 2002 to May 2006.

3. Please describe in detail your understanding of the Policies and procedures of FDC that you are required to follow regarding the evaluation of grievances, medical complaints, and the medical condition of inmates.

> **Response:** Objection as this interrogatory is vague and beyond the scope of the allegations in the Second Amended Complaint. This interrogatory also may ask for information outside the scope of Dr. Santiago's position. Without waiving this objection, Dr. Santiago identifies the following particular Department of Corrections policies and procedures with which she complies.
>
> - Health Services Bulletin 15.02.01. Health Care Inquiries, Complaints, and Informal Grievances.
> - Health Services Bulletin 15.03.25. Services for Inmates with Auditory, Mobility, or Vision Impairments and Disabilities.
> - Health Services Bulletin 15.03.25-02. Mobility Services.
> - FDC Procedure No. 403.013. Inmate Impairment and Disability Services.
> - Health Services Bulletin 15.01.06. Health Care Reception Process for New Commitment.
> - Health Services Bulletin 15.03.05. Chronic Illness Monitoring and Clinic Establishment Guidelines with appendices.
> - Health Services Bulletin 15.03.26. Infirmary Services.

2

- FDC Procedure No. 401.014. Health Services Intake and Reception Process.
- FDC Procedure No. 403.006 Sick-Call Process and Emergencies.

4. Please briefly describe your day-to-day role at FDC.

**Response:** I work in the Office of Health Services at Central Office in Tallahassee, Florida, Monday through Friday from 8:00 a.m. to 5:00 p.m. The overall duties of my position involve review of inmate medical records and care, whether it is a grievance appeal, complaint, or CMR (Conditional Medical Release) request. I also review policies and procedures as needed for annual review.

5. Please provide a brief summary of your work experience since high school (or GED), providing the name of each employer, the city and state of employment, your start and end dates (month and year), all job assignments, including secondary duties, ranks achieved, and a brief description of the tasks associated with each job.

**Response:** September 20, 2019, to present. Chief Clinical Advisor, Office of Health Service, FDC. Professional authority over the delivery of health care services to inmates within the FDC. Provide consultation to FDC staff and contractor leadership on clinical matters. Review of grievance appeals. Review recommendations for Conditional Medical Release. Review of Mortality Reports. Review and revision of FDC policies and procedures. Advise FDC leadership on emerging health care issues and trends. Act as FDC's clinical liaison to the Department of Health and other FDC partner agencies.

September 22, 2017, to September 19, 2019. Chief of Medical Services, Office of Health Service, FDC. Oversight of the medical services delivery to inmates within the custody of FDC. Oversight of areas of Quality Management, Utilization Management, Infection Control, and Mortality Review. Review medical care inquiries and complaints from inmates, their families, or friends to determine if the inmate patient is receiving adequate care. Review of contractor's draft corrective action plan (CAP), approval of

3

it, and monitor the CAP compliance. Coordinate a program of comprehensive medical services for inmates. Member of the Gender Dysphoria Review Team.

February 19, 2014, to September 21, 2017. Medical Director, Madison Correctional Institution. (FDC's Contractors: Corizon, Centurion). Primary care of a population of over one thousand inmates. Management, diagnosis, and treatment of acute and chronic medical conditions. Preventative care, education, and follow up of chronic medical conditions. Consults to specialists, referrals for diagnostic procedures and/or surgeries. Urgent care and minor surgery. Infirmary care for patients that required closer observation and supervised treatment.

January 2009 to February 2014. Physician, Centro San Cristobal Villalba (Emergency Care Clinic, Clinical Medical Laboratory, and Primary Care Clinic). Primary care of a large female and male population of all ages. Diagnosis, management, and treatment of acute and chronic medical conditions. Routine follow up for reevaluation of chronic medical conditions. Emergency, urgent care, and minor surgery. Referrals for diagnostics procedures and consults to specialist if a high level of care was deemed necessary.

6. Please identify all corrective actions against you, including counseling, by any law enforcement employer, including the date of the corrective action, the date of the incident on which it was based, the reason for the corrective action, the type of corrective action given, and whether you appealed the corrective action taken against you and the outcome of any such appeal.

**Response:** None.

7. Identify all prior investigations—including without limitation by the Department of Health—, arrests, detentions, criminal charges (including final disposition), of which you were the subject made by any law enforcement officer or

4

agency before the date of the incident that is the subject of plaintiff's complaint. Include the following:

    a. The dates of each arrest or investigation.

    b. The arresting agency and officer involved.

    c. The offense(s) investigated or charged.

    d. The final disposition of the investigation or charge(s).

    e. Any other result of the investigation, arrest or detention.

> **Response:** On one occasion an inmate wrote a complaint to the Department of Health. I responded to their inquiry and no action was taken against my license.

8. Have you have *[sic]* ever been a defendant in any other civil rights lawsuit and, if so, please identify the case by name, court, trial docket number, describe in detail the allegations against you and state the outcome of the case, including the terms of any settlement.

> **Response:** I have been named as a Defendant in prior lawsuits by inmates. I do not recall the specifics of those cases or how many times. My deposition was taken. I do not recall how the cases resolved.

