UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.   Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**
_____/

## DEFENDANT SANTIAGO'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant Kalem Santiago, M.D., hereby responds to the Plaintiff's First Request for Admissions, pursuant to Rule 36, Federal Rules of Civil Procedure, as follows:

1. Prior to July 29, 2022, you did not review any of Plaintiff's medical records.

**Response:** Denied.

1

2. Prior to July 29, 2022, you did not speak to anyone at the Facility regarding or concerning Plaintiff.

**Response:** Admitted.

3. FDC Policy does not require you to review medical records when providing advice on medical issues.

**Response:** Denied.

4. FDC Policy does not require you to speak with medical staff when providing advice on medical issues.

**Response:** Admitted.

5. You do not review inmates' medical records when analyzing whether they are receiving adequate medical care.

**Response:** Denied.

6. You do not speak to medical staff when analyzing medical issues.

**Response:** Denied.

7. You sometimes provide advice on how to respond to a grievance without reviewing the information that provides the basis for the advice.

**Response:** Denied.

8. You did not review any photographs of Plaintiff's wounds.

**Response:** Admitted.

9. You are not an oncologist.

**Response:** Admitted.

10. You are not a neurologist.

**Response:** Admitted.

11. You are not a urologist.

**Response:** Admitted.

12. You are an Area of Critical Need Medical Doctor with a limited temporary license.

**Response:** Admitted.

13. Prior to July 29, 2022, you were not aware of Plaintiff's prostate specific antigen level.

**Response:** Denied.

14. You were aware that the Facility does not have a resident urologist.

**Response:** Admitted Suwannee CI does not have a resident urologist.

15. You were aware that the Facility does not have a resident oncologist.

**Response:** Admitted Suwannee CI does not have a resident oncologist.

16. You were aware that the Facility does not have a resident neurologist.

**Response:** Admitted Suwannee CI does not have a resident neurologist.

17. When an inmate complains that medical staff are ignoring a request to see a specialist, FDC Policy requires you to intervene.

**Response:** Admitted that the responsibilities of Dr. Santiago's position require her to look into inmate medical care in response to inmate medical

3

complaints of which she is made aware, for example through inmate grievance appeals.

18.  When an inmate complains that medical staff are ignoring a serious wound, FDC Policy requires you to intervene.

**Response:** Admitted that the responsibilities of Dr. Santiago's position require her to look into inmate medical care in response to inmate medical complaints of which she is made aware, for example through inmate grievance appeals.

19.  When an inmate complains that medical staff are ignoring the condition of paralysis, FDC Policy requires you to intervene.

**Response:** Admitted that the responsibilities of Dr. Santiago's position require her to look into inmate medical care in response to inmate medical complaints of which she is made aware, for example through inmate grievance appeals.

20.  When an inmate complains that medical staff are ignoring a request to see a specialist, Florida law requires you to intervene.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal.

Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

21.     When an inmate complains that medical staff are ignoring the condition of paralysis, Florida law requires you to intervene.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

22.     When an inmate complains that medical staff are ignoring a serious wound, Florida law requires you to intervene.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S.

Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

23. When an inmate complains that medical staff are ignoring a request to see a specialist, federal law requires you to intervene.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

24. When an inmate complains that medical staff are ignoring a serious wound, federal law requires you to intervene.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the

6

Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

25.     When an inmate complains that medical staff are ignoring the condition of paralysis, federal *[sic]* requires you to intervene.

**Response:** Defendant objects to this request on the ground that it seeks admission as to statutory interpretation, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

26. You took no steps to confirm whether Plaintiff was experiencing paralysis.

**Response:** Denied.

27. A claim of paralysis is an emergency issue.

**Response:** Denied that every claim of paralysis is an emergency issue due to the importance of other factors which also must be taken into consideration.

28. A claim of numbness in legs constitutes an emergency issue.

**Response:** Denied that every claim of numbness in legs is an emergency issue due to the importance of other factors which also must be taken into consideration.

29. A claim of labored breathing constitutes an emergency issue.

**Response:** Denied that every claim of labored breathing is an emergency issue due to the importance of other factors which also must be taken into consideration.

30. At the time of the matter sued upon, you were acting under color of state law.

**Response:** Admitted.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, and Sgt. Savonia Richardson-Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties' counsel on March 20, 2023.

*/s/ Thomas Buchan*
Thomas Buchan