## AFFIDAVIT OF KALEM SANTIAGO, M.D.

STATE OF FLORIDA
COUNTY OF LEON

Before me, the undersigned authority, personally appeared **Dr. Kalem Santiago** (Affiant), who, under penalty of perjury, deposes and says:

1. The facts stated in this declaration are known to me of my own personal knowledge and if called upon to testify to the matters in this declaration I could and would competently do so.

2. I have been licensed as an Area of Critical Need Medical Doctor, License No. ACN535, since December 23, 2013. My license is in clear/active status and I have never had an administrative complaint filed against my license by the Florida Board of Medicine.

3. I have been an employee of the Florida Department of Corrections ("FDC") since September 22, 2017, and have been in my current position of Chief Clinical Advisor since September 20, 2019. I work out of FDC headquarters in Tallahassee, Florida.

4. In my position of Chief Clinical Advisor for FDC, I provide consultation to FDC staff and contractor leadership on clinical matters relating to the delivery of health care services to inmates of FDC.

5. My position can involve the review of grievance appeals, recommendations for conditional medical release of inmates, review of mortality reports, assisting with review and revision of FDC policies and procedures, advising FDC leadership on emerging health care issues and trends, and acting as FDC's clinical liaison to the Florida Department of Health and other FDC partner agencies.

6. I have never met Plaintiff, Elmer Williams.

7. My understanding is that Plaintiff disagrees with my determination on August 5, 2022, that he was receiving adequate care following my review of his electronic medical record ("EMR") and detailed email message from Dr. Figueroa on that same day.

8. To the best of my knowledge, the inquiry which ultimately prompted my review of Plaintiff's medical file began with James Cook's email on July 29, 2022, at 6:11 p.m. to Dr. Figueroa.

9. FDC Health Services Director Thomas Reimers then asked me and FDC Chief of Medical Services Dr. Danny Martinez to monitor the response to Mr. Cook's request from Suwannee CI, which would be from Dr. Figueroa who works at Suwannee CI.

1

10. Kaitlyn Bishop, an FDC Administrative Assistant II who was monitoring the email communication relating to Mr. Cook's inquiry, emailed a request to Centurion personnel Felicia Denmark and Rhonda Bennett on August 1, 2022, at 7:53 a.m. to follow up with addressing Mr. Cook's concerns. She specifically asked Dr. Martinez to review the response from Centurion.

11. On or about the morning of August 5, 2022, I reviewed the email chain up to that time and communicated with Kaitlyn Bishop to request a "follow up evaluation to be completed by Dr. Figueroa of all [Plaintiff's] skin wounds/ulcers." I also asked, "Are there any x-ray orders or reports of the inmates right foot." Kaitlyn Bishop emailed that request to Felicia Denmark and Rhonda Bennett with Centurion.

12. Rhonda Bennett responded on August 5, 2022, at 1:35 p.m. with a detailed response from Dr. Figueroa as to Plaintiff's status, care history and plan, and specific responses to Mr. Cook's original July 29 inquiry.

13. Despite having Dr. Figueroa's detailed response, I still chose to review Plaintiff's EMR and confirmed the information provided by Dr. Figueroa, as well as seeing a report completed by Dr. Figueroa following his evaluation of Plaintiff on August 5, which included Dr. Figueroa ordering an x-ray of Plaintiff's right foot.

14. Given the update from Dr. Figueroa's via email and my own review of Plaintiff's EMR which included the report from Dr. Figueroa's August 5 evaluation of Plaintiff, I determined Plaintiff was receiving adequate care and communicated that to Laura Carter so she could forward the message to Mr. Cook.

15. At no time did I interfere with Plaintiff's receipt of medical care in any way.

16. I have reviewed Count IV of the Third Amended Complaint and in accordance with my above explanations, all the allegations against me are untrue and addressed individually as follows:

    a. I have never intentionally (or unintentionally) refused to provide necessary aid and treatment to Plaintiff.
    b. In my determination that he was receiving adequate care on August 5, 2022, and my current review of that decision, I did not disregard any risk or harms present and still stand by my decision.
    c. I have never been deliberately indifferent to the medical needs of Plaintiff or any patient.
    d. I have never refused to permit Plaintiff to receive appropriate care and medical supplies.

    e. My review of Plaintiff's medical file and Dr. Figueroa's status was thorough, well-informed, and looking back I would still come to the same conclusion that Plaintiff was receiving adequate care on August 5, 2022.

17. Paragraph 141 of Plaintiff's Third Amended Complaint mentions that Plaintiff was awarded "compassionate medical release" by a state panel. The correct term is "conditional medical release" and that panel is called the Florida Commission on Offender Review ("FCOR").

18. Prior to FCOR's consideration of Plaintiff's conditional medical release, his case had to be reviewed and approved for their consideration. I was the one who reviewed Plaintiff's case and determined he was an appropriate candidate for conditional medical release and therefore approved his application for consideration by FCOR.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Kalem Santiago, M.D.

The foregoing instrument was sworn to and subscribed before me by means of [ ✓ ] physical presence or [ ___ ] online notarization, this 9th day of September, 2024, by KALEM SANTIAGO, M.D. who is ✓ personally known to me OR _____ who has produced _____ as identification.

PATRICIA L. TURNAGE
Commission # HH 135317
Expires June 11, 2025
Bonded Thru Troy Fain Insurance 800-385-7019

_____
NOTARY PUBLIC

My Commission Expires: 6-11-25

4