UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**
_____/

## DEFENDANT RICHARDSON-GRAHAM'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant Savonia Richardson-Graham hereby responds to the Plaintiff's First Request for Admissions, pursuant to Rule 36, Federal Rules of Civil Procedure, as follows:

1. No claim in the Complaint is barred by a statute of limitations.

**Response:** Defendant objects to this request on the ground that it seeks admission as to the applicable statute of limitations, which is a question of law or legal conclusion. "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989).

1

2.  FDC has a duty to provide inmates food, housing, hygiene supplies, mobility assistance, and when needed, access to medical care.

**Response:** Defendant objects to this request on the ground that it seeks admission as to a legal duty, which is a question of law or legal conclusion. Whether a duty exists is a legal matter within the province of the Court. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 U.S. Dist. LEXIS 63071, at *6 (M.D. Fla. May 6, 2014) (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)) (limiting expert testimony); "[T]he Sheriff's opinion testimony as to statutory and constitutional duties would constitute inadmissible legal conclusions." *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *12 (M.D. Fla. June 22, 2020); "[T]he interpretation of a statute is a question of law for the court to decide." *Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 n.8 (11th Cir. 1989); "Whether a parent has a legal duty to provide medical care to a child is a question of law." *State v. Neumann*, 832 N.W.2d 560, 586 (Wis. 2013); *See Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 U.S. Dist. LEXIS 206485, at *13 (E.D. Cal. Nov. 26, 2019) (sustaining the Deputy Defendants' objections that Requests seeking an admission that they had a duty to investigate call for a pure legal conclusion).

3.  At the time of the matter sued upon, you were required by your work assignment to provide inmates with food, housing, hygiene supplies, access to wheelchairs, and when needed, access to medical care.

**Response:** Denied.

4.  In November 2021, Plaintiff was transferred to the Facility.

**Response:** Without knowledge.

5.  By November 24, 2021, you knew that Plaintiff was unable to move around the Facility without the assistance of a wheelchair.

**Response:** Without knowledge.

6. When your interactions with Plaintiff began, or shortly thereafter, you knew that Plaintiff had been diagnosed with prostate cancer.

**Response:** Denied.

7. FDC staff at the Facility do not allow inmates to borrow wheelchairs from each other with a pass.

**Response:** Admitted that FDC does not allow an inmate to borrow a wheelchair from another inmate who has that wheelchair assigned to them.

8. FDC staff at the Facility do not allow inmates to push a wheelchair unless they are assigned as an inmate assistant.

**Response:** Denied.

9. On at least one occasion you had other inmates place Plaintiff in another inmate's wheelchair.

**Response:** Admitted.

10. On at least one occasion, you told Plaintiff he could not borrow another inmate's wheelchair.

**Response:** Admitted.

11. On at least one occasion, you allowed Plaintiff to use a wheelchair that was not assigned to him.

**Response:** Admitted.

12. FDC does not have a Policy prohibiting unassigned inmates or aides from pushing inmates in their wheelchairs.

**Response:** Without knowledge.

13. On or about November 18, 2021, when Plaintiff fell out of his bunk, you did not call a stretcher.

**Response:** Denied Plaintiff fell out of his bunk. Admitted no stretcher was called.

14. You have never called a stretcher for an inmate.

**Response:** Denied.

15. It is FDC Policy to ensure that an inmate who falls is not moved until medical arrives.

**Response:** Denied.

16. After Plaintiff fell out of his bunk in November 2021, you ordered other inmates to put him in a wheelchair.

**Response:** Denied Plaintiff fell. Admitted other inmates placed Plaintiff in a wheelchair.

17. You did not allow Plaintiff to borrow a wheelchair on November 24, 2021.

**Response:** Without knowledge.

18. You have disciplined Plaintiff.

**Response:** Admitted Defendant Richardson-Graham wrote disciplinary reports for Plaintiff.

4

19. You have disciplined Plaintiff for his apparent refusal to walk.

**Response:** Denied.

20. You were aware at the time of his request for a wheelchair to go to ICT, that Plaintiff had written an informal grievance against you for your failure to call a stretcher when he fell out of his bunk in November, 2021.

**Response:** Denied.

21. After ICT on November 24, 2021, you transported Plaintiff in a borrowed wheelchair to confinement.

**Response:** Admitted.

22. After ICT on November 24, 2021, you gave Plaintiff's electronic tablet communication device to another inmate.

**Response:** Denied.

23. You gave Plaintiff's electronic tablet communication device to another inmate as punishment.

**Response:** Denied.

24. You were made aware that Plaintiff was using his tablet to communicate with his family to try to get his medical and disability needs met.

**Response:** Denied.

25. Plaintiff was transported to and from the infirmary in a wheelchair.

**Response:** Without knowledge.

26. After taking Plaintiff from the infirmary and back to his cell in a wheelchair, he was dropped off at his cell and left without a wheelchair.

