UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON, et al.,

    Defendants.
_____

## ORDER

This cause is before the Court on Plaintiff's Motion to Compel Defendant Ricky D. Dixon to Produce Documents Without Redaction and Provide a Privilege Log (Motion; Doc. 174). In the Motion, Plaintiff requests unredacted versions of emails that Defendant Dixon already disclosed, in which Dixon redacted third-party protected health information (PHI). See generally Motion. Defendant Dixon opposes the Motion. See Defendant's Response to Plaintiff's Motion to Compel Defendant Dixon to Produce Documents Without Redaction and Provide a Privilege Log (Doc. 178).

Because the parties are bound by a HIPAA-Qualified Protective Order (Doc. 137), the Motion is **granted only to the extent** that by **April 3, 2025**, Defendant Dixon must provide to Plaintiff unredacted versions of the emails

already disclosed in accordance with the Court's HIPAA-Qualified Order (Doc. 137). The Motion is **denied** in all other respects.[1]

The Court sua sponte extends the case management deadlines as follows:

| | |
|---|---|
| Deadline for filing dispositive and Daubert motions (responses due 21 days after service). | APRIL 17, 2025 |
| Deadline for filing all other motions including motions in limine. | JULY 28, 2025 |
| Deadline for filing joint final pretrial statement. | AUGUST 11, 2025 |
| Date and time of the final pretrial conference. | AUGUST 18, 2025 10:00 A.M. |
| Trial Term Begins | SEPTEMBER 2, 2025 9:00 A.M. |
| Estimated Length of Trial | 7 DAYS |
| Jury/Non-Jury | JURY |

In light of the above, Defendant Dixon's Unopposed Motion to Extend the Dispositive Motion Deadline by Three Days (Doc. 180) is **DENIED as moot**.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of March, 2025.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of this conclusion, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). However, under the circumstances, the Court does not consider an award of expenses appropriate.

2

Jax-9 3/17
c:    Counsel of record