UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    Plaintiff,

v.                                        Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    Defendants.

_____/

**DEFENDANT DIXON'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Ricky Dixon hereby responds to Plaintiff's First Set of Interrogatories, pursuant to Rule 33, Federal Rules of Civil Procedure, as follows:

1.    Please state the name and title of each person who participated in responding to these Interrogatories and the Interrogatory number(s) they participated in responding to.

**Response:** The following individuals participated in responding to these Interrogatories on behalf of Defendant Dixon:

1

- Michelle Hall, RN, Impaired Inmate Services Coordinator, Interrogatory No. 4.

- Alan McManus, Chief of Inmate Grievance Appeals, Interrogatory Nos. 3, 5, and 7.

- Douglas Sexton, Operations and Management Consultant, Interrogatory Nos. 2, 4, and 6.

2. Please describe in detail and specifically identify the Policies for designating persons as being impaired for purposes of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) and determining the accommodations each such impaired inmate must receive. For each Policy described, please also identify (a) the persons (by job title) who are involved in the designation process, including the ADA coordinator and the liaison with the medical provider, (b) how the Facility and FDC monitor and review the need for accommodations, and (c) the disciplinary process for violation of those Policies.

**Response:** Both Chapter 33-210.201, F.A.C., ADA Provisions for Inmates, and Procedure 604.101, ADA Provisions for Inmates, discuss in detail the process used to designate an inmate as being impaired under the provisions of the ADA. However, ***the actual determination of a disability or impairment is made by medical staff*** either at the inmate's initial reception or at the institution where he/she is assigned, based upon his/her record of an existing physical or mental impairment or clinical evaluation of the inmate. [Emphasis added.]

2

This procedure does not determine the accommodations each designated impaired inmate "must receive." Rather, impaired inmates request an accommodation or a modification to access programs, activities, or services in writing on DC2-530A. If these requests do not involve medical devices or equipment, the requests are received and evaluated by the institutional/regional ADA coordinators.

The ADA coordinators do not "liaise" with medical staff, nor do they have any role whatever in designating any inmate as impaired. Further, FDC and the ADA coordinators do not "monitor and review the need for accommodations." Any need for non-medical accommodations or modifications are reviewed when inmates request them according to the relevant procedure.

There is no process for taking any "disciplinary action" against any FDC staff for an alleged violation of these policies and procedures. However, inmates who violate these procedures by making false or misleading claims to obtain an accommodation may be disciplined.

3. Please describe in detail and specifically identify your Policies for reviewing and adjudicating inmate grievances, including without limitation, medical and ADA grievances. For each such Policy, please also identify (a) the procedure for reviewing records to investigate the grounds for the grievances, (b) the manner in which medical and ADA grievances are treated differently from other categories

of grievances, (c) each Policy that is designed to prevent the interception or destruction of inmate grievances, and (d) the disciplinary process for violation of those Policies.

**Response:** Chapter 33-103, F.A.C., Inmate Grievance Procedure, explains the general policy for establishing and maintaining the inmate grievance procedure, as well as specific details regarding what issues inmates may—and may not—grieve, the process and time frames required for each step of the grievance process, and all other information necessary for an inmate to file a grievance correctly. This procedure also describes which documentation may be reviewed and by whom in responding to a grievance at each step.

The only differences between grievances filed concerning either an ADA or a medical issue and any other grievances is that these two types may be filed directly at the formal level.

There are no policies and procedures addressing how to prevent any alleged interception or destruction of inmate grievances. Chapter 33-103 expressly provides for the security of all grievance forms through a locked box, a locked container for taking the grievances to the appropriate individuals for review and processing, and restricting access to the box/container keys.

FDC staff accused of retaliating against an inmate for filing grievances may be disciplined if the allegations are sustained. Inmates who knowingly include false,

threatening, obscene, or threatening statements in their grievances and attachments will be subjected to disciplinary action, although, the grievance will nevertheless receive a response on its merits.

4. Please describe in detail and specifically identify the Policies for accommodating inmates who suffer from mobility impairment, including any specific Policies for inmates who need access to bathroom, shower facilities, chow hall, and medical when a wheelchair or impaired inmate assistant is not provided.

