UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    Plaintiff,

v.                                              Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et al.,**

    Defendants.

_____/

## DEFENDANT DIXON'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant Ricky Dixon, Secretary of the Florida Department of Corrections ("FDC"), by and through undersigned counsel and pursuant to Rule 56, Federal Rules of Civil Procedure, hereby replies to Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 193] and states the following in support thereof:

**A. Plaintiff has offered no testimony of uninterested witnesses with actual knowledge of his claims.**

A finding of summary judgment is supported where "after adequate time and discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

1

317, 322 (1986). "Where the non-moving party bears the burden of proof at trial, the moving party may discharge this 'initial responsibility' by showing there is absence of evidence to support the non-moving party's case. . ." *Hickson Corp. v. North Crossarm Co.*, 357 F. 3d 1256, 1260 (11th Cir. 2004). The Court should further give credence to evidence favoring the non-moving party *only to the extent that such evidence came from a 'disinterested witness.'* *Hinson v. Clinch Cnty. Bd. Of Educ.*, 231 F. 3d at 827 (11th Cir. 2000). In essence, the non-moving party may not "rest upon the mere allegations or denials in his pleading." *Walker v. Darby*, 911 F. 2d 1573, 1576 (11th Cir. 1990). The non-moving party's response should rather "set forth specific facts showing there is no issue of material fact for trial', noting that a "mere *scintilla* of evidence supporting the non-moving party's position will not suffice." *Id.*, at 1577. "Conclusory allegations and speculation are insufficient to create an issue of genuine material fact." *Bletcher v. City of Orlando*, 2015 WL 13333135 (M.D. Fla. 2015) (citing *Valderrama v. Rousseau,* 780 F.3d 1108 (11th Cir. 2015)).

Despite citations to a variety of exhibits, Plaintiff cannot get around the fact he has failed to depose a single Department of Corrections employee or corporate representative. Plaintiff has only now provided a declaration from Donny Phillips, completed after the close of discovery, who is a completely unrelated inmate whom Plaintiff's counsel previously represented in separate suits against the Department.

Despite discovery extensions and production of voluminous emails by Defendant since this case opened, Plaintiff cannot provide *any* disinterested testimony to support his allegations. Mr. Phillips' declaration is largely aimed at Sergeant Savonia Richardson-Graham, *who has been settled from this lawsuit.* It also highlights Plaintiff's refusal to acknowledge his own interrogatory responses which made it quite apparent he is unable to identify the programs or services that were allegedly denied and he continues to conflate his medical claims against Centurion with the ADA/RA claims he attempts to bring against FDC

Plaintiff's allegations in his Response regarding disputed facts in medical care and the like clearly ignore the burden placed on Plaintiff at this stage to provide evidence that will "make a showing sufficient to establish the existence of an element essential to that party's case" *Celotex*, 477 U.S. 317, 322 (1986).

### B. Sovereign immunity applies despite Plaintiff's generic response.

Defendant maintains its original argument provided in section IV(C) of Defendant's Motion for Summary Judgment, being that Plaintiff has failed to identify any FDC employee that excluded or knowingly left Plaintiff out from any program or service on the basis of disability. Plaintiff's Response highlights the fact that Plaintiff has still not identified any program or service that he was left out of with respect to Plaintiff's ADA claim. Plaintiff states Dixon "fail[ed] to do anything for months in response to requests and obvious need for mobility devices…" [Doc.

193, p.19]. Despite this bare assertion, the original Complaint was filed on November 4, 2022. In the time since then, Plaintiff has not deposed a single FDC employee or corporate representative and his interrogatory responses as cited in Defendant's Motion for Summary Judgment make it clear Plaintiff is unable to identify the precise programs or services Plaintiff was allegedly denied. We continue to hear complaints about access to unspecified "mobility devices [Doc. 193, p.19], yet Plaintiff is well aware the decision surrounding Plaintiff getting a wheelchair was Dr. Figueroa's to make. [Doc. 189, p.5].

Further, as noted in Section IV(C) of Defendant's Motion for Summary Judgment, Plaintiff again has attempted to conflate his medical issues with his ADA claim and apportion blame to the Department – a theory of *respondeat superior* barred by the ADA. Plaintiff has not met his pleading requirement at this stage as mandated by *Celotex* to provide "a showing sufficient to establish the existence of an element essential to that party's case", and thus, cannot survive summary judgment. Plaintiff's claim that sovereign immunity does not apply seems to be based on his assumption that he has met his burden, which Defendant clearly argued against and therefore Defendant maintains its argument as to the application of sovereign immunity here.

WHEREFORE, Dixon respectfully requests this Court enter final summary judgment in his favor as to Count III of Plaintiffs' Third Amended Complaint and grant such other relief as the Court deems proper.

        Respectfully submitted,

        */s/ Thomas Buchan*
        Thomas Buchan
        Florida Bar No. 1010923
        Howell, Buchan & Strong
        2898-6 Mahan Drive
        Tallahassee, Florida 32308
        (850) 877-7776
        Tom@jsh-pa.com
        *Attorney for Defendants Dixon, Santiago, and Richardson-Graham*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served to all counsel of record by CM/ECF on May 15, 2025.

        */s/ Thomas Buchan*
        Thomas Buchan