UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY D. DIXON, *et al.*,

    Defendants.

Case No. 3:22-cv-1221-MMH-MCR

## **Plaintiff's Unopposed Omnibus Motion in Limine**

Pursuant to Rules 401, 403, 404 and 609 of the Federal Rules of Evidence, Plaintiff Elmer Williams files this Omnibus Motion in Limine and incorporated memorandum of law seeking entry of an order excluding evidence or argument on these matters:

    1.    Excluding argument or evidence that the Florida Department of Corrections[1] is not required to perform ADA compliance/medical services by virtue of its health-services contract delegating the management and delivery of

---

[1] Mr. Williams will refer to Defendant Ricky D. Dixon interchangeably as "Dixon," "Secretary Dixon," "DOC," the "Department," and "Florida Department of Corrections."

healthcare services at Florida Department of Corrections' institutions to Centurion of Florida, LLC ("Centurion"). **Unopposed.**

2. Preclude discussion of any settlement or dismissal of any other party/defendant in this case. **Unopposed.**

3. Exclude reference to Mr. Williams' prior crimes and convictions, except to elicit whether he had any felony convictions, and if so, how many. **Unopposed.**

### Memorandum of Law

**A. Legal Standard**

The relevance of evidence is a threshold determination for the Court. Fed. R. Evid. 104. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Even if relevant, evidence "may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Williams v. Consol. City of Jacksonville*, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006) (granting motion in limine precluding reference to collateral matter "which could confuse the issues, mislead the jury, and lead to a mini-trial on collateral

issues causing undue delay"). In determining the relevance of evidence, the Eleventh Circuit has defined "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Hooks*, 147 F. App'x 956, 957-58 (11th Cir. 2005) (internal quotation marks and citations omitted).

### B. Specific Matters to Be Excluded.

#### 1. DOC cannot suggest to the jury that it was not required to abide by the ADA/RA by virtue of its contract with Centurion.

Throughout this litigation, Secretary Dixon has argued that any fault lies with Centurion, DOC's medical provider for state prisons in Florida. For example, in his motion for summary judgment he wrote as to Mr. Williams not obtaining a wheelchair:

> Here, Plaintiff again misidentifies provision of a wheelchair as an ADA accommodation, whereas that is something a physician must provide. Explained below, that would have been something decided by Centurion physician and former Defendant Dr. Alexis Figueroa, who had decided in late 2021 that the wheelchair was not necessary.

(Doc. 189 at 4). Dixon further claims that the Mr. Williams' claims against the Department of Corrections "stem from his allegations against the Centurion medical Defendants (now settled out of this matter)." (*Id.* at 17).

3

Mr. Williams's decision to settle with Centurion does not affect his claim under the Americans with Disabilities Act and Rehabilitation Act against Secretary Dixon. Even though Dixon may contract with a private entity to provide inmates with medical care, DOC retains a nondelegable duty to its inmates. *Cineus v. Fla. Dep't of Corr.*, 2022 WL 4448599, at *3 (M.D. Fla. Sept. 23, 2022) (denying a motion to dismiss FDC under the nondelegation doctrine). As explained in *Ancata v. Prison Health Servs., Inc.*, "federal courts have consistently ruled that governments, state and local, have an obligation to provide medical care to incarcerated individuals" and that "duty is not absolved by contracting with an entity" as the government "itself remains liable for any constitutional deprivations caused by the policies or customs" of that entity. 769 F.2d 700, 705 (11th Cir. 1985); *see also Geftos v. Jones*, 2018 WL 1139055, at *3 (M.D. Fla. Mar. 2, 2018); *Hunt v. Gualtieri*, 2016 WL 1077361, at *3 (M.D. Fla. Mar. 18, 2016).

Secretary Dixon should not be permitted to confuse the jury about his obligations to comply with the Americans with Disabilities Act by explaining that his outsourced private health provider is now ultimately responsible for ADA compliance, services, and medical care.

### 2. Reference to settlements or dismissals with other defendants in the case is inappropriate.

Next, the Court should preclude Secretary Dixon from introducing any evidence of Mr. Williams' dismissal of correctional officers, DOC staff, and Centurion, and Centurion staff through settlement or dismissal. Such dismissals and settlements are not relevant and their probative value is "doubtful" and would lead to jury confusion. *See Wajcman v. Investment Corp. of Palm Beach*, 2009 WL 465071, at *4 (S.D. Fla. Feb. 23, 2009) (collecting cases precluding introduction of evidence of settlement with other defendants). Testimony about other claims or defendants would only confuse the issues for the jury and would lead to low probative value, if any.

### 3. Mr. Williams's arrests and the nature of any convictions should be excluded.

Finally, trial courts have broad discretion when ruling on the admissibility of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Federal Rule of Evidence Rule 609(b) "prohibits the admission of evidence of past convictions for impeachment purposes if the convictions are more than ten years old, 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" *Powers v. Target Corp.*, 2020 WL 1986968, at *6 (S.D. Fla. Apr. 27, 2020) (citing *United States v. North,* 2017 WL

5

5185270, at *5 (N.D. Ga. Nov. 9, 2017)) (quoting Fed. R. Evid. 609(b)); *see also Lordeus v. Torres*, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018). Rule 609 applies when a party uses a prior conviction to attack "a witness's character for truthfulness," and it accordingly applies "in those cases where the conviction is offered only on the theory that people who do certain bad things are not to be trusted to tell the truth." *United States v. Young*, 574 F. App'x 896, 899 (11th Cir. 2014) (quoting Fed. R. Evid. 609(a)).

In the Eleventh Circuit "there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions 'will be admitted very rarely and only in exceptional circumstances.'" *Powers*, 2020 WL 1986968, at *6 (quoting *United States v. Tisdale*, 817 F.2d 1552, 155 (11th Cir. 1987)). "The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains." *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992); *United States v. Hairston*, 627 F. App'x 857, 860 (11th Cir. 2015) (The proponent must show "exceptional circumstances justifying the use of an over-age prior conviction."); *see also Young*, 574 F. App'x at 902 ("temporal remoteness of the [prior conviction] depleted . . . any force of probity").

6

Here, Mr. Williams—who was released from DOC custody on compassionate medical release in 2022 while serving a 40-year sentence for burglary and grand theft, has various arrests and convictions, all of them occurring in the 1980s and 1990s, *i.e.* more than 10 years ago: https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=086916&TypeSearch=IR. Given the lack of recency, Secretary Dixon should be prohibited from going into the nature of those convictions and/or arrests. That said, Mr. Williams would agree that Secretary Dixon can confirm that Mr. Williams was incarcerated during the events at issue on a felony conviction without going into the details, and ask whether he has any prior felony convictions, and if so, how many.

## Conclusion

For the foregoing reasons, the Court should grant this omnibus motion in limine.

## Local Rule 3.01(g) Certificate

I hereby certify that on July 25, 2025 and on September 29, 2025, the undersigned counsel conferred on these issues with defense counsel. Defendant Dixon does not oppose Plaintiff's motions in limine.

7

Dated: September 29, 2025.

    Respectfully submitted,

    /s/ *James M. Slater*
    James M. Slater (FBN 111779)
    SLATER LEGAL PLLC
    2296 Henderson Mill Rd NE #116
    Atlanta, Georgia 30345
    james@slater.legal
    Tel. (404) 458-7283

    James V. Cook (FBN 966843)
    LAW OFFICE OF JAMES COOK
    314 W. Jefferson Street
    Tallahassee, Florida 32301
    cookjv@gmail.com
    Tel. (850) 222-8080

    *Attorneys for Plaintiff Elmer Williams*