UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                      Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON, et. al.,**

    **Defendants.**
_____/

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE REFERENCES TO PRIOR LAWSUITS**

Defendant, Florida Department of Corrections ("FDC"), by and through undersigned counsel hereby files this Motion in Limine to exclude the use of or reference to prior, unrelated lawsuits against Defendant. Defendant respectfully requests that this Court preclude the parties, all counsel, and witnesses from directly or indirectly referring to, inquiring about, introducing, arguing, mentioning, or making any comment or suggestion about evidence concerning other lawsuits or verdicts against Defendant or Florida Correctional Institutions or Facilities, and states the following in support thereof:

### I. INTRODUCTION

Defendant anticipates that Plaintiff will offer into evidence or otherwise bring to the attention of the jury unrelated lawsuits or verdicts against Defendant or Florida Correctional Institutions and Facilities that brought claims pursuant to the

1

Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA"). More specifically, Plaintiff has represented that it intends to have a witness—Donny Phillips—testify concerning his own lawsuit brought against Defendant in the Middle District of Florida (Case No. 3:22-cv-997-BJD-LLL) that was eventually settled. Defendant moves this Court to enter an order excluding references to any such unrelated lawsuits or verdicts that Plaintiff may seek to introduce during the course of the trial. Any such reference to unrelated lawsuits serves no useful purpose in determining why specific actions were taken against Plaintiff in this case, and will only inflame and confuse the jury, resulting in unfair prejudice to the Defendant, and a potentially conflated verdict by the jury.

## II. STATEMENT OF FACTS

Plaintiff brings two Counts against Defendant, FDC, (1) Discrimination under Title II of the Americans with Disabilities Act ("ADA"), and (2) Discrimination under § 504 of the Rehabilitation Act ("RA"). Defendant anticipates that Plaintiff will seek the admission of unrelated lawsuits or verdicts at trial to be used as evidence.

## III. MEMORANDUM OF LAW

### a. Motion in Limine Standard

The motion in limine is a preemptive tool "[to] aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted

evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Bowden v. Wal-Mart Stores, Inc.,* 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted). This allows the court to "avoid the delay and occasional prejudice caused by objections and offers of proof at trial…" *Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) (quoting *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). The decision whether to grant or deny a motion in limine is well within the discretion of the trial court. *Jones v. Automobile Ins. Co. of Hartford, Connecticut,* 917 F. 2d 1528, 1537 (11th Cir. 1990) (affirming trial court's decision that evidence is unduly prejudicial and inadmissible).

Federal Rule of Evidence 403 provides "court[s] may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is prejudicial under Rule 403 when "it appeals to an illegitimate basis for persuasion, and thereby goes beyond proving the fact or issue it is offered to prove." *US v. 0.161 Acres of Land, more or less, situated in City of Birmingham, Jefferson Cnty., Ala.*, 837 F2d 1036, 1041 (11th Cir. 1988) (quoting *US v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). This analysis is also used when considering whether prior lawsuits or settlement information are admissible evidence. See

*Richardson v. Missouri Pacific R. Co.*, 186 F.3d 1273 (10th Cir. 1999) (finding that evidence of a previous lawsuit had no relation to the plaintiff's alleged injury, so it was inadmissible). The major function of Rule 403 "is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir. 1999) (citing *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir.1991). Evidence falls into the category of confusing the issues and misleading the jury when it "distracts jurors from the central issues of the trial in the case in which the defendant is charged." *State v. Trinidad*, 351 So. 3d 109, 113 (Fla. 5th DCA 2022).

    b.    **Elements of ADA and RA claims**

Title II of the ADA prohibits public entities from discrimination against disabled individuals. To state a claim under Title II of the ADA, a plaintiff must allege: "(1) that he is a 'qualified individual with a disability'; (2) that he was 'excluded from participation in or … denied the benefits of the services, programs, or activities of a public entity' or otherwise 'discriminated [against] by such entity'; (3) 'by reason of such disability.'" *Shots v. Cares*, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132). The discriminatory intent needed in ADA and RA claims may be found through a showing of deliberate indifference.'" *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012). The Circuit emphasized, in the Rehabilitation Act context, deliberate indifference occurs "when

4

the defendant knew that harm to a federally protected right was substantially likely and … failed to act on that likelihood." *Id*. at 344 (quoting *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty.*, 610 F.3d 588, 594 (11th Cir. 2010) (emphasis removed).

