UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                                         Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, JESSEE MORRIS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**
_____/

**DEFENDANT'S MEMORANDUM IN SUPPORT OF BILL FOR COSTS**

    Defendant Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections, ("Defendant") by and through undersigned counsel and pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 7.01, files this memorandum in support of its request that the Clerk tax costs in its favor as the prevailing party and against Plaintiff and in support states as follows:

1. Plaintiff filed his Complaint [Doc. 1] on November 4, 2022, and his Third Amended Complaint [Doc. 93] on October 4, 2023.

2. On April 17, 2025, Defendant filed a Motion for Summary Judgment [Doc. 189].

3. On November 5, 2025, this Court entered an Order granting Defendant's Motion for Summary Judgment [Doc.189] and the Clerk entered the Judgment [Doc. 207] on November 6, 2025.

4. "If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party." 10 Moore's Federal Practice § 54.171[3][c][iv], at 54-285 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419-20 (1978)). Here, Defendant is the prevailing party.

5. Defendant engaged in discovery, including depositions, to defend against Plaintiff's claims. (See Affidavit of Jami M. Kimbrell, attached as Exhibit 1).

6. Costs incurred by Defendant in defending this case were reasonably necessary to assist counsel in effectively defending against Plaintiff's claims.

7. The affidavit, bill of costs, and the supporting documentation attached hereto describe the taxable costs incurred which were reasonably necessary in litigating this matter.

8. Defendants seek total costs in the amount of $3,577.08, which includes the following:

    a. Fees of the Clerk: $0.00;

    b. Fees for printed or electronically recorded transcripts: $2,844.30;

    c. Fees and disbursements for printing: $140.28;

    d. Other – Mediation: $592.50

9. Defendant is also requesting post-judgment interest on all taxed costs by the Court. *See Georgia Ass'n v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988).

WHEREFORE, Defendant Ricky Dixon respectfully requests this Honorable Court to award taxable costs in the amount of $3,577.08, plus interest.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 54(d)(1) allows costs as a matter of course to the prevailing party. See *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984). There exists a strong presumption that the prevailing party will receive such costs. *Id.* The Court is authorized to award costs to the prevailing party in accordance with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. *Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832-833 (11th Cir. 2005). Pursuant to this Court's Judgment entered on November 6, 2025, Defendant is the prevailing party since Plaintiff achieved none of the benefits sought in bringing this lawsuit.

3

The costs that can be taxed against a losing party are defined in 28 U.S.C. § 1920. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp 2d 1328, 1339 (M.D. Fla. 2002). Section 1920 allows for fees for service of subpoenas, transcripts, witnesses, printing, copying, court reporters, among others, as long as the requesting party provides adequate descriptions of the fees sought and sufficient explanation of the necessity of the cost when required. *Id.* The costs begin to accrue at the origination of the case. *Id.* at 1340.

When the court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment. *Georgia Ass'n.*, 855 F.2d at 799. The prevailing party is entitled to interest on the award of costs from the date of the entry of judgment. 28 U.S.C. § 1961. The rate of interest is outlined in § 1961(a) and is distributed to the courts by the Director of the Administrative Office of the United States Court. *See Bank Atlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). Defendants request interest at the rate determined by this Court accruing from the date of the judgment on November 6, 2025.

## **CONCLUSION**

The Court is granted authority to award costs to the prevailing party and its award will not be overturned unless there is clear abuse of discretion. *Crawford Fitting Co., et al. v. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141 (5th Cir. 1991). The expenses outlined in this

motion and attached documents were reasonably necessary for the defense of this action and are properly assessed as taxable costs by statute and case law. Defendant's costs should be awarded in their entirety and should be further awarded interest from the date of the Judgment.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorneys for Defendant Dixon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served to all counsel of record by CM/ECF on November 19, 2025.

*/s/ Thomas Buchan*
Thomas Buchan
