UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.

RICKY D. DIXON,

    Defendant.

Case No. 3:22-cv-1221-MMH-MCR

### **Plaintiff's Objection to Secretary Dixon's Bill of Costs**

Plaintiff Elmer Williams objects to Secretary Dixon's Bill of Costs (Docs. 208 & 209) as follows:

### **Introduction**

This is a civil rights matter involving a formerly incarcerated prisoner,[1] who sought relief against the Secretary of the Florida Department of Corrections ("FDOC") for violations of the Americans with Disabilities Act of 1990 (and Rehabilitation Act), as well as against several other defendants for Eighth Amendment claims. Recently the Court entered summary judgment against Mr. Willims and in favor of Secretary Dixon, the sole remaining defendant. Mr.

---

[1] Mr. Williams received a compassionate medical release from prison.

Williams has now appealed (Doc. 210), and Secretary Dixon has filed a Bill of Costs seeking $3,577.08 in reimbursement (Docs. 208 & 209). As explained below, his request contains many nontaxable items and should be reduced on that basis, as well as based on Mr. Williams's indigency.

## **Memorandum of Law**

Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to receive litigation costs other than attorney's fees. Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).

"The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Here, Secretary Dixon seeks taxation of costs for depositions (transcripts and ancillary costs), printing and shipping courtesy copies of summary judgment papers to the Magistrate Judge, and mediation costs.

## I.     The Court Should Disallow Nontaxable Costs.

The Court should not permit Secretary Dixon to recover nontaxable costs. Specifically, he seeks costs for depositions that exceed what is permissibly recoverable, mediation fees that are not recoverable at all, shipping costs to send papers to the wrong judge, and printing costs in excess of a reasonable rate. Each item is addressed below.

### A. Mediation Costs

Simply put, "[a] mediator's fees are not taxable costs under 28 U.S.C. § 1920." *Erenler v. TJM Props., Inc.*, 2024 WL 5339495, at *6 (M.D. Fla. Nov. 20, 2024), *R&R adopted*, 2024 WL 5339493 (M.D. Fla. Dec. 16, 2024), appeal dismissed

3

sub nom. *Erenler v. TJM Columbus, LLC*, 2025 WL 1510940 (11th Cir. May 28, 2025). *See also Nicholas v. Allianceone Receivables Mgmt, Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (affirming district court's denial of mediation fees under 28 U.S.C. § 1920); *Van Voorhis v. Hillsborough Bd. of Cty. Comm'rs*, 2008 WL 2790244, at *4 (M.D. Fla. Jul. 18, 2008) ("Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.").

Secretary Dixon's request for mediation costs in the amount of $592.50 (Doc. 208-1 at 14), should therefore be denied.

### B. Deposition Costs

The second category of taxable costs under section 1920 are the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case". *See* 28 U.S.C. § 1920(2). Under section 1920, courts permit the recovery of both the cost of a deposition transcript and the court reporter's attendance fee—so long as those costs meet the "necessarily obtained for use in the case" requirement.

Here, Secretary Dixon seeks reimbursement for:

(1) copies of the deposition transcript for both days of Mr. Williams' deposition, (*see* Doc. 208-1 at 6-7);

(2) a copy of the deposition transcript for Defendant Alexis Figueroa, including an "E-Litigation Package," exhibits hyperlinked and scanned, color exhibits hyperlinked and scanned, and transcript formatting and cloud archiving, (*see id.* at 8);

(3) a copy of the deposition transcript for Defendant Jason Howell, including an "E-Litigation Package," exhibits hyperlinked and scanned, color exhibits hyperlinked and scanned, and transcript formatting and cloud archiving, (*see id.* at 9); and

(4) a copy of the deposition transcript for Defendant Tony Abbott, including an "E-Litigation Package," exhibits hyperlinked and scanned, color exhibits hyperlinked and scanned, and transcript formatting and cloud archiving, (*see id.* at 10).

For Defendants Figueroa, Abbott, and Howell, charges for ancillary services done for counsel's convenience are not taxable. Such ancillary fees include exhibit fees, *see Patsalides v. City of Fort Pierce*, 2017 WL 10402989 (S.D. Fla. Sept. 20, 2017), *R&R adopted*, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017), and

handling (here, hyperlinking, cloud archiving, formatting, "e-litigation package," etc.), *see Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F.Supp.2d 1254, 1259 (S.D. Fla. 2013). *See also Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) ("[W]hile deposition transcript costs are generally recoverable, multiple copies of a deposition transcript, … and other ancillary costs related to deposition transcripts are generally not recoverable."). And while deposition exhibits might in some cases be compensable rather than for convenience—such as when they were not made available to the other party—Secretary Dixon has made no showing that these exhibits were for anything other than his counsel's convenience. *Robinson v. Alutiq–Mele, LLC*, 643 F. Supp. 2d 1342, 1354 (S.D. Fla. 2009); *Ashkenazi v. South Broward Hospital District*, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014) ("Unless shown to be necessary, optional deposition costs such as … exhibits are not recoverable under 28 U.S.C. § 1920.").

Here, Secretary Dixon cannot meet his burden to demonstrate that anything other than the transcripts are necessary and therefore taxable. Thus, the costs he seeks for depositions should be reduced as follows:

- Dr. Figueroa: from $585.50 to $504.00;

- Jason Howell: from $368.85 to $301.00;

- Tony Abbott: from $389.20 to $331.00.

Accordingly, the total amount sought for depositions should be reduced from $2,844.30 to $2,636.75.

### C. Printing and Mailing Costs

The final cost expenses sought by Secretary Dixon is $44.02 for printing a courtesy copy of his summary judgment motion at the cost of $0.71 per page plus $96.26 for shipping costs (via Federal Express) to send the courtesy copy to Magistrate Judge Richardson, to whom the motion was not referred. The Court should reduce the costs for photocopying and exclude any shipping and handling costs.

1. <u>Postage Costs</u>

A party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993). While printing expenses may be taxable, charges that go beyond the printing itself, like postage and shipping, are not taxable. *See Torres v. Carnival Corp.*, 2014

7

WL 11878361, at *3 (S.D. Fla. Sep. 16, 2014) (holding that "extraneous charges" such as "administration fees" are not taxable); *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (section 1920 does not precisely permit recovery of postage fees); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) ("Accordingly, the charges for Postage Costs, Federal Express Costs and Mediation Costs requested by the Plaintiff must be denied."). Thus, the Court should deny Secretary Dixon's claim for reimbursement of Federal Express charges.

## 2. Photocopying Costs

As to the photocopying costs, they may be awarded "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). The burden of establishing the entitlement to photocopying expenses lies with the prevailing party. *Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328 (M.D. Fla. 2000). Further, courts have held that a prevailing party is entitled to tax photocopying expenses at no more than $0.10 per page, *see Thermoset Corp. v.*

8

*Bldg. Materials Corp. of Am.*, 2015 WL 11197752, at *9 (S.D. Fla. Dec. 29, 2015), *R&R adopted*, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016), or $0.15 per page, *see Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988), or $0.25 per page, *see Fla. Pawnbrokers and Secondhand Dealers Assoc. v. City of Fort Lauderdale*, 711 F.Supp. 1084, 1086 (S.D. Fla. 1989). Here, Secretary Dixon seeks copying costs in the amount of $0.71 per page.

Secretary Dixon's request for copies at $0.71 per page is sought without any basis or explanation for why that amount is appropriate. Given that courts uniformly find that 10 to 15 cents per page are reasonable, the Court should reduce the copying rate to 10 cents per page. *See George v. Florida Dep't of Corr.*, 2008 WL 2571348, at *4 (S.D. Fla. May 23, 2008) ("A review of other cases in this circuit indicates that a rate of $.10 to $.14 per copy is reasonable.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, *6 (M.D. Fla. Feb. 21. 2007)) (reasonable rate of ten to fifteen cents per page); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (holding reasonable rate of ten cents per page for copying in Southern District; nineteen to fifteen cents per page as unnecessarily high without factual support for increased rate for higher in-house rate).

9

Accordingly, Secretary Dixon's postage costs should be disallowed, and photocopying costs should be reduced from $44.02 (for 62 pages) to $6.20.

## II.     The Court Should Reduce Any Awarded Costs Based on Indigency.

The Court should also reduce any taxable costs based on Mr. Williams's inability to pay. Mr. Williams is currently confined to an assisted living facility and frequently undergoes hospitalization for his terminal illness. *See* Declaration of James V. Cook ¶¶ 4–6, attached as **Exhibit 1**.

Further, while Mr. Williams recovered settlement funds in this action from other defendants, Mr. Williams entered into a special needs trust for those proceeds to be used towards his medical needs. *See id.* ¶ 7.

Because Mr. Williams cannot pay Secretary Dixon's taxable costs, the Court should reduce them to $500 or some other amount the Court deems appropriate. *Stone v. Hendry*, 2020 WL 2772002, at *5 (S.D. Fla. May 26, 2020) ("general rule is that a court has some discretion to deny a cost award on the basis of indigency") (reducing costs based on indigency).

## Conclusion

Here, costs should be limited to the deposition transcript and photocopying costs only, which total $2,642.95 (when photocopying costs are

reduced to $0.10 per page, and the total should be further reduced to $500.00, or some other appropriate amount, based on Mr. Williams's inability to pay.

Dated: November 24, 2025.

        Respectfully submitted,

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        SLATER LEGAL PLLC
        2296 Henderson Mill Rd NE #116
        Atlanta, Georgia 30345
        james@slater.legal
        Tel. (404) 458-7283

        */s/ James V. Cook*
        James V. Cook (FBN 966843)
        LAW OFFICE OF JAMES COOK
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        cookjv@gmail.com
        Tel. (850) 222-8080

        *Attorneys for Plaintiff Elmer Williams*