APPEAL,CLOSED,JaxP–9,MEDIATION,STAYED

# U.S. District Court
## Middle District of Florida (Jacksonville)
## CIVIL DOCKET FOR CASE #: 3:22–cv–01221–MMH–MCR

| | |
|---|---|
| Williams v. Dixon et al | Date Filed: 11/04/2022 |
| Assigned to: Judge Marcia Morales Howard | Date Terminated: 11/06/2025 |
| Referred to: Magistrate Judge Monte C. Richardson | Jury Demand: Both |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 555 Prisoner Civil Rights (Prison Condition) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Elmer Williams**      represented by    **James V. Cook**
Law Office of James V. Cook
314 W Jefferson St
Tallahassee, FL 32301
850/222–8080
Fax: 850/561–0836
Email: cookjv@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Murray Slater**
Slater Legal PLLC
2296 Henderson Mill Rd NE
Suite 116
Atlanta, GA 30345
404–458–7283
Email: james@slater.legal
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ricky Dixon**      represented by    **John Thomas Buchan**
*in his official capacity as Secretary of the*       Howell, Buchan, and Strong
*Florida Department of Corrections*       630 S. Orange Avenue, Suite 200–B
Sarasota, FL 34236
941–779–4348
Email: tom@jsh–pa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jami McFatter Kimbrell**
Howell, Buchan & Strong
2898–6 Mahan Drive
Tallahassee, FL 32308
850–877–7776

1

Email: jami@kimbrellfirm.com
*ATTORNEY TO BE NOTICED*

**Lauren F. Strickland**
Howell, Buchan & Strong
2898–6 Mahan Drive
Tallahassee, FL 32308
850–877–7776
Email: lauren@jsh–pa.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Centurion of Florida, LLC**                    represented by    **Brian Alexander Wahl**
*TERMINATED: 03/27/2025*                                          Bradley, Arant, Boult & Cummings, LLP
                                                                  One Federal Place
                                                                  1819 5th Ave N
                                                                  PO Box 830709
                                                                  Birmingham, AL 35203–2120
                                                                  205/521–8593
                                                                  Fax: 205/488–6593
                                                                  Email: bwahl@bradley.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jacob Brandon Hanson**
                                                                  Bradley Arant Boult Cummings
                                                                  1001 Water Street
                                                                  Suite 1000
                                                                  Tampa, FL 33602
                                                                  813–559–5575
                                                                  Fax: 813–229–5946
                                                                  Email: jhanson@bradley.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Robert Craig Mayfield**
                                                                  Bradley Arant Boult Cummings
                                                                  1001 Water Street
                                                                  Suite 1000
                                                                  Tampa, FL 33602
                                                                  813–559–5500
                                                                  Fax: 813–229–5946
                                                                  Email: cmayfield@bradley.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **William Blair Castle**
                                                                  KJC Law Group, A.P.C.
                                                                  9701 Wilshire Blvd.
                                                                  Suite 1000
                                                                  Beverly Hills, CA 90212
                                                                  310–861–7797
                                                                  Email: blair@kjclawgroup.com
                                                                  *ATTORNEY TO BE NOTICED*

2

**Defendant**

**MHM Health Professionals, LLC**
*TERMINATED: 10/04/2023*

represented by  **Brian Alexander Wahl**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Brandon Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Craig Mayfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Blair Castle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alexis Figueroa**
*M.D.*
*TERMINATED: 02/25/2025*

represented by  **Brian Alexander Wahl**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Brandon Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Craig Mayfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Blair Castle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kalem Santiago**
*TERMINATED: 08/11/2025*

represented by  **John Thomas Buchan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren F. Strickland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Howell**
*TERMINATED: 02/25/2025*

represented by  **Brian Alexander Wahl**
(See above for address)
*LEAD ATTORNEY*

3

*ATTORNEY TO BE NOTICED*

**Jacob Brandon Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Craig Mayfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Blair Castle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elizabeth Holmes**                    represented by    **Brian Alexander Wahl**
*TERMINATED: 05/23/2024*                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jacob Brandon Hanson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robert Craig Mayfield**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William Blair Castle**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Tony Abbott**                         represented by    **Brian Alexander Wahl**
*TERMINATED: 02/25/2025*                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jacob Brandon Hanson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robert Craig Mayfield**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William Blair Castle**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Gerald Knaus**
*TERMINATED: 03/07/2023*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Jessee Morris**<br>*TERMINATED: 12/22/2022* | represented by | **Brian Alexander Wahl**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

                                                 **Jacob Brandon Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

   **Robert Craig Mayfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

   **William Blair Castle**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Adele Johns**<br>*TERMINATED: 06/10/2024* | represented by | **John Thomas Buchan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

   **Lauren F. Strickland**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Wendy Millette**<br>*TERMINATED: 06/10/2024* | represented by | **John Thomas Buchan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

   **Lauren F. Strickland**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Sgt. Savonia Richardson–Graham**<br>*TERMINATED: 08/11/2025* | represented by | **John Thomas Buchan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

   **Lauren F. Strickland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rebecca Yates**                                    represented by   **John Thomas Buchan**
*TERMINATED: 06/10/2024*                                             (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/04/2022 | 1 | COMPLAINT against Tony Abbott, Centurion of Florida, LLC, Ricky Dixon, Alexis Figueroa, Elizabeth Holmes, Jason Howell, Adele Johns, Gerald Knaus, MHM Health Professionals, LLC, Wendy Millette, Jessee Morris, Savonia Richardson–Graham, Kalem Santiago with Jury Demand (Filing fee $402 receipt number AFLMDC–20168426) filed by Elmer Williams. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Slater, James) (Entered: 11/04/2022) |
| 11/07/2022 | 2 | NEW CASE ASSIGNED to Judge Marcia Morales Howard and Magistrate Judge Monte C. Richardson. New case number: 3:22–cv–1221–MMH–MCR. (SJB) (Entered: 11/07/2022) |
| 11/08/2022 | 3 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (JW) (Entered: 11/08/2022) |
| 11/08/2022 | 4 | SUMMONS issued as to Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, Adele Johns, Gerald Knaus, MHM Health Professionals, LLC, Wendy Millette, Jessee Morris, Savonia Richardson–Graham, Kalem Santiago. (AET) (Entered: 11/08/2022) |
| 11/08/2022 | 5 | PROPOSED summons to be issued by Elmer Williams. (Slater, James) (Entered: 11/08/2022) |
| 11/09/2022 | 6 | SUMMONS issued as to Ricky Dixon. (BGR) (Entered: 11/09/2022) |
| 11/16/2022 | 7 | NOTICE of Appearance by Jacob Brandon Hanson on behalf of Centurion of Florida, LLC, MHM Health Professionals, LLC (Hanson, Jacob) (Entered: 11/16/2022) |
| 11/16/2022 | 8 | NOTICE of Appearance by Robert Craig Mayfield on behalf of Centurion of Florida, LLC, MHM Health Professionals, LLC (Mayfield, Robert) (Entered: 11/16/2022) |
| 11/16/2022 | 9 | NOTICE of Appearance by Brian Alexander Wahl on behalf of Centurion of Florida, LLC, MHM Health Professionals, LLC (Wahl, Brian) (Entered: 11/16/2022) |
| 11/16/2022 | 10 | CORPORATE Disclosure Statement by Centurion of Florida, LLC identifying Corporate Parent Centene Corporation for Centurion of Florida, LLC.. (Hanson, Jacob) (Entered: 11/16/2022) |
| 11/16/2022 | 11 | |

| | | |
|---|---|---|
| | | CORPORATE Disclosure Statement by MHM Health Professionals, LLC identifying Corporate Parent Centene Corporation for MHM Health Professionals, LLC.. (Hanson, Jacob) (Entered: 11/16/2022) |
| 11/18/2022 | 12 | CERTIFICATE of interested persons and corporate disclosure statement by Elmer Williams. (Slater, James) (Entered: 11/18/2022) |
| 12/02/2022 | 13 | NOTICE of Appearance by Robert Craig Mayfield on behalf of Jessee Morris (Mayfield, Robert) (Entered: 12/02/2022) |
| 12/02/2022 | 14 | NOTICE of Appearance by Brian Alexander Wahl on behalf of Jessee Morris (Wahl, Brian) (Entered: 12/02/2022) |
| 12/02/2022 | 15 | NOTICE of Appearance by Jacob Brandon Hanson on behalf of Jessee Morris (Hanson, Jacob) (Entered: 12/02/2022) |
| 12/02/2022 | 16 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 1 Complaint, by Jessee Morris. (Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 12/5/2022 to edit text (AET). (Entered: 12/02/2022) |
| 12/05/2022 | 17 | MOTION to Dismiss for Failure to State a Claim by Centurion of Florida, LLC, MHM Health Professionals, LLC. (Hanson, Jacob) (Entered: 12/05/2022) |
| 12/06/2022 | 18 | **ORDER granting 16 Defendant Morris' Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint; response due by 12/19/2022. Signed by Magistrate Judge Monte C. Richardson on 12/6/2022. (CAW)** (Entered: 12/06/2022) |
| 12/07/2022 | 19 | NOTICE of Appearance by Brian Alexander Wahl on behalf of Jason Howell (Wahl, Brian) (Entered: 12/07/2022) |
| 12/07/2022 | 20 | NOTICE of Appearance by Jacob Brandon Hanson on behalf of Jason Howell (Hanson, Jacob) (Entered: 12/07/2022) |
| 12/07/2022 | 21 | NOTICE of Appearance by Robert Craig Mayfield on behalf of Jason Howell (Mayfield, Robert) (Entered: 12/07/2022) |
| 12/07/2022 | 22 | CERTIFICATE of interested persons and corporate disclosure statement by Jessee Morris identifying Corporate Parent None for Jessee Morris. (Hanson, Jacob) (Entered: 12/07/2022) |
| 12/07/2022 | 23 | CERTIFICATE of interested persons and corporate disclosure statement by Jason Howell identifying Corporate Parent None for Jason Howell. (Hanson, Jacob) (Entered: 12/07/2022) |
| 12/07/2022 | 24 | NOTICE of Appearance by William Blair Castle on behalf of Centurion of Florida, LLC, Jason Howell, MHM Health Professionals, LLC, Jessee Morris (Castle, William) (Entered: 12/07/2022) |
| 12/12/2022 | 25 | NOTICE of Appearance by Jacob Brandon Hanson on behalf of Alexis Figueroa (Hanson, Jacob) (Entered: 12/12/2022) |
| 12/12/2022 | 26 | NOTICE of Appearance by Robert Craig Mayfield on behalf of Alexis Figueroa (Mayfield, Robert) (Entered: 12/12/2022) |
| 12/12/2022 | 27 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Brian Alexander Wahl on behalf of Alexis Figueroa (Wahl, Brian) (Entered: 12/12/2022) |
| 12/12/2022 | 28 | NOTICE of Appearance by William Blair Castle on behalf of Alexis Figueroa (Castle, William) (Entered: 12/12/2022) |
| 12/12/2022 | 29 | CERTIFICATE of interested persons and corporate disclosure statement by Alexis Figueroa. (Hanson, Jacob) (Entered: 12/12/2022) |
| 12/13/2022 | 30 | NOTICE of Lead Counsel Designation by James Murray Slater on behalf of Elmer Williams. Lead Counsel: James Slater. (Slater, James) (Entered: 12/13/2022) |
| 12/15/2022 | 31 | NOTICE of Appearance by John Thomas Buchan on behalf of Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago (Buchan, John) (Entered: 12/15/2022) |
| 12/19/2022 | 32 | MOTION to Dismiss for Failure to State a Claim by Jessee Morris. (Hanson, Jacob) (Entered: 12/19/2022) |
| 12/21/2022 | 33 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1 Complaint, by Alexis Figueroa, Jason Howell. (Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 12/21/2022) |
| 12/22/2022 | 34 | **ORDER granting 33 Defendants Jason Howell and Alexis Figueroa's Unopposed Motion for Extension of Time to Respond to Complaint; responses due by 1/3/2023. Signed by Magistrate Judge Monte C. Richardson on 12/22/2022. (CAW) (Entered: 12/22/2022)** |
| 12/22/2022 | 35 | AMENDED COMPLAINT against Tony Abbott, Centurion of Florida, LLC, Ricky Dixon, Alexis Figueroa, Elizabeth Holmes, Jason Howell, Adele Johns, Gerald Knaus, MHM Health Professionals, LLC, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago with Jury Demand. filed by Elmer Williams.(Slater, James) (Entered: 12/22/2022) |
| 12/22/2022 | 36 | MOTION for Extension of Time to File Answer re: 35 Amended Complaint by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, MHM Health Professionals, LLC. (Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 12/23/2022 to edit text (AET). (Entered: 12/22/2022) |
| 12/23/2022 | 37 | SUPPLEMENTAL Local Rule 3.01(g) Certification re 36 MOTION for Extension of Time to File Answer re: 35 Amended Complaint by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, MHM Health Professionals, LLC. (Hanson, Jacob) Modified on 12/27/2022 to edit text (AET). (Entered: 12/23/2022) |
| 12/29/2022 | 38 | **ORDER granting 36 Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, Figueroa, Howell, and Abbott's unopposed Motion for Extension of Time to Respond to Amended Complaint; responses due by 2/6/2023. Signed by Magistrate Judge Monte C. Richardson on 12/29/2022. (CAW) (Entered: 12/29/2022)** |
| 01/05/2023 | 39 | ANSWER and affirmative defenses with Jury Demand to 35 Amended Complaint, by Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago.(Buchan, John) (Entered: 01/05/2023) |
| 01/05/2023 | 40 | MOTION to Dismiss for Failure to State a Claim by Ricky Dixon. (Buchan, John) (Entered: 01/05/2023) |

| 01/09/2023 | 41 | SUGGESTION of Death of Defendant Gerald Knaus by Centurion of Florida, LLC. (Attachments: # 1 Exhibit A)(Hanson, Jacob) (Entered: 01/09/2023) |
|---|---|---|
| 01/17/2023 | 42 | SECOND AMENDED COMPLAINT against Tony Abbott, Centurion of Florida, LLC, Ricky Dixon, Alexis Figueroa, Elizabeth Holmes, Jason Howell, Adele Johns, Gerald Knaus, MHM Health Professionals, LLC, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago with Jury Demand. filed by Elmer Williams.(Slater, James) Modified text on 1/18/2023 (BD). (Entered: 01/17/2023) |
| 01/18/2023 | 43 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 42 Second Amended Complaint, by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, MHM Health Professionals, LLC. (Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 1/19/2023 to edit text (AET). (Entered: 01/18/2023) |
| 01/20/2023 | 44 | NOTICE of Appearance by Jacob Brandon Hanson on behalf of Elizabeth Holmes (Hanson, Jacob) (Entered: 01/20/2023) |
| 01/20/2023 | 45 | NOTICE of Lead Counsel Designation by Brian Alexander Wahl on behalf of Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, MHM Health Professionals, LLC. Lead Counsel: Brian A. Wahl. (Wahl, Brian) (Entered: 01/20/2023) |
| 01/20/2023 | 46 | NOTICE of Appearance by Robert Craig Mayfield on behalf of Elizabeth Holmes (Mayfield, Robert) (Entered: 01/20/2023) |
| 01/20/2023 | 47 | NOTICE of Appearance by William Blair Castle on behalf of Elizabeth Holmes (Castle, William) (Entered: 01/20/2023) |
| 01/20/2023 | 48 | NOTICE of Filing Waiver of Service of Summons by Elizabeth Holmes. (Attachments: # 1 Exhibit A)(Hanson, Jacob) Modified on 1/23/2023 to edit text (AET). (Entered: 01/20/2023) |
| 01/20/2023 | 49 | CERTIFICATE of interested persons and corporate disclosure statement by Elizabeth Holmes. (Hanson, Jacob) (Entered: 01/20/2023) |
| 01/23/2023 | 50 | CORPORATE Disclosure Statement by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago. (Buchan, John) (Entered: 01/23/2023) |
| 01/23/2023 | 51 | CASE MANAGEMENT REPORT. (Slater, James) (Entered: 01/23/2023) |
| 01/24/2023 | 52 | CASE MANAGEMENT AND SCHEDULING ORDER AND REFERRAL TO MEDIATION: Discovery due by 3/1/2024. Notice regarding mediator and mediation date due by 4/12/2024. Dispositive motions due by 6/21/2024. Conduct mediation hearing by 7/12/2024. Final Pretrial Conference set for 11/18/2024 at 10:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 12/2/2024 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Signed by Judge Marcia Morales Howard on 1/24/2023. (JW) (Entered: 01/24/2023) |
| 01/24/2023 | 53 | CASE REFERRED to Mediation. (AET) (Entered: 01/25/2023) |
| 01/27/2023 | 54 | ORDER granting 43 Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, Figueroa, Howell, and Abbott's Unopposed Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint to the |

| | | |
|---|---|---|
| | | extent that all Defendants shall file a response by 3/3/2023; denying as moot <u>17</u>, <u>32</u>, <u>40</u> Defendants' Motions to Dismiss. Signed by Judge Marcia Morales Howard on 1/27/2023. (CAW) (Entered: 01/27/2023) |
| 01/31/2023 | <u>55</u> | ANSWER and affirmative defenses with Jury Demand to <u>42</u> Second Amended Complaint, by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago.(Buchan, John) Modified on 2/1/2023 to edit text (AET). (Entered: 01/31/2023) |
| 02/17/2023 | <u>56</u> | MOTION to Strike <u>55</u> Answer to amended complaint, *Affirmative Defenses* by Elmer Williams. (Attachments: # <u>1</u> Exhibit Notice of Voluntary Dismissal without Prejudice)(Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 02/17/2023) |
| 03/02/2023 | <u>57</u> | NOTICE of voluntary dismissal by Elmer Williams (Slater, James) (Entered: 03/02/2023) |
| 03/02/2023 | <u>58</u> | MOTION to Dismiss by Centurion of Florida, LLC, MHM Health Professionals, LLC. (Attachments: # <u>1</u> Exhibit A)(Hanson, Jacob) (Modified on 3/2/2023, to edit text) (BGR). (Entered: 03/02/2023) |
| 03/03/2023 | <u>59</u> | MOTION to Dismiss for Failure to State a Claim re <u>42</u> Second Amended Complaint by Tony Abbott. (Hanson, Jacob) Modified on 3/6/2023 to edit text (AET). (Entered: 03/03/2023) |
| 03/03/2023 | <u>60</u> | MOTION to Dismiss for Failure to State a Claim re <u>42</u> Second Amended Complaint by Alexis Figueroa. (Hanson, Jacob) Modified on 3/6/2023 to edit text (AET). (Entered: 03/03/2023) |
| 03/03/2023 | <u>61</u> | MOTION to Dismiss for Failure to State a Claim re <u>42</u> Second Amended Complaint by Elizabeth Holmes. (Hanson, Jacob) Modified on 3/6/2023 to edit text (AET). (Entered: 03/03/2023) |
| 03/03/2023 | <u>62</u> | MOTION to Dismiss for Failure to State a Claim re <u>42</u> Second Amended Complaint by Jason Howell. (Hanson, Jacob) Modified on 3/6/2023 to edit text (AET). (Entered: 03/03/2023) |
| 03/03/2023 | <u>63</u> | MOTION to Stay Discovery Pending Motion to Dismiss <u>59</u> by Tony Abbott, <u>58</u> Centurion of Florida, LLC, <u>60</u> Alexis Figueroa, <u>61</u> Elizabeth Holmes, <u>62</u> Jason Howell, <u>58</u> MHM Health Professionals, LLC. (Hanson, Jacob) Modified on 3/6/2023 to edit text (AET). (Entered: 03/03/2023) |
| 03/03/2023 | <u>64</u> | AMENDED ANSWER and Affirmative defenses (Amended as to affirmative defenses only) re <u>55</u> Answer and Affirmative Defenses with Jury Demand to <u>42</u> Second Amended Complaint by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago. (Buchan, John) Modified on 3/7/2023 to edit text (AET). (Entered: 03/03/2023) |
| 03/06/2023 | <u>65</u> | MOTION to Strike <u>64</u> AMENDED ANSWER and Affirmative defenses (Amended as to affirmative defenses only) by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 3/7/2023 to edit text (AET). (Entered: 03/06/2023) |
| 03/06/2023 | <u>66</u> | UNOPPOSED MOTION for Extension of Time to File Response/Reply to <u>56</u> Motion to Strike by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago. (Buchan, John) Motions referred to |

| | | |
|---|---|---|
| | | Magistrate Judge Monte C. Richardson. Modified on 3/7/2023 to edit text (AET). (Entered: 03/06/2023) |
| 03/07/2023 | 67 | **ORDER granting 57 Plaintiff's Notice of Voluntary Dismissal of Defendant Gerald Knaus Without Prejudice; dismissing without prejudice the claims against Defendant Knaus; directions to the Clerk. Signed by Judge Marcia Morales Howard on 3/6/2023. (CAW)** (Entered: 03/07/2023) |
| 03/07/2023 | 68 | **ORDER granting 66 Defendants Dixon, Santiago, Johns, Millete, and Richardson–Graham's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Strike Affirmative Defenses; response to 56 Plaintiff's Motion to Strike Affirmative Defenses due by 3/10/2023. Signed by Magistrate Judge Monte C. Richardson on 3/7/2023. (CAW)** (Entered: 03/07/2023) |
| 03/08/2023 | 69 | **JUDGMENT that pursuant to this Court's Order entered on March 7, 2023 judgment is hereby entered dismissing all claims against Defendant Gerald Knaus without prejudice. Signed by Deputy Clerk on 3/8/2023. (AET)** (Entered: 03/08/2023) |
| 03/10/2023 | 70 | RESPONSE to Motion re 56 MOTION to Strike 55 Answer to amended complaint, *Affirmative Defenses* filed by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago. (Buchan, John) (Entered: 03/10/2023) |
| 03/13/2023 | 71 | UNOPPOSED MOTION for Extension of Time to File Response/Reply and to exceed page limit in consolidated response as to 62 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 61 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 58 MOTION to Dismiss for Failure to State a Claim *Motion to Dismiss Second Amended Complaint for Failure to State a Claim*, 59 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 60 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 3/14/2023 to edit text (AET). (Entered: 03/13/2023) |
| 03/14/2023 | 72 | **ORDER granting 71 Plaintiff's Unopposed Motion for Extension of Time to Respond to Centurion Defendants' Motions to Dismiss and to Exceed Page Limit in Consolidated Response; Plaintiff's response, not to exceed 40 pages, to 58, 59, 60, 61, 62 Defendants' Motions due by 3/31/2023. Signed by Magistrate Judge Monte C. Richardson on 3/14/2023. (CAW)** (Entered: 03/14/2023) |
| 03/15/2023 | 73 | **ORDER denying without prejudice 56 Plaintiff's Motion to Strike Affirmative Defenses; denying as moot 65 Plaintiff's Motion to Strike the Amended Answer; directing Corrections Defendants to file a second amended answer on or before March 29, 2023; Plaintiff may file a renewed motion to strike within ten days of the filing of the second amended answer. Signed by Magistrate Judge Monte C. Richardson on 3/15/2023. (SM)** (Entered: 03/15/2023) |
| 03/16/2023 | 74 | RESPONSE in Opposition re 63 MOTION to Stay Discovery *Pending Motion to Dismiss* filed by Elmer Williams. (Slater, James) (Entered: 03/16/2023) |
| 03/29/2023 | 75 | Second Amended ANSWER and affirmative defenses to Complaint with Jury Demand as to 42 2nd Amended Complaint by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago.(Buchan, John) Modified on 3/31/2023 to create docket entry relationship (AET). (Entered: 03/29/2023) |

| 03/30/2023 | 76 | RESPONSE in Opposition re 62 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 61 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 58 MOTION to Dismiss for Failure to State a Claim *Motion to Dismiss Second Amended Complaint for Failure to State a Claim*, 59 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 60 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint filed by Elmer Williams. (Attachments: # 1 Exhibit Grievance Log)(Slater, James) (Entered: 03/30/2023) |
| 04/05/2023 | 77 | Unopposed MOTION for Miscellaneous Relief, specifically Leave to File Reply in Support of Motions to Dismiss *[ECF Nos. 58–62] Within 7 Days* by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, MHM Health Professionals, LLC. (Hanson, Jacob) (Entered: 04/05/2023) |
| 04/06/2023 | 78 | **ORDER granting 77 Defendants' Unopposed Motion for Leave to File Reply; consolidated reply, not to exceed 3 pages, due by 4/14/2023. Signed by Magistrate Judge Monte C. Richardson on 4/6/2023. (CAW)** (Entered: 04/06/2023) |
| 04/12/2023 | 79 | MOTION for Extension of Time to File Response/Reply *to Discovery* by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, MHM Health Professionals, LLC. (Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 04/12/2023) |
| 04/14/2023 | 80 | REPLY to Response to Motion re 62 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 61 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 58 MOTION to Dismiss for Failure to State a Claim *Motion to Dismiss Second Amended Complaint for Failure to State a Claim*, 59 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 60 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint filed by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, MHM Health Professionals, LLC. (Attachments: # 1 Exhibit "A")(Hanson, Jacob) (Entered: 04/14/2023) |
| 04/14/2023 | 81 | **ORDER denying Defendants Centurion of Florida, MHM Health Professionals, Alexis Figueroa, Jason Howell, Elizabeth Holmes, and Tony Abbott's 63 Motion to Stay Discovery and 79 Motion for Extension of Time to Respond to Discovery. Signed by Magistrate Judge Monte C. Richardson on 4/14/2023. (SM)** (Entered: 04/14/2023) |
| 04/19/2023 | 82 | NOTICE of Withdrawal of Affirmative Defense Nos. 6 & 10 by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago. (Buchan, John) Modified on 4/20/2023 to edit text (AET). (Entered: 04/19/2023) |
| 04/28/2023 | 83 | NOTICE of Appearance by Lauren F. Strickland on behalf of Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago (Strickland, Lauren) (Entered: 04/28/2023) |
| 05/15/2023 | 84 | Joint MOTION for Confidentially Order and Incorporated Proposed Order by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Modified on 5/16/2023, to edit text) (BGR). (Entered: 05/15/2023) |
| 05/31/2023 | 85 | **ORDER granting 84 Joint Motion for Confidentiality Order. Signed by Magistrate Judge Monte C. Richardson on 5/31/2023. (SM)** (Entered: 05/31/2023) |

| 05/31/2023 | 86 | **CONFIDENTIALITY ORDER. Signed by Magistrate Judge Monte C. Richardson on 5/31/2023. (SM)** (Entered: 05/31/2023) |
|---|---|---|
| 06/09/2023 | 87 | NOTICE of supplemental authority re 62 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 61 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 58 MOTION to Dismiss for Failure to State a Claim *Motion to Dismiss Second Amended Complaint for Failure to State a Claim*, 59 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint, 60 MOTION to Dismiss for Failure to State a Claim re 42 Second Amended Complaint by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, MHM Health Professionals, LLC. (Hanson, Jacob) (Entered: 06/09/2023) |
| 07/12/2023 | 88 | MOTION to Amend 42 Amended Complaint by Elmer Williams. (Attachments: # 1 Exhibit 1 – Yates email, # 2 Exhibit 2 – Redacted Investigative Report, # 3 Exhibit 3 – Proposed Third Amended Complaint)(Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 07/12/2023) |
| 07/27/2023 | 89 | RESPONSE in Opposition re 88 MOTION to Amend 42 Amended Complaint filed by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago. (Attachments: # 1 Exhibit March 10, 2023 Email, # 2 Exhibit March 16, 2023 MR Email, # 3 Exhibit December 30, 2022 Medical Release, # 4 Exhibit March 16, 2023 Email, # 5 Exhibit Interrogatory Responses, # 6 Exhibit RFA Responses, # 7 Exhibit May 23, 2023 Email, # 8 Exhibit June 28, 2023 Email, # 9 Exhibit July 10, 2023 Email, # 10 Exhibit Medical Release)(Strickland, Lauren) (Entered: 07/27/2023) |
| 07/27/2023 | 90 | RESPONSE in Opposition re 88 MOTION to Amend 42 Amended Complaint filed by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell, MHM Health Professionals, LLC. (Attachments: # 1 Exhibit "A")(Hanson, Jacob) (Entered: 07/27/2023) |
| 10/04/2023 | 91 | **ORDER granting 88 Plaintiff's Motion to Amend and directing the Clerk to file the Proposed Third Amended Complaint as of the date of this Order and update the docket accordingly; Defendants to respond to the Third Amended Complaint by October 25, 2023; denying as moot 58, 59, 60, 61, 62 Motions to Dismiss. Signed by Judge Marcia Morales Howard on 10/3/2023. (SM)** (Entered: 10/04/2023) |
| 10/04/2023 | 92 | PROPOSED summons to be issued by Elmer Williams. (Slater, James) (Entered: 10/04/2023) |
| 10/04/2023 | 93 | THIRD AMENDED COMPLAINT against Tony Abbott, Centurion of Florida, LLC, Ricky Dixon, Alexis Figueroa, Elizabeth Holmes, Jason Howell, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago, Rebecca Yates with Jury Demand filed by Elmer Williams.(KME) (Entered: 10/05/2023) |
| 10/05/2023 | 94 | SUMMONS issued as to Rebecca Yates. (KME) (Entered: 10/05/2023) |
| 10/09/2023 | 95 | WAIVER of service returned executed on 10/09/2023 by Elmer Williams as to Rebecca Yates. (Slater, James) (Entered: 10/09/2023) |
| 10/25/2023 | 96 | MOTION to Dismiss Third Amended Complaint by Centurion of Florida, LLC. (Attachments: # 1 Exhibit "A")(Hanson, Jacob) (Entered: 10/25/2023) |
| 10/25/2023 | 97 | |

| | | |
|---|---|---|
| | | MOTION to Dismiss Third Amended Complaint by Elizabeth Holmes. (Hanson, Jacob) (Entered: 10/25/2023) |
| 10/25/2023 | 98 | MOTION to Dismiss Third Amended Complaint by Jason Howell. (Hanson, Jacob) (Entered: 10/25/2023) |
| 10/25/2023 | 99 | MOTION to Dismiss Third Amended Complaint by Tony Abbott. (Hanson, Jacob) (Entered: 10/25/2023) |
| 10/25/2023 | 100 | MOTION to Dismiss Third Amended Complaint by Alexis Figueroa. (Hanson, Jacob) (Entered: 10/25/2023) |
| 10/25/2023 | 101 | ANSWER and affirmative defenses with Jury Demand to 93 Third Amended Complaint by Ricky Dixon, Adele Johns, Wendy Millette, Savonia Richardson–Graham, Kalem Santiago, Rebecca Yates.(Buchan, John) Modified on 10/26/2023 (SPM). (Entered: 10/25/2023) |
| 11/06/2023 | 102 | Unopposed MOTION for Extension of Time to File Response/Reply *to Centurion Defendants' Motions to Dismiss* by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 11/06/2023) |
| 11/08/2023 | 103 | **ORDER granting 102 Plaintiff's Unopposed Motion for Extension of Time to Respond to Centurion Defendants' Motions to Dismiss and to Exceed Page Limit in Consolidated Response; consolidated response, not to exceed 40 pages, due by 11/22/2023. Signed by Magistrate Judge Monte C. Richardson on 11/8/2023. (CAW) (Entered: 11/08/2023)** |
| 11/22/2023 | 104 | RESPONSE in Opposition re 96 MOTION to Dismiss Third Amended Complaint , 98 MOTION to Dismiss Third Amended Complaint , 99 MOTION to Dismiss Third Amended Complaint , 97 MOTION to Dismiss Third Amended Complaint , 100 MOTION to Dismiss Third Amended Complaint filed by Elmer Williams. (Slater, James) (Entered: 11/22/2023) |
| 12/12/2023 | 105 | Joint MOTION for Miscellaneous Relief, specifically to Extend Case Management Deadlines by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell. (Hanson, Jacob) (Entered: 12/12/2023) |
| 12/14/2023 | 106 | **ORDER granting 105 Joint Motion to Extend Case Management Deadlines. Discovery deadline is 8/20/2024. Mediation deadline is 8/20/2024. Dispositive and Daubert motions due 9/20/2024. Final pretrial conference continued to 2/18/2025, at 10:00 a.m. Jury trial set for trial term commencing on 3/3/2025, at 9:00 a.m. See Order for additional deadlines. Signed by Judge Marcia Morales Howard on 12/14/2023. (JW) (Entered: 12/14/2023)** |
| 02/06/2024 | 107 | NOTICE of change of address by Jacob Brandon Hanson (Hanson, Jacob) (Entered: 02/06/2024) |
| 02/25/2024 | 108 | MOTION for Summary Judgment by Adele Johns. (Attachments: # 1 Exhibit Johns Response to 1st Interrogatories, # 2 Exhibit Grievance Log 22–6–01487, # 3 Exhibit Rebecca Yates Affidavit, # 4 Exhibit Email Chain)(Buchan, John) (Entered: 02/25/2024) |
| 02/26/2024 | 109 | **SUMMARY JUDGMENT NOTICE AND COURTESY COPIES. Signed by Deputy Clerk on 2/26/2024. (JW) (Entered: 02/26/2024)** |
| 02/26/2024 | 110 | |

| | | |
|---|---|---|
| | | MOTION to Strike 108 MOTION for Summary Judgment by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 02/26/2024) |
| 03/06/2024 | 111 | RESPONSE in Opposition re 110 MOTION to Strike 108 MOTION for Summary Judgment filed by Adele Johns. (Attachments: # 1 Exhibit Johns Response to 1st Interrogatories, # 2 Exhibit Johns Response to 1st Request for Admissions)(Buchan, John) (Entered: 03/06/2024) |
| 03/18/2024 | 112 | RESPONSE in Opposition re 108 MOTION for Summary Judgment *and Rule 56(d) Application* filed by Elmer Williams. (Attachments: # 1 Exhibit 1 DC 14, # 2 Exhibit 2 Williams Deposition, # 3 Exhibit 3 Disciplinary Report, # 4 Exhibit 4 Grievances seeking care, # 5 Exhibit 5 Medical record 1–12–22, # 6 Exhibit 6 Medical record 2–9–22, # 7 Exhibit 7 Medical record 2–8–22, # 8 Exhibit 8 Medical record 5–25–22, # 9 Exhibit 9 Eligard prescription, # 10 Exhibit 10 Figueroa e–mail, # 11 Exhibit 12 Cook Declaration)(Cook, James) Counsel to file amended response with redacted information (jkl). (Entered: 03/18/2024) |
| 03/19/2024 | 113 | RESPONSE in Opposition re 108 MOTION for Summary Judgment filed by Elmer Williams. (Cook, James) (Modified on 3/19/2024, counsel notified to refile with exhibits. See doc 114 )(BGR). (Entered: 03/19/2024) |
| 03/19/2024 | 114 | AMENDED RESPONSE in Opposition re 108 MOTION for Summary Judgment filed by Elmer Williams. (Attachments: # 1 Exhibit 1 DC–14, # 2 Exhibit 2 Williams Deposition, # 3 Exhibit 3 Disciplinary Report, # 4 Exhibit 4 Grievances seeking care, # 5 Exhibit 5 Medical record 1–12–22, # 6 Exhibit 6 Medical record 2–9–22, # 7 Exhibit 7 Medical record 2–8–22, # 8 Exhibit 8 Medical record 5–25–22, # 9 Exhibit 9 Eligard prescription, # 10 Exhibit 10 Figueroa e–mail, # 11 Exhibit 12 Cook Declaration)(Cook, James) (Main Document 114 replaced on 3/19/2024 due to personal identifiers) (AET). Modified on 3/19/2024 to edit text (ELM). (Entered: 03/19/2024) |
| 04/11/2024 | 115 | NOTICE OF SELECTION of Thomas H. Bateman, III as mediator by Elmer Williams. (Slater, James) (Entered: 04/11/2024) |
| 05/03/2024 | 116 | MOTION for Summary Judgment by Rebecca Yates. (Attachments: # 1 Exhibit Affidavit – Rebecca Yates, # 2 Exhibit Grievance Log 22–6–01487, # 3 Exhibit Email Chain, # 4 Exhibit Johns Response to 1st Interrogatories)(Buchan, John) (Entered: 05/03/2024) |
| 05/22/2024 | 117 | STIPULATION of Dismissal *as to Rebecca Yates, Wendy Millette and Adele Johns Only* by Elmer Williams. (Slater, James) (Entered: 05/22/2024) |
| 05/23/2024 | 118 | **ORDER denying 96, 99, 100 Centurion, Tony Abbott, and Alexis Figueroa's Motions to Dismiss; granting in part and denying in part 98 Jason Howell's Motion to Dismiss; granting 97 Elizabeth Holmes's Motion to Dismiss, with directions to the Clerk; Centurion, Howell, Abbott, and Figueroa must file Answers no later than June 20, 2024. Signed by Judge Marcia Morales Howard on 5/22/2024. (SM)** (Entered: 05/23/2024) |
| 06/03/2024 | 119 | **ORDER directing Plaintiff to file a Joint Stipulation of Dismissal that complies with Rule 41(a)(1)(A)(ii) by 6/14/2024. Signed by Judge Marcia Morales Howard on 5/31/2024. (SM)** (Entered: 06/03/2024) |
| 06/04/2024 | 120 | |

| | | |
|---|---|---|
| | | Joint STIPULATION of Dismissal *as to Rebecca Yates, Wendy Millette and Adele Johns Only* by Elmer Williams. (Slater, James) Modified text on 6/5/2024 (KME). (Entered: 06/04/2024) |
| 06/10/2024 | 121 | **ORDER dismissing with prejudice all claims against Defendants Yates, Millette, and Johns; denying as moot 108, 116 Defendants' Motions for Summary Judgment; denying as moot 110 Plaintiff's Motion to Strike; directions to the Clerk. Signed by Judge Marcia Morales Howard on 6/10/2024. (CAW)** (Entered: 06/10/2024) |
| 06/11/2024 | 122 | **JUDGMENT entered dismissing with prejudice all claims against Defendants Yates, Millette, and Johns. Signed by Deputy Clerk on 6/11/2024. (LNR)** (Entered: 06/11/2024) |
| 06/20/2024 | 123 | ANSWER and affirmative defenses with Jury Demand to 93 Amended Complaint *and Demand for Jury Trial* by Centurion of Florida, LLC.(Hanson, Jacob) (Entered: 06/20/2024) |
| 06/20/2024 | 124 | ANSWER and affirmative defenses with Jury Demand to 93 Amended Complaint *with Jury Demand* by Jason Howell.(Hanson, Jacob) (Entered: 06/20/2024) |
| 06/20/2024 | 125 | ANSWER and affirmative defenses with Jury Demand to 93 Amended Complaint *with Jury Demand* by Alexis Figueroa.(Hanson, Jacob) (Entered: 06/20/2024) |
| 06/20/2024 | 126 | ANSWER and affirmative defenses with Jury Demand to 93 Amended Complaint *with Jury Demand* by Tony Abbott.(Hanson, Jacob) (Entered: 06/20/2024) |
| 07/02/2024 | 127 | NOTICE of Serving Expert Disclosure of Randall Stoltz, MD by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell. (Wahl, Brian) Modified on 7/3/2024 to edit text (ELM). (Entered: 07/02/2024) |
| 07/08/2024 | 128 | MOTION to Compel Production of Documents *as to FDC* by Elmer Williams. (Attachments: # 1 Exhibit 1 – Request for Production and Response, # 2 Exhibit 2 – Herring Deposition Transcript)(Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 07/08/2024) |
| 07/08/2024 | 129 | MOTION to Modify 52 Case Management Scheduling Order, 106 Order on Motion for Miscellaneous Relief by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 07/08/2024) |
| 07/12/2024 | 130 | NOTICE by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell *of Expert Disclosure of Richard Levin, MD, FACS* (Wahl, Brian) (Entered: 07/12/2024) |
| 07/15/2024 | 131 | NOTICE of Appearance by Jami McFatter Kimbrell on behalf of Ricky Dixon (Kimbrell, Jami) (Entered: 07/15/2024) |
| 07/16/2024 | 132 | Joint MOTION for Protective Order by Ricky Dixon. (Attachments: # 1 Text of Proposed Order)(Buchan, John) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 07/16/2024) |
| 07/18/2024 | 133 | NOTICE by Ricky Dixon, Savonia Richardson−Graham, Kalem Santiago *of Withdrawal of Objection to Motion to Modify Scheduling Order* (Buchan, John) (Entered: 07/18/2024) |
| 07/19/2024 | 134 | NOTICE of WITHDRAWAL of motion *TO COMPEL PRODUCTION (ECF 128)* by Elmer Williams (Cook, James) (Entered: 07/19/2024) |

| 07/25/2024 | 135 | **ORDER granting 129 Plaintiff's Partially Opposed Motion to Modify Scheduling Order. Discovery deadline is 10/18/2024. Mediation deadline is 8/20/2024. Dispositive and Daubert motions due 11/22/2024. Final pretrial conference continued to 4/21/2025, at 10:00 a.m. Jury trial set for trial term commencing on 5/5/2025, at 9:00 a.m. See Order for additional deadlines. Signed by Judge Marcia Morales Howard on 7/25/2024. (JW)** (Entered: 07/25/2024) |
|---|---|---|
| 07/31/2024 | 136 | **ORDER granting 132 the Joint Motion for a HIPAA–Qualified Protective Order. Signed by Magistrate Judge Monte C. Richardson on 7/31/2024. (SM)** (Entered: 07/31/2024) |
| 07/31/2024 | 137 | **HIPAA–QUALIFIED PROTECTIVE ORDER. Signed by Magistrate Judge Monte C. Richardson on 7/31/2024. (SM)** (Entered: 07/31/2024) |
| 08/08/2024 | 138 | MEDIATION report Hearing held on August 8, 2024. Hearing outcome: Impasse.. (Bateman, Thomas) (Entered: 08/08/2024) |
| 08/16/2024 | 139 | MOTION for Protective Order *HIPAA–Qualified* by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell. (Attachments: # 1 Exhibit A – Proposed Protective Order, # 2 Exhibit B – 5/5/23 Email Thread, # 3 Exhibit C – 4/29/24 Email Thread, # 4 Exhibit D – 5/20/24 Email Thread, # 5 Exhibit E – 7/8/24 Email Thread)(Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 08/16/2024) |
| 08/30/2024 | 140 | RESPONSE in Opposition re 139 MOTION for *HIPAA–Qualified* Protective Order filed by Elmer Williams. (Cook, James) Modified text on 9/3/2024 (JK). (Entered: 08/30/2024) |
| 10/07/2024 | 141 | **ORDER denying 139 Defendants Centurion, Figueroa, Howell, and Abbott's Motion for HIPAA–Qualified Protective Order. Signed by Magistrate Judge Monte C. Richardson on 10/7/2024. (SM)** (Entered: 10/07/2024) |
| 10/17/2024 | 142 | MOTION to Modify 52 Case Management Scheduling Order 135 Order on Motion to Amend / Correct / Modify / Supplement by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 10/17/2024) |
| 10/17/2024 | 143 | MOTION to Compel Production of Documents *as to FDC* by Elmer Williams. (Attachments: # 1 Exhibit 1 – Request for Production and Response, # 2 Exhibit 2 – Herring Deposition Transcript)(Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 10/17/2024) |
| 10/18/2024 | 144 | MOTION to Compel Better Answers; Records by Elmer Williams. (Attachments: # 1 Exhibit 1 First Discovery, # 2 Exhibit 2 Second Discovery)(Cook, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 10/18/2024) |
| 10/18/2024 | 145 | MOTION to Compel Plaintiff to produce a computation of damages as well as records describing and supporting the same by Tony Abbott, Centurion of Florida, LLC, Alexis Figueroa, Elizabeth Holmes, Jason Howell. (Attachments: # 1 Exhibit A – Plaintiff's' Responses to Centurion's First Discovery, # 2 Exhibit B – Plaintiff's Responses to Centurion's Second Discovery, # 3 Exhibit C – Plaintiff's Responses to Centurion's Third Discovery, # 4 Exhibit D – Discovery Deficiency Letter to Plaintiff)(Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 10/18/2024) |
| 10/24/2024 | 146 | RESPONSE to Motion re 142 MOTION to Modify 52 Case Management Scheduling Order 135 Order on Motion to Amend / Correct / Modify / Supplement filed by Tony |

| | | Abbott, Centurion of Florida, LLC, Alexis Figueroa, Jason Howell. (Hanson, Jacob) (Entered: 10/24/2024) |
|---|---|---|
| 10/28/2024 | 147 | **ORDER denying without prejudice 143, 144, 145 Motions to Compel. The Court directs the parties to confer via telephone or videoconference regarding their discovery disputes by November 12, 2024, in accordance with this Order. If the parties cannot resolve their disputes, they may refile the motion(s) to compel by November 18, 2024. Signed by Magistrate Judge Monte C. Richardson on 10/28/2024. (SM)** (Entered: 10/28/2024) |
| 10/31/2024 | 148 | RESPONSE to Motion re 142 MOTION to Modify 52 Case Management Scheduling Order 135 Order on Motion to Amend / Correct / Modify / Supplement filed by Ricky Dixon, Savonia Richardson–Graham, Kalem Santiago. (Buchan, John) (Entered: 10/31/2024) |
| 11/01/2024 | 149 | **ORDER granting 142 Plaintiff's Opposed Motion to Modify Scheduling Order and referring this case to the Honorable Monte C. Richardson to conduct a settlement conference; directing the parties to confer and contact the chambers of Judge Richardson by 12/13/2024, with proposed dates as to when the parties and counsel are available for a settlement conference to be conducted following the close of discovery. Discovery deadline is 1/16/2025. Dispositive and Daubert motions due 3/17/2025. Final pretrial conference continued to 7/21/2025, at 10:00 a.m. Jury trial set for trial term commencing on 8/4/2025, at 9:00 a.m. See Order for additional deadlines. Signed by Judge Marcia Morales Howard on 11/1/2024. (SM)** (Entered: 11/01/2024) |
| 11/18/2024 | 150 | MOTION to Compel Production *(Third Renewed)* by Elmer Williams. (Cook, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 11/18/2024) |
| 12/02/2024 | 151 | RESPONSE in Opposition re 150 MOTION to Compel Production *(Third Renewed)* filed by Ricky Dixon. (Buchan, John) (Entered: 12/02/2024) |
| 12/16/2024 | 152 | **ORDER setting settlement conference for 2/12/25 at 10:00 a.m. The parties' memoranda due by 1/29/25. See Order for details. Signed by Magistrate Judge Monte C. Richardson on 12/16/2024. (TAM)** (Entered: 12/16/2024) |
| 01/07/2025 | 153 | NOTICE OF SELECTION of Thomas Bateman as mediator and NOTICE of mediation conference/hearing to be held on 2/11/25 by Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, Tony Abbott (Wahl, Brian) Modified text on 1/7/2025 (GL). (Entered: 01/07/2025) |
| 01/08/2025 | 154 | **ORDER denying 150 Plaintiff's Third Renewed Motion to Compel Defendant Dixon to Produce Documents. Signed by Magistrate Judge Monte C. Richardson on 1/8/2025. (SM)** (Entered: 01/08/2025) |
| 01/10/2025 | 155 | Joint MOTION to Excuse Parties From Physical Appearance at Settlement Conference and For Designation of Attending Attorneys by Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, Tony Abbott. (Wahl, Brian) Modified text on 1/13/2025 (BD). (Entered: 01/10/2025) |
| 01/13/2025 | 156 | Time Sensitive MOTION for Extension of Time to Complete Discovery *(offering narrowing terms for discovery)* by Elmer Williams. (Attachments: # 1 Exhibit 1 Proposed Narrowing Terms)(Cook, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 01/13/2025) |
| 01/14/2025 | 157 | |

| | | |
|---|---|---|
| | | NOTICE of Supplemental Rule 3.01(g) Certificate by Elmer Williams re 156 Time Sensitive MOTION for Extension of Time to Complete Discovery (offering narrowing terms for discovery) (Cook, James) Modified on 1/14/2025 as to docket text (ARL). (Entered: 01/14/2025) |
| 01/16/2025 | 158 | Renewed MOTION to Compel Plaintiff to Produce a Computation of Damages as well as records describing and supporting the same by Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, Tony Abbott. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B", # 3 Exhibit "C", # 4 Exhibit "D", # 5 Exhibit "E", # 6 Exhibit "F", # 7 Exhibit "G")(Hanson, Jacob) Motions referred to Magistrate Judge Monte C. Richardson. Modified text on 1/17/2025 (MGB). (Entered: 01/16/2025) |
| 01/16/2025 | 159 | SUPPLEMENT Rule 3.01(g) Certificate re 156 Time Sensitive MOTION for Extension of Time to Complete Discovery (offering narrowing terms for discovery) Regarding Defendant Dixon by Elmer Williams. (Slater, James) Modified text on 1/17/2025 (MGB). (Entered: 01/16/2025) |
| 01/16/2025 | 160 | MOTION to Compel Defendant Ricky Dixon to Produce Documents by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 01/16/2025) |
| 01/21/2025 | 161 | **ORDER granting in part and denying in part 155 Joint Motion to Excuse the Parties from Physical Appearance at Settlement Conference; granting 156 Plaintiff's Motion to Extend Discovery Deadline; discovery deadline extended to 1/31/2025; the remainder of the deadlines in the 149 Court's Order remain unchanged; see Order for details. Signed by Magistrate Judge Monte C. Richardson on 1/21/2025. (CAW)** (Entered: 01/21/2025) |
| 01/27/2025 | 162 | AMENDED NOTICE of Lead Counsel Designation by James V. Cook on behalf of Elmer Williams. Lead Counsel: James V. Cook. (Cook, James) Modified text on 1/27/2025 (BD). (Entered: 01/27/2025) |
| 01/30/2025 | 163 | RESPONSE in Opposition re 158 Renewed MOTION to Compel Plaintiff to Produce a Computation of Damages as well as records describing and supporting the same filed by Elmer Williams. (Attachments: # 1 Declaration of James Cook)(Slater, James) (Entered: 01/30/2025) |
| 01/30/2025 | 164 | RESPONSE in Opposition re 160 MOTION to Compel Defendant Ricky Dixon to Produce Documents filed by Ricky Dixon. (Buchan, John) (Entered: 01/30/2025) |
| 01/31/2025 | 165 | NOTICE TO COUNSEL John Thomas Buchan of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (GL) (Entered: 01/31/2025) |
| 02/07/2025 | 166 | **ORDER denying 158 Centurion Defendants' Motion to Compel; denying 160 Plaintiff's Motion to Compel; and extending the discovery deadline to February 14, 2025, only as to Defendant Dixon's production of responsive emails. Signed by Magistrate Judge Monte C. Richardson on 2/7/2025. (SM)** (Entered: 02/07/2025) |
| 02/07/2025 | 167 | MOTION for Reconsideration re 161 Order on Motion for Miscellaneous Relief Order on Motion for Extension of Time to Complete Discovery, 155 Joint MOTION to Excuse Parties From Physical Appearance at Settlement Conference and For |

| | | Designation of Attending Attorneys by Ricky Dixon. (Kimbrell, Jami) (Entered: 02/07/2025) |
|---|---|---|
| 02/07/2025 | 168 | MOTION to Allow Electronic Equipment, specifically cellular phones *during settlement conference* by Ricky Dixon. (Kimbrell, Jami) (Entered: 02/07/2025) |
| 02/10/2025 | 169 | **ORDER granting 167 Defendant Dixon's Motion for Reconsideration of Joint Motion to Excuse the Parties from Physical Appearance at Settlement Conference as to Defendant Ricky D. Dixon to the extent that Defendant Dixon need not appear in person; granting 168 Defendants' Motion to Allow Cell Phones at Settlement Conference. Signed by Magistrate Judge Monte C. Richardson on 2/10/2025. (CAW) (Entered: 02/10/2025)** |
| 02/10/2025 | 170 | NOTICE of settlement *Between Plaintiff and Centurion Defendants* by Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, Tony Abbott (Hanson, Jacob) (Entered: 02/10/2025) |
| 02/10/2025 | 171 | Unopposed MOTION for Miscellaneous Relief, specifically Excuse the Centurion Defendants from Attending the Settlement Conference *set for February 12, 2025* by Centurion of Florida, LLC, Alexis Figueroa, Jason Howell, Tony Abbott. (Hanson, Jacob) (Entered: 02/10/2025) |
| 02/11/2025 | 172 | **ORDER granting 171 Defendants Centurion of Florida, LLC, Howell, Abbott, and Dr. Figueroa's Unopposed Motion to Excuse the Centurion Defendants from Attending the Settlement Conference. Signed by Magistrate Judge Monte C. Richardson on 2/11/2025. (CAW) (Entered: 02/11/2025)** |
| 02/12/2025 | 173 | Minute Entry. In Person Proceedings held before Magistrate Judge Monte C. Richardson: SETTLEMENT CONFERENCE held on 2/12/2025. (Digital) (SHS) (Entered: 02/12/2025) |
| 02/14/2025 | 174 | MOTION to Compel Defendant Ricky Dixon to Provide Unredacted Documents and a Privilege Log by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 02/14/2025) |
| 02/21/2025 | 175 | Joint STIPULATION of Dismissal as to claims against Jason Howell, Tony Abbott, and Dr. Alexis Figueroa, by Tony Abbott, Alexis Figueroa, Jason Howell. (Hanson, Jacob) Modified docket text on 2/24/2025 (JOS). (Entered: 02/21/2025) |
| 02/24/2025 | 176 | **ORDER dismissing with prejudice the claims against Defendants Howell, Abbott, and Figueroa; directions to the Clerk. Signed by Judge Marcia Morales Howard on 2/24/2025. (CAW) (Entered: 02/24/2025)** |
| 02/25/2025 | 177 | JUDGMENT that the claims against Defendants Howell, Abbott, and Figueroa are DISMISSED with prejudice. ( Signed by Deputy Clerk) (JOS) (Entered: 02/25/2025) |
| 02/28/2025 | 178 | RESPONSE in Opposition re 174 MOTION to Compel Defendant Ricky Dixon to Provide Unredacted Documents and a Privilege Log filed by Ricky Dixon. (Buchan, John) (Entered: 02/28/2025) |
| 03/16/2025 | 179 | MOTION for Summary Judgment by Kalem Santiago. (Attachments: # 1 Exhibit Santiago Interrogatory Responses, # 2 Exhibit Request for Admissions, # 3 Exhibit Email Chain, # 4 Exhibit Santiago Affidavit, # 5 Exhibit Plaintiff's 1/11/23 Deposition)(Buchan, John) (Entered: 03/16/2025) |
| 03/17/2025 | 180 | |

| | | |
|---|---|---|
| | | Unopposed MOTION for Extension of Time to File Dispositive Motion by Three Days for Defendant Dixon by Ricky Dixon. (Buchan, John) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 03/17/2025) |
| 03/17/2025 | 181 | MOTION for Summary Judgment with Incorporated Memorandum In Law by Savonia Richardson–Graham. (Attachments: # 1 Exhibit Williams Deposition 1–11–23, # 2 Exhibit Richardson's Response to 1st RFA, # 3 Exhibit Richardson's Deposition 10–6–23, # 4 Exhibit Informal Grievance Log, # 5 Exhibit Formal Grievance Log)(Buchan, John) Modified on 3/19/2025 to edit the docket text (MLB). (Entered: 03/17/2025) |
| 03/18/2025 | 182 | **SUMMARY JUDGMENT NOTICE AND COURTESY COPIES. Signed by Deputy Clerk on 3/18/2025. (JW)** (Entered: 03/18/2025) |
| 03/19/2025 | 183 | **ORDER granting in part and denying in part 174 Plaintiff's Motion to Compel; by 4/3/2025, Defendant Dixon must provide to Plaintiff unredacted versions of the emails already disclosed in accordance with 137 the HIPAA–Qualified Protective Order; denying as moot 180 Defendant Dixon's Motion for Extension of Time to File; and sua sponte extending the case management deadlines. Dispositive and Daubert motions due 4/17/2025. Final pretrial conference continued to 8/18/2025, at 10:00 a.m. Jury trial set for trial term commencing on 9/2/2025, at 9:00 a.m. See Order for additional deadlines. Signed by Magistrate Judge Monte C. Richardson on 3/19/2025. (SM)** (Entered: 03/19/2025) |
| 03/20/2025 | 184 | Joint STIPULATION of Dismissal With Prejudice of All Claims Against Centurion of Florida, LLC by Centurion of Florida, LLC. (Hanson, Jacob) Modified docket text on 3/20/2025 (JOS). (Entered: 03/20/2025) |
| 03/24/2025 | 185 | **ORDER dismissing with prejudice the claims against Defendant Centurion of Florida, LLC; directions to the Clerk. Signed by Judge Marcia Morales Howard on 3/24/2025. (CAW)** (Entered: 03/24/2025) |
| 03/27/2025 | 186 | **JUDGMENT entered dismissing Defendant Centurion of Florida, LLC. Signed by Deputy Clerk on 3/27/2025. (JTM)** (Entered: 03/27/2025) |
| 03/31/2025 | 187 | Unopposed MOTION to Enlarge Deadline to Respond to Pending Summary Judgment Motions by Elmer Williams. (Slater, James) Motions referred to Magistrate Judge Monte C. Richardson. Modified text on 4/1/2025 (BD). (Entered: 03/31/2025) |
| 04/03/2025 | 188 | **ORDER granting 187 Plaintiff's Unopposed Motion to Enlarge Deadline to Respond to Pending Summary Judgment Motions to the extent that responses to all dispositive motions are due by 5/8/2025. Signed by Magistrate Judge Monte C. Richardson on 4/2/2025. (CAW)** (Entered: 04/03/2025) |
| 04/17/2025 | 189 | MOTION for Summary Judgment by Ricky Dixon. (Attachments: # 1 Exhibit Plaintiff's Response to First Interrogatories, # 2 Exhibit Dr. Figueroa Deposition, # 3 Exhibit Dixon's Response to First Interrogatorise, # 4 Exhibit Plaintiff's 1–11–23 Deposition)(Buchan, John) (Entered: 04/17/2025) |
| 05/05/2025 | 190 | NOTICE by Elmer Williams *of Filing Complete First Day of Plaintiff's Deposition Testimony* (Attachments: # 1 January 10, 2023 Deposition Transcript for Elmer Williams)(Slater, James) (Entered: 05/05/2025) |
| 05/07/2025 | 191 | NOTICE of settlement *as to Defendants Santiago and Richardson–Graham Only* by Elmer Williams (Slater, James) (Entered: 05/07/2025) |

| 05/08/2025 | 192 | DECLARATION of James M. Slater by Elmer Williams. (Attachments: # 1 Exhibit A – Chronological Record of Health Care (DC4–701), # 2 Exhibit B – Jan. 5, 2022 Sworn Statement of Elmer Williams, # 3 Exhibit C – Disciplinary Report Packet, # 4 Exhibit D – Feb. 2, 2022 Sworn Statement of Elmer Williams, # 5 Exhibit E – Wound Evaluation and Treatment Record, # 6 Exhibit F – FDOC Infection Control Program Manual, # 7 Exhibit G – Incident Report with Exhibits, # 8 Exhibit H – Expert Report of Homer Venters, M.D., # 9 Exhibit I – Settlement Agreement between DRF and FDOC, # 10 Exhibit J – Legislative Budget Request, # 11 Exhibit K – Correctional Medical Authority 2021–2022 Annual Report & Update on the Status of Elderly Offenders in Florida's Prisons, # 12 Exhibit L – Declaration of Donny Phillips)(Slater, James) (Entered: 05/08/2025) |
| 05/08/2025 | 193 | RESPONSE in Opposition re 189 MOTION for Summary Judgment filed by Elmer Williams. (Slater, James) (Entered: 05/08/2025) |
| 05/15/2025 | 194 | REPLY to Response to Motion re 189 MOTION for Summary Judgment filed by Ricky Dixon. (Buchan, John) (Entered: 05/15/2025) |
| 05/16/2025 | 195 | NOTICE TO COUNSEL John Thomas Buchan of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (MSN) (Entered: 05/16/2025) |
| 07/25/2025 | 196 | Consent MOTION for Extension of Time to File Motions in Limine by Ricky Dixon. (Kimbrell, Jami) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 07/25/2025) |
| 07/30/2025 | 197 | **ORDER directing the parties to file a joint motion for dismissal or other appropriate documents as to the claims against Defendants Santiago and Richardson–Graham by 8/25/2025; denying as moot 179, 181 Defendants' Motions for Summary Judgment; granting 196 Defendant Dixon's Consent Motion to Extend the Motion In Limine Deadline to the extent the following deadlines apply: motions in limine due by 9/29/2025; final pretrial conference continued to 10/20/2025, at 10:00 a.m.; jury trial set for trial term commencing on 11/3/2025, at 9:00 a.m.; see Order for additional deadlines. Signed by Judge Marcia Morales Howard on 7/30/2025. (CAW)** (Entered: 07/30/2025) |
| 08/04/2025 | 198 | STIPULATION of Dismissal *Against Kalem Santiago and Sgt. Savonia Richardson–Graham* by Ricky Dixon, Savonia Richardson–Graham, Kalem Santiago. (Kimbrell, Jami) (Entered: 08/04/2025) |
| 08/11/2025 | 199 | **ORDER dismissing with prejudice the claims against Defendants Santiago and Richardson–Graham; directions to the Clerk. Signed by Judge Marcia Morales Howard on 8/11/2025. (CAW)** (Entered: 08/11/2025) |
| 08/13/2025 | 200 | JUDGMENT entered dismissing Defendants, with prejudice, Kalem Santiago and Savonia Richardson–Graham. ( Signed by Deputy Clerk) (MGB) (Entered: 08/13/2025) |
| 09/29/2025 | 201 | Unopposed MOTION In Limine *Omnibus* by Elmer Williams. (Slater, James) (Entered: 09/29/2025) |
| 09/29/2025 | 202 | MOTION In Limine regarding Prior Lawsuits and Donny Phillips Lawsuit by Ricky Dixon. (Kimbrell, Jami) (Entered: 09/29/2025) |

| 09/30/2025 | 203 | NOTICE by Ricky Dixon re 202 MOTION In Limine regarding Prior Lawsuits and Donny Phillips Lawsuit *of Filing Exhibit in Support* (Attachments: # 1 Exhibit Exhibit A)(Kimbrell, Jami) (Entered: 09/30/2025) |
|---|---|---|
| 10/01/2025 | 204 | **ORDER continuing final pretrial conference to December 15, 2025, at 10:00 a.m. The jury trial is set for the trial term commencing on January 5, 2026, at 9:00 a.m. See Order for additional deadlines. Signed by Judge Marcia Morales Howard on 10/1/2025. (JW)** (Entered: 10/01/2025) |
| 10/06/2025 | 205 | RESPONSE in Opposition re 202 MOTION In Limine regarding Prior Lawsuits and Donny Phillips Lawsuit filed by Elmer Williams. (Slater, James) (Entered: 10/06/2025) |
| 11/05/2025 | 206 | **ORDER granting 189 Defendant Dixon's Motion for Summary Judgment; denying as moot 201, 202 Plaintiff and Defendant Dixon's Motions in Limine; directions to the Clerk. Signed by Judge Marcia Morales Howard on 11/4/2025. (SM)** (Entered: 11/05/2025) |
| 11/06/2025 | 207 | **JUDGMENT in favor of Ricky Dixon against Elmer Williams. Signed by Deputy Clerk on 11/6/2025. (LNR)** (Entered: 11/06/2025) |
| 11/19/2025 | 208 | PROPOSED BILL OF COSTS by Ricky Dixon. (Attachments: # 1 Affidavit Affidavit of Jami M. Kimbrell in Support of Bill of Costs)(Buchan, John) (Entered: 11/19/2025) |
| 11/19/2025 | 209 | MEMORANDUM in support re 208 Bill of costs – proposed filed by Ricky Dixon. (Buchan, John) (Entered: 11/19/2025) |
| 11/21/2025 | 210 | NOTICE OF APPEAL as to 206 Order on Motion for Summary Judgment, Order on Motion in Limine, 207 Judgment by Elmer Williams. Filing fee $605, receipt number AFLMDC−24147829. ***Case Stayed. (Slater, James) (Entered: 11/21/2025) |
| 11/24/2025 | 211 | OBJECTION re 209 Memorandum in support, 208 Bill of costs – proposed . (Attachments: # 1 Declaration of James Cook)(Slater, James) (Entered: 11/24/2025) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

        Plaintiff,

v.                                        Case No. 3:22-cv-1221-MMH-MCR

RICKY DIXON,

        Defendant.

_____

## **ORDER**

### **I. Status**

Plaintiff Elmer Williams, a former inmate of the Florida Department of Corrections (FDC),[1] initiated this action with the assistance of counsel on November 4, 2022. <u>See</u> Complaint (<u>Doc. 1</u>).[2] Williams is proceeding on a Third Amended Complaint (TAC; <u>Doc. 93</u>). His allegations arise from the alleged mismanagement of treatment for prostate cancer and wounds that he

---

[1] On October 31, 2022, Williams was awarded a compassionate release.

[2] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

developed in confinement. <u>See generally</u> <u>id.</u> FDC Secretary Ricky Dixon is the only remaining Defendant.[3] <u>See</u> <u>id.</u> at 3.

This matter is before the Court on Defendant Dixon's Motion for Summary Judgment (Motion; <u>Doc. 189</u>) with exhibits (Docs. 189-1 through 189-4). The Court advised Williams of the provisions of Rule 56, Federal Rules of Civil Procedure (Rule(s)), notified him that the granting of a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and permitted him an opportunity to respond to the Motion. <u>See</u> Summary Judgment Notice and Courtesy Copies (<u>Doc. 109</u>). Williams filed a response in opposition to the Motion (Response; <u>Doc. 193</u>) with exhibits (Docs. 192-1 through 192-12). Defendant Dixon replied (Reply; <u>Doc. 194</u>). Defendant Dixon's Motion is ripe for review.

## II. Williams's Allegations

In this action, Williams alleges he has a "known, documented" history of prostate cancer. TAC at 6. Following diagnosis and treatment by a urologist, his prostate-specific antigen (PSA) levels, which indicate recurrent prostate

---

[3] The Court granted Defendant Elizabeth Holmes's Motion to Dismiss and dismissed without prejudice the claim against her. <u>See</u> Order (<u>Doc. 118</u>). Pursuant to joint stipulations of dismissal, the Court dismissed with prejudice the claims against Defendants Rebecca Yates; Wendy Millette; Adele Johns; Nurse Jason Howell; Nurse Tony Abbott; Dr. Alexis Figueroa; Centurion of Florida, LLC; Dr. Kalem Santiago; and Sergeant Savonia Richardson-Graham. <u>See</u> Orders (Docs. 121, 176, 185, 199).

2

cancer, decreased to 0.2 ng/mL in 2020. Id. As a result, Williams's urologist discontinued his medication in late 2020 "with instructions that he be seen again in June 2021 to assess [his] cancer and determine whether to change the course of action or restart medication." Id. Williams asserts he "was never taken by FDC or Centurion staff to see the urologist" in June 2021, id., and on September 30, 2021, a urinalysis showed his PSA levels had increased from 0.2 ng/mL to 5.21 ng/mL, "well over the 4 ng/[m]L threshold used to determine whether prostate cancer is active, spreading, and whether further testing is necessary," id. at 7.

In November 2021, the FDC transferred Williams to Suwannee Correctional Institution (Suwannee CI). Id. After his arrival at Suwannee CI, on November 18, 2021, Williams fell out of his bunk and injured his hip, neck, and back. Id. at 7–8. He declared a medical emergency. Id. at 8. Sergeant Richardson-Graham refused to call for a stretcher, and instead, she ordered two inmates to pick Williams up and put him in another inmate's wheelchair. Id. Nurse Howell examined Williams in medical. Id. Williams alleges that he informed Nurse Howell that he had hurt his neck and back, he was experiencing numbness in his body and extremities, he was concerned about paralysis, and that his PSA levels had increased from 0.2 ng/mL to 5.2 ng/mL in a "short period of time." Id. Nurse Howell gave Williams a muscle relaxer

3

shot. Id. Williams alleges that during the exam, he asked Nurse Howell if he could approve a wheelchair, to which Nurse Howell responded, "[H]ell no." Id. Williams asserts he questioned Nurse Howell about how he would move around, and Nurse Howell said, "I don't know, hold on to the wall, or you can go to confinement." Id.

The next day, Nurse Abbott noted that Williams's records contained a previous institution's urgent urology referral from October 4, 2021, and "questioned in his notes whether the referral was ever submitted to Utilization Management—the internal Centurion review team, which approved referrals, but which could also overrule clinician recommendations." Id. at 9. Williams asserts that despite this acknowledgement, Centurion staff failed to test his blood and antigen levels. Id.

Williams further alleges that around this time, he began to experience chest pain and breathing problems, and also, he continued to experience numbness in his legs and difficulty walking. Id. These symptoms prevented Williams from moving around the facility. Id. According to Williams, he again "relayed" his mobility issues to Nurse Howell. Id.

According to Williams, on November 24, 2021, he had a callout to go to the Institutional Classification Team for a job assignment; however, he had no assigned wheelchair, and he could not attend without a wheelchair. Id.

4

Williams alleges Sergeant Richardson-Graham refused to allow him to borrow a wheelchair for the callout. Id. at 9–10. And that Sergeant Richardson-Graham "later" observed Williams writing an informal grievance about her earlier refusal to call for a stretcher and that she took Williams to disciplinary confinement. Id. at 10.

Williams further asserts that during a pre-confinement physical, Nurse Howell "completed a pre-special housing form stating [Williams] complained that his legs were numb." Id. That same day, Williams wrote an informal grievance about Nurse Howell's refusal to provide a wheelchair. Id. at 10. "In response to the informal grievance about Nurse Howell, his colleague and Centurion staff member, Rita Corbin, wrote that [Williams's] allegations were 'unfounded' and that a wheelchair is ordered 'per a clinician,' not a nurse." Id. at 10–11.

Williams asserts he was later taken to confinement in a wheelchair and placed in a cell for disabled prisoners with two beds. Id. at 11. However, he contends staff took the wheelchair from him and did not provide him with an impaired inmate assistant or bunkmate. Id. Williams maintains he "repeatedly" submitted sick call requests about his medical concerns, including his need for a wheelchair. Id. According to Williams, "sometimes the sick calls were not picked up by staff or processed." Id.

5

Williams alleges that while he was in confinement, he lacked the strength to pull himself up and down from his bunk or to move around to get his food. Id. As a result, he was forced to drag himself across his cell floor to use the toilet or to collect his food tray. Id. at 11–12. He also had to urinate in cups or on the floor and defecate on the floor. Id. at 12. Williams developed sores on his ankles from dragging himself across the cell floor that ultimately became infected. Id. at 14. Williams further asserts that he could not shower in confinement because he did not have a wheelchair. Id. at 13. "Eventually after more than a week, he was given a wheelchair to shower and then returned to his cell and the wheelchair was taken back." Id. Williams was released from confinement in a borrowed wheelchair on December 20, 2021. Id. at 15.

On December 24, 2021, Williams was evaluated in the emergency room. Id. at 17. He told Dr. Figueroa, Nurse Abbott, and nursing staff that he could not walk; however, they returned him to his dorm without an assigned wheelchair or other mobility devices. Id. Williams alleges he continued to relay his needs to medical staff during visits and in sick call requests without any sort of relief, such as an assigned wheelchair, an inmate assistant, or other accommodation. Id. at 18.

Williams alleges that Nurse Howell evaluated him twice in January 2022. Id. at 19. During the first evaluation, Williams complained of shortness

6

of breath, and Nurse Howell found that Williams had diminished lung sounds in his lower left lung and an irregular pulse. Id. Williams was ultimately admitted to the infirmary after the second evaluation on January 7, 2022, when Nurse Howell determined that Williams had a new onset of bilateral ankle edema. Id. In the infirmary, Nurse Wilson noted that Williams's ankle wounds emitted a foul odor, and Williams informed Nurse Wilson and Dr. Figueroa that he had not received any wound care "in several days." Id.

"Around this time," medical staff tested Williams's PSA levels, which had increased from 5.21 ng/mL in September 2021 to 21.00 ng/mL. Id. at 20. "A PSA value of greater than or equal to 4.0 ng/mL is the consensus standard at which further evaluation for prostate cancer should occur." Id. Williams alleges that although Dr. Figueroa noted an October 2021 urologist referral in Williams's records, Dr. Figueroa neither actualized that referral, nor ordered a "full clinical evaluation of [Williams's] prostate cancer to see whether [his] pain and extremity numbness were related to the rising PSA." Id. On February 8, 2022, Williams questioned medical staff about his urology referral. Id. at 26. According to Williams, "no one bothered to ensure that the referral was still in place or was otherwise received or acted on by the urologist. Instead, Centurion staff had to resubmit the referral to urology one month after Dr. Figueroa, his staff, and Centurion knew that [Williams's] PSA levels were alarmingly high,

7

and that [Williams] was having complaints regarding his lower back and legs."
Id. (emphasis omitted).

While Williams was in the infirmary, he asserts that he continued to
submit grievances about obtaining a wheelchair pass or other accommodation
to no avail. Id. at 22–23. Medical staff ultimately determined Williams's foul-
smelling wounds "were the result of necrotizing fasciitis, a rare bacterial
infection that spread quickly in the body and can cause death." Id. at 25. On
February 9, 2022, Williams received wound treatment on his ankles—wounds
that "had been categorized as stage 2 wounds," which would require 14 to 45
days of treatment. Id. at 26. Nevertheless, Dr. Figueroa and Nurse Holmes
began the discharge process on February 14, 2022, "well before the time
required to allow [Williams's] wounds to heal and despite the concerning spike
in [Williams's] PSA and accompanied back pain and lower extremity
numbness." Id. at 26. According to Williams, Dr. Figueroa and Nurse Holmes
stated in discharge forms that he was stable, and he would continue his
treatment in the dorm. Id. at 27.

"Just two days after his discharge from the infirmary to the dorm, lab
reports showed that [Williams's] PSA level doubled to 43.40 ng/mL in just a
month's time." Id. Williams still had not visited a urologist or signed a consent
form, which authorizes transport to a specialist outside of the FDC. Id. at 22,

8

27. He asserts that he did not have a pass for an inmate assistant or an assigned wheelchair. Id. at 27. As a result, Williams would pay other inmates to borrow their wheelchairs and rely on their assistance to get in and out of the wheelchair. Id. at 28. Additionally, he alleges that he soiled himself in bed because he did not have diapers or anyone to assist him with taking the diapers on and off. Id. "Despite open and obvious festering wounds, severe bloating, his inability to move or feel his lower extremities, and his escalating PSA levels, on or about February 23, 2022, Dr. Figueroa told [Williams] that he was doing much better and that his symptoms were resolved." Id. at 29.

According to Williams, on April 1, 2022, he filed an informal grievance "reporting that he still had to sit on the floor when he showered because he could not walk. He requested help because of the unsanitary nature of having to shower this way, particularly because [Williams] had deep open wounds on his buttocks." Id. at 29. Williams asserts his wounds continued to grow, and despite previously noting his increased risk for developing additional pressure sores, medical staff failed to timely treat the wounds or provide consistent treatment. Id. at 30. Williams alleges that ultimately Dr. Figueroa diagnosed Williams with osteomyelistis—a bone infection—on May 24, 2022. Id. at 31. Despite this, "Dr. Figueroa again delayed any treatment for [Williams's] serious and obvious infection," id.; by July 2022, even though according to

9

Williams, the sores had increased in size and depth such that bone was visible, id. at 32. Williams alleges that around this time, Dr. Figueroa dug out masses of necrotic tissue from his heel but did not take any other action to treat the sores. Id. at 33.

As to his prostate condition, Williams asserts that he did not visit a urologist until "about four months after first complaining of his mobility concerns and medical staff realizing that his PSA levels had risen and that he had an outstanding urology referral [from a previous institution]." Id. at 32. According to Williams, by June 2022, after several visits with an oncologist and administration of Eligard, Williams's PSA levels measured at 7.2 ng/mL. Id. Physical findings at that time revealed that his prostate cancer was metastatic with spinal cord malignancy. Id.

In mid-August 2022, the FDC transferred Williams to the Reception and Medical Center (RMC), where Williams finally learned that his cancer had metastasized and spread throughout his body "even though Dr. Figueroa knew his cancer had metastasized back in June." Id. at 35. Williams asserts his prostate cancer had spread to areas where he complained of pain and numbness. Id. Williams's cancer is terminal, and a state panel has awarded Williams compassionate medical release. Id. at 37.

Based on the above, Williams sues Defendant Dixon in his official capacity and alleges that he violated the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). Id. at 40–44. Williams asserts that he became disabled from the spread of his prostate cancer, and his physical impairment substantially limited one or more of his major life activities, including "the ability to walk normally and to perform normal bathroom functions." Id. at 41. He alleges that Defendant Dixon actually knew of the widespread history of discrimination towards Williams and other ADA prisoners based on prior litigation involving the FDC, grievances that Williams filed, and emails from Williams's family members. Id. at 42–43. According to Williams, Defendant Dixon, in his official capacity as FDC Secretary, had the authority to address this discrimination and institute corrective measures on behalf of the FDC. Id. at 42. But Defendant Dixon "acted intentionally and/or with deliberate indifference to [Williams's] need for reasonable accommodation[s] by":

> (a) fail[ing] to accommodate his lower extremity numbness;
>
> (b) fail[ing] to accommodate his incontinence of bladder and bowel; and
>
> (c) failing and intentionally refusing to train FDC employees regarding the humane management of physically disabled inmates.

11

Id. at 43. Because of Defendant Dixon's alleged failure and intentional refusal to provide Williams with reasonable accommodations for his disability, Williams has suffered physical harm and severe pain. Id. at 43–44. As relief, Williams requests compensatory damages and attorney's fees and costs. Id. at 44.

### III. Summary Judgment Standard

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).[4] An issue is genuine when the evidence is such that a reasonable

---

[4] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

12

jury could return a verdict in favor of the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d

---

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable.

In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

13

590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted).

Substantive law determines the materiality of facts, and "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

In determining whether summary judgment is appropriate, a court "must view

all evidence and make all reasonable inferences in favor of the party opposing

summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995)

(citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571,

1578 (11th Cir. 1994)). "Summary judgment is improper, however, if the

evidence is such that a reasonable jury could return a verdict for the

nonmoving party." Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 720 (11th

Cir. 2019) (quotation marks and citation omitted).

## IV. Applicable Law

Title II of the ADA provides that "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or

be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state

a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a

'qualified individual with a disability;' (2) that he was 'excluded from

participation in or . . . denied the benefits of the services, programs, or activities

14

of a public entity' or otherwise 'discriminated [against] by such entity;' (3) 'by reason of such disability.'" Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132).[5]

Typically, proof of a Title II violation entitles a plaintiff to injunctive relief only. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1134 (11th Cir. 2019). To recover monetary damages, a plaintiff "must clear an additional hurdle: he must prove that the entity that he has sued engaged in intentional discrimination, which requires a showing of deliberate indifference." Ingram v. Kubik, 30 F.4th 1241, 1257 (11th Cir. 2022) (quoting Silberman, 927 F.3d at 1134). The "deliberate indifference . . . standard . . . is a high standard." West v. Tillman, 496 F.3d 1321, 1333 (11th Cir. 2007) (per curiam). To establish deliberate indifference, a plaintiff "must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,' . . . and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." Wade v.

---

[5] Given the textual similarities between the ADA and the RA, the same standards govern both claims, and courts rely on cases construing the acts interchangeably. Ingram v. Kubik, 30 F.4th 1241, 1256 (11th Cir. 2022). Accordingly, although analyzing both claims, the Court will refer primarily to the ADA for the sake of brevity.

15

McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting Farmer v. Brennan,

511 U.S. 825, 839 (1994)).

In addition, a claim under Title II of the ADA cannot be based on

vicarious liability. Instead, a plaintiff must allege facts establishing "the

deliberate indifference of an official who at a minimum has authority to

address the alleged discrimination and to institute corrective measures on the

[entity's] behalf and who has actual knowledge of the discrimination in the

[entity's] programs and fails adequately to respond." Ingram, 30 F.4th at 1259

(quoting Liese v. Indian River Cnty. Hosp. Dist., 701 F.3d 334, 349 (11th Cir.

2012)). "To qualify, that 'official' must be 'high enough up the chain-of-

command that his [or her] acts constitute an official decision by the [entity] not

to remedy the misconduct.'" Silberman, 927 F.3d at 1134 (quoting J.S., III by

& through J.S. Jr. v. Hou. Cnty. Bd. of Educ., 877 F.3d 979, 987 (11th Cir.

2017)).

## V. Summary of Defendant Dixon's Arguments

Defendant Dixon argues Williams's ADA and RA claims fail because: (1)

Williams "has failed to articulate which benefits he was denied access to, who

the still unidentified 'subordinates' were that discriminated against him, and

how any of it was by reason of his disability"; (2) Williams's claims are

impermissibly premised on vicarious liability; (3) Williams fails to allege

16

sufficient facts to abrogate sovereign immunity; and (4) the FDC is immune
from claims of willful and wanton misconduct and negligent training. Motion
at 12–22.

## VI. Analysis

As relief for his ADA and RA claims, Williams seeks only damages. TAC
at 44. And he alleges that Defendant Dixon "was an official who at a minimum
has authority to address the discrimination and to institute corrective
measures on FDC's behalf."[6] Id. at 42. Therefore, Williams must demonstrate
that Defendant Dixon—the only defendant named in the ADA and RA claims—
had actual knowledge of discrimination in the FDC's programs and failed to
respond adequately.

Williams argues that Defendant Dixon knew his subordinates were
engaging in discriminatory acts against Williams and other disabled inmates.
Response at 12–14. In support of his contention, Williams relies on the
settlement agreement in a state circuit court case—Disability Rights Florida,
Inc. v. Florida Department of Corrections, No. 2019-CA-002825. Response at
13 n.8. He alleges that under that settlement agreement, the FDC must
provide mobility aids and inmate assistants to qualified prisoners, like

---

[6] Williams has not alleged that any other FDC employee sustained authority
to correct the FDC's policies or exercised substantial supervisory authority such that
their actions constituted official decisions by Defendant Dixon in his official capacity.

17

Williams. Id. at 7. According to Williams, this agreement demonstrates
Defendant Dixon knew of the need for accommodations of disabled prisoners,
like Williams, and despite knowing he must provide those accommodations,
the FDC refused Williams's and other qualified prisoners' requests for
necessary assistance. Id. at 13 n.8. Williams notes that Defendant Dixon
"would have also received a Report from the Corrections Medical Authority on
their mandated Status of Elderly Offenders in Florida's Prisons . . . and their
special monitoring of Suwannee C.I. Annex and a few other Florida prison
institutions on the issues raised in the Disability Rights Florida litigation." Id.
at 12 n.6. Lastly, Williams asserts that Defendant Dixon had actual knowledge
of the discrimination through emails from Williams's family members and
relevant medical grievances. Id. at 13 n.8.

Insofar as Williams attempts to argue that the settlement agreement in
Disability Rights Florida, Inc. provided Defendant Dixon with actual
knowledge of discrimination in FDC's programs, the Court is not persuaded.
The settlement agreement, by itself, demonstrates that the FDC implemented
certain procedures to address requests for disability accommodations. See
generally Doc. 192-9. Williams fails to explain how the specific experiences of
those involved in that class action would have alerted Defendant Dixon to the
discrimination that Williams specifically faced: failure to provide a wheelchair,

18

inmate assistants, or adult diapers. Indeed, the settlement agreement covers inmates with visual impairments and deaf or hard of hearing inmates, in addition to inmates with mobility disabilities. Id. at 17–25. And the Court will not comb the state court record in an effort to construct Williams's argument for him. In short, the settlement agreement does not demonstrate that Defendant Dixon had actual knowledge about the specific discrimination that Williams allegedly faced and that he failed to address it.[7]

Moreover, the various grievances that Williams filed do not demonstrate the actual knowledge required by Eleventh Circuit precedent or a deliberately indifferent response. The Court initially notes that there is no evidence that Defendant Dixon either responded to or reviewed Williams's grievances himself. Also, prison officials considered and addressed Williams's complaints. See generally Doc. 114-4. For instance, Williams filed many of the grievances while he was in the infirmary, and the responses noted that Williams was "being seen and treated for [his] medical issues with medication, wound care and have been placed in the infirmary with 24/7 access to medical." Id. at 32. These responses reflect that prison officials inquired into the matter and did

---

[7] As to the Report from the Corrections Medical Authority (Doc. 192-11), it is dated December 27, 2022, after the events detailed in the TAC. As such, it does little to illuminate the extent of Defendant Dixon's actual knowledge of discrimination during the relevant time period.

19

not deliberately disregard Williams's complaints without any investigation or inquiry.

As to the email from Williams's family members, the record shows that on January 6, 2022, Stephanie Boudreau—a friend of Williams—emailed Regional Director John Palmer and Defendant Dixon to express her concerns about Williams's condition.[8] Doc. 192-7 at 2–3. In the email, she notes that Williams has not received a wheelchair or a medical pass for adult diapers despite his lack of mobility. Id. In response to the email, Lieutenant Esly Hodge created an incident report and interviewed Williams. Id. at 1. On January 7, 2022, Williams was admitted to the infirmary. Id. at 5–7.

Even assuming that this email shows Defendant Dixon had actual knowledge of Williams's situation, no reasonable jury could find that Defendant Dixon acted with deliberate indifference after he received the email. Indeed, an incident report was generated as a result of Boudreau's email, and Williams was admitted to the infirmary for evaluation. Such evidence does not demonstrate that Defendant Dixon acted with subjective recklessness as used in the criminal law.

On this record, no reasonable jury could find that Defendant Dixon had actual knowledge of the discrimination and, if so, acted with deliberate

_____

[8] Williams refers to "emails" throughout his Response; however, he only attaches an example of one—a January 6, 2022 email from Boudreau.

20

indifference to Williams's ADA or RA rights. Because Williams may not hold Defendant Dixon liable for compensatory damages under the ADA and RA, Dixon is entitled to summary judgment on those claims.

Accordingly, it is now **ORDERED:**

1.     Defendant Dixon's Motion for Summary Judgment (Doc. 189) is **GRANTED**.

2.     Williams and Defendant Dixon's Motions in Limine (Docs. 201, 202) are **DENIED as moot**.

3.     The **Clerk** shall enter judgment in favor of Defendant Dixon and against Williams, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/23
c:     Counsel of record

21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE  DIVISION

ELMER WILLIAMS,

      Plaintiff,                   Case No. 3:22-cv-1221-MMH-MCR

v.

RICKY DIXON,

      Defendant.

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came before the Court and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED** that judgment is enter in favor of Defendant

Dixon and against Williams.

Date: November 6, 2025

                      ELIZABETH M. WARREN,
                      CLERK

                      s/L.Richards, Deputy Clerk

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

      Plaintiff,

v.

RICKY D. DIXON, *et al.*,

      Defendants.

Case No. 3:22-cv-1221-MMH-MCR

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiff Elmer Williams appeals to the United States Court of Appeals for the Eleventh Circuit from the final judgment granting the motion for summary judgment filed by Defendant Ricky D. Dixon, in his official capacity as Secretary of the Florida Department of Corrections, entered in this action on November 6, 2025. (Docs. 206 & 207.)

Dated: November 21, 2025.

      Respectfully submitted,

      */s/ James M. Slater*
      James M. Slater (FBN 111779)
      SLATER LEGAL PLLC
      2296 Henderson Mill Rd NE #116
      Atlanta, Georgia 30345
      james@slater.legal
      Tel. (404) 458-7283

         -and-

/s/ James V. Cook
James V. Cook (FBN 966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff Elmer Williams*