UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELMER WILLIAMS,**

    **Plaintiff,**

v.                                Case No. 3:22-cv-01221-MMH-MCR

**RICKY DIXON in his Official Capacity as Secretary of the Florida Department of Corrections, CENTURION OF FLORIDA, LLC, MHM HEALTH PROFESSIONALS, LLC, ALEXIS FIGUEROA, M.D., KALEM SANTIAGO, JASON HOWELL, ELIZABETH HOLMES, TONY ABBOTT, GERALD KNAUS, JESSEE MORRIS, ADELE JOHNS, WENDY MILLETTE, and SGT. SAVONIA RICHARDSON-GRAHAM,**

    **Defendants.**
_____/

### DEFENDANT DIXON'S REPLY TO PLAINTIFF'S OBJECTION TO SECRETARY DIXON'S BILL OF COSTS

Defendant Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections ("Defendant"), by and through undersigned counsel and pursuant to this Court's Order [Doc. 217] files this reply to Plaintiff's Objection to Secretary Dixon's Bill of Costs [Doc. 211] and states the following in support thereof:

1

## Memorandum of Law

**I.     Plaintiff has not provided sufficient evidence of his indigent status.**

In Plaintiff's Objection to Secretary Dixon's Bill of Costs [Doc. 211], Plaintiff asserts that any taxable cost assessed against Plaintiff should be reduced based on Plaintiff's Indigency. Pursuant to Rule 54(d)(1), "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). To deny an award of costs to the prevailing party, a court must provide a sound basis for its decision to deny the prevailing party its costs award. *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984). "As part of that 'sound basis,' a district court may, but need not, consider a non-prevailing party's financial status as a factor in awarding costs pursuant to Rule 54(d)." *Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2014 LX 97381, at *6 (M.D. Fla. Apr. 23, 2014) (citing *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000)). "[A] losing party must proffer clear, substantial proof of a true inability to pay before a court may take financial status into consideration." *Hernandez v. Mascara*, No. 07-14276-CIV, 2010 WL 11591779, at *1 (S.D. Fla. Sept. 7, 2010). A plaintiff's own self-serving testimony is insufficient to clear the hurdle required by the court to provide substantial documentation of a true inability to pay. *Smith*, 2014 LX 97381 at *6.

Here, Plaintiff's assertion that he is unable to pay Defendant's taxable costs is evidenced solely by a Declaration of Plaintiff's counsel. This self-serving

testimony by counsel is not sufficient evidence to establish that Plaintiff is truly indigent and unable to pay Defendant's costs. Additionally, Plaintiff readily admits that he recovered settlement funds in this action and that he is the beneficiary of a special needs trust. [Doc. 211-1, ¶ 7].

Therefore, Plaintiff has failed to provide substantial documentation of a true inability to pay costs under 28 U.S.C. § 1920, and the Defendant's taxable costs should not be reduced for Plaintiff's alleged indigent status.

## II. Plaintiff has not provided the trust document or other evidence of Plaintiff's special needs trust.

Within his Response in Opposition to Defendant's Bill of Costs, Plaintiff alleges that he has recovered settlement funds from other Defendant(s) in this action; however, these funds have been placed in a special needs trust to be used for Plaintiff's medical needs. [Doc. 211 and Doc. 211-1, ¶ 7]. Plaintiff, however, has not provided the trust documents or evidence of a court approving a qualifying special needs trust. Without this documentation, Defendant cannot discern whether Plaintiff's trust is revocable, irrevocable, or a qualifying special needs trust, and further, Defendant cannot discern whether Plaintiff is the settlor or simply a beneficiary of the trust.

To the extent that Plaintiff is a beneficiary of the trust and claims the funds of his special needs trust are inaccessible, Section 736.0501, Florida Statutes, provides "the court may authorize a creditor or assignee of the beneficiary [of a trust] to reach

the beneficiary's interest by attachment of present or future distributions to or for the benefit of the beneficiary or by other means." Additionally, Section 736.0505(1)(a) and (b), Florida Statutes, provide that the "property of a revocable trust is subject to the claims of the settlor's creditors during the settlor's lifetime," and "with respect to an irrevocable trust, a creditor… of the settlor may reach the maximum amount that can be distributed to or for the settlor's benefit." Further, Section 56.0101, Florida Statutes, provides that a judgment creditor is the holder of an unsatisfied judgment, order, or decree for the payment of money.

However, if Plaintiff has established a qualified special needs trust as defined in Section 732.2025, Florida Statutes, Defendant admits that the income and principal of such a trust cannot be distributed to anyone other than Plaintiff.

Therefore, assuming *arguendo* Plaintiff is the beneficiary or settlor of a trust and Defendant would be a judgment creditor should the award of costs be granted, Defendant would be within its rights and ability to satisfy its judgment through the methods described above despite Plaintiff's funds being held in trust.

### III. **Defendant concedes that extraneous deposition costs, mediation costs, and postage costs are unavailable, and the printing costs should be reduced.**

In its initial Bill of Costs [Doc. 208], Defendant included costs associated with Mediation, certain deposition costs, and postage costs, which are unavailable under

4

28 U.S.C. § 1920, and Defendant concedes these costs are unavailable and should not have been included.

Plaintiff argues that this Court has routinely found that photocopying costs should be taxed at a rate of $0.10 to $0.15. Plaintiff is correct in his reasoning that the photocopying costs should be taxed at a rate lower than the $0.71 originally requested by Defendant; however, Defendant contends that a rate of $0.15 is reasonable for costs associated with the photocopying of a courtesy copy of the Defendant's Motion for Summary Judgment for Judge Monte Richardson. This Court has routinely found that rates higher than the $0.10 argued by Plaintiff are fair and reasonable for documentation required by the Court. *See, e.g., Smith*, 2014 LX 97381 at *4-5 (finding that $0.15 charge per page is reasonable); *Gonzalez v. Akal Sec., Inc.*, 2010 U.S. Dist. LEXIS 70162, at *16 (M.D. Fla. June 22, 2010) (finding 20¢ per page copying charge "fair and reasonable"); *Ramirez v. Rosalia's Inc.*, No. 20-cv-23270-DAMIAN, 2023 U.S. Dist. LEXIS 90133, at *21 (S.D. Fla. May 23, 2023) (finding that the rate of $0.15 per page is more reasonable and in keeping with the majority of approved rates).

Therefore, Defendant Dixon's photocopying costs should be reduced from $44.02 to $9.30 and deposition costs should be reduced to $2,636.75, for a total of $2,646.05.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Tom@jsh-pa.com
*Attorney for Defendant Dixon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served to all counsel of record by CM/ECF on December 22, 2025.

*/s/ Thomas Buchan*
Thomas Buchan