9. Please identify your username or account name for all social media accounts, including without limitation, Twitter, Facebook, Truth Social, Reddit, Parler, Gab, YouTube, Telegram, Gettr, Instagram, and Rumble.

> **Response:** Objection, not reasonably calculated to lead to admissible evidence as it is entirely irrelevant to this lawsuit. Defendant has already answered her Request for Admissions indicating she has never posted

anything online about this lawsuit, relating to her work, or related to the prison system whatsoever.

10.   Please describe in detail your role as FDC Clinical Advisor, including any special training you had to receive, the kinds of issues you become involved in during the course of your work, the authority that you have to influence medical decisions, and any other authority such as to require training or re-training, and any mission you have to evaluate and critique the performance of the contracted medical provider or individual medical staff or to order corrective action.

> **Response:** Professional authority over the delivery of statewide health care services to inmates within the system of FDC. Provide consultation to Department staff and contractor leadership on clinical matters. Review of Mortality Reports. Review and revision of FDC policies and procedures. Advise FDC leadership on emerging health care issues and trends. Act as FDC's clinical liaison to the Department of Health and other FDC partner agencies.
>
> FDC's Mandatory In-Service Training consist of Advanced HIPPA, Americans with Disabilities Act, Critical Awareness, Email Etiquette, Emergency Topics, Entrance and Exit from Institutions, Health and Safety, Information Security Awareness, Legal and Ethical Topics, Prison Rape Elimination Act, Public Records, and Sexual Harassment.
>
> As a requirement for renewal of the ACN (Compensated) License, I must complete a total of 44 hours in Continuing Medical Education (CME), of which 38 are General Hours. The required CMEs are Medical Error, Domestic Violence, and Controlled Substance Prescribing Course.
>
> Within the issues I become involved during my course of work are the complaints about medical care provided to inmates. After I read the complaint, I review the medical record of the inmate to ensure that the care the patient is receiving at the time of my review is appropriate. I can make recommendations to the clinicians regarding the care provided to an inmate or have the Regional Medical Directors get involved to ensure the inmate is

receiving the care needed. A corrective action plan, which can consist of education or training, can be requested as needed.

11.   Please identify all nonprivileged conversations or communications you had, whether oral or in writing, by type, time, and person involved, concerning or related to the events alleged or identified in the Complaint.

**Response:** To the best of my knowledge, I sent or received emails on or about February 7, February 8, August 5, and October 25, 2022. I may have been copied on other emails between other individuals. These emails speak for themselves and are in the possession of FDC.

12.   Please identify all nonprivileged conversations or communications you had, whether oral or in writing, by type, time, and person involved, concerning or related to Plaintiff's medical care, including his access to incontinence supplies, and to the extent that the communications exist in documentary form (including emails), identify the custodians of those records.

**Response:** See response to No. 11.

13.   Please identify all software or systems you used to monitor Plaintiff's health condition and query or search issues relating to his health.

**Response:** I know it as the Electronic Medical Record.

14.   Please describe all decisions you made and advice you gave regarding Plaintiff's grievances, medical treatment, and any referrals to specialists. For all decisions and advice you identified, please state whether your decision and advice

was reversed, changed, or overruled, and if so by whom and what the basis for such reversal, change, or determination.

> **Response:** This information is contained in the emails identified in response to interrogatory No. 11.

15. Identify all documents you reviewed or relied on in assessing the adequacy of Plaintiff's medical care after January 1, 2022.

> **Response:** Plaintiff's medical records, relevant grievance appeals, and emails with the medical department.

16. Describe all conversations you had that you relied on in assessing Plaintiff's care after January 1, 2022.

> **Response:** I do not recall any verbal conversations regarding Plaintiff's care. To the best of my knowledge, all conversations regarding Plaintiff's care occurred over email. Those emails speak for themselves; see response to No. 11.

17. To the extent that you were unclear about the life-threatening nature of Plaintiff's medical condition, please describe all your efforts to seek information or clarification from persons with more specific information or medical expertise and identify the persons you conferred with and the substance of the information you were given.

> **Response:** See responses to Nos. 11 and 14.

18. Identify all persons with whom you communicated concerning Plaintiff, and for each such person, identify the subject matter of the conversation, the mode of communication, and for any communications by correspondence or

8

email, identify the custodian of those records, the date of the records, and the subject matter.

>**Response:** Individuals responsive to this have been identified in response to Nos. 11 and 12.



## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: __1 – 18__  *[signature]*

Print Name: __Kalem Santiago__

STATE OF FLORIDA, COUNTY OF: __LEON__

The foregoing was acknowledged before me this __20th__ day of __June__, __2023__, who is personally known to me __✓__ or has produced _____ as identification.

PATRICIA L. TURNAGE
Commission # HH 135317
Expires June 11, 2025
Bonded Thru Troy Fain Insurance 800-385-7019

*[signature]* Patricia Turnage
NOTARY PUBLIC

My Commission Expires: __6-11-25__

10

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, and Sgt. Savonia Richardson-Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties' counsel on June 20, 2023.

*/s/ Thomas Buchan*
Thomas Buchan