**Response:** Without knowledge.

27. You were aware that Plaintiff on at least one occasion missed chow because he could not obtain a wheelchair.

**Response:** Denied.

28. You were aware that Plaintiff on at least one occasion soiled himself in bed because he did not have any diapers.

**Response:** Denied.

29. On at least one occasion, Plaintiff needed help from other inmates to clean feces off his body.

**Response:** Denied.

30. You permitted Plaintiff to lay down in his bed during master count.

**Response:** Denied.

31. You were aware that other inmates would have to take Plaintiff to shower.

**Response:** Denied.

32. While you were assigned to Plaintiff's dorm, he was not classified as an ADA inmate.

**Response:** Without knowledge.

33. While you were assigned to Plaintiff's dorm, the Medical Defendants were made aware that Plaintiff had trouble walking.

**Response:** Without knowledge.

34. While you were assigned to Plaintiff's dorm, the Medical Defendants knew that Plaintiff would borrow wheelchairs.

**Response:** Without knowledge.

35. You have observed the wounds on Plaintiff's ankles.

**Response:** Denied.

36. You have observed the wounds on Plaintiff's buttocks.

**Response:** Denied.

37. You have observed Plaintiff's ankle wounds without gauze or bandages.

**Response:** Denied.

38. You have observed Plaintiff's buttocks wounds without gauze or bandages.

**Response:** Denied.

39. The Medical Defendants did not put bandages on Plaintiff's ankle wounds prior to his return to the dorm.

**Response:** Without knowledge.

40. You have on at least one occasion seen an open sore on Plaintiff.

**Response:** Denied.

41. An open sore is a serious medical condition.

**Response:** Denied.

42. Preventing wound infection is an important goal of Florida prison housing area hygiene policies.

**Response:** Without knowledge.

43. You have spoken with the other defendants in this case about Plaintiff's grievances.

**Response:** Denied.

44. You have spoken with the other defendants in this case about Plaintiff's wounds.

**Response:** Denied.

45. You have spoken with the other defendants in this case about Plaintiff's use of a wheelchair.

**Response:** Denied.

46. You have spoken with the other defendants in this case about Plaintiff's medical condition.

**Response:** Denied.

47. You knew during the time of the events in this case that Plaintiff had a right to file a grievance.

**Response:** Admitted.

48. Frequent inmate grievances are deemed to affect your job evaluations.

**Response:** Without knowledge.

49. Frequent approved grievances can affect your corrections career.

**Response:** Without knowledge.

50. You knew during the time of the events in this case that Plaintiff had a legal right to grieve your conduct.

**Response:** Admitted.

51. On at least one occasion, you have observed Plaintiff writing a grievance.

**Response:** Denied.

52. You took steps to stop Plaintiff from grieving your conduct.

**Response:** Denied.

53. You have been the subject of Plaintiff's grievances.

**Response:** Without knowledge.

54. In 2021 you knew that Plaintiff was filing grievances about you.

**Response:** Denied.

55. In 2022 you knew that Plaintiff was filing grievances about you.

**Response:** Denied.

56. Other prisoners have filed grievances in which you were the subject.

**Response:** Admitted.

57. You have punished prisoners for filing grievances about you.

**Response:** Denied.

58. After having seen an open sore on Plaintiff's leg, you refused a request for assistance, whether with the use of a wheelchair or inmate assistant.

**Response:** Denied.

59. You have seen Plaintiff's soiled diapers.

**Response:** Denied.

60. Plaintiff has soiled his bed.

**Response:** Without knowledge.

61. On at least one occasion Plaintiff has soiled his bed with urine.

**Response:** Without knowledge.

62. On at least one occasion Plaintiff has soiled his bed with feces.

**Response:** Without knowledge.

63. You have smelled urine and feces odors from Plaintiff.

**Response:** Denied.

64. While at the Facility, Plaintiff suffered from a serious medical condition.

**Response:** Without knowledge.

65. While at the Facility, Plaintiff required accommodations to go to chow hall.

**Response:** Without knowledge.

66. While at the Facility, Plaintiff required accommodations to go to the shower.

**Response:** Without knowledge.

67. While at the Facility, Plaintiff required accommodations to go to the bathroom.

**Response:** Without knowledge.

68. While at the Facility, Plaintiff required accommodations to go to medical.

**Response:** Without knowledge.

69. While at the Facility, Plaintiff required accommodations to go to the mail drop.

**Response:** Without knowledge.

70. At the time of the matter sued upon, you were acting under color of state law.

**Response:** Admitted.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, and Sgt. Savonia Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties' counsel on March 31, 2023.

*/s/ Thomas Buchan*
Thomas Buchan