**Response:** The Health Services policies that pertain to mobility impairments are 15.03.25 Services for Inmates with Auditory, Mobility, or Vision Impairments and Disabilities- specifically subsection 15.03.25.02 Mobility Services; and policy 403.013 Inmate Impairment and Disabilities Services. 403.011 Inmate Assistants for Impaired Inmates is the Health Services policy regarding Inmate Assistants.

All policies are attached for reference.

All ADA facilities were surveyed by an architectural firm for accessibility per a settlement agreement with Disability Rights Florida. The Department is actively correcting any deficiencies noted.

5. Please identify any changes you made to your Policies for ADA inmates after the effective date of the DRF Settlement.

**Response:** The changes made, both major and minor, are too numerous to list separately. They are all incorporated, however, into Procedure 604.101, ADA

5

Provisions for Inmates, which has been and will continue to be updated periodically as needed.

6. For the years 2021 and 2022, please describe all steps, processes, determinations, and assessments you and your staff or contractors followed or undertook in complying with Procedure 403.011 titled "Inmate Assistants for Impaired Inmates" to determine what ADA accommodations Plaintiff required, including whether he required an Inmate Assistant.

**Response:** In order to receive any accommodation, including an impaired inmate assistant, Plaintiff had to have a valid pass in effect or request an accommodation from medical staff either in sick call or in chronic clinic. At that point he would have been evaluated with regard to each accommodation he requested, including an impaired inmate assistant.

7. Please explain the FDC central office grievance process for receiving and reviewing grievances issued to the Secretary, including, what documents are reviewed, whether staff members at the institution are contacted, and whether there are any specific protocols or procedures in place to ensure that facts and issues underlying grievances are properly reviewed and resolved.

**Response:** See section 33-103.007(1)(2)(a) and (7), F.A.C., regarding pertinent responsive grievance procedures.

Further, inmate appeals sent to the Secretary of the Department are received, reviewed, logged, researched, and responded to by staff in the Bureau of Policy Management and Inmate Appeals. Staff have extensive experience and knowledge of both the grievance process and the rules of the agency.

Many appeals are referred to the department related to the complaint based on the subject matter (Food Service, Medical, Inmate Bank, Sentence Structure, etc.). This ensures that subject matter experts are reviewing, researching, and providing the most appropriate responses to those appeals. All appeals, regardless of the subject matter, are logged into the grievance log and completed by bureau staff before returning the appeal and response to the inmate. Many resources and documents are reviewed depending on the nature of the appeal. This includes items such as disciplinary reports, attached documents the inmate may include for review, and a variety of agency computer information screens.

## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: _Michelle Hall_

Print Name: _Michelle Hall_

STATE OF FLORIDA, COUNTY OF: _Leon_

The foregoing was acknowledged before me this _2nd_ day of _May_, _2024_, who is personally known to me _✓_ or has produced _FL. D.L._ as identification.



PATRICIA L. TURNAGE
Commission # HH 135317
Expires June 11, 2025
Bonded Thru Troy Fain Insurance 800-385-7019

_Patricia Turnage_
NOTARY PUBLIC

My Commission Expires: _6-11-25_

## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: _____

Print Name: Alan McManus

STATE OF FLORIDA, COUNTY OF: __Leon__

The foregoing was acknowledged before me this _22_ day of _April_, ____, who is personally known to me _✓_ or has produced _____ as identification.

**ASHLEY JOY STOKES**
Notary Public
State of Florida
Comm# HH433125
Expires 12/11/2027

NOTARY PUBLIC

My Commission Expires: _12/11/2027_

## VERIFICATION AFFIDAVIT

Signature of Person Attesting to the Truthfulness of Interrogatories: _____

Print Name: <u>Douglas Sexton</u>

STATE OF FLORIDA, COUNTY OF: <u>Leon</u>

    The foregoing was acknowledged before me this <u>24th</u> day of <u>April</u>, <u>2024</u>, who is personally known to me ___ or has produced <u>Drivers License</u> as identification.

MARIANN JEAN
Notary Public
State of Florida
Comm# HH382508
Expires 2/1/2026

_____
NOTARY PUBLIC

My Commission Expires: <u>2/1/2026</u>

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong, P.A.
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendants Ricky Dixon, Kalem Santiago, Adele Johns, Wendy Millette, and Sgt. Savonia Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties' counsel on May 2, 2024.

*/s/ Thomas Buchan*
Thomas Buchan

9