## IV. ARGUMENT

### A. Plaintiff Should be Prohibited from Introducing Testimony or Argument regarding the prior lawsuit filed by Donny Phillips against Defendant, FDC

Allowing Donny Phillips to testify concerning the details of his case and subsequent settlement against Defendant would confuse the issues of the case at hand and mislead the jury in such a way that any potential probative value would be substantially outweighed, violating Rule 403, Fed. R. Evid., and resulting in prejudice against Defendant. The inevitable confusion resulting from Donny Phillip's anticipated testimony is apparent from a review of the complaint (the "Amended Complaint") filed in his case. *Exhibit A – Amended Complaint Case No. 3:22-dv-997-BJD-LLL*. In brief, Donny Phillip's case concerns his alleged denial of proper medical treatment by the defendants and their indifference to his needs in violation of the 8th Amendment and the ADA. *Id*. at 2. The Amended Complaint was brought against ten distinct defendants across eight counts. *Ex. A*. Notably, Defendant FDC was one of the ten defendants in addition to entities like Centurion of Florida, LLC, and MHM Health Professionals, LLC. *Id*. Four of the other defendants were employed directly by MHM Health Professionals, LLC, or

5

Centurion of Florida, LLC. *Id*. Of the eight counts alleged in the Amended Complaint, five of them were brought against Centurion, MHM Health Professionals, or their employees. *Id*. No counts were brought against FDC. *Id*.

Allowing Donny Phillips to testify against Defendant pertaining to the allegations raised in his Amended Complaint would confuse the issues being considered in this case and mislead the jury to think that FDC was responsible for the alleged violations by the medical defendants in Donny Phillips' case. Further, allowing Donny Phillips to testify and allowing Defense counsel to argue that Donny Phillips had to file a lawsuit in order to address his concerns, would result in unfair prejudice to Defendant, FDC since the large majority of his Amended Complaint was aimed towards non-FDC Defendants.

Such testimony and argument would conflate FDC with the various medical defendants, creating an illegitimate basis for persuasion of the jury. Moreover, the legal claims made in the Amended Complaint against the various medical defendants are so intricately entwined with those made against FDC officials that allowing Donny Phillips to present them to the jury as evidence of FDC's alleged pattern of conduct of wrongdoings would unfairly prejudice the jury against FDC for issues that FDC was not responsible for and had no role in.

6

Accordingly, pursuant to Rule 403, Fed. R. Evid., Donny Phillips should not be permitted to testify concerning his own lawsuit brought against Defendant in the Middle District of Florida (Case No. 3:22-cv-997-BJD-LLL).

### B. Plaintiff Should be Prohibited from Introducing or Discussing the Fact of Prior Lawsuits and Verdicts against Defendant, FDC

More broadly, the inclusion of and discussion of the facts of unrelated lawsuits and verdicts against Defendant, FDC, as well as any reference to the fact that a large number of unrelated lawsuits have been filed against Defendant, FDC, would serve no purpose other than to prejudice the jury against Defendant at trial on issues that are not relevant to the resolution of Plaintiff's claims. The allegations Plaintiff has raised of disability-based discrimination are based entirely on Plaintiff's contention that he was denied the use of a wheelchair. Other unrelated lawsuits filed against Defendant, FDC, are not relevant in determining if Plaintiff was discriminated against in violation of the ADA or RA.

## V.  CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion in Limine to:

- Exclude Testimony or Argument regarding the prior lawsuit filed by Donny Phillips against Defendant, FDC; and

- Exclude References to Prior Lawsuits;

and grant such other relief as the Court deems proper.

7

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Local Rule 3.01(g), I certify that, prior to filing this motion, I conferred via email and telephonically with counsel for all served parties in a good faith attempt to resolve the matters raised herein, and Counsel for Plaintiff has indicated that Plaintiff does oppose this motion.

Respectfully submitted,

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell
Florida Bar No. 0657379
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Phone: (850) 877-7776
Email: jami@jsh-pa.com
*Attorney for Defendant,*
*Ricky D. Dixon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on September 29, 2025